CASE NUMBER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COY PHELPS

PETITIONER

-v-  05-40003 GAO

DAVID WINN, AND MIKE BOLLINGER, AND
JAMES DOLD, AND S. THOMPSON, AND
S. HARVEY, AND B. POTOLICCHIO, AND
J. DAVIS, AND J. FLETCHER, AND
W. BLAZON, AND H. HAAS, K. LEONARD
ET AL.                    RESPONDENT(S)

## A PERSONAL INJURY AND A CIVIL RIGHTS COMPLAINT

Coy Phelps                    IN PRO SE

COY PHELPS 78872-011
FMC-DEVENS
P.O. BOX 879
AYER, MASSACHUSETTS
01432

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS | CASE NO: |
| PETITIONER | |
| —V— | A |
| | PERSONAL INJURY |
| DAVID WINN, MIKE BELLINGER, | AND A |
| JAMES DOLD, S. THOMPSON, S. HARVEY | CIVIL RIGHTS |
| B. POTOLICCHIO, J. FLETCHER, | COMPLAINT |
| J. DAVIS, W. BLAZON, Lt. HAAS, | (A BIVENS ACTION) |
| M LEONARD ET. AL. RESPONDENT(S) | |

I

JURISDICTION AND AUTHORITY

THIS COURT HAS JURISDICTION TO REVIEW THIS COMPLAINT AND TO GRANT
RELIEF AND REMEDY UNDER BIVEN V SIX UNKNOWN NAMED AGENTS OF THE
FEDERAL BUREAU OF NARCOTICS, 1971, 403 US 388, 29 LEd 2d 619,
91 S. CT 1999, AND 5 USC 701-706 (JUDICIAL REVIEW OF AGENCY ACTIONS),
28 USC 1331 (FEDERAL QUESTION), 28 USC 1343 (CIVIL RIGHTS VINDICATION),
28 USC 1346 (FEDERAL TORTS), 28 USC 2201-2202 (DECLARATORY JUDGMENT),
28 USC 2674-2680 (US LIABILITY), 42 USC 233 (PUBLIC HEALTH SERVICE), AND
42 USC 1988 (COMMON LAW -ATTORNEY FEES), AND THE AMERICANS WITH
DISABILITIES ACT (42 USC 12101)

## II

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

THE PETITIONER (HEREAFTER PHELPS) HAS EXHAUSTED ADMINISTRATIVE REMEDIES

## III

## PARTIES

PETITIONER:

THE PETITIONER IN THIS ACTION IS COY PHELPS 78872-011 AND HAS A MAILING ADDRESS OF FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 879, AYER, MASSACHUSETTS, 01432;

RESPONDENTS:

ALL OF THE RESPONDENTS ARE SUED IN THEIR PERSONAL AND INDIVIDUAL CAPACITIES;

RESPONDENTS DAVID WINN, MIKE BELLINGER, JAMES DOLD, S. HARVEY, K. LEONARD, J. FLETCHER, B. POTCLICCHIO, J. DAVIS, AND W. BLAZEN ARE EMPLOYED BY THE U.S. BUREAU OF PRISONS AND WORK AT THE FEDERAL MEDICAL CENTER (FMC) AT DEVENS, MASSACHUSETTS AND HAVE A BUSINESS MAILING ADDRESS OF 42 PATTON ROAD, P.O. BOX 880, AYER, MASSACHUSETTS, 01432

RESPONDENT S. THOMPSON IS EMPLOYED BY THE U.S. PUBLIC HEALTH SERVICE AND ASSIGNED TO DUTY IN THE U.S. BUREAU OF PRISONS AND WORKS AT FMC→ DEVENS AND HAS A MAILING ADDRESS OF 42 PATTON ROAD, P.O. BOX 880, AYER, MASSACHUSETTS, 01432

IV

## STATEMENT OF THE ISSUES

1. DOES THE U.S. BUREAU OF PRISONS HAVE LAWFUL CUSTODY OF PHELPS OR ANY OTHER PERSON COMMITTED UNDER 18 USC 4243 (INSANITY ACQUITTEE) OR 18 USC 4246 (CIVIL COMMITTMENTS)?

2. DID THE U.S. ATTORNEY GENERAL VIOLATE 18 USC 4247(i) BY PLACING PHELPS IN FEDERAL CONFINEMENT INSTEAD OF STATE CONFINEMENT?

3. CAN A CIVIL MENTAL PATIENT (INCLUDING PHELPS) SUFFER THE SAME ENVIRONMENT, ATMOSPHERE, CONDITIONS, DISCIPLINE, PUNISHMENTS, AND TREATMENT AS CONVICTED AND SENTENCED CRIMINAL PRISONERS WITHOUT VIOLATING U.S. V JONES, 1983, 463 US 354?

4. IS IT EMPLOYEES OF THE U.S. BUREAU OF PRISONS OR EMPLOYEES OF THE U.S. PUBLIC HEALTH SERVICE RESPONSIBLE FOR THE DIRECT CARE AND TREATMENT REGIMEN UNDER 18 USC 4042 AND 18 USC 4247(i)?

5. HAVE THE B.O.P. STAFF AND EMPLOYEES COMPLIED WITH THE TERMS OF 18 USC 4243 AND 18 USC 4247(e) AND (i)?

6. DID THE BOP STAFF AND EMPLOYEES VIOLATE THE CONSTITUTIONAL, STATUTORY, CIVIL, AND COMMON LAW GUARANTEES, FREEDOMS, LIBERTIES, RIGHTS, PRIVILEGES, IMMUNITIES, PROTECTIONS, AND SAFEGUARDS OF PHELPS?

3

7. DID PHELPS SUFFER IRREPARABLE PHYSICAL, MENTAL, EMOTIONAL, SPIRITUAL, AND LEGAL LOSS, HARM, INJURY, ANGUISH, PAIN, AND SUFFERING BECAUSE OF THE ACTS, ACTIONS, INACTIONS, AND OMISSIONS OF THE U.S. ATTORNEY GENERAL AND THE BOP STAFF AND EMPLOYEES?

## V

## BACKGROUND

DURING THE CULTURAL, SOCIAL, AND RACIAL UPHEAVEL AND REVOLUTION OF THE 1960's, 1970's, AND 1980's, PHELPS WAS CONVERTED TO THE NAZI RELIGION AND INCORPORATED A CHURCH IN THE STATE OF CALIFORNIA AND BEGAN TEACHING THE TENETS AND BELIEFS OF HIS RELIGION AS PRESENTED IN THE SCRIPTURES OF THE CHRISTIAN HOLY BIBLE. HE PROSELYTIZED RACIAL PURITY AND RACIAL SEGREGATION AS WELL AS WHITE SUPREMACY AS THE FUNDAMENTAL COMMANDMENTS OF GOD. HE IDENTIFIED (AS DID JESUS) THE JEWS AS BEING DEVILS FROM HELL AND ALL NON WHITES AS BEING THE RESULTS OF MIXBREEDING OF SATAN WITH THE MONKEY KINGDOM AND EVOLUTIONIZING BY GEOGRAPHIC ADAPTATION. HE RECEIVED HUNDREDS OF DEATH THREATS FROM JEWS AND OTHERS AND SUFFERED ASSAULTS AND PROPERTY LOSS, BECAUSE OF HIS SINCERELY HELD SHARED RELIGIOUS BELIEFS.

IN 1985 PHELPS WAS ARRESTED ON CHARGES OF BOMBING JEW SYNAGOGUES, THE HOMES OF JEW RABBIS, AND SCHOOLS THAT TAUGHT BLACK SUPREMACY.

PHELPS CLAIMED TO BE INNOCENT AND THAT HE WAS BEING FRAMED IN A INTERNATIONAL JEW CONSPIRACY. EVERYONE BELIEVED THIS TO BE A DELUSION THAT QUALIFIED PHELPS FOR A INSANITY PLEA.

IN JULY OF 1986 PHELPS WAS FOUND NOT GUILTY BY REASON OF INSANITY (NGRI)

AND WAS COMMITTED TO THE CUSTODY OF THE U.S. ATTORNEY GENERAL PURSUANT TO 18 USC 4243(e) WHO, IN TURN, PLACED PHELPS IN THE CUSTODY OF THE DIRECTOR OF THE U.S. BUREAU OF PRISONS WHO, IN TURN, DELEGATED HIS AUTHORITY TO VARIOUS WARDENS OF VARIOUS PRISONS IN THE FEDERAL SYSTEM.

PHELPS WAS UNSHAKEN IN HIS INTERNATIONAL CONSPIRACY CLAIM AND THIS "DELUSION" KEPT HIM INCARCERATED.

THEN, SEVEN YEARS AFTER HIS INCARCERATION BEGAN, THE DISTRICT ATTORNEY OF SAN FRANCISCO, CALIFORNIA RAIDED THE OFFICES OF A JEW ORGANIZATION (ANTI-DEFAMATION LEAGUE OF B'NAI B'RITH) AND SEIZED ALL RECORDS AND DOCUMENTS, IN THE SEIZED RECORDS WAS A DOSSIER ON PHELPS THAT SHOWED PHELPS WAS ACTUALLY INNOCENT OF THE CRIMES AND THAT HIS CLAIM OF BEING FRAMED IN A INTERNATIONAL CONSPIRACY WAS ACTUALLY TRUE AND WAS NEVER A DELUSION AT ALL.

THE DISTRICT ATTORNEY NOTIFIED THE DEPARTMENT OF JUSTICE (DOJ) AND THE U.S. BUREAU OF PRISONS OF THE DISCOVERED EVIDENCE.

