```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| COY PHELPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-40003-GAO |
| | ) |
| DAVID WINN, et al., | ) |
| | ) |
| Defendants. | ) |

## PROCEDURAL ORDER

O'TOOLE, District Judge

On January 5, 2005, plaintiff Coy Phelps, in custody at FMC Devens, filed several pleadings with this Court captioned as follows: (1) a Personal Injury and a Civil Rights Complaint (with Addendum); (2) Payment of Court Fees; (3) Motion to Serve Respondents by U.S. Certified Mail and Return Receipt; and (4) Motion for Appointment of Counsel.  The latter three items are the subject of this Order.

## BACKGROUND

The merits of Phelps's action are not presently at issue, but a brief review of Phelps's allegations provide some context for this Order.

According his complaint, "[i]n 1985 Phelps was arrested on charges of bombing Jew synagogues, the homes of Jew rabbis, and schools that taught black supremacy."  Complaint at 4. Phelps claimed he was innocent and that "he was being framed

in a [sic] international Jew conspiracy." Id. Notwithstanding his claim of innocence, "in July of 1986 Phelps was found not guilty by reason of insanity." Id. He was civilly committed pursuant to 18 U.S.C. § 4243(e) and has since remained in the custody of the United States Bureau of Prisons (the "BOP"). Id. at 4-5. Phelps maintains that he did not commit the acts attributed to him, and that the United States Department of Justice is aware of documents proving the same. Id. at 5.

Phelps asserts ten claims for relief against nine employees of the BOP and one employee of the United States Public Health Service. All of the defendants work at FMC Devens, and all are sued in their individual capacities. Phelps alleges that the defendants violated Phelps's constitutional rights by establishing illegal rules and regulations concerning the treatment of civilly committed patients, failing to adhere to certain BOP rules and regulations, harassing and assaulting Phelps, making false reports concerning Phelps, and denying Phelps meaningful access to the courts. Phelps maintains that the alleged misconduct is actionable under the rule stated in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Phelps also has alleged that the defendants violated Phelps's rights under the Americans with

2

Disabilities Act, 42 U.S.C. § 10841, and other federal statutes. He states that he has exhausted his administrative remedies as to the present claims for relief.

## DISCUSSION

I. <u>Payment of Court Fees</u>

With his complaint, Phelps filed a pleading captioned as "Payment of Court Fees." In this pleading, Phelps states that he requested the business office at FMC Devens to take $150.00 from his prison account statement and draft a check to this Court to pay the filing fee for this action. According to Phelps, the business office refused, representing that it would not make such a payment on Phelps's behalf until Phelps filed his complaint and the Court ordered that the payment be made. Accordingly, the Court orders that, within forty-two days of the date of this Order, Phelps pay the $150.00 fee for filing his civil action or submit an application to proceed without the prepayment of the filing fee. Failure to comply with this order will result in dismissal of the case without prejudice. The Clerk shall send a copy of this order to the treasurer of FMC Devens.

II. <u>The Screening Provisions of 28 U.S.C. §§ 1915 and 1915A</u>

Because Phelps's complaint is not subject to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, once the Clerk receives the filing fee, the Clerk will issue summonses

and Phelps may serve his complaint upon the defendants.

Under the Prisoner Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996) (codified as amended in scattered sections of 18 U.S.C., 28 U.S.C., and 42 U.S.C.), civil complaints in which prisoners seek redress from a government entity, officer, or employee, are subject to screening by the district court before the issuance of summonses. 28 U.S.C. § 1915A. The complaints of plaintiffs proceeding in forma pauperis also undergo screening before summonses issue. 28 U.S.C. § 1915(e)(2). Phelps's complaint, however, does not fit into either category. Civilly committed patients are not "prisoners" within the meaning of the PLRA. See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001) (inmate being held at mental institution pursuant to a finding that he was not guilty be reason of insanity was not a prisoner within the meaning of the PLRA); Trouville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)(civilly committed detainee not a prisoner within the meaning of the PLRA); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) (same); King v. Greenblatt, 53 F. Supp. 2d 117, 138 (D. Mass. 1999) (same). Further, Phelps has not sought to proceed in forma pauperis. Therefore, the screening provisions of 28 U.S.C. §§ 1915 and 1915A do not apply to Phelps's case.

III.     Motion to Serve Defendants by U.S. Certified Mail

Phelps has moved the Court "to allow him to serve the [defendants] by U.S. Certified Mail with a return receipt as authorized by Rule 4 of the Federal Rules of Civil Procedures [sic]." Motion to Serve Respondents at 1.