NEITHER THE DOJ OR THE BOP MADE ANY EFFORT TO EFFECT THE RELEASE OF PHELPS BECAUSE THEY CONSIDERED THE RELIGIOUS TEACHINGS OF PHELPS TO BE POLITICALLY INCORRECT AND DANGEROUS.

PHELPS MADE REPEATED ATTEMPTS TO FIND RELIEF FROM THE COURTS, BUT EVERY TIME THE COURT WAS READY TO RULE ON THE ISSUE, THE BOP WOULD TRANSFER PHELPS TO ANOTHER JUDICIAL CIRCUIT AND THEN RUSH INTO COURT WITH A MOTION TO DISMISS ON THE GROUNDS OF MOOTNESS. AFTER THE THIRD TIME, THE 8th CIRCUIT SAID "WE NOTE THAT PHELPS HAS BEEN TRANSFERRED TWICE BEFORE TO MOOT THIS ISSUE. WE HOPE THIS IS NOT A PATTERN." (PHELPS V US FEDERAL GOVERNMENT, 8C(1994, 15 F3d 735.) TIME HAS MADE NO CHANGE.

PHELPS HAS BEEN TRANSFERRED REPEATEDLY TO MOOT THE ISSUE OF ACTUAL INNOCENCE AND THAT HE HAD NEVER SUFFERED FROM A MENTAL DISEASE OR DEFECT UNDER THE LAW.

A PSYCHIATRIST (DR. JEAN ZOLA) AND A BOP PSYCHOLOGIST (DR. MARK HAZELRIGG) SENT A REPORT TO THE COURT NOTING THAT THEY HAD SEEN, AND VERIFIED, THE EVIDENCE THAT PHELPS WAS ACTUALLY INNOCENT AND WAS NOT DELUSIONAL AND RECOMMENDED HIS RELEASE.

IN 2004 PHELPS WAS TRANSFERRED TO FMC-DEVENS WHERE HE IS CURRENTLY INCARCERATED (NOT HOSPITALIZED).

THIS ACTION FOLLOWS.

II

STATEMENT OF THE FACTS

1. 18 USC 4243(e) REQUIRES THE U.S. ATTORNEY GENERAL TO "HOSPITALIZE" PHELPS OR TO RELEASE HIM TO AN APPROPRIATE STATE OFFICIAL;

2. THE FEDERAL GOVERNMENT DOES NOT HAVE A CIVIL HOSPITAL IN WHICH TO CONFINE INSANITY ACQUITTEES OR CIVIL COMMITMENTS (FOUCHA V LOUISIANA, 1992, 504 US 71);

3. 18 USC 4247(i)(c) REQUIRES THE SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS)(VIS-A-VIS - THE U.S. PUBLIC HEALTH SERVICE) TO IMPLEMENT THE PROVISIONS OF THE MENTAL HEALTH LAWS (NOT THE U.S. BUREAU OF PRISONS)

4. RULE 23 OF THE FEDERAL RULES OF APPELLATE PROCEDURES PROHIBITS THE TRANSFER OF PHELPS BUT THE BOP NEVER OBEYS RULES TO ITS DISADVANTAGE OR DESIRES

4. 18 USC 4247(i)(b) REQUIRES THE DHHS TO APPROVE AND TO CERTIFY THE "HOSPITAL" AS AN APPROPRIATE FACILITY (THERE HAS BEEN NO APPROVAL FOR ANY BOP FACILITY)

5. THE SECRETARY OF THE DHHS IS REQUIRED TO MAKE SURE THE PSYCHIATRIC HOSPITAL HAS (1) A EDUCATION PROGRAM OF SOCIOLOGY, PSYCHOLOGY, HUMANITIES, PHILOSOPHY, CRIMINAL JUSTICE, POLITICS AND GOVERNMENT, HISTORY, AND OTHER CLASSES TO HELP THE PATIENT TO UNDERSTAND HIMSELF, HIS RELATIONSHIP TO SOCIETY, AND THE CONSEQUENCES OF HIS CRIMES, AND (2) A VOCATIONAL TRAINING PROGRAM WHEREBY THE PATIENT WILL REALISTICLY LEARN A SKILL, TRADE, OR PROFESSION ACCORDING TO HIS OWN NATURE, CHARACTER, AND PERSONALITY, AND (3) SUFFICIENT RECREATIONAL ACTIVITIES TO MAINTAIN MENTAL STABILITY AND TO PROMOTE SOCIALIZATION, AND (4) SPORT ACTIVITIES ACCORDING TO THE PATIENTS NATURE, CHARACTER, PERSONALITY, AND PHYSICAL LIMITATIONS (18 USC 4247(i)(c) AND 18 USC 4247(e)) (THE BOP HAS NONE OF THE ABOVE SPECIFIC TO THE MENTALLY ILL)

6. 18 USC 4247(i) PROVIDES THE U.S. ATTORNEY GENERAL ONLY FOUR OPTIONS IF HE CHOOSES TO "HOSPITALIZE" THE PATIENT (NOT PRISONER) AND FEDERAL CONFINEMENT IS NOT A OPTION: HE MAY (1) PETITION A STATE COURT FOR A STATE CIVIL COMMITMENT INTO A STATE MENTAL HOSPITAL PURSUANT TO STATE LAWS, OR (2) ENTER INTO A PRIVATE CONTRACT WITH A STATE [OR POLITICAL SUB-DIVISION], OR (3) CONTRACT WITH A LOCALITY, OR (4) CONTRACT WITH A PRIVATE AGENCY FOR THE CARE, TREATMENT, HOSPITALIZATION, AND CONFINEMENT, (HE DID NOT EXERCISE ANY OF THESE OPTIONS. INSTEAD, HE INCARCERATED

PHELPS IN FEDERAL PRISONS TO BE TREATED AS A CONVICTED AND SENTENCED PRISONER (SEE 28 CFR 551.101(2))(BUREAU OF PRISON POLICY STATEMENT 7331.04)

7. 18 USC 4042 REQUIRES THE PUBLIC HEALTH SERVICE EMPLOYEES (NOT BOP EMPLOYEES) TO PRESCRIBE DIRECT CARE, TREATMENT, AND REHABILITATION TO ALL INMATES IN THE FEDERAL SYSTEM (THIS IS NOT IMPLEMENTED IN PRACTICE THE PHS EMPLOYEES ARE ASSIGNED TO ADMINISTRATIVE PAPER-WORK JOBS AND BOP STAFF PRESCRIBES A TREATMENT REGIMEN.)

8. 18 USC 4081 REQUIRES ALL CARE AND TREATMENT TO BE INDIVIDUALIZED. (THIS HAS NEVER HAPPEN TO PHELPS IN HIS 20 YEARS OF INCARCERATION)

9. THE BOP EMPLOYEES VIOLATE THE "ALL-WHEN" PRINCIPLE OF SUBSECTION (f) OF 18 USC 4243. SUBSECTION (f) REQUIRES BOP STAFF TO MAKE "ALL" REASONABLE EFFORTS TO CAUSE THE STATE TO ASSUME RESPONSIBILITY (BUT THE BOP STAFF MAKES ONLY ONE ATTEMPT ANNUALLY AND THAT IMMEDIATELY PRECEDES THE ANNUAL REPORT TO THE COURT) SUBSECTION (f) REQUIRES THE DIRECTOR TO "PROMPTLY" NOTIFY THE COURT WHEN THE PATIENT HAS RECOVERED (BUT THE BOP WAITS UNTIL THE ANNUAL REPORT IS DUE THIS COULD CAUSE ANOTHER YEAR OF INCARCERATION IN WHICH THE PATIENT COULD DETERIORATE AND DECOMPENSATE DUE TO PRISON CONDITIONS)

10. NO MATTER HOW MANY YEARS PASS BETWEEN THE CRIME AND THE EVALUATION, THE BOP STAFF TREATS THE CRIME AS IF IT HAPPEN THAT MORNING ON THE WAY TO THEIR JOBS. THE DOCTORS KNOW THAT PHELPS IS ACTUALLY

INNOCENT OF THE CRIMES YET THEY STILL POINT TO THE CRIMES AS A REASON TO KEEP PHELPS INCARCERATED.

11. THE TREATING PSYCHIATRISTS DO NOT EVALUATE PHELPS FROM A CLEAN SLATE APPROACH USING THEIR OWN SKILLS, KNOWLEDGE, AND EXPERIENCE. THEY MERELY RUBBER STAMP THE DIAGNOSIS OF PREVIOUS DOCTORS. IN THIS CASE THE DIAGNOSIS OF PARANOID SCHIZOPHRENIC WAS MADE BY THE 1985 TRIAL DOCTORS WHO THOUGHT THE CLAIMS OF PHELPS "INTERNATIONAL SEX CONSPIRACY" WAS DELUSIONAL. SINCE THEN NO BOP DOCTOR HAS MADE A INDEPENDENT CLEAN SLATE DIAGNOSIS, THEY ALL LOOKED AT THE RECORD AND RUBBER STAMPED PREVIOUS DIAGNOSIS. THAT IS NOT THE EXERCISE OF PROFESSIONAL JUDGMENT.