Rule 4, however, does not authorize the service of summons by certified mail in Phelps's case. Rule 4(i) of the Federal Rules of Civil Procedure governs the service upon the United States, its agencies, corporations, officers, or employees. Where, as here, a plaintiff seeks to serve a complaint upon "an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States," the plaintiff must serve the complaint on the officer or employee <u>and</u> on the United States. Fed. R. Civ. P. 4(i)(2)(B). Unless incompetent or located in a foreign country, see Rule 4(f), (g), the plaintiff must serve the officer or employee under Rule 4(e) or obtain a waiver of service under Rule 4(d). Fed. R. Civ. P. 4(i)(2)(b). Rule 4(e) provides for two methods of service. Service may be effected by "any person who is not a party and who is at least 18 years of age," Fed. R. Civ. P. 4(c)(2),

> by delivering a copy of the summons and of the
> complaint to the individual personally or by leaving
> copies thereof at the individual's dwelling house or

>     usual place of abode with some person of suitable
>     age and discretion then residing therein or by
>     delivering a copy of the summons and of the
>     complaint to an agent authorized by appointment or
>     by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Rule 4(e) also permits service "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). Under Massachusetts law, an individual located within the state is served

>     by delivering a copy of the summons and of the
>     complaint to him personally; or by leaving copies
>     thereof at his last and usual place of abode; or by
>     delivering a copy of the summons and of the
>     complaint to an agent authorized by appointment or
>     by statute to receive service of process ....

Mass. R. Civ. P. 4(d)(1). Under Massachusetts law, "service of all process shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; by some person specially appointed by the court for that purpose." Mass. R. Civ. P. 4(c).

Thus, the Federal Rules of procedure do not authorize service upon a government employee being sued in his personal capacity to be effected by certified mail.[1] The required

---

[1] Phelps cites Lennon v. McCloy, 3 F. Supp. 2d 1461, 1462 (D.D.C. 1998), in support of his motion for leave to serve the summons and complaint by certified mail. In Lennon, however, service by certified mail was permissible solely because the rules of civil procedure of the District of Columbia, made applicable through Rule 4(e)(1) as "the law of the state," permitted service by that method. 3 F. Supp. 2d at 1462. As

service upon the United States can be carried out via certified mail, Fed. R. Civ. P. 4(j)(1), but service under Rule 4(j)(1) is not a substitute for the individual service required to bring Bivens claims for damages.  See Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997) (collecting cases); Rivera v. Garcia, 192 F.R.D. 57, 58 (D.P.R. 2000).  Accordingly, the Court denies Phelps's motion to serve the defendants by certified mail.

The Court recognizes that a plaintiff in federal custody faces difficulty in arranging for service of process, and thus the Court draws Phelps's attention to the fact that nothing in Rule 4 prevents him from using certified mail to obtain a waiver of service under Rule 4(d) from the individual defendants.  Further, Rule 4 provides that "[a]t the request of the plaintiff ... the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose."  Fed. R. Civ. P. 4(c)(2).  If the plaintiff files such a motion, he will be required to show the Court why he cannot assume the cost of service by the United States marshal.

---

stated above, Massachusetts law does not permit service on an individual located within the state to be effected by certified mail.  Mass. R. Civ. P. 4(d)(1).

IV. <u>Motion for Appointment of Counsel</u>

Phelps has moved that the Court appoint counsel for him. As grounds for his motion, Phelps cites his lack of knowledge of the law and judicial procedures, his age (seventy-one years-old), his civil commitment status, and the need for extensive discovery.

A civil plaintiff lacks a constitutional right to free counsel. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>Id.</u> To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the totality of the situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. <u>Id.</u> at 24.

Here, Phelps has not represented that he is indigent. Further, Phelps's complaint has not yet been served on the defendants and the defendants have thus not filed answers or other responsive pleadings to the complaint. Consequently, I cannot determine, at this time, whether Phelps is unable to pay for representation or whether there are exceptional

circumstances sufficient to warrant appointment of counsel. I therefore deny the motion for counsel without prejudice to its refiling.

## CONCLUSION

For the reasons stated above, the Court

1. Orders that, within forty-two days of the date of this Order, Phelps pay the $150.00 fee for filing his civil action or submit an application to proceed without the prepayment of the filing fee. Failure to comply with this order will result in dismissal of the case without prejudice. The Clerk shall send a copy of this order to the treasurer of FMC Devens;

2. Denies Phelps's motion to effect service by certified mail (docket entry 3); and

3. Denies without prejudice Phelps's motion for appointment of counsel (docket entry 2).

SO ORDERED.

Dated at Boston, Massachusetts, this <u>21st</u> day of <u>January</u>, 2005

                                          /s/ George A. O'Toole, Jr.
                                          UNITED STATES DISTRICT JUDGE