12. THE BOP STAFF AND EMPLOYEES VIOLATE THE RIGHTS OF INMATES AS LISTED IN 28 CFR 541 (PRISONERS RIGHTS), BUREAU OF PRISON POLICY STATEMENTS 6000 et Seq (MENTAL PATIENTS RIGHTS) AND THE BOP STAFF AND EMPLOYEES AT FMC-DEVENS VIOLATE ALMOST ALL THE PROVISIONS OF BUREAU OF PRISON POLICY STATEMENT 3604.03 (RULES FOR FEDERAL EMPLOYEES CONDUCT AND RESPONSIBILITIES). UNDER THE RULE ALL EMPLOYEES MUST WEAR NAME TAGS CLEARLY IDENTIFYING THEMSELVES TO INMATES (FEW EMPLOYEES DO). THEY MUST GIVE THEIR NAMES TO INMATES UPON REQUEST (NONE DO). THEY MUST ADDRESS PHELPS AS "MR. PHELPS" OR "SIR" (THEY TREAT PHELPS LIKE GARBAGE). THEY MUST BE RESPECTFUL, POLITE, AND COURTEOUS TO INMATES (THESE DO NOT EXIST ANYWHERE EXCEPT WHEN HIGH RANKING OFFICIALS ARE PRESENT). THEY CANNOT RAISE THEIR VOICE IN ANGER NOR THREATEN A INMATE VERBALLY OR BY MENACING GESTURES (THEY CONTINUALLY VIOLATE THIS SECTION). THEY

9

CANNOT TOUCH A INMATE WITHOUT PERMISSION ABSENT EMERGENCIES OR IN ACCORDANCE WITH RULES (SUCH AS A PAT DOWN SEARCH). THEY CANNOT ASSAULT, ABUSE, MISTREAT, RIDICULE, OPPRESS, PERSECUTE, HARASS, OR DISCRIMINATE. THEY CANNOT SEIZE PROPERTY WITHOUT GIVING THE INMATE A PROPERTY INVENTORY RECEIPT. THEY CANNOT ACT ARBITRARILY, CAPRICIOUSLY, OR IN RETALIATION OR VINDICTIVENESS. THEY CANNOT MAKE FALSE ACCUSATIONS OR FALSE REPORTS AGAINST INMATES. ALL OF THESE SECTIONS (AND MORE) ARE VIOLATED BY BOP STAFF AT FMC-DEVENS; AND PHELPS HAS SUFFERED FROM THESE VIOLATIONS.

13. NO MATTER WHAT THE MENTAL STATUS OR CONDITION OF A NON-MENTAL HEALTH/INMATE, THE INMATE IS SENT IMMEDIATELY TO OPEN POPULATION. NO MATTER WHAT THE MENTAL STATUS OR CONDITION OF A MENTAL PATIENT (LABEL) THE INMATE THAT WEARS A MENTAL ILLNESS LABEL GOES DIRECTLY TO MAXIMUM SECURITY LOCK DOWN. NO MATTER HOW OLD, HOW COMPLIANT, HOW PEACEFUL, HOW ALERT, OR HOW NORMAL — HE IS LOCKED DOWN (PHELPS HAS BEEN IN LOCK DOWN OVER A MONTH). THIS VIOLATES THE "LEAST RESTRICTIVE SETTING" RULES, AND DISCRIMINATES AGAINST CLASSES OF INMATES IN VIOLATION OF BOP POLICY STATEMENT 1030 (NON DISCRIMINATION). SEE ALSO ROUSE V CALIFORNIA.

14. AT FMC DEVENS, STAFF PAY LITTLE OR NO ATTENTION TO RULES. SOME RULES MADE, AND APPROVED BY WARDEN WINN ARE CONTRARY TO BOP RULES. FOR EXAMPLE BOP POLICY STATES THERE WILL BE ONLY ONE STAND-UP COUNT BUT THE INSTITUTION RULE REQUIRES THREE STAND UP COUNTS. BOP POLICY

REQUIRE INMATES TO BE GIVEN SOAP, TOOTHBRUSH, TOOTHPASTE, COMB, ETC. THE OFFICER ON UNIT N-3 DO NOT ALLOW COMBS BY RULES MADE BY WHEN. RULES OF THE BOP REQUIRE INMATES TO USE HEADPHONE WHEN WATCHING TELEVISION, BUT ON N-3 TELEVISION SETS BLAST AT FULL VOLUME ON DIFFERENT CHANNELS KEEPING INMATES AWAKE AND OFFICERS DO NOTHING TO CORRECT IT EVEN THOUGH THERE ARE OTHER RULES PROHIBITING NOISE, LOUD TALKING, ETC. QUIET TIME IS FROM 11PM TO 6AM BUT OFFICERS IGNORE THE RULE AND ALLOW NOISE ALL NIGHT. BOP RULES REQUIRE DOORS TO BE UNLOCKED AT 6AM BUT EACH OFFICER HAS HIS OWN TIME SCHEDULE. LIGHTS ARE TO BE TURNED OFF AT 11 P.M. BUT IN PRACTICE THE LIGHTS STAY ON 24/7. IN ADDITION THERE IS A RULE CONCERNING SAVING ENERGY BUT THE STAFF IGNORES IT. THE RULES THAT IS MADE BY WINN ALLOWS ONLY 20 MINUTES TO GET TO THE DINING ROOM AND TO EAT A MEAL. WHEN NO SUPERVISORY STAFF IS PRESENT, OFFICERS REDUCE THE TIME TO 10-15 MINUTES. (ONCE PHELPS HAD JUST SAT DOWN AT A TABLE TO EAT THE EVENING MEAL WHEN THE OFFICER CLOSED THE DINING ROOM AND ORDERED ALL INMATES TO LEAVE. BOP RULES ALLOW ALL INMATES A "REASONABLE" AMOUNT OF TIME TO EAT. WHEN PHELPS ASK A OFFICER TO STAPLE SOME LEGAL PAPERS TO SEND TO THE COURT, THE OFFICER SHOUTED " NO STAPLES ALLOWED – THATS THE RULES." THAT DAY PHELPS RECEIVED LEGAL MAIL IN WHICH THE ENVELOPES HAD BEEN STAPLED CLOSED. PHELPS ASK A OFFICER FOR CLEANING SUPPLIES TO CLEAN HIS CELL. THE OFFICER SAID "CAN'T HAVE CLEANING SUPPLIES – THATS THE RULES." THE SAME DAY ANOTHER OFFICER INSPECTED THE ROOM AND SAID "GO GET SOME CLEANING SUPPLIES AND CLEAN THE FURNITURE (TOILET, BED). BOP RULES PROHIBIT

UNIT OFFICERS FROM READING INCOMING OR OUTGOING INMATE CORRESPONDENCE TO PREVENT FAMILIARITY WITH INMATES, BUT UNIT OFFICERS IGNORE THE RULES. THE OFFICERS USE THE SENTRY PROGRAM OF THE COMPUTERS TO READ THE RECORDS OF INMATES - THAT VIOLATES SENTRY RULES. BOP POLICY REQUIRES A LOCKED BOX FOR INMATES TO DROP IN MEMOS TO STAFF MEMBERS AND ONLY THE WARDEN, OR A DESIGNATED PERSON, CAN COLLECT THE MEMOS BUT AT FMC-DEVENS MEMOS ARE GIVEN TO UNIT OFFICERS TO READ AND TO SCREEN, IF THE OFFICER DOES NOT LIKE THE MEMO, HE DESTROYS IT (AS RESPONDENT POTOLICCHIO DID TO PHELPS, HE DESTROYED 6 MEMOS TO COUNSELOR LEONARD). BOP POLICY REQUIRES A LOCKED BOX FOR INMATES TO DROP IN PERSONAL MAIL BUT AT FMC DEVENS, LETTERS ARE GIVEN TO UNIT OFFICERS TO READ, THIS IS A VIOLATION OF BOP RULES FOR CONVICTED PRISONERS, BUT FOR CIVIL PATIENTS IT IS ALSO A VIOLATION OF LAW.

POSTED RULES REQUIRE OFFICERS TO USE FLASHLIGHTS AT NIGHT TO TAKE COUNTS TO PREVENT INTERRUPTION OF SLEEP BY TURNING ON LIGHTS, NO OFFICER AT FMC-DEVENS USES A FLASHLIGHT, THEY NOT ONLY TURN ON THE LIGHTS TO AWAKEN THE INMATE BUT ALSO REQUIRE THE INMATE TO MOVE, THIS NOT ONLY VIOLATES BOP RULES BUT VIOLATES ADDITIONAL RULES IN THE CARE AND TREATMENT OF THE MENTALLY ILL.

BOP RULES ALLOW INMATES TO BE IN THE LEAST RESTRICTIVE ENVIRONMENT, IN UNIT N-3 (THE UNIT FOR PHELPS) RULES ALLOW HIM TO REMAIN FREE TO MOVE ON THE UNIT ONLY FROM 6:15 AM TO 11:30 PM BUT IN PRACTICE OFFICERS LOCK THE DOOR TO HIS ROOM AT 9 PM AND DO NOT OPEN IT UNTIL ABOUT 6:30 AM.

BOP REQUIRES INMATES TO HAVE 2 BLANKETS BUT AT FMC DEVENS ONLY 1 BLANKET IS ISSUED. BOP POLICY REQUIRE AT LEAST 3 SETS OF CLOTHING BUT AT

FMC DEVENS, ONLY 1 SET IS ISSUED. THERE ARE OTHER INCIDENTS TO SHOW THAT
STAFF AT FMC DEVENS HAVE NO REGARD FOR RULES THAT BENEFIT OR TO PROTECT THE
RIGHTS OF INMATES: IN THE TOTALITY OF CIRCUMSTANCES THERE IS A CLEAR PATTERN
AND HISTORY OF ABUSE AND MISTREATMENT OF THE MENTALLY ILL AND A DISREGARD
OF BOP RULES; BOP RULES REQUIRE PHELPS TO ATTEND ONLY 1 TEAM MEETING, FMC-DEVENS
REQUIRE A MONTHLY MEETING SUBJECT TO PUNISHMENT IF REFUSED.

15. 18 USC 4042 AND 28 CFR 0.95-0.96 REVEALS THAT THE BOP HAS AUTHORITY
AND JURISDICTION ONLY OVER PENAL AND CORRECTIONAL INSTITUTIONS (NOT
HOSPITALS) AND ONLY OVER THOSE CHARGED WITH CRIMES AND THOSE CONVICTED
OF CRIMES (NOT CIVIL PATIENTS). PHELPS IS A CIVIL PATIENT.

   THE EMPLOYEES AND STAFF OF THE BOP ARE ACTING IN CLEAR ABSENCE
OF ALL JURISDICTION IN THE CARE, TREATMENT, CONFINEMENT, AND HOSPITALIZATION
OF PHELPS AND IN PROVIDING SERVICE FOR PHELPS. NO MATTER WHAT THE
BOP DOES TO PHELPS, OR FOR PHELPS, BENEFICIAL OR DETRIMENTAL, IT IS
UNLAWFUL BECAUSE THERE IS NO STATUTORY AUTHORITY OR JURISDICTION.


16. 18 USC 4001(a) STATES THAT NO CITIZEN CAN BE IMPRISONED, OR DETAINED,
UNLESS HE VIOLATES A LAW. THE BOP, AND DOJ, KNOWS THAT PHELPS HAS
NOT VIOLATED ANY LAWS BUT STILL WILL NOT MAKE ANY EFFORT TO RELEASE
HIM.

## VII

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

   DAVID WINN IS SUED FOR ESTABLISHING RULES CONTRARY TO BOP RULES AND
FOR CONDONING AND APPROVING THE UNLAWFUL ACTIVITIES OF SUBORDINATES

AND FOR FAILING TO PROPERLY AND ADEQUATELY TRAIN AND SUPERVISE HIS

SUBORDINATES, THAT CAUSED PHELPS IRREPARABLE INJURY

SECOND CAUSE OF ACTION:

MIKE BOLLINGER, JAMES DOLD, S. THOMPSON, AND S. HARVEY ARE SUED FOR

FAILING TO PROPERLY AND ADEQUATELY TRAIN AND SUPERVISE THEIR SUBORDINATES

IN THE CARE AND TREATMENT OF THE MENTALLY ILL, THE LEARNING OF BOP

RULES, AND THE RIGHTS OF INMATES. THEY HAVE FAILED TO PROPERLY AND

ADEQUATELY TRAIN THEIR SUBORDINATES IN DISTINGUISHING THE DIFFERENCE IN

CIVIL COMMITMENTS (CIVIL PATIENTS) AND CONVICTED PRISONERS AND HAVE

FAILED TO PROTECT THE RIGHTS OF CIVIL PATIENTS, AND FOR ALLOWING

SUBORDINATES TO TREAT CIVIL PATIENTS AS CRIMINAL PRISONERS.

THIRD CAUSE OF ACTION:

WHEN PHELPS ARRIVED AT FMC-DEVENS, HE WAS INTERVIEWED BY SEVERAL

BOP EMPLOYEES AND WAS EVALUATED BY RESPONDENT H. HAAS WHO ACTED

IN CLEAR ABSENCE OF ALL JURISDICTION TO CONFINE PHELPS (ACTIONATICALLY)

IN MAXIMUM SECURITY IN VIOLATION OF THE 4th AMENDMENT (UNREASONABLE SEIZURE)

AND 8th AMENDMENT (CRUEL AND UNUSUAL PUNISHMENTS + MADE APPLICABLE THROUGH THE

5th AMENDMENT BECAUSE PHELPS IS A CIVIL PATIENT) AND THE 9th AMENDMENT

(COMMON LAW) AS WELL AS VIOLATING THE AMERICAN WITH DISABILITIES ACT, AND

BOP RULES, 18 USC 4081.

HAAS DEPARTED FROM THE STANDARDS OF HIS PROFESSION AND DID NOT

EXERCISE PROFESSIONAL JUDGMENT BY NOT MAKING A INDEPENDENT EVALUATION

AND DIAGNOSIS BUT MERELY RUBBER STAMPED THE OPINION OF PREVIOUS

EXAMINERS WITH A TOTAL INDIFFERENCE AND DISREGARD AS TO THE ACCURACY OF THE RECORD. HAAS HAS TAKEN A OATH TO UPHOLD AND DEFEND THE U.S. CONSTITUTION AND THE LAWS OF THE UNITED STATES SO HE KNOWS THE LAWS, AND UNDERSTAND THE LAWS, BUT STILL ACTED CONTRARY TO THE LAWS. PHELPS WAS LUCID, RATIONAL, COMPLIANT, AND FRIENDLY YET WAS TAKEN TO MAXIMUM SECURITY AND PLACED IN A LOCKED ROOM AT THE ORDERS OF HAAS. HAAS VIOLATED 28 CFR 541. et Seq, BOP POLICY 6000 et Seq, BOP POLICY 3604.03 et Seq, YOUNGBERG V. ROMEO, 1982, 457 US 307  AND DESHANEY V WINNEBAGO, 1989, 489 US 189    AND ROCHIN V CALIFORNIA, 1952, 342 US 165

FOURTH CAUSE OF ACTION:

RESPONDENT S. FLETCHER VIOLATED BOP RULE 3604.03 AND DEPARTED FROM THE STANDARDS OF HIS PROFESSION (UNKNOWN TYPE OF DOCTOR) AND DID NOT EXERCISE PROFESSIONAL JUDGMENT BY PERFORMING THE DUTIES RELEGATED TO A CORRECTIONAL OFFICER (ACTING LIKE A COP) WHEN HE THREATENED TO PUT PHELPS IN DISCIPLINARY SEGREGATION FOR MERELY DISAGREEING WITH HIM, " I KNOW MORE ABOUT BOP RULES THAN YOU," HE SAID. "WANNA BET?" PHELPS SAID. THEN FLETCHER THREATENED TO PUT PHELPS "IN THE HOLE (N-1)" FOR DISAGREEING WITH HIM. PHELPS HAD NOT VIOLATED ANY RULES NOR WAS HE DISORDERLY OR DISRUPTIVE. IT UPSET PHELPS VERY MUCH TO REALIZE THAT EVEN THE DOCTORS DISREGARD THE RULES OF CONDUCT AND CARELESSLY VIOLATE OTHER RULES AND THE RIGHTS OF THE MENTALLY ILL BY ACTING ARBITRARILY, CAPRICIOUSLY, AND VINDICTIVELY.

FIFTH CAUSE OF ACTION:

RESPONDENT J. DAVIS ACTED IN CLEAR ABSENCE OF ALL JURISDICTION WHEN HE VIOLATED B.O.P. RULE 3604.03 BY SCREAMING AND YELLING AT PHELPS IN A THREATENING, HOSTILE, AND MENACING MANNER JUST AFTER PHELPS HAD COMPLETED A CONVERSATION WITH DR. RIGGS (WHO WAS STILL PRESENT AS A WITNESS). DAVIS IS A MALE NURSE AND KNOWS THAT HIS ACTIONS ARE A DEPARTURE FROM THE STANDARDS OF HIS PROFESSION BUT HE ACTED ANYWAY TO CAUSE PHELPS TO FEAR FOR HIS SAFETY (BEING 71 YEARS OLD). PHELPS IS A HEART ATTACK RISK PATIENT AS WELL AS HAVING 2 STROKES (BECAUSE TWO OFFICERS HANDCUFFED HIS ARMS BEHIND HIS BACK AND BEAT HIM WITH FISTS, FEET, AND METAL FLASHLIGHTS BECAUSE THE AREA OUTSIDE HIS ROOM WAS "UNTIDY.")


SIXTH CAUSE OF ACTION:

RESPONDENT B. POTOLICCHIO ACTED IN ABSENCE OF ALL JURISDICTION AND VIOLATED FEDERAL REGULATION 28 CFR 541. et Seq, B.O.P. POLICY 3604.03, 18 USC 1001 AND OTHER FEDERAL LAWS WHEN HE (WITH COMPLETE INDIFFERENCE TO THE STATUS OR CONDITION OF PHELPS) ASSAULTED PHELPS, MADE FALSE CHARGES AGAINST PHELPS, MADE A FRAUDULENT WRITTEN INCIDENT REPORT ON PHELPS THAT CAUSED PHELPS TO BE PLACED IN DISCIPLINARY DETENTION FOR A WEEK. POTOLICCHIO ALSO VIOLATED PHELPS RIGHTS UNDER THE 4th, 5th, 8th, AND 9th AMENDMENTS TO THE U.S. CONSTITUTION.

ON 11-23-04 AT APPROXIMATELY 10:30PM PHELPS WENT TO THE OFFICERS STATION ON UNIT N-3 TO GIVE POTOLICCHIO A CONFIDENTIAL MEMO ADDRESSED TO COUNSELOR K. LEONARD INFORMING LEONARD THAT THE STAFF ON N-3 WERE IN VIOLATION

OF FEDERAL LAWS AND BOP RULES IN THE CARE AND TREATMENT OF THE DISABLED MENTALLY ILL. POTOLICCHIO OPENED THE MEMO (IN VIOLATION OF BOP RULES) AND READ THE MEMO (VIOLATING ANOTHER RULE) AND QUESTIONED PHELPS AS TO THE CONTENT OF THE MEMO (VIOLATING THE 1st AMENDMENT AND ANOTHER B.O.P RULE) POTOLICCHIO BECAME HOSTILE AND ANGRY AND SCREAMED FOR PHELPS TO GET OUT OF THE OFFICE, AND PHELPS COMPLIED.

WHEN PHELPS WAS OUTSIDE OF THE THRESHHOLD OF THAT DOOR, HE TURNED AND SAID "YOU'RE NOT WEARING A NAME TAG (A VIOLATION OF BOP RULES) WHAT IS YOUR NAME OFFICER?" "DON'T WORRY ABOUT MY NAME" HE SCREAMED AS HE STOOD AND APPROACHED PHELPS MENACINGLY (POTOLICCHIO IS ABOUT 6'4" TALL AND WEIGHS OVER 250 POUNDS AND IS 40 YEARS YOUNGER THAN PHELPS) PHELPS ASK "ARE YOU REFUSING TO GIVE ME YOUR NAME? THAT'S AGAINST BOP RULES." HE SCREAMED "GET-AWAY-FROM-MY-OFFICE." PHELPS COMPLIED AND WALKED ABOUT LOOKING AT THE PICTURES ON THE WALLS, THE CLOCK IN THE OFFICE, ETC. (PHELPS) WAS WAITING FOR THE INMATE TELEPHONE TO MAKE A CALL TO CALIFORNIA.)

PHELPS APPROACHED A CLEANING CART THAT HAD AUTHORIZED SUPPLIES ON IT FOR INMATES TO CLEAN THEIR ROOMS, IT WAS PARKED IN THE HALLWAY OUTSIDE THE OFFICE. SUDDENLY POTOLICCHIO LEAPED FROM HIS CHAIR AND STARTED SCREAMING FOR PHELPS TO GET INSIDE THE OFFICE, PHELPS WALKED IN. "WHAT DID YOU TAKE OFF THAT CART AND PUT IN YOUR POCKET?" HE SCREAMED ANGRILY OUT OF CONTROL. "I DIDN'T PUT ANYTHING IN MY FUCKIN POCKET" PHELPS SAID. POTOLICCHIO SEARCHED PHELPS AND FOUND NOTHING.

"GET AGAINST THE DOOR" HE YELLED, THEN QUICKLY CHANGED HIS MIND AND TOOK PHELPS IN THE HALLWAY. "GET AGAINST THAT WALL" HE SCREAMED, THEN QUICKLY CHANGED HIS MIND AGAIN AND YELLED FOR PHELPS TO GO TO THE OTHERSIDE OF THE HALLWAY

NOT ONLY DOES STAFF NOT WEAR NAME TAGS, NO OFFICE HAS THE NAME OF THE STAFF ON IT. TO FIND A OFFICE IS JUST A GUESSING GAME. BOP RULES STATE ALL OFFICES WILL BE IDENTIFIABLE.

17

TO LEAN AGAINST THE WALL WITH HIS HANDS ABOVE HIS HEAD AND HIS FEET APART. *

PHELPS COMPLIED WITH THE ORDER BUT POTOLICCHIO WAS NOT SATISFIED WITH THE DISTANCE BETWEEN PHELPS' FEET AND YELLED TO MOVE THE FEET FURTHER APART. "I CAN'T" PHELPS SAID, "THATS AS FAR AS I CAN GO. I HAVE A SPINAL INJURY." POTOLICCHIO BECAME MORE OUT OF CONTROL AND SCREAMED FOR PHELPS TO MOVE HIS FEET APART AND SIMULTANEOUSLY KICKING THE RIGHT LEG OF PHELPS KICKING HIS LEG ABOUT 6 INCHES FURTHER APART. PHELPS IMMEDIATELY FELT SEVERE PAIN IN HIS BACK, SPINE, AND LEGS AND GROANED IN PAIN. POTOLICCHIO WAS COMPLETELY INDIFFERENT AND YELLED "I TOLD YOU TO GET THOSE FEET APART."

THEN THE RIGHT ARM OF PHELPS FELL FROM THE WALL TO HIS SIDE. "GET THAT ARM UP" POTOLICCHIO SCREAMED. "I CAN'T DO THIS FOR LONG" PHELPS SAID, "I HAVE MEDICAL PROBLEMS. I'VE HAD A HEART ATTACK AND IF I KEEP MY HANDS ABOVE MY HEAD, I'LL PASS OUT. I'VE HAD 2 STROKES AND I CAN'T HOLD MY RIGHT ARM UP THIS LONG" POTOLICCHIO WAS CALLOUSLY INDIFFERENT AND TOOK THE RIGHT ARM OF PHELPS AND SLAMMED IT AGAINST THE WALL YELLING "GET - THAT - ARM - ON - THE - WALL."

HE WENT BACK TO THE OFFICE AND TOLD NURSE W. BLAZON "I'M GOING TO LOCK HIM UP. I DON'T LIKE HIM." HE MADE TWO PHONE CALLS AND RETURNED. "WHY DID YOU CUSS ME?" HE YELLED. "WHAT ARE YOU TALKING ABOUT?" PHELPS ASK. "YOU JUST CUSSED ME" HE YELLED, "I HEARD YOU." "YOU WERE NOT EVEN HERE" PHELPS SAID "HOW COULD I CUSS YOU IF YOU'RE NOT HERE" POTOLICCHIO STAMMERED "YEH - WELL . . . YEH - WELL . . . . YEH-WELL."

PHELPS RIGHT ARM FELL AGAIN, BUT AT THE SAME TIME OTHER OFFICERS ARRIVED TO ESCORT PHELPS TO DISCIPLINARY DETENTION.

* PHELPS WAS NOT SEARCHED WHILE AGAINST THE WALL. THE ACTION WAS JUST SPITEFUL PUNISHMENT

POTOLICCHIO THEN TOOK THE MEMOS PHELPS HAD WRITTEN TO COUNSELOR LEONARD AND SPITEFULLY DESTROYED THEM. HE WENT TO PHELPS' ROOM AND TOOK PHELPS PROPERTY AND DESTROYED THE PROPERTY SPITEFULLY AND VINDICTIVELY.

THE NEXT DAY A OFFICER SHOVED A PINK SHEET OF PAPER UNDER THE DOOR WITHOUT SAYING WHAT IS WAS OR WHAT WAS WRITTEN ON IT AND PHELPS COULD NOT READ IT BECAUSE HIS EYEGLASSES WERE SEIZED (AS IT TURNED OUT IT WAS A COPY OF THE INCIDENT REPORT. THE BOP RULES REQUIRE THE REPORT TO BE GIVEN TO THE INMATE WITHIN 24 HOURS AND IF THE INMATE CAN'T READ IT, IT MUST BE READ TO HIM. IT WAS NOT. PHELPS ARGUES THAT IF HE IS GIVEN A DOCUMENT HE CAN'T READ AND IT IS NOT READ TO HIM, IT IS THE SAME AS NOT GETTING THE DOCUMENT AT ALL AND IS A DENIAL OF DUE PROCESS AND VIOLATES BOP RULES )

A WEEK LATER PHELPS HAD A DISCIPLINARY HEARING (3 DAYS OVER THE TIME LIMIT TO HOLD A HEARING ) AND THE HEARING OFFICER DISMISSED THE CHARGES AS BEING PATENTLY FALSE. "WHEN I FIRST READ THIS REPORT" THE HEARING OFFICER SAID " I COULD EASILY SEE SOMETHING WAS WRONG WITH IT. IT DIDN'T MAKE SENSE."

POTOLICCHIO LIED IN THE REPORT; HE FILED A FALSE REPORT; AND HE CAUSED PHELPS TO SUFFER IRREPARABLE INJURY AND SUFFERING.


SEVENTH CAUSE OF ACTION:

RESPONDENT W. BLAZON ACTED IN CONSPIRACY WITH POTOLICCHIO TO MAKE FALSE CHARGES. SHE ENCOURAGED HIM AND ADVISED HIM. SHE ACTED IN CONCERT AND JOINTLY PARTICIPATED IN THE VIOLATION OF THE RIGHTS OF PHELPS. BOP RULES AND FEDERAL REGULATIONS REQUIRES EMPLOYEES TO INTERVENE WHEN OFFICERS ARE VIOLATING THE RIGHTS OF INMATES AND TO IMMEDIATELY REPORT THE

OFFENDING OFFICER TO SUPERVISORS. SHE DID NOT INTERFERE AND DID NOT REPORT THE ABUSE, ASSAULT, OR VIOLATIONS. SHE FAILED TO EXERCISE PROFESSIONAL JUDGEMENT.

SHE IS THE NURSE FOR THE UNIT AND IS FAMILIAR WITH THE MEDICAL STATUS AND CONDITION OF PHELPS, BUT STILL DID NOT STOP POTOLICCHIO. SHE KNOWS THAT PHELPS IS A CIVIL PATIENT AND KNOWS THAT MENTAL PATIENTS HAVE RIGHTS EXCEEDING THE RIGHTS OF PRISONERS, AND OTHERS, YET SHE DID NOTHING TO STOP THE ASSAULT AND ABUSE. SHE AND POTOLICCHIO VIOLATED 18 USC 241-242 (CIVIL RIGHTS) 18 USC 1621 et Seq (PERJURY) AND OTHER FEDERAL LAWS.

BLAZON AND POTOLICCHIO HAD BEEN PLAYING CARD GAMES FOR ABOUT 2 HOURS PRIOR TO THE INCIDENT. THEY NOT ONLY APPEARED TO BECOME INCREASINGLY "FRIENDLY" BUT ALSO BECAME HOSTILE WHEN PHELP INTERRUPTED THEIR GAMES TO HAND HIM THE MEMO. PHELPS TOLD THE DISCIPLINARY OFFICER, "YOU KNOW WHAT THIS IS ALL ABOUT? POTOLICCHIO JUST WANTED TO IMPRESS A FEMALE WITH HIS MANHOOD AND POWER. THAT'S WHAT THIS IS ALL ABOUT — TRYING TO IMPRESS A FEMALE, BUT ALL HE SUCCEEDED IN DOING WAS TO PROVE HE HAS A CHILDISH INFANTILE MIND WITH THE INABILITY TO MAKE CORRECT DECISIONS AND UNABLE TO CONTROL HIS EMOTIONS. THE HEARING OFFICERS AGREED AND DISMISSED THE CHARGES SAYING "STAY OUT OF TROUBLE."

EIGHTH CAUSE OF ACTION:

UNDER THE "INDIVIDUALIZED TREATMENT" OF 18 USC 4081, AND THE "NATURE OF THE CHARACTER" OF 18 USC 4247(G), AND UNDER THE PROVISIONS OF THE AMERICAN'S WITH DISABILITIES ACT, AND UNDER THE MENTALLY ILL BILL OF RIGHTS (42 USC 10841) PHELPS MADE A REQUEST FOR A SINGLE ROOM, IN OPEN

POPULATION IN THE LEAST RESTRICTIVE SETTING NOT ONLY BECAUSE OF HIS AGE (71) AND MEDICAL IMPAIRMENTS, RESTRICTION, AND LIMITATIONS (STROKE, HEART ATTACK RISK, ARTHRITIS, AND OTHERS) BUT ALSO FOR SAFETY AND SECURITY THAT PREVENTS HOSTILE CONFRONTATIONS WITH OTHERS WHO DO NOT SHARE THE SAME RELIGIOUS BELIEFS AND FINDS HIS BELIEFS OFFENSIVE AND UNACCEPTABLE TO SUCH A DEGREE THAT THEY BECOME COMBATIVE. PHELPS DOES NOT PROSELYTIZE HIS RELIGION NOR DOES HE RECRUIT CONVERTS, HOWEVER OTHER INMATES KNOW HIS IDEOLOGIES. HOW?

AT HIS PREVIOUS PRISON, INMATES WOULD DISCOVER CASES OF PHELPS PUBLISHED IN THE LAW BOOKS AND THEN PHOTOCOPY SEVERAL COPIES OF THE CASE AND THEN DISTRIBUTE THE PHOTOCOPIES TO OTHER INMATES WITH THE SOLE INTENT AND SCHEME TO CAUSE PHELPS TO SUFFER IN SOME WAY. THE COPIES WERE ALSO GIVEN TO SELECTED STAFF MEMBERS, MOSTLY PHELPS SUFFERED HARRASSMENTS, OSTRACISM, AND SNIDE REMARKS AND IDLE THREATS OR VEILED THREATS. BUT HE ALSO SUFFERED IN OTHER WAYS. BLACK INMATES WOULD FALSELY REPORT THAT PHELPS CALLED THEM A "NIGGER" OR SOMETHING DEROGATORY JUST TO GET PHELPS PUT IN THE HOLE OR MOVED TO ANOTHER UNIT.

AT HIS PREVIOUS PRISON, A INMATE DISTRIBUTED COPIES OF CASES TO OTHER BLACK INMATES AND STAFF. HE WAS IMMEDIATELY TRANSFERRED TO ANOTHER PRISON FOR ENDANGERING THE LIFE OF ANOTHER INMATE AND FOR INTERFERING WITH THE THERAPY AND TREATMENT PROGRAM OF OTHERS.

TWO DAYS AFTER PHELPS ARRIVED AT FMC-DEVENS HE PASSED A GROUP OF BLACK INMATES. ONE BLACK INMATE REMARKED TO THE OTHERS "THERE'S THAT RACIST M___F___" (INDICATING PHELPS) PHELPS HAD NEVER SEEN THEM BEFORE AND HE IGNORED THE REMARKS. HOW DID THEY KNOW?

21

PHELPS WENT TO THE DINING ROOM AND IN THE DINING ROOM WAS THE SAME BLACK INMATE THAT HAD BEEN TRANSFERRED FROM BUTNER. THEY ALL LIVED IN THE MENTAL HEALTH UNITS.

COUNSELOR LEONARD REFUSED TO ASSIGN PHELPS TO A SINGLE ROOM (NOT WITHSTANDING THE FACTS OF ELIGIBILITY. ACCORDING TO BOP RULES IT IS THE COUNSELOR WHO ASSIGNS ROOMS AND HE DOES THAT ARBITRARILY WITHOUT SCREENING OR EVALUATING INMATES FOR COMPATIBILITY OR INDIVIDUAL NEEDS. WHATEVER BED IS VACANT IS WHERE THE INMATE GOES, HE VIOLATES THE TERMS OF 18 USC 4081 (INDIVIDUALIZED TREATMENT) AND 18 USC 4247(c) (ACCORDING TO THE CHARACTER OF THE INMATE) HE ALSO VIOLATES DESHANEY V WINNEBAGO, 1989, 489 US 189.

BUT TO KEEP PHELPS LOCKED IN MAXIMUM SECURITY OR IN A SEMI LOCKED UNIT VIOLATES THE LEAST RESTRICTIVE SETTING REQUIREMENTS OF THE SUPREME COURT. (REMEMBERING THAT PHELPS IS A CIVIL PATIENT AND NOT A CRIMINAL PRISONER, SO THE COURTS MUST EXAMINE PATIENTS RIGHTS — NOT PRISONERS RIGHTS. SEE ROMEO V YOUNGBERG, 1981, 644 F2d __ (COURTS CANNOT USE CASE LAW DECISIONS FOR CONVICTED PRISONERS TO BE APPLIED TO CIVIL COMMITMENTS) AFFIRMED IN YOUNGBERG V ROMEO, 1982, 457 US SCT.

NINTH CAUSE OF ACTION:

PHELPS IS DENIED HIS 1st AMENDMENT RIGHT TO PETITION THE COURTS (DENIAL OF ACCESS TO THE COURTS)

TAKEN LITERALLY, PHELPS IS NOT DENIED "ACCESS TO THE COURTS." HE IS DENIED MEANINGFUL ACCESS TO THE COURTS.

THE RULES (ESTABLISHED BY WARDEN WINN) PROHIBITS PHELPS FROM LEAVING UNIT N-3 EXCEPT TO GO TO THE DINING ROOM FOR MEALS. HE CANNOT GO

TO THE LAW LIBRARY TO CONDUCT LEGAL IN ORDER TO PREPARE DOCUMENTS FOR THE COURTS AND INTERESTED PARTIES. PHELPS SENT A MEMO TO THE LAW LIBRARY REQUESTING LEGAL RESEARCH ASSISTANCE, BUT THERE WAS NO RESPONSE. HE SENT A MEMO TO COUNSELOR LEONARD AND UNIT MANAGER COLATTI REQUESTING PERMISSION TO GO TO THE LAW LIBRARY BUT NEITHER RESPONDED. THEY WERE INDIFFERENT.

PHELPS GAVE PAPERS TO ANOTHER INMATE ( WHO LIVED IN A OPEN UNIT) TO PHOTOCOPY AT THE LAW LIBRARY. THE MACHINES WOULD NOT PHOTOCOPY THE PAPERS NOT ONLY BECAUSE OF INADEQUATE MACHINES BUT BECAUSE THE DOCUMENTS WERE WRITTEN IN BLUE INK. THE COMMISSARY SELLS ONLY WRITING PENS WITH BLUE INK. (every other prison sells multiple colors.)

PHELPS ASK THE UNIT OFFICER TO USE THE UNIT TYPEWRITER (ONE OF THEM). HE WAS INFORMED THAT THE UNIT DOES NOT HAVE TYPEWRITERS FOR INMATES (ANOTHER BOP Rule violation)

PHELPS ASK A FRIEND TO GET SOME FORMS FROM THE LIBRARY (BIVENS, COVER SHEET, SUMMONS, CERTIFICATE OF IDENTITY, etc) AND ADDRESSES (COURT DIRECTORY, FEDERAL AGENCY DIRECTORY, etc) AND THE LAW LIBRARY DID NOT HAVE ANY OF THESE ITEMS.

PHELPS REQUESTED A SECRETARY TO COPY THIS PETITION. AT FIRST SHE REFUSED BUT WHEN SHE READ THE NAMES OF THE DEFENDENTS, SHE AGREED TO THE PHOTOCOPYING FOR A FEE. (NO DOUBT TO GIVE THE DEFENDENTS AN ADVANCE WARNING.)

## VIII

## SUMMARY AND CONCLUSION

THE GOVERNMENT HAS ENGAGED IN OUTRAGEOUS CONDUCT THAT SHOCKS THE CONSCIENCE.

THE U.S. ATTORNEY DID NOT HAVE AUTHORITY TO PUT PHELPS IN THE CUSTODY OF THE DIRECTOR OF THE U.S. BUREAU OF PRISONS. HE IS REQUIRED, BY LAW

TO PUT PHELPS INTO THE CUSTODY OF THE SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES OR TO AN APPROPRIATE STATE OFFICIAL. IF THE U.S. ATTORNEY GENERAL ABUSED HIS DISCRETION AND MADE A CLEARLY ERRONEOUS INTERPRETATION OF THE LAW, AND THEN MISAPPLIED THE LAW, THAT ENDS THE MATTER BECAUSE WHATEVER FOLLOWS IS UNLAWFUL, AND UNCONSTITUTIONAL.

THERE ARE NO PROVISIONS IN 18 USC 4243 OR 4247 THAT ALLOWS, OR AUTHORIZES THE U.S. ATTORNEY GENERAL TO CONFINE PHELPS IN ANY FEDERAL FACILITY, BUT HE PLACED PHELPS INTO THE CUSTODY OF THE U.S. BUREAU OF PRISONS TO BE INCARCERATED AND TREATED AS IF PHELPS HAD BEEN FOUND GUILTY AND SENTENCED TO PUNISHMENT.

THE BUREAU OF PRISONS SHOULD HAVE REFUSED CUSTODY OF PHELPS KNOWING THAT IT DID NOT HAVE ANY JURISDICTION OR AUTHORITY OVER PHELPS. PHELPS CANNOT (LAWFULLY) BE INCARCERATED IN A PENAL INSTITUTION AND BE TREATED AS A CONVICTED PRISONER WITHOUT VIOLATING US v JONES (OP. CIT). THE LAW REQUIRES PHELPS TO BE IN A "HOSPITAL." THE FEDERAL GOVERNMENT DOES NOT HAVE A CIVIL HOSPITAL* IN WHICH TO CONFINE INSANITY ACQUITTEES (FOUCHA, OP. CIT.). THE BOP HAS ONLY PENAL INSTITUTIONS — NOT HOSPITALS, (18 USC 4042, 28 CFR 0.95 - 0.96). THE COURTS HAVE CONTINUOUSLY HELD THAT THE FEDERAL MEDICAL CENTERS, IN THE U.S. BUREAU OF PRISON SYSTEM, ARE PENAL INSTITUTIONS NOT HOSPITALS AND INMATES CONFINED THEREIN SUFFER INCARCERATION — NOT HOSPITALIZATION (WILLIAMS v RICHARDSON, 8C         CITING II CASES). PHELPS HAS BEEN FALSELY INCARCERATED FOR 20 YEARS FOR A CRIME HE DID NOT COMMIT. IF THE BOP DOES NOT HAVE LAWFUL CUSTODY OF PHELPS (OR ANYONE COMMITTED UNDER 18 USC 4243 OR 4246) THAT ENDS THE MATTER BECAUSE WHATEVER HAPPEN TO PHELPS WHILE IN BOP CUSTODY HAS BEEN UNLAWFUL.

THE BOP ALLEGES IT IS A "HOSPITAL" BECAUSE THE FMC'S HAVE BEEN ACCREDITED BY THE JCAHCO BUT THAT IS A LIE. THE JCAHCO SAID THEY ONLY ACCREDITED THE FMC'S AS HEALTH CARE FACILITIES — NOT HOSPITALS. THE FEDERAL MEDICAL CENTERS DOES NOT IN ANY WAY RESEMBLE A TRADITIONAL MENTAL HOSPITAL.

IF THE BOP EMPLOYEES KNEW THAT PHELPS WAS A CIVIL PATIENT AND NOT A CONVICTED PRISONER, AND STILL TREATED PHELPS AS A CONVICTED PRISONER UNDER RULES AND REGULATIONS ESTABLISHED ONLY FOR PRISONS AND CONVICTED PRISONERS, THEN THE BOP EMPLOYEES ARE LIABLE FOR DAMAGES REGARDLESS OF THEIR ACTIONS; THE GOAL OF PENOLOGY IN PUNISHMENT (DETERRENCE, RETRIBUTION) BUT THE GOAL OF REHABILITATION IS HEALING, RECOVERY, AND A RETURN TO SOCIETY. THE BOP HAS ONLY PENOLOGICAL OBJECTIVES. THE BOP EMPLOYEES VIOLATE THE MENTAL HEALTH LAWS REPEATEDLY AND CONTINUOUSLY. EVERY MENTALLY ILL INSTITUTIONALIZED PERSON IS ENTITLED TO RESPECT, DIGNITY, INDIVIDUALIZED CARE AND TREATMENT, REHABILITATION, AND HUMANE SERVICES IN A LEAST RESTRICTIVE SETTING WITH A MINIMAL INTERFERENCE WITH PERSONAL PRIVACY, SOCIAL INTERACTION, AND PERSONAL AUTONOMY (42 USC 10841; 18 USC 4081; FOY V GREENBLOTT, 1983, 190 CAL. RPTR 84, 141 CA3d 1) THE BOP DOES NOT ALLOW ANY PRIVACY OR AUTONOMY, IT PLACES THE MENTALLY ILL IN THE MOST RESTRICTIVE SETTING TO FORCE THE PATIENTS TO CONFORM, COMPLY, AND TO SUBMIT TO RIGID INFLEXIBLE PENOLOGICAL RULES.

IF THE BOP EMPLOYEES KNEW THE LAWS, UNDERSTOOD THE LAWS, AND STILL ACTED CONTRARY TO THE LAWS, THEY ARE LIABLE FOR DAMAGES.

THEY ARE REQUIRED (BY BOP RULES) TO KNOW THE CONSTITUTION, THE LAWS, BOP RULES, FEDERAL REGULATIONS, INSTITUTIONAL DEPARTMENT, AND UNIT RULES.

THEY REPEATEDLY IGNORE LAWS AND RULES ACTING ARBITRARILY, CAPRICIOUSLY, AND VINDICTIVELY. NONE ARE QUALIFIED TO TREAT CIVIL MENTAL PATIENTS.

## IV

## PRAYER

PHELPS PRAYS FOR RELIEF AND REMEDY:

PHELPS PRAYS THAT THIS COURT DECLARE THAT:

1. THE U.S. ATTORNEY GENERAL MISAPPLIED THE LAWS;

2. THE U.S. BUREAU OF PRISONS MISAPPLIED THE LAWS AND ITS OWN RULES;

3. THE U.S. BUREAU OF PRISONS DOES NOT HAVE LAWFUL CUSTODY OR JURISDICTION OVER PHELPS;

4. THE STAFF AND EMPLOYEES OF THE BOP ACTED WITHOUT AUTHORITY OR JURISDICTION AND KNEW THEY WERE DOING SO;

5. THE STAFF AND EMPLOYEES OF THE BOP ARE NOT QUALIFIED TO PROVIDE CARE AND TREATMENT OF THE MENTALLY ILL BECAUSE THEIR GOALS ARE PENOLOGICAL AND NOT REHABILITATIVE;

6. SUPERVISORS OF THE BOP HAVE FAILED TO PROPERLY AND ADEQUATELY TRAIN AND SUPERVISE THEIR SUBORDINATES;

7. BOP REGULATION 7331.03 AND 28 CFR 551.101 (AS APPLIED TO PHELPS) IS UNCONSTITUTIONAL AND IN VIOLATION OF U.S. V JONES, OP. CIT. AND WAS FORMED WITHOUT PROPER STATUTORY AUTHORITY;

8. THE B.O.P. HAS JURISDICTION ONLY OVER PENAL AND CORRECTIONAL INSTITUTIONS AND ONLY OVER THOSE CHARGED WITH CRIMES AND THOSE CONVICTED OF CRIMES (NOT OVER HOSPITALS OR CIVIL COMMITMENTS);

9. BOP RULES DO NOT APPLY TO CIVIL COMMITMENTS OR INSANITY ACQUITEES (CIVIL PATIENTS);

10. IT IS LEGAL ERROR TO USE CASE LAW DECISIONS FOR CONVICTED PRISONERS TO BE APPLIED TO CIVIL PATIENTS;

11. THE FEDERAL GOVERNMENT DOES NOT HAVE A CIVIL HOSPITAL IN WHICH TO CONFINE INSANITY ACQUITEES (FORENSIC) AND A BOP FACILITY IS NOT A SUITABLE FACILITY UNDER THE LAW

12. BOP FACILITIES ARE NOT ACCREDITED HOSPITALS AND IT IS UNLAWFUL FOR A FACILITY TO BE BOTH ACCREDITED AS A PRISON AND A HOSPITAL.

13. THE LAW REQUIRES A FACILITY TO BE APPROVED AND CERTIFIED BY THE SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES AND THAT NO BOP FACILITY HAS MET THAT REQUIREMENT;

14. ONLY PUBLIC HEALTH SERVICE EMPLOYEES CAN PRESCRIBE A REGIMEN OF CARE AND TREATMENT FOR INMATES UNDER 18 USC 4042 AND 18 USC 4081;

15. PHELPS SUFFERED ART ASSAULT, ABUSE, AND MISTREATMENT CAUSED BY THE RESPONDENTS;

16. THE RESPONDENTS POTOLICCHIO AND BLAZON CONSPIRED TO ACT, AND DID ACT, DELIBERATELY, KNOWINGLY, AND INTENTIONALLY TO CAUSE PHELPS (IRREPARABLE) PHYSICAL, MENTAL, EMOTIONAL, AND SPIRITUAL LOSS, HARM, INJURY, ANGUISH, PAIN AND SUFFERING AND TO VIOLATE, AND DEPRIVE, HIS CONSTITUTIONAL, STATUTORY, CIVIL, AND COMMON LAW GUARANTEES, FREEDOMS, LIBERTIES, RIGHTS, PRIVILEGES, IMMUNITIES, PROTECTIONS, AND SAFEGUARDS

17. PHELPS HAS BEEN FALSELY DETAINED FOR 20 YEARS IN THE BOP SYSTEM SUFFERING INCARCERATION (NOT HOSPITALIZATION) AND HAS SUFFERED PUNISHMENT AS A SENTENCED PRISONER IN VIOLATION OF 18 USC 4001(G) AND US v JONES, OP-CIT.

18. DECLARE THAT PHELPS HAS ALL THE RIGHTS (AND MORE) THAT A CONVICTED PERSON HAS WHO IS ON HOUSE ARREST BECAUSE PHELPS WAS FOUND NOT GUILTY FOR CRIMES AND WAS GIVEN ABSOLUTION AND FORGIVENESS FOR THE RESPONSIBILITY FOR ANY CRIME (MATTER OF COM, ____, ALB ____) (EVEN IF HE HAD COMMITTED THE CRIMES — WHICH HE DID NOT.)

PHELPS PRAYS FOR PUNITIVE DAMAGES IN THE AMOUNT OF ONE MILLION (1,000,000) **TAX FREE** DOLLARS FROM EACH RESPONDENT; AND PRAY FOR INJUNCTIVE RELIEF ENJOINING THE BOP FROM CONFINING ANY PERSON COMMITTED UNDER 18 USC 4243 or 4246;

PHELPS PRAY FOR ATTORNEY FEES AND COST;

PHELPS PRAYS FOR ANY OTHER RELIEF AND REMEDY THE COURT DEEMS FAIR, JUST, AND PROPER TO PROMOTE JUSTICE, TO MEET THE ENDS OF JUSTICE, AND TO PREVENT A MISCARRIAGE OF JUSTICE.

27

RESPECTFULLY SUBMITTED ON THIS 30th DAY OF DECEMBER, 2004

_Coy Phelps_                    IN PRO SE

COY PHELPS 78872-011

FMC - DEVENS

42 PATTON ROAD

P.O. BOX 879

AYER, MA 01432

## CERTIFICATION

I, COY PHELPS, CERTIFY UNDER PENALTY OF PERJURY, PURSUANT TO 28 USC 1746, THAT
I AM THE PETITIONER IN THIS ACTION AND THAT ALL THE STATEMENTS MADE HEREIN
WERE MADE BY ME, AND THAT ALL THE STATEMENTS ARE TRUE AND CORRECT
ACCORDING TO MY BEST KNOWLEDGE AND BELIEF

DATE: 12-30-04

_Coy Phelps_                    IN PRO SE

COY PHELPS 78872-011

FMC- DEVENS

42 PATTON ROAD

P.O. BOX 879

AYER, MASSACHUSETTS

01432

# ADDENDUM

PHELPS WAS DENIED DUE PROCESS AND SUFFERED RETALITORY VINDICTIVE PUNISHMENT BY HIS ASSIGNED TEAM MEMBERS (CASE MANAGER DAY, COUNSELOR LEONARD, A UNKNOWN FEMALE SOCIAL WORKER, A UNKNOWN FEMALE NURSE, AND A UNKNOWN PSYCHOLOGIST.)

WHEN PHELPS ARRIVED AT FMC-DEVENS HE REQUESTED PERMISSION TO GO TO THE LAW LIBRARY DURING ITS OPEN HOURS TO MAINTAIN HIS ACTIONS IN COURTS. THE TREATING PSYCHIATRIST APPROVED THE REQUEST SO PHELPS WAS AT A LOSS TO KNOW THE REASON FOR THE DELAY IN NOTIFYING THE UNIT OFFICER, AFTER A MONTH HAD PASSED.

FINALLY, THE TREATING PSYCHIATRIST INFORMED PHELPS THE REASON HE IS NOT ALLOWED TO GO TO THE LAW LIBRARY.

AS STATED IN THE COMPLAINT, PHELPS WAS SENT TO DISCIPLINARY DETENTION BASED UPON A PERJURED FALSE INCIDENT REPORT OF OFFICER POTOLICCHIO. THE DISCIPLINARY COMMITTEE KNEW THE REPORT WAS FRAUDULENT AND FABRICATED AND DISMISSED THE CHARGES AND REFUSING TO PUNISH PHELPS.

THE TEAM MEMBERS, HOWEVER, DECIDED TO PUNISH PHELPS ANYWAY (WITHOUT ANY AUTHORITY UNDER ANY RULE TO DO SO) FOR THE INSOLENCE TO THE OFFICER (THE OFFENSE). THEY COLLECTIVELY DECIDED TO PROHIBIT PHELPS FROM GOING TO THE LAW LIBRARY (THE VERY THING HE REQUESTED), BUT DID NOT NOTIFY PHELPS, HIS TREATING PSYCHIATRIST, OR ANYONE ELSE.

PHELPS HAD ALREADY NOTIFIED CASE MANAGER DAY OF THE DECISION OF THE DISCIPLINARY COMMITTEE AND ASK HER TO REMOVE THE INCIDENT REPORT FROM THE RECORD. SHE WAS INDIFFERENT SAYING "THAT'S NOT MY BUSINESS - THAT'S THEIR BUSINESS." (RULES STATE OTHERWISE). FINALLY, HAVING PRIOR KNOWLEDGE OF THE COMMITTEES' DECISIONS, THE ACTION TO PUNISH PHELPS WITHOUT DUE PROCESS, AND IN VIOLATION OF DOUBLE JEOPARDY, (AS WELL AS VIOLATING US v JONES, OP CIT) WAS KNOWINGLY, INTENTIONALLY, AND MALICIOUSLY SPITEFUL IN RETALIATION FOR PREVAILING IN THE DISCIPLINARY CHARGE AND FOR FILING A COMPLAINT AGAINST THE OFFICER.

ADDENDUM- CONTINUING —

CAUSE OF ACTION - RESTRICTION OF COURT ACCESS:

   Rules of the BOP require the counselor to assist inmates. Phelps requested that $150.00 be taken from his prison account and to make a check payable to the clerk, U.S. District Court and to send the check to the court as payment for the filing fee of a civil complaint. This is a routine procedure of the B.O.P per policy.

   "Susan" (the business office supervisor) refused the request.

   She told counselor Leonard (who told Phelps) that she had set up a new procedure (without BOP approval) whereby the institution must now wait for a court order to withdraw funds to pay court fees (Phelps is not incompetent and the money is his – not the BOP, the BOP is merely holding the money - like a bank - only without giving the inmate any of the interest that the BOP earns on the money.)

   This not only places an additional burden on the court but it also denies Phelps access to the court by creating obstacles for him to overcome to file a complaint.

   Phelps was informed that Warden Winn had approved the procedure but the BOP Headquarters office has not.

CERTIFICATE OF SERVICE

I, COY PHELPS, CERTIFY UNDER PENALTY OF PERJURY, PURSUANT TO 28 USC 1746, THAT I PLACED A COPY OF THIS COMPLAINT, NOTICE OF LAWSUIT, AND A SUMMONS, AND A RETURN SELF ADDRESSED STAMPED ENVELOPE, INTO SEPARATE CORRECTLY ADDRESSED ENVELOPES, AFFIXED WITH SUFFICIENT AND PROPER U.S. CERTIFIED MAIL POSTAGE, WITH ATTACHED RETURN RECEIPTS, AND DEPOSITED THE ENVELOPES INTO THE PRISON MAIL-BOX, UNDER RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE, TO BE DELIVERED TO:

1. U.S. ATTORNEY, U.S. ATTORNEYS OFFICE, JOHN MARLEY COURTHOUSE, COURTHOUSE WAY, BOSTON, MA 01223
2. WARDEN DAVID WINN, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
3. CAPTAIN MIKE BOLLINGER, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
4. DR. JAMES DELB, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
5. DR. S. THOMPSON, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
6. DR. S. HARVEY, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
7. DR. J. FLETCHER, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
8. DR. H. HAAS, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
9. MR. K. LEONARD, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
10. MR. S. DAVIS, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
11. MS. W. BLAZON, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432
12. MR. B. PETOLICCHIO, FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA, 01432

DATE:

_____ IN PRO SE

COY PHELPS 78872-011

FMC-DEVENS

42 PATTON ROAD

P.O. BOX 879

AYER, MASSACHUSETTS 01432

29

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS | CASE NO: |
| PETITIONER | |
| -v- | NOTICE OF |
| DAVID WINN, et. al. | LAWSUIT |
| RESPONDENT(s) | |

TO:                    42 PATTON ROAD, P.O. BOX 880, AYER, MA 01432

FROM: COY PHELPS 78872-011, FMC DEVENS, P.O. BOX 879, AYER, MA 01432

### PLEASE TAKE NOTICE

THAT ON (OR AS SOON AS POSSIBLE THEREAFTER) THE DATE APPEARING BELOW, YOU WILL BE

SUED (IN THE ABOVE COURT) FOR A PERSONAL INJURY AND CIVIL RIGHTS VIOLATIONS,

IN WHICH COY PHELPS IS A VICTIM OF YOUR ACTS, ACTIONS, INACTIONS, OR OMISSIONS.

DATE:

_____Coy Phelps_____ IN PRO SE

COY PHELPS 78872-011

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS | CASE NO: |
| PETITIONER | |
| ~V~ | RETURN |
| DAVID WINN, et.al. | |
| RESPONDENT(S) | |

TO:         FMC DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MA. 01432

ENCLOSED IS A COPY OF A COMPLAINT, NOTICE OF LAWSUIT AND A SUMMONS TOGETHER

WITH 2 COPIES OF THIS RETURN AND A SELF ADDRESSED ENVELOPE. PLEASE KEEP ONE

COPY OF THIS RETURN FOR YOUR RECORDS AND RETURN THE OTHER TO COY PHELPS 78872-011

AT P.O. BOX 879, AYER, MA. 01432. BY SIGNING THIS RETURN YOU ARE NOTIFYING THE

ABOVE PETITIONER THAT YOU RECEIVED THE ABOVE DOCUMENTS AND THAT YOU DO NOT

WAIVE OR SURRENDER ANY RIGHTS OR DEFENSES.

DATE:

                          COY PHELPS  78872-011


I CERTIFY I RECEIVED A COPY OF A COMPLAINT, NOTICE, AND SUMMONS IN THE ABOVE CASE.

DATE:

          SIGNATURE: _____

          PRINTED NAME: