UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
COY PHELPS,                    )
                               )
            Plaintiff,         )
V.                             )    Civil Action No. 05-40003-GAO
                               )
DAVID WINN, et al.,            )
                               )
            Defendants         )
_____)
```

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants hereby submit this Memorandum in Support of their Motion to Dismiss the Plaintiff's Complaint. They have moved, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss the complaint based on lack of subject matter jurisdiction and failure to state a claim.

**INTRODUCTION**

Plaintiff's forty-one page hand-written complaint is confusing, disorganized, and difficult to decipher. From what the Government can understand, Plaintiff has brought (1) a Bivens[1] claims against various staff members and medical personnel at the Federal Medical Center ("FMC") in Devens, Massachusetts, in their individual capacities, for alleged

---

[1] Plaintiff is a federal inmate alleging constitutional violations against federal defendants, his claims are therefore brought pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against that official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

violations of his First, Fourth, Fifth, Eighth and Ninth Amendment rights, (2) a challenge to the Bureau of Prisons' ("BOP") jurisdiction over him under 18 U.S.C. § 4243, and (3) claims under the Americans with Disabilities Act ("ADA").[2] Plaintiff's Complaint 18-37.  Plaintiff seeks damages, declaratory and injunctive relief.  Plaintiff's Complaint, 38-40. The Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies, his challenge to his commitment should be brought in the district where he was committed, and he is barred under the Three Strikes provision of the Prison Litigation Reform Act ("PLRA").  Furthermore, the Court should dismiss Plaintiff's claims against certain Defendants on grounds of absolute immunity and because respondeat superior does not apply in Bivens actions.  In the alternative, if the Court allows Plaintiff to proceed with his case, the Court should order Plaintiff to present a more clear and concise statement of his claims against the Defendants.

---

[2] The Defendants include David L. Winn, Warden, Michael Bollinger, Captain, James Dold, Director of Nursing, Sally Thompson, MD, Chief of Psychiatry, Paul Harvey, MD, Chief of Mental Health, Bradley Potolicchio, Correctional Officer, John Davis, Registered Nurse, Jim Fletcher, MD, Staff Psychiatrist, Wendy Blazon, Registered Nurse, Howard Haas, MD, Staff Psychologist, Kevin Leonard, Correctional Counselor, and Jeffrey Sonnega, MD Staff Psychologist.

**ARGUMENT**

The standard to be applied when deciding a motion to dismiss is well-established.  The court must accept the allegations of the complaint as true, viewing the alleged facts in the light most favorable to the plaintiff.  Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam).  The complaint may be dismissed only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).

**I.    THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.**

> **A.    The Court Should Dismiss Plaintiff's Claims For Failure to Exhaust His Available Administrative Remedies.**

Although Plaintiff exhausted his administrative remedies on the issue of the BOP lacking the authority to confine him, Plaintiff failed to exhaust his available administrative remedies concerning his remaining claims against the Defendants.  The BOP has a three-level administrative remedy process, which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement if less formal procedures have not resolved the problem.  See 28 C.F.R. § 542, subpart B.  If informal resolution efforts fail, the inmate may raise his complaint to the Warden of the institution in which he is confined, within 20 calendar days of the date that the basis

3

of the complaint occurred.  Id. at § 542.14(a), (c).  If

dissatisfied with the response from the Warden, the inmate may

appeal his complaint "on the appropriate form" to the Regional

Director for the region where the inmate is located "within 20

calendar days of the date the Warden signed the response."  Id.

at § 542.15.  If dissatisfied with the Regional Director's

response, the inmate may submit yet another appeal "on the

appropriate form" to the Director, National Inmate Appeals, in

the Office of the General Counsel of the Federal Bureau of

Prisons in Washington, D.C. "within 30 calendar days of the date

the Regional Director signed the response."  Id.  An inmate has

not exhausted his administrative remedies until he has sought

review at all three levels.  See Id. at § 542.15(a).[3]

In Booth v. Churner, the Third Circuit noted that "the

[Prison Litigation Reform Act] amended § 1997e(a) in such a way

as to make exhaustion of all administrative remedies mandatory-

whether or not they provide the inmate-plaintiff with the relief

he says he desires in his federal action."  206 F.3d 289, 300

(3rd Cir. 2000), aff'd, 532 U.S. 731 (2001).  The Prison

Litigation Reform Act of 1995, Public Law No. 103-134, 110 Stat.

---

[3]  Pursuant to 28 C.F.R. § 542.14, inmates raising
"sensitive" issues as well as inmates challenging disciplinary
actions of a discipline hearing officer (DHO), are excused from
filing administrative remedies at the institutional level.  They
may access the administrative remedy system through submission of
a Regional Administrative Remedy Appeal.  Plaintiff's claims do
not fall into one of the specified categories.

1321 (1996) ("PLRA") provides that:

> No action shall be brought with respect to prison
> conditions under §1983 of this title, or any other
> federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such
> administrative remedies as are available are
> exhausted.[4]

42 U.S.C. § 1997e(a); <u>Booth</u>, 206 F.3d at 299; <u>see also</u> <u>Curry v. Scott</u>, 249 F.3d 493, 505 (6th Cir. 2001) (the exhaustion requirement exists to allow prisons to address complaints against personnel before involving the courts).  The exhaustion doctrine "enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy." <u>Christopher W. v. Portsmouth Sch. Comm.</u>, 877 F.2d 1089, 1094 (1st Cir. 1989), <u>citing</u>, <u>McKart v. United States</u>, 395 U.S. 185, 194 (1969).  Failure to exhaust administrative remedies is an affirmative defense that deprives the court of subject matter jurisdiction over the Plaintiff's claims.  <u>Perez v. Wisconsin Dep't of Corr.</u>, 182 F.3d 532, 535 (7th Cir. 1999), <u>accord</u>, <u>Medina-Claudio v. Rodriguez-Mateo</u>, 292 F.3d 31, 36 (1st Cir.

---

[4] The definition of actions relating to civil confinement is defined as an "action with respect to the conditions of confinement" or a claim arising from the "effects of actions by government officials on the lives of persons confined in prison". 18 U.S.C. § 3626(g)(2).  Complaints of abuse or neglect by prison officials generally fall into the second definition.  <u>See</u> <u>Smith v. Zachary</u>, 255 F.3d 446, 449 (7th Cir. 2001).

2002); see also Kane v. Winn, 319 F.Supp.2d 162, 224 (D. Mass. 2004) (dismissing plaintiff's claims for which he failed to exhaust administrative remedies).

After a review of all the administrative remedies that Plaintiff filed, the computerized indices reflect that Plaintiff has only exhausted his administrative remedies with respect to his claim that the BOP lacks authority to confine him.  See Declaration of Ann. H. Zgrodnik "Zgrodnik Decl." 1, ¶ 8; see also Ex. 1(a),(h),(i),(n),(o),(p),(q).[5]  Plaintiff failed to exhaust administrative remedies for all other claims.  See Zgrodnik Decl. 1, ¶¶ 7-9.  Therefore, the Court should dismiss these claims for lack of jurisdiction.

**B.    The Court Should Dismiss Plaintiff's Challenge To His Commitment Pursuant To 18 U.S.C. § 4243 Because Such A Challenge Should Be Filed In The District Where He Was Originally Committed.**

Plaintiff's challenge to his commitment by the BOP under the jurisdiction of 18 U.S.C. § 4243 is improper because such a complaint must be filed in the District in which Plaintiff was originally committed.  In Archuletta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004), the Eighth Circuit reaffirmed that

---

[5] The attachment of an affidavit and other exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Indeed, in considering a Rule 12(b)(1) motion, "[t]he court . . . may consider extrinsic materials, and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000).

challenges to the continued basis for a mental health commitment require that an inmate subject to a commitment first pursue relief from the judicial district in which the commitment was ordered.  See 18 U.S.C. § 4247(h).  On September 24, 1986, the United States District Court for the Northern District of California issued an order committing plaintiff to the custody of the Attorney General in accordance with the provisions of 18 U.S.C. § 4243.  See Ex. 1(b).  To date, plaintiff remains in the custody of the Attorney General pursuant to 18 U.S.C. § 4243 and is currently incarcerated at FMC Devens.  However, because the Northern District of California ordered his original commitment, Plaintiff's challenge to his § 4243 commitment should be dismissed from this Court and he should re-file his challenge in the United States District Court for the Northern District of California.

**C.    The Court Should Dismiss Plaintiff's Case Pursuant to the Three Strikes Provision Of The Prison Litigation Reform Act.**

The PLRA limits *in forma pauperis* proceedings in the federal courts.  The provision reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Accordingly, the federal courts may no longer entertain an *in forma pauperis* suit if the prisoner previously has brought three or more actions that the federal courts dismissed for failure to state a claim, or for being frivolous or malicious. Several circuit courts interpreting this section have held that the Three Strikes provision of the PLRA may be applied retroactively. See e.g., Wilson v. Yaklich, 148 F.3d 596 (6th Cir. 1998); Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1997); Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143 (3rd Cir. 1997); Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996); Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).  Furthermore, when the district court dismisses a case as frivolous and the prisoner appeals, the prisoner may receive two strikes if the circuit court affirms the district court's findings.  See Moore v. Pemberton, 110 F3d 22, 24 (7th Cir. 1997).

     In this case, the government requests that the Court take judicial notice that the Plaintiff has filed a voluminous number civil actions while incarcerated, several of which were ultimately dismissed for being frivolous.  Indeed, in Phelps v. Ashcroft, et. al., 79 Fed. Appx.606, 2003 W.L. 22462704 (4th Cir. 2003), the Fourth Circuit affirmed the district court's order dismissing Plaintiff's complaint asserting Bivens claims as frivolous.  See Ex. 2.  In Phelps v. Beeler, 2002 W.L. 32395568 (E.D.N.C. 2002),

the district court dismissed as frivolous a claim by Plaintiff requesting a procedure to allow involuntarily committed inmates to commit suicide.  <u>See</u> Ex. 3.   The District Court's decision in <u>Beeler</u> was affirmed by the Fourth Circuit.  <u>See</u> <u>Phelps v. Beeler</u>, 51 Fed. Appx. 481, 2002 W.L. 31720621 (4th Cir. 2002); Ex. 4. Finally, in <u>Phelps v. Ashcroft, et. al.</u>, 2003 W.L. 2387318 (E.D.N.C. 2003), the District Court dismissed another <u>Bivens</u> claim filed by Plaintiff challenging the constitutionality of his confinement for being frivolous.  <u>See</u> Ex. 5.

As the court records reveal, Plaintiff has more than the three requisite civil actions dismissed as frivolous or for failure to state a claim.  Accordingly, this Court should take judicial notice of the Plaintiff's prior civil actions and subsequent dismissals, and should determine that the plaintiff is barred from proceeding *in forma pauperis* in this and all future cases.

## II. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. The Court Should Dismiss Plaintiff's Claims Against Defendants Harvey And Thompson As They Are Entitled to Absolute Immunity Due To Their Status As Public Health Services Employees

The Court should dismiss Plaintiff's claims against Defendants Harvey and Thompson as Defendants because they are Public Health Service ("PHS") employees and therefore, have absolute immunity from suit.  <u>See</u> Ex. 6 at ¶ 2; Ex. 7 at ¶ 2. PHS employees enjoy absolute immunity from certain medical

9

misconduct claims as long as their alleged improper behavior occurred within the scope of their duties and during the course of their performance of medical or related functions.  <u>See</u> <u>Brown v. McElroy</u>, 160 F.Supp.2d 699, 703 (S.D.N.Y. 2001); <u>see also</u> <u>Cuoco v. Morigitsu</u>, 22 F.3d 99, 107-08 (2nd Cir. 2000); <u>Teresa T. v. Ragaglia</u>, 154 F.Supp.2d 290, 298 (D.Conn. 2001).  The Federal Torts Claim Act ("FTCA") is the exclusive remedy for specified actions against PHS members.[6]  <u>See</u> 42 U.S.C. § 233(a).  Accordingly, the United States must be substituted as the defendant in the PHS staff members' place.  <u>Teresa T.</u>, 154 F.Supp. at 300.  As Defendants Harvey and Thompson are entitled to absolute immunity because of their status as a PHS employees, the court should dismiss the complaints against Defendants Harvey and Thompson and any actions allegedly attributed to them.

**B.    The Court Should Dismiss Plaintiff's Claims Against Winn, Bollinger, Dold, Thompson and Harvey Because Respondeat Superior Does Not Apply In <u>Bivens</u> Actions.**

It is well established that supervisors cannot be held

---

[6] The FTCA, 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ...." "[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in §2675 must be adhered to strictly." <u>Keene Corp. v. United States</u>, 700 F.2d 836, 841 (2nd Cir. 1983).  "Thus failure to file claims for tort damages with the appropriate agency precludes this court from exercising jurisdiction over those claims." <u>Setlech v. United States</u>, 816 F.Supp. 161, 165 (E.D.N.Y. 1993).

liable in a <u>Bivens</u> claim on the sole basis of their supervision
of others.  <u>See e.g.</u>, <u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F.2d
553, 562 (1st Cir. 1989), <u>accord</u>, <u>McKay v. Hammock</u>, 730 F.2d
1367, 1374 (10th Cir. 1984); <u>Martin v. Malhoyt</u>, 830 F.2d 237, 257
(D.C. Cir. 1987).  The general responsibility of a warden for
supervising the operation of a prison is not sufficient to
establish personal liability.  <u>Estate of Rosenberg v. Crandell</u>,
56 F.3d 35, 37 (8th Cir. 1987).  A bare allegation that someone
in supervisory authority has been deliberately indifferent,
without any specification of that person's contact in fact with
the plaintiff nor even an explicit charge of inadequate training
or supervision of subordinates, is not sufficient to state a
<u>Bivens</u> claim.  <u>Id.</u> at 38.  Plaintiff must show some "causal
connection" between the defendant's conduct and the claimed
violation of constitutional rights.  <u>Behre v. Thomas</u>, 665 F.
Supp. 89 (D.N.H. 1987), <u>aff'd</u>, <u>Behre v. United States</u>, 843 F.2d
1385 (1st Cir. 1988).

Plaintiff does not identify any direct involvement by
Defendants Winn, Bollinger, Dold, Thompson, and Harvey in the
alleged violations nor does he establish a "causal connection"
between them and the claimed violation of his constitutional
rights.  <u>See</u> Plaintiff's Complaint 18-19.  Rather, Plaintiff
merely names them in the Complaint in their respective
capacities.  <u>Id.</u> at 18-19.  Therefore, the Court should dismiss

the claims against Defendant's Winn, Dold, Thompson and Harvey because failure to connect these defendants to the alleged constitutional violations is not sufficient to maintain a Bivens action.  <u>Behre</u>, 843 F.2d at 94

**C.   If The Courts Decide To Allow Plaintiff To Proceed With His Claims, The Court Should Require Defendant To Submit A More Definite Statement Of His Claims Against Defendants.**

To the extent that the Court finds that Plaintiff's claims may proceed against the Defendants in their individual capacities, Defendants require, and therefore (in the alternative) have moved for, pursuant to Fed. R. Civ. 12(e), a more definite statement that includes specific "non-conclusory factual allegations," <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1998), regarding their conduct so that they can then move to dismiss based on the doctrine of qualified (or absolute) immunity and address each of Plaintiff's alleged claims of constitutional violations.  <u>See</u> <u>Anderson v. Creighton</u>, 483 U.S. 635, 639 (1987); <u>Fabiano v. Hopkins</u>, 352 F.3d 447, 457 (1st Cir. 2003).

**CONCLUSION**

Accordingly, for the above reasons articulated above, the Complaint should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Damian W. Wilmot

DAMIAN W. WILMOT
Assistant U.S. Attorney
Moakley Federal Courthouse
Boston, MA 02210
Dated: July 14, 2005          (617) 748-3100

CERTIFICATION UNDER L.R. 7.1

Because Petitioner is a pro se prisoner currently being treated in a federal medical facility, counsel for the United States respectfully requests leave to file this Motion without a 7.1 conference. It is the undersigned's position that because the Petitioner is *pro se* a 7.1 conference is unnecessary, as that Rule pertains to "counsel."

 /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that on July 14, 2005, I caused a copy of the foregoing Memorandum to be served on Petitioner by first class mail, postage pre-paid to Coy Phelps (78872-011), FMC-Devens, 42 Patton Road, P.O. Box 879, Ayer, MA 01432.

 /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney

13

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COY PHELPS,<br>      PLAINTIFF, | ) ) ) ) | |
| v. | ) ) ) | Civ. Action No. 005-CV-40003 |
| DAVID WINN, ET. AL.,<br>      DEFENDANTS. | ) ) ) | |

## DECLARATION OF ANN H. ZGRODNIK

I, Ann H. Zgrodnik, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons as an Attorney Advisor at the Federal Medical Center (FMC) located in Devens, Massachusetts. I have been employed with the Federal Bureau of Prisons since February, 2002.

2. In order to perform my official duties as an Attorney Advisor, I have access to BOP records and databases regarding federal prisoners including, but not limited to, documentary records, inmate Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base.

3. It has come to my attention that Coy Phelps, Register Number 78872-011, a federal inmate incarcerated in the Federal Medical Center (FMC), Devens, Massachusetts, has filed a civil action alleging staff violated his constitutional rights while he has been incarcerated at the FMC Devens.

4. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14 and 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's

final appeal is denied by the Bureau of Prisons General Counsel.

5.  In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained in the Bureau of Prisons' computerized database so that rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue.

6.  On or about June 27, 2005, in connection with the above-captioned civil action, I accessed the computerized indexes of all administrative remedies filed by inmate Coy Phelps, Register Number 78872-011, to determine whether he had attempted to exhaust the highest level of administrative appeal on the issues raised in this case.

7.  Following a search of the indexes of all administrative remedies filed by inmate Phelps, it was determined that he had failed to fully exhaust his administrative remedies regarding the following claims:

### 1.  Case Number 366680-F1- Incident Report Number 1306372:

On or about February 4, 2005, Plaintiff submitted a Request for Administrative Remedy with the Warden at FMC Devens requesting that incident report number 1306372 be expunged. See **Document h,** Request for Administrative Remedy, Case Number 366680-F1, and Response. Plaintiff alleges that staff failed to meet certain policy requirements. Id.

In a response dated August 5, 2004, the Warden denied Plaintiff's request stating that the evidence revealed that on January 28, 2005, Plaintiff failed to appear for a call our scheduled for 9:30 a.m. with the Psychologist. See **Document h.** He was also informed that staff attempted to escort him to the appointment but he became belligerent and refused to see the Psychologist. Id. He was also advised that staff found that he was competent to be held responsible for his behavior and all policy related issues concerning incident report number 1306372. Id. Therefore, it was explained to Plaintiff that the UDC was justified in concluding that he committed a prohibited act as charged and sanctioned him to 20 days loss of commissary, suspend 20 days pending 180 days good conduct. Id. It was determined that the sanction was within the bounds of policy and that the UDC substantially complied with the regulations pertaining to inmate discipline. Id.

On or about April 7, 2005, Plaintiff submitted a Regional Administrative Remedy Appeal. See **Document i,** Regional Administrative Remedy Appeal, Case Number 366680-R1, and Response. Plaintiff claimed that staff violated BOP policy as competency exams must be done before disciplinary segregation not after. Id.

In a response dated May 12, 2005, Plaintiff's appeal was denied. See **Document i.** The Regional Director explained that in accordance with 18 C.F.R. section 541.10, if it

appears at any stage of the of the disciplinary process that an inmate is mentally ill, staff shall refer the inmate to a mental health professional for determination of whether the inmate is responsible for his conduct or is incompetent. Id. It was explained to Plaintiff that the record in this case reflects substantial compliance with Program Statement 5270.07, Inmate Discipline, and that the decision was based on the greater weight of evidence and the sanction imposed was consistent with the severity level of the prohibited act. Id.

On or about June 1, 2005, Plaintiff submitted a Central Office Administrative Remedy Appeal to the National Inmate Appeals Administrator challenging the Regional Director's response. See **Document j,** Administrative Remedy Generalized Retrieval Screen, Case Remedy Number 366680-A1. Records indicate that a response is not due until July 11, 2005. Id. Thus, Plaintiff has not exhausted his administrative remedies with respect to this incident report since a response has not been issued.

     **2.**     **Case Number 373314-Denied Access To Court By Refusing To Send Filing Fee:**

On or about March 29, 2005, Petitioner submitted a Request for Administrative Remedy with the Warden at FMC Devens alleging he has been denied access to the court by refusing to send the money to the Court to pay for his filing fee. See **Document k,** Request for Administrative Remedy, Case Number 373314-F1, and Response.

In a response dated June 29, 2005, the Warden denied Plaintiff's request stating that the Court made an error and did not credit his account for the filing fee concerning Civil Action No. 05-40003. See **Document 1k.** Plaintiff was informed that Financial Management contacted the Court and the money has been credited towards his filing fee on February 8, 2005. Id. Plaintiff was informed that if he is dissatisfied with this response he has 20 days to appeal his decision to the Northeast Regional Director. Id. Since Plaintiff has not submitted an appeal with the Northeast Regional Director or Central Office, he has not exhausted his administrative remedies with respect to this issue.

8.     Following a search of the indexes of all administrative remedies filed by inmate Phelps, it was determined that Plaintiff is deemed to have fully exhausted the following administrative remedy through the administrative remedy process.

     **1.**     **Case Number 269429- BOP Lacks Authority to Confine Plaintiff**

On or about May 30, 2002, Plaintiff submitted a request for Administrative Remedy with the Warden at FMC Butner alleging that the BOP does not have the authority to detain him. See **Document l,** Request for Administrative Remedy, Case Number 269429-F1, and Response. In a response dated June 17, 2002, the Warden denied Plaintiff's request stating that his Judgement and Commitment file revealed a certified copy of an "Order

Remanding Defendant to Suitable Bureau of Prisons' **Medical Facility** for Re-evaluation/Certifying Release Conditions if Appropriate 18 U.S.C. §4243(F), dated December 12, 2001." Id. Based on this order, it was determined that the BOP has proper authority to detain Plaintiff.

On or about June 26, 2002, Plaintiff submitted a Regional Administrative Appeal challenging the Warden's decision. See **Document m**, Regional Administrative Remedy Appeal, Case Number 269429-R1, and Response. Plaintiff alleges that he is unlawfully detained at FMC Butner. Id. Plaintiff's appeal was denied by the Regional Director on July 24, 2002. It was explained to Plaintiff that his conditional release was revoked and he was committed to a suitable Bureau of Prisons facility for hospitalization and treatment under 18 U.S.C. §4243 (f). It was determined that he was appropriately housed at FMC Butner. Id.

On or about July 28, 2002, Plaintiff submitted a Central Office Administrative Remedy Appeal to the National Inmate Appeals Administrator challenging the Regional Director's response. See **Document n**, Central Office Administrative Remedy Appeal, Case Number 269429-A1, and Response. In a response dated September 26, 2002, the National Inmate Appeals Administrator denied Plaintiff's Central Office Administrative Remedy Appeal. Plaintiff was informed that he was committed to the BOP custody on March 6, 2002, pursuant to 18 U.S.C. §4243. Id. It was explained to Plaintiff that his concerns regarding his commitment order should be submitted to the U.S. District Court for the Northern District of California.

9. Following a search of the administrative remedy indexes it was also determined that Plaintiff had not fully exhausted his available administrative remedies on the following issues raised in this case:

1. Defendant Winn established rules contrary to BOP policy;
2. Defendants Bollinger, Dold, Thompson, and Harvey failed to properly train and supervise their subordinates;
3. Defendant Haas departed from his profession in rubber stamping his diagnosis.
4. Defendant Fletcher threatened to put plaintiff in disciplinary segregation;
5. Defendant Davis screamed and yelled at Plaintiff in a threatening, hostile, and menacing manner;
6. Defendant Potolicchio assaulted plaintiff, made false charges against him and made a fraudulent incident report;
7. Defendant Blazon conspired to make false charges;
8. Defendant Leonard refused to assist him in obtaining a single room;
9. Defendants denied him meaningful access to courts by denying him use of law library and retaliating against him for an incident report that was expunged;
10. Denied access to Court by refusing to send filing fees;
11. Incident Report Number 1306372;

12. Denied possession of bible lessons;
13. Transferred to Devens in violation of Federal laws;
14. Defendant Winn refused to respond to Freedom of Information Act request.

10. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for inmate Phelps is attached as **Document o.**

11. Attached hereto, please find true and correct copies of the following documents:

    a. Public Information Data Sheet for Inmate Coy Phelps, Register Number 78872-011;

    b. Commitment Order Under 18 U.S.C. §4243(e), dated September 24, 1986;

    c. Order dated July 20, 1988;

    d. Order of Release dated January 11, 1999;

    e. Conditions of Release Pursuant to 18 U.S.C. §4243(f), dated January 4, 1999;

    f. Order Remanding Defendant to Suitable Facility, dated December 12, 2001;

    g. Order Remanding Defendant to Suitable Facility Pursuant to 18 U.S.C. §4243(f), dated April 17, 2002;

    h. Request for Administrative Remedy, Case Number 366680-F1, and Response;

    i. Regional Administrative Appeal, Case Number 366680-R1, and Response;

    j. Administrative Remedy Generalized Retrieval Screen, Case Remedy Number 366680-A1;

    k. Request for Administrative Remedy, Case Number 373314-F1, and Response;

    l. Request for Administrative Remedy, Case Number 269429-F1, and Response;

    m. Regional Administrative Remedy Appeal, Case Number 269429-R1, and Response;

    n. Central Office Administrative Remedy Appeal, Case Number 269429-A1, and Response;

    o. Administrative Remedy Generalized Retrieval Screen, Coy Phelps, Register Number 78872-011.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 15th day of July, 2005.

Ann H. Zgrodnik
Attorney Advisor
Federal Medical Center
Devens, Massachusetts

Page 5 of 5

**EXHIBIT 1A**

```
REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y  ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
                                           RACE/SEX...: WHITE / MALE
FBI NUMBER.: 237266D                       DOB/AGE....: 12-30-1933 / 71
PROJ REL MT: HOSP/TREATMENT COMPLETED      PAR ELIG DT:
PROJ REL DT: HOSTRT CMP                    PAR HEAR DT:
-------------------------- ADMIT/RELEASE HISTORY --------------------------
FCL   ASSIGNMENT DESCRIPTION              START DATE/TIME STOP   DATE/TIME
DEV   A-DES      DESIGNATED, AT ASSIGNED FACIL  11-18-2004 1046 CURRENT
6-N   RELEASE    RELEASED FROM IN-TRANSIT FACL  11-18-2004 1046 11-18-2004 1046
6-N   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-18-2004 0715 11-18-2004 1046
BUH   TRANSFER   TRANSFER                       11-18-2004 0715 11-18-2004 0715
BUH   A-DES      DESIGNATED, AT ASSIGNED FACIL  06-01-2004 1112 11-18-2004 0715
BUH   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  06-01-2004 0548 06-01-2004 1112
BUH   A-DES      DESIGNATED, AT ASSIGNED FACIL  03-06-2002 1200 06-01-2004 0548
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL  03-06-2002 1200 03-06-2002 1200

G0002      MORE PAGES TO FOLLOW . . .
```

```
REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-06-2002 0657 03-06-2002 1200
ATL   HLD REMOVE HOLDOVER REMOVED               03-06-2002 0657 03-06-2002 0657
ATL   A-PRE      PRE-SENT ADMIT, ADULT          02-25-2002 1932 03-06-2002 0657
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL  02-25-2002 1932 02-25-2002 1932
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-25-2002 0945 02-25-2002 1932
OKL   HLD REMOVE HOLDOVER REMOVED               02-25-2002 0845 02-25-2002 0845
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED   02-22-2002 1830 02-25-2002 0845
6-K   RELEASE    RELEASED FROM IN-TRANSIT FACL  02-22-2002 1930 02-22-2002 1930
6-K   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-08-2002 1851 02-22-2002 1930
OKL   HLD REMOVE HOLDOVER REMOVED               02-08-2002 1751 02-08-2002 1751
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED   02-08-2002 1750 02-08-2002 1751
2-F   RELEASE    RELEASED FROM IN-TRANSIT FACL  02-08-2002 1850 02-08-2002 1850
2-F   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 01-17-2002 1718 02-08-2002 1850


G0002      MORE PAGES TO FOLLOW . . .
```

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FAX: 978-796-1118
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  HOSTRT CMP

---------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-85-00899-MHP
JUDGE...........................: PATEL
DATE SENTENCED/PROBATION IMPOSED: 12-12-2001
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 03-06-2002
HOW COMMITTED...................: REVOCATION OF COND DISCHARGE
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  123
OFF/CHG: BOMBING OF BUILDING

  SENTENCE PROCEDURE.............: 4243 HOSPITALIZATION AND TREATMENT
  SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE
  DATE OF OFFENSE................: 09-20-1985


G0002       MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118

------------------------CURRENT COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 03-11-2002 AT BUH MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 12-12-2001
TOTAL TERM IN EFFECT............: NOT APPLICABLE
EARLIEST DATE OF OFFENSE........: 09-20-1985

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0

G0002       MORE PAGES TO FOLLOW . . .

```
REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: UNKNOWN
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: UNKNOWN

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN


G0002      MORE PAGES TO FOLLOW . . .
```

```
REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118
PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: HOSTRT CMP
```

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  01-11-1999 VIA STDY CMPLT

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-85-0899 RFP
JUDGE...........................: PECKHAM
DATE SENTENCED/PROBATION IMPOSED: 07-20-1988
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 07-21-1988
HOW COMMITTED...................: 4243/46 HOSPITAL/TREATMENT
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 020 --------------------------
OFFENSE CODE....:  123
OFF/CHG: BOMBING OF BUILDING

 SENTENCE PROCEDURE.............: 4243 HOSPITALIZATION AND TREATMENT
 SENTENCE IMPOSED/TIME TO SERVE.:   10 YEARS      5 MONTHS      23 DAYS
 DATE OF OFFENSE................: 09-20-1985


G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000    FAX: 978-796-1118

-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-21-1999 AT BUT AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:    020 020

DATE COMPUTATION BEGAN..........: 07-20-1988
TOTAL TERM IN EFFECT............:    10 YEARS       5 MONTHS     23 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS       5 MONTHS     23 DAYS
EARLIEST DATE OF OFFENSE........: 09-20-1985

TOTAL JAIL CREDIT TIME..........: 0

G0002      MORE PAGES TO FOLLOW . . .

```
REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: N/A
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 01-11-1999

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO    Document 16-2    Filed 07/14/2005    Page 19 of 59

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118

ACTUAL SATISFACTION DATE........: 01-11-1999
ACTUAL SATISFACTION METHOD......: STDY CMPLT
ACTUAL SATISFACTION FACILITY....: BUT
ACTUAL SATISFACTION KEYED BY....: THC

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0

G0002      MORE PAGES TO FOLLOW . . .

DEVBS
PAGE 013 Case 4:05-cv-40003-GAO   Document 16-2 Filed 07/14/2005   Page 20 of 59   06-29-2005
                                                                                    19:27:33
PUBLIC INFORMATION
INMATE DATA
AS OF 06-01-1988

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  06-01-1988 VIA STDY CMPLT

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: 85-0899-RFP
JUDGE...........................: PECKHAM
DATE SENTENCED/PROBATION IMPOSED: 09-24-1986
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 04-09-1987
HOW COMMITTED...................: 4243/46 HOSPITAL/TREATMENT
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FAX: 978-796-1118
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO          AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  123
OFF/CHG: BOMBING OF BUILDING  TITLE 18 SEC 4243(E)

  SENTENCE PROCEDURE.............: 4243 HOSPITALIZATION AND TREATMENT
  SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE


G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 22 of 59

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FAX: 978-796-1118

-------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-14-1987 AT SPG MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 09-24-1986
TOTAL TERM IN EFFECT............: NOT APPLICABLE

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0

G0002      MORE PAGES TO FOLLOW . . .

```
REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: UNKNOWN
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
SIX MONTH /10% DATE.............: UNKNOWN
EXPIRATION FULL TERM DATE.......: UNKNOWN

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

ACTUAL SATISFACTION DATE........: 06-01-1988
ACTUAL SATISFACTION METHOD......: STDY CMPLT

G0002      MORE PAGES TO FOLLOW . . .
```

REGNO..: 78872-011 NAME: PHELPS, COY RAY
COMP NO: 010         ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS         RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 978-796-1000   FAX: 978-796-1118
ACTUAL SATISFACTION FACILITY....: SPG
ACTUAL SATISFACTION KEYED BY....: KLM

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0


G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

# EXHIBIT 1B

FILED

SEP 24  11 29 AM '8o

CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,      )
                                    )
11              Plaintiff,          )    Criminal No.:  85-0899-RFP
                                    )
12        v.                        )    COMMITMENT ORDER UNDER
                                    )    18 U.S.C. § 4243(e)
13   COY RAY PHELPS,                )    _____
                                    )
14              Defendant.          )
     _____)

15        On September 17, 1986, this court held a hearing

16   pursuant to the provisions of 18 U.S.C. §§ 4243 and 4247.  Based

17   on the testimony and evidence presented at the hearing, as well

18   as the trial record in this case, the court hereby finds as

19   follows:

20        (1)  The defendant has failed to meet his burden of

21   proving by clear and convincing evidence that his release would

22   not create a substantial risk of bodily injury to another person

23   or serious damage of property of another due to a present mental

24   disease or defect;

25        (2)  The defendant has a severe mental disease at the

26

1   present time;

2         (3)  There is clear and convincing evidence that the

3   defendant's release under any conditions would create a

4   substantial risk of bodily injury to persons and serious damage

5   of property of others due to the defendant's present mental

6   disease;

7         ACCORDINGLY, IT IS HEREBY ORDERED that the defendant,

8   Coy Ray Phelps, is remanded to the custody of the Attorney

9   General for commitment in accordance with the provisions of 18

10  U.S.C. § 4243.  The Court further admonishes the Attorney General

11  that in view of the serious danger posed by Mr. Phelps, that all

12  efforts be made to commit him to a secure facility to minimize

13  the risk of escape or other unauthorized release.

14  DATED:                          IT IS SO ORDERED.

15  *September 24, 1986*

16                                  *Robert H. Peckham*

17                                  ──────────────────────────
                                    ROBERT F. PECKHAM
                                    U.S. District Judge

18  RELEASE DATA

    Date & Method  6/1/88  *Stdy Cmplt*

19      SGT ........................

20      EGT ........................

21      PL .........................

22  Bal. Rmg. on Sentence ..........

23  Supervision Expires ............

24  Years SPT      SPT Begins .......

25          SPT Expires ............

26

COMMITMENT ORDER UNDER
18 U.S.C. 4243(e)              -2-

EXHIBIT 1C



FILED

JUL 21  9 39 AM '88

CLERK
U.S. DISTRICT COURT
NORTHERN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    )
                                             )    
                              Plaintiff,     )
                                             )
            v.                               )
                                             )
COY RAY PHELPS,                              )
                                             )
                              Defendant.     )
_____)

On July 13, 1988, this court held a hearing pursuant to the provisions of 18 U.S.C. §§ 4243 and 4247 to determine whether Coy Ray Phelps should be discharged from the United States Medical Center for Federal Prisoners located in Springfield, Missouri.  Based on the testimony and evidence presented at the hearing, the court hereby finds as follows:

(1)  The defendant has failed to meet his burden of proving by clear and convincing evidence that his discharge would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect;

(2)  The defendant continues to suffer from a severe mental disease;

(3)  There is clear and convincing evidence that the defendant's discharge under any conditions would create a substantial risk of bodily injury to persons and serious

1  damage of property of others due to the defendant's present

2  mental disease.

3         Accordingly, IT IS HEREBY ORDERED, that Coy Ray

4  Phelps remain in the custody of the Attorney General in

5  accordance with the provisions of 18 U.S.C. § 4243.

6  Dated:   July 20, 1988

7

8                          _____
                           Chief United States District Judge
9

10

11

12

13

14  Delivered to USMCFP @ Springfield, MO  7-21-1988.

15

16                              JMattingly

17                         (for USMCFP SPG)

18

19

20

21

22

23

24

25

26

27

28

2

CR-85-0899 RFP    UNITED STATES OF AMERICA VS. COY RAY PHELPS

### CERTIFICATE OF SERVICE BY MAIL

I, the undersigned deputy clerk, declare under penalty of perjury that I served the following document(s) as listed below by enclosing a true copy of said document(s) in a separate postage paid, sealed envelope and to-day placing the said envelope in a regularly maintained United States Postal Service mail depository in the City and County of San Francisco, California, addressed as follows:

Joel Levin, Esq.
Assistant United States Attorney
450 Golden Gate Ave., 16th Floor
San Francisco, CA   94102

Manton L. Selby, II, Esq.
Attorney at Law
345 California St., 22nd Floor
San Francisco, CA   94104

Mr. Glen Robinson
United States Marshal
450 Golden Gate Ave., 20th Floor
San Francisco, CA   94102

1)   ORDER THAT MR. COY RAY PHELPS REMAIN IN THE CUSTODY
     OF THE ATTORNEY GENERAL IN ACCORDANCE WITH THE PROVISIONS
     OF 18 USC 4243

DATED:   July 21, 1988

_____
Deputy Clerk

EXHIBIT 1D

JAN. -19' 99(TUE) 11:20   UCMS/* CA/CRIMINAL          TEL:41* 436 7669                    P. 001

**FILED**

UNITED STATES DISTRICT COURT          JAN 1 1 1999

NORTHERN DISTRICT OF CALIFORNIA          RICHARD W. WIEKING
                                         CLERK, U.S. DISTRICT COURT
                                         NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | NO. CR-85-0899 MHP |
| ) | |
| Plaintiff, ) | **ORDER OF RELEASE** |
| ) | |
| -vs.- ) | |
| ) | |
| COY RAY PHELPS ) | |
| ) | |
| Defendant. ) | |

IT IS HEREBY ORDERED that the United States Marshals Service shall release on this date, or as soon thereafter as possible, Coy Ray Phelps to the custody of the United States Probation Service.

IT IS SO ORDERED.

DATED: *Jan. 11, 1999*

                                   MARILYN HALL PATEL
                                   United States District Judge

VERIFIED Lori Murray, Deputy Clerk
AGENCY Dismci Cowt
PHONE # 415-522-2000
DATE/TIME 1-19-1999 301P
ISM STAFF Ami Willman
Legal Instruments Examiner

United States District Court
For the Northern District of California

EXHIBIT 1E

**FILED**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAN - 4 1998

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

'99  JAN -5  P 2 :00

NORTHERN DISTRICT
OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) Docket Number: CR85- 0899 MHP |
| COY RAY PHELPS | ) |

---

## Conditions of Release Pursuant to Title 18, U.S.C. § 4243(f)

Mr. Phelp's term of supervision is for an unspecified term commencing upon release from confinement until notified by this court. He shall report in person to the probation office in the district to which he is released within 72 hours of his release from custody unless prior arrangements have been approved directly between the defendant and the assigned probation officer or designee.

1) Mr. Phelps shall reside at Pine Home at 314 W. Pine St., Lodi, California, 95240, telephone number (209) 334-6441. Any change in residence must be pre-approved by his supervising U.S. Probation Officer. This placement is not intended to be a lock-down facility, and the defendant shall be permitted to go about his daily business, to include finding an approved job, and/or going to the library. The probation officer has the authority to restrict the defendant's movements if he does not follow the rules of release.

2) Mr. Phelps shall follow all rules at Pine Home, and shall abide by their protocol concerning the use of a payee to monitor his monthly finances. Mr. Phelps shall pay Pine Home the costs of his housing on a monthly basis, as directed by the U.S. Probation Officer.

3) Mr. Phelps shall report as directed to the U.S. Probation Officer assigned to his case. Initially he will be assigned to Richard W. Elkins, whose office is located at 9412 Big Horn Boulevard, #1, Elk Grove, California, 95758, telephone number (916) 683-3321 or (916) 683-3324. He will comply with the specific conditions listed herein and the standard conditions of the district of supervision.

4) Mr. Phelps shall be restricted from travel without prior approval of the U.S. Probation Officer. With prior approval, the defendant may be allowed to travel within the limits of the Eastern and Northern Districts of California.

5) Mr. Phelps shall not incur new credit charges or open lines of credit without the approval of the probation office. He shall provide the probation officer with access to any requested financial information.

6) Mr. Phelps shall maintain active participation in any regimen of outpatient mental health care as directed by the U.S. Probation Officer. He will participate in any mental health evaluation directed by the U.S. Probation Officer, in order to determine appropriate treatment plans.

7)   Mr. Phelps shall take any medications, as prescribed for him by a psychiatrist for the purpose of emergency treatment only.  If the treating psychiatrist and/or probation officer believe that use of medication is needed on an ongoing basis, the matter shall immediately be returned to this court.

8)   Mr. Phelps shall waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

9)   Mr. Phelps shall abstain from the use of alcohol, illegal narcotic substances or drugs.  He may be required to submit to testing for use of alcohol and drugs at the direction of the U.S. Probation Officer. The court notes that the defendant is unable to provide urinalysis tests and approves other means of monitoring drug and alcohol usage.

10)  As directed by the U.S. Probation Officer, Mr. Phelps shall notify third parties of risk that may be occasioned by his criminal record, and conduct in the instant offense.  In addition, any activities or potential contact involving minors must be pre-approved by the probation officer.

11)  Mr. Phelps shall not possess any firearm, destructive device, or materials used to build a destructive device.

12)  He shall submit to the search of his person, property and vehicle by a U.S. Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant.  The defendant shall warn any other residents that the premise may be subject to searches pursuant to this condition.

13)  It is not the intent of the court to have the defendant committed to a hospital or institution without first consulting the court, unless an emergency occurs whereby the defendant poses an imminent danger to himself or others.  Under emergency circumstances, the probation officer has the authority to commence necessary proceedings to ensure the safety of the defendant and/or those around him.   If the defendant poses a continual danger, the matter should immediately be brought before the court.

13)  Annual reports shall be filed by the U.S. Probation Office with the court, with copies to the U.S. Attorney, defense counsel, and the Warden of the medical facility at Springfield, Missouri.

As soon as arrangements can be made, the probation office shall transport the defendant to Pine Home.


Date: _January 4, 1999_          _____
                                 UNITED STATES DISTRICT JUDGE

EXHIBIT 1F

FILED

JAN 1 4 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12   UNITED STATES OF AMERICA,      )   NO.  CR-85-00899-MHP
                                    )
         Plaintiff,                 )   ORDER REMANDING DEFENDANT TO
13                                  )   SUITABLE BUREAU OF PRISONS' MEDICAL
         v.                         )   FACILITY FOR REEVALUATION/CERTIFYING
14                                  )   OF RELEASE CONDITIONS IF APPROPRIATE
     COY RAY PHELPS,                )   18 U.S.C. § 4243(f)
15                                  )
                                    )
16       Defendant.                 )
                                    )
17   _____)

18

19       On March 26, 2001, the U. S. Probation Officer filed a Petition for Conditional Release

20   Action requesting that the Court issue a warrant for Mr. Phelps' arrest and that he show cause

21   why his conditional release should not be revoked.  The petition was based on probation officer

22   Richard Elkins' report that the defendant had contracted with "1st page.com" to "upload" a CD-

23   ROM. for the so-called Nazirite Religion..

24       On April 30, 2001, Supervising Probation Officer John Storm filed a Memorandum in

25   which he amplified and further explained the basis for requesting that this Court revoke Phelps'

26   conditional release:

27       1.    Mr. Phelps failed to comply with Condition [1] of the original conditions of

28   UNITED STATES' POST HEARING BRIEF
     IN SUPPORT OF MOTION TO REVOKE
     CONDITIONAL DISCHARGE PURSUANT TO
     18 U.S.C. § 4243(G)

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file
ATTEST·
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
              Deputy Clerk
Date _____

release which directed that he shall not possess any firearm, destructive device , or materials used to build a destructive device, in that he attempted to obtain a firearm according to a statement from [a witness].  According to [a witness], on three occasions since his discharge from the Federal Medical Center, Mr. Phelps asked [a witness] to purchase a gun for him, and to rent a storage facility as a place to store the gun.

2.    Mr. Phelps failed to comply with Condition 3 to the original conditions of release which required him to comply with the standard conditions of the district of supervision in that he violated Eastern District of California Standard Conditions 3, that "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer", by making false statements to U. S. Probation Officer Elkins concerning his relationship to the Nazirite Religion, in violation of 18 U.S.C. § 1001 and by violating other federal statutes.[1]

On August 6 and 7, 2001, the Court held an evidentiary hearing under 18 U.S.C. § 4243(g) to determine whether the defendant had failed to comply with the prescribed treatment regimen and release conditions, and whether as a result, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

The evidence was uncontradicted at the hearing that the defendant continues to suffer from a mental disease and/or defect – most likely, paranoid schizophrenia.   As a result, he is extremely dangerous to others.  His website represents the expressions of his delusional thinking. Defendant has acted on his delusional thoughts and/or extreme beliefs in the 1980's as evidenced by his bombing activities at synagogues and at the Black Studies Department at San Francisco State University.  In his Nazirite website, the defendant encouraged others to kill Jews, Blacks, FBI agents, police officers, judges and others – similar to the sentiments he expressed in the past before he planted the bombs that led to this case -- and in the website, he attempted to recruit others to assist him in carrying out his plans.  He lied to his probation officer about his involvement with the Nazirite organization.  He tried to get an acquaintance to purchase a gun for him on 3 different occasions but was unsuccessful.  The probation officer, treating social worker, and examining psychiatrist all agreed that the current release conditions were inadequate to

---

[1]  The amended petition also charged that Phelps failed to comply with Condition 3 of the original conditions of release which  required him to comply with the standard conditions of the district of supervision in that he violated Eastern District of California Standard Condition 9, that The United States did not introduce any evidence of this violation at the hearing.

1    control the defendant's dangerousness. At a minimum, the psychiatrist, Dr. George Bach-y-Rita,

2    opined that the defendant needs to be hospitalized for a 6-8 month period of time in a locked

3    hospital setting, given modern psychotropic drugs, and then reevaluated before he is once again

4    released into the community. Dr. Bach-y-Rita also explained that even if treated with

5    medication, his condition will not resolve: at most it may stabilize so that he can be adequately

6    controlled to minimize the risk to society to an acceptable level.

7       Following the hearing, the Court directed the Probation Officer to investigate the

8    feasibility of placing Mr. Phelps in a locked community treatment and/or psychiatric facility but

9    no suitable option could be found.[2] At some point during the last few months, however, while in

10    custody, the defendant has begun to take oral psychotropic medications but has not been

11    thoroughly evaluated to see what if any effect the medication is having and whether there are any

12    suitable conditions that could be fashioned. In addition, the Court is mindful of the defendant's

13    arguments that any release conditions should be "certified by the director of the facility in which

14    he has been committed" in order to comply with the requirements set forth in 18 U.S.C. §

15    4243(f)(2).

16       Therefore, for Good Cause Shown, the Court finds, based on the testimony adduced at the

17    evidentiary hearing, in particular that of psychiatrist Dr. George Bach-y-Rita, that the defendant

18    is dangerous and is suffering from a mental disease and/or defect from which the danger

19    emanates and that the previously imposed release conditions are inadequate to treat the

20    defendant's condition and/or protect the community.

21

22

23

24

25    //

26

27      [2]     See Probation Officer's Report dated December 5, 2001.

28    UNITED STATES' POST HEARING BRIEF
IN SUPPORT OF MOTION TO REVOKE
CONDITIONAL DISCHARGE PURSUANT TO
18 U.S.C. § 4243(G)                                     PAGE 3

1       It is Hereby Ordered that defendant shall be remanded forthwith to a suitable Bureau of

2   Prisons' facility, preferably the Medical Facility at Butner, so that he can be reevaluated to

3   determine what treatment regimen is appropriate and whether there are any conditions under

4   which the defendant can or should be released as specified in 18 U.S.C. § 4243(f).

5       It is So Ordered.

6

7   DATED: December 12, 2001

8

                 HON. MARILYN HALL PATEL

9                 Chief, United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23   DEFENDANT DELIVERED ON 3-6-02
   TO FMC BUTNER, NORTH CAROLINA

24   __A. F. BEELER__
   WARDEN

25   BY: _____

26

27

28   UNITED STATES' POST HEARING BRIEF
   IN SUPPORT OF MOTION TO REVOKE
   CONDITIONAL DISCHARGE PURSUANT TO
   18 U.S.C. § 4243(G)                   PAGE 4

awb

United States District Court
for the
Northern District of California
January 15, 2002

* * CERTIFICATE OF SERVICE * *


Case Number:3:85-cr-00899


USA

   vs

Phelps

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George C. Boisseau, Esq.
Fifth Floor
50 Santa Rosa Ave
Santa Rosa, CA 95404

Jeffrey L. Bornstein, Esq.
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

Richard W. Wieking, Clerk

BY: _____
Deputy Clerk

**EXHIBIT 1G**

SEP-16-2004 THU 03:19 PM FCC BUTNER LEGAL DEPT          FAX NO. 14190055548          P. 06
Case 4:05-cv-40003-GAO     Document 16-2     Filed 07/14/2005     Page 44 of 59

JUL-15-2004  15:52                                                          P.84

CF

# FILED

**APR 1 7 2002**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-85-00899-MHP |
| Plaintiff, | |
| v. | |
| COY RAY PHELPS, | |
| Defendant. | |
| COY RAY PHELPS | NO. C 01-2808 MHP |
| Petitioner | [PROPOSED] ORDER REMANDING DEFENDANT TO SUITABLE BUREAU OF PRISONS' MEDICAL FACILITY 18 U.S.C. § 4243(f) AND DISMISSING PETITION FILED PURSUANT TO 28 U.S.C. § 2255. |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent | |

In a published opinion filed March 21, 2002, the Ninth Circuit vacated this Court's previously issued conditional release orders because it determined that Mr. Phelps should never have been released due to the failure of the director of the medical facility in which he was being treated to file the necessary certificate authorizing his release and approving of the release conditions as mandated under 18 U.S.C. § 4243(f). The Ninth Circuit further ordered that this

[PROPOSED] ORDER REMANDING DEFENDANT
TO MEDICAL FACILITY 18 U.S.C. § 4243(f) AND
DISMISSING § 2255 PETITION

495H

1    Court enter an order that Phelps be rehospitalized until and unless new release proceedings are

2    appropriately instituted in compliance with § 4243(f).[1]

3        THEREFORE, IT IS HEREBY ORDERED that defendant shall be remanded forthwith to a

4    suitable Bureau of Prisons' facility, preferably the Medical Facility at Butner, in accordance with

5    the Mandate of the Ninth Circuit as expressed in its opinion dated March 21, 2002, a copy of

6    which is attached hereto.

7        IT IS FURTHER ORDERED that in light of the Ninth Circuit's decision, defendant's

8    petition filed under 28 U.S.C. § 2255 is dismissed as moot.

9        IT IS SO ORDERED.

10

11   DATED: April 12, 2002

12                                 HON. MARILYN HALL PATEL

13                                 Chief, United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24         [1] In a written order dated January 14, 2002, following a multiple day evidentiary
25 hearing and post-hearing arguments, this Court previously ordered that Phelps be rehospitalized
   based on the testimony adduced at the evidentiary hearing, in particular that of psychiatrist Dr.
26 George Bach-y-Rita, that the defendant was dangerous and that he continued to suffer from a
   mental disease and/or defect from which the danger emanates and that the previously imposed
27 release conditions are inadequate to treat the defendant's condition and/or protect the community.
   That finding is unaffected by the Ninth Circuit's Decision.

28

    [PROPOSED] ORDER REMANDING DEFENDANT
    TO MEDICAL FACILITY 18 U.S.C. § 4243(f) AND
    DISMISSING § 2255 PETITION               2

awb

United States District Court
for the
Northern District of California
April 18, 2002


* * CERTIFICATE OF SERVICE * *


Case Number:3:85-cr-00899


USA

    vs

Phelps

_____

, the undersigned, hereby certify that I am an employee in the Office of
he Clerk, U.S. District Court, Northern District of California.

hat on April 18, 2002, I SERVED a true and correct copy(ies) of
he attached, by placing said copy(ies) in a postage paid envelope
ddressed to the person(s) hereinafter listed, by depositing said
nvelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
elivery receptacle located in the Clerk's office.


George C. Boisseau, Esq.                    AB/MHP
Fifth Floor
50 Santa Rosa Ave
Santa Rosa, CA  95404

Jeffrey L. Bornstein, Esq.
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA  94102


                                    Richard W. Wieking, Clerk

                                    BY:
                                    A Bowser, Deputy Clerk

# EXHIBIT 1H

U.S. DEPARTMENT OF JUSTICE                                REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: PHELPS     COY     R                    78872-011          N-4          FMC-DEVENS
         LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.           UNIT           INSTITUTION

**Part A– INMATE REQUEST** I AM APPEALING THE DECISION OF THE UDC AT FMC DEVENS MADE ON 2-3-05
REGARDING INCIDENT REPORT # 1306372.

1. I AM A CIVILLY COMMITTED MENTAL PATIENT (NOT A CONVICTED PRISONER) COMMITTED UNDER 18 USC 4243, UNDER
BOP RULE 5270.07, CHAP 1, PAGE 2 #6, ALL MENTAL PATIENTS MUST BE GIVEN A COMPETENCY EXAM BEFORE ANY
ACTION IS TAKEN, NO EXAM WAS GIVEN (SEE ALSO 28 CFR 541.10)

2. THERE MUST BE 2 OR MORE MEMBERS ON THE UDC (PAGE 5 SECTION b). THERE WAS ONLY ONE.

3. THE UDC HEARING MUST BE HELD WITHIN 72 HOURS (3 WORKING DAYS) (CHAP 2 PAGE 3) UNLESS THERE IS AN
EMERGENCY AND IF THERE IS A DELAY - THE INMATE MUST BE NOTIFIED FIRST, THERE WAS NO EMERGENCY -
I WAS NOT NOTIFIED OF ANY DELAY - THE COUNSELOR (UDC) WAS 27 HOURS LATE, SEE ALSO CHAPTER 6,
PAGE 1, SECTION b AND 28 CFR 541.15 (SEE ALSO SECTION K CHAPTER 6)

4. THE COUNSELOR WOULD NOT ALLOW ME TO PRESENT EVIDENCE AS REQUIRED BY SECTION A, CHAP. 6.
(CONTINUED ON ATTACHED PAGE)

2-04-05                                    Coy Phelps    78872-011
   DATE                                         SIGNATURE OF REQUESTER

**Part B– RESPONSE**

```
┌─────────────────────────┐
│ R E C E I V E D         │
│     FEB - 9 2005        │
└─────────────────────────┘
```

_____            _____
         DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: 366680-F1

                                                         CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____            _____
         DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                    BP-229(13)
                                                                           APRIL 1982

ATTACHMENT TO BP9 (INCIDENT REPORT 1306372) FMC-DEVENS

5. THE INCIDENT REPORT IS FRAUDULENT.

(A) ON 1-23-05 AT ABOUT 0745 HOURS THE NURSE ON UNIT N-3 NOTIFIED ME THAT I WAS ON "CALL OUT" BUT THAT I COULD NOT LEAVE THE UNIT (N-3) UNESCORTED AND I MUST WAIT FOR THE DOCTOR TO ESCORT ME, AND THE OTHER INMATES HE HAD SCHEDULED.

(B) AT ABOUT 0915 THE DOCTOR ARRIVED AND ASSEMBLED ALL THE INMATES ON CALL OUT INTO ONE GROUP (THUSLY I ANSWERED THE CALL OUT - THE CALL OUT WAS COMPLETED WHEN THE DR. ARRIVED)

(C) THE DOCTOR NOTIFIED EVERYONE IN THE GROUP THAT THE CALL OUT WAS FOR A THERAPY AND NOT FOR A WORK ASSIGNMENT OR A PROGRAM ASSIGNMENT (RULE 306). HE ALSO SAID "YOU DON'T HAVE TO GO IF YOU DON'T WANT TO, IF YOU DON'T WANT TO PARTICIPATE, SIGN THE REFUSAL FORM AND I WON'T PUT YOU ON CALL OUT AGAIN - I WON'T BUG YOU ABOUT IT."

(d) I ASK FOR THE FORM TO SIGN. HE SAID I MUST FIRST SUFFER THE TREATMENT BEFORE I COULD REFUSE IT. (YOU HAVE TO GO - STAY THE HOUR - PARTICIPATE - AND THEN SIGN) I REFUSED SINCE HE HAD ALREADY GIVEN ME THE RIGHT TO REFUSE (BUT BOP RULES ALREADY GIVE ME THE RIGHT)

(E) A HOUR LATER HE BROUGHT FORM BP358(60) AND I SIGNED IT. HE SAID HE WAS GOING TO PUNISH ME FOR SIGNING IT. "LET ME GET THIS STRAIGHT" I SAID, "YOU'RE GOING TO PUNISH ME FOR NOT DOING SOMETHING I AM NOT REQUIRED TO DO." "YES" HE SAID.

(1) BOP RULES 6000 et seq STATES A HEARING MUST BE HELD TO DETERMINE IF A TREATMENT IS APPROPRIATE BEFORE IT CAN BE APPLIED. I WAS NOT GIVEN A HEARING.

6. THE U.S. BUREAU OF PRISONS DOES NOT HAVE LAWFUL CUSTODY OF ME. THERE ARE NO PROVISIONS IN THE LAWS THAT ALLOWS FOR FEDERAL CONFINEMENT.

7. UNDER SUPREME COURT LAWS (U.S. v JONES) 463 US 354 at 369 THE RULES OF THE PRISON DO NOT APPLY TO ME. NO CIVILLY COMMITTED INMATE CAN BE TREATED AS A CONVICTED PRISONER UNDER RULES ESTABLISHED FOR CONVICTED PRISONERS.

8. THE EMPLOYEES OF THE BOP ARE ACTING IN CLEAR ABSENCE OF ALL JURISDICTION.

9. THE LT. DID NOT INVESTIGATE THE INCIDENT PRIOR TO CDC (AS REQUIRED BY B.O.P RULES).

Guy Phillips  78872-011
FMC DEVENS   UNIT N-4
2-04-05

FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS
RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #366680-F1

This is in response to your Request for Administrative Remedy pertaining to Incident Report #
1306372, charging you with Refusing to Work or Obey a Program Assignment (Code 306). For relief,
you request that the Incident Report be expunged based on your allegations that staff failed to meet
certain policy requirements.

Investigation of your request revealed the following. On February 2, 2005, the Unit Discipline
Committee (UDC) conducted the hearing for Incident Report # 1306372 and considered all relevant
evidence, which included a statement from you and staff statements. The evidence reflects that on
January 28, 2005 you failed to appear for a callout scheduled for 9:30am with the Psychologist. Staff
attempted to escort you to your callout appointment but you became belligerent and refused to see the
Psychologist.

Psychology staff have identified that you are competent to be held responsible for your behavior and
all policy related issues you presented were followed as identified on Incident Report #1306372.

Based upon this evidence, the UDC was justified in concluding that you committed the prohibited act
as charged. The UDC sanctioned you to 20 days loss of commissary, suspend 20 days pending 180
days good conduct. This sanction is within the bounds of policy. See Program Statement 5270.07,
Inmate Discipline and Special Housing Units, Chapter 4, Pages 11-13.  After reviewing all of the
evidence, I find that the UDC substantially complied with the regulations pertaining to inmate
discipline and that the decision is based on some facts. Id., Chapter 8, Page 1.

Based upon the above facts, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of
Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets,
Philadelphia, Pennsylvania 19106. Your appeal must be received in the Northeast Regional Office
within 20 days of the date of this response.


_____                    3/22/5
David L. Winn, Warden                      Date

**EXHIBIT 1I**

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _Phelps  Lev  R_____  _39873-011_  _U-5_  _FMC Devens_
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A—REASON FOR APPEAL**

I appeal the article BP9.

Completing exams must be conducted before US not after. Never make a determination before, they violated BOP Rules.

_4-7-08_____　　　　　　　_____
DATE　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____　　　　　　_____
DATE　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE　　CASE NUMBER: _____

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____　　　　　_____
USP LVN　　DATE　　Previous editions not usable　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

ATTACHMENT TO BP9 (INCIDENT REPORT 1306372) FMC-DEVENS

5. THE INCIDENT REPORT IS FRAUDULENT.

(A) ON 1-23-05 AT ABOUT 0745 HOURS THE NURSE ON UNIT N-3 NOTIFIED ME THAT I WAS ON "CALL OUT" BUT THAT I COULD NOT LEAVE THE UNIT (N-3) UNESCORTED AND I MUST WAIT FOR THE DOCTOR TO ESCORT ME, AND THE OTHER INMATES HE HAD SCHEDULED.

(B) AT ABOUT 0915 THE DOCTOR ARRIVED AND ASSEMBLED ALL THE INMATES ON CALL OUT INTO ONE GROUP (THOUGH I ANSWERED THE CALL OUT- THE CALL OUT WAS COMPLETED WHEN THE DR. ARRIVED)

(C) THE DOCTOR NOTIFIED EVERYONE IN THE GROUP THAT THE CALL OUT WAS FOR A THERAPY AND NOT FOR A WORK ASSIGNMENT OR A PROGRAM ASSIGNMENT (RULE 306). HE ALSO SAID "YOU DON'T HAVE TO GO IF YOU DON'T WANT TO, IF YOU DON'T WANT TO PARTICIPATE, SIGN THE REFUSAL FORM AND I WON'T PUT YOU ON CALL OUT AGAIN - I WON'T BUG YOU ABOUT IT."

(D) I ASK FOR THE FORM TO SIGN. HE SAID I MUST FIRST SUFFER THE TREATMENT BEFORE I COULD REFUSE IT. (YOU HAVE TO GO - STAY THE HOUR - PARTICIPATE - AND THEN SIGN.) I REFUSED SINCE HE HAD ALREADY GIVEN ME THE RIGHT TO REFUSE (BUT BOP RULES ALREADY GIVE ME THE RIGHT)

(E) A HOUR LATER HE BROUGHT FORM BP358(60) AND I SIGNED IT. HE SAID HE WAS GOING TO PUNISH ME FOR SIGNING IT. "LET ME GET THIS STRAIGHT" I SAID. "YOU'RE GOING TO PUNISH ME FOR NOT DOING SOMETHING I AM NOT REQUIRED TO DO." "YES" HE SAID.

(1) BOP RULES 6000 et Seq STATES A HEARING MUST BE HELD TO DETERMINE IF A TREATMENT IS APPROPRIATE BEFORE IT CAN BE APPLIED. I WAS NOT GIVEN A HEARING.

6. THE U.S. BUREAU OF PRISONS DOES NOT HAVE LAWFUL CUSTODY OF ME. THERE ARE NO PROVISIONS IN THE LAW THAT ALLOWS FOR FEDERAL CONFINEMENT.

7. UNDER SUPREME COURT LAW (US v JONES) 463 US 354 AT 369 THE RULES OF THE PRISON DO NOT APPLY TO ME, NO CIVILLY COMMITTED INMATE CAN BE TREATED AS A CONVICTED PRISONER UNDER RULES ESTABLISHED FOR CONVICTED PRISONERS.

8. THE EMPLOYEES OF THE BOP ARE ACTING IN CLEAR ABSENCE OF ALL JURISDICTION

9. THE LT. DID NOT INVESTIGATE THE INCIDENT PRIOR TO SOC (AS REQUIRED BY BOP RULES).

Roy Philip     78872-011
FMC DEVENS   UNIT N-4
2-04-05

PHELPS, Coy
Reg. No. 78872-011
Appeal No. 366680-R1
Page One

## Part B - Response

You appeal the February 2, 2005, hearing of the Unit Discipline
Committee (UDC) at FMC Devens, finding you committed the
prohibited act of Refusing to Work or Accept a Program
Assignment, Code 306, Incident Report number 1306372.  You claim
that competency exams must be done before "DS not after" and that
such a determination was not made in your case.

The UDC determined you committed the prohibited act based on the
following evidence.  On January 28, 2005, the reporting employee
attempted to escort you to a 9:30 a.m. call out with a
psychologist.  You were belligerent and refused to go.  You do
not contest the facts of the incident report.  The UDC reviewed
all of the evidence presented and reasonably determined you
committed the prohibited act.

According to 28 C.F.R. section 541.10, if it appears at any stage
of the disciplinary process that an inmate is mentally ill, staff
shall refer the inmate to a mental health professional for
determination of whether the inmate is responsible for his
conduct or is incompetent.  In your case, the day before the UDC
hearing, it was determined by a staff psychiatrist that you were
competent to be held responsible for your behaviors.

The record in this case reflects substantial compliance with
Program Statement 5270.07, Inmate Discipline.  The decision of
the UDC was based upon the greater weight of evidence and the
sanction imposed was consistent with the severity level of the
prohibited act.  The sanction imposed, 20 days loss of commissary
privileges, suspended 20 days pending 180 days clear conduct is
not disproportionate to your misconduct.  Accordingly, your
appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: May 12, 2005

D. SCOTT DODRILL
Regional Director

**EXHIBIT 1J**

DEVCH
PAGE 006 OF 006
*ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *
FULL SCREEN FORMAT
06-28-2005
09:34:19

Case 4:05-cv-40003-GAO   Document 16-2   Filed 07/14/2005   Page 56 of 59

REGNO: 78872-011 NAME: PHELPS, COY
RSP OF...: DEV UNT/LOC/DST: N UNIT                QTR.: N04-422U   RCV OFC: BOP
REMEDY ID: 366680-A1       SUB1: 21AM SUB2:      DATE RCV:   06-01-2005
UNT RCV..: N UNIT          QTR RCV.: N04-422U    FACL RCV: DEV
UNT ORG..: N UNIT          QTR ORG.: N04-424L    FACL ORG: DEV
EVT FACL.: DEV   ACC LEV: DEV 1 NER 1 BOP 1   RESP DUE:  MON  07-11-2005
ABSTRACT.: APPEALS 02-03-05 UDC HEARING, CODE 306
STATUS DT: 06-07-2005  STATUS CODE: ACC STATUS REASON:
INCRPTNO.: 1306372   RCT: P EXT:   DATE ENTD: 06-07-2005
REMARKS..:


                    5 REMEDY SUBMISSION(S) SELECTED
G0000          TRANSACTION SUCCESSFULLY COMPLETED

**EXHIBIT 1K**

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: PHELPS Coy R        78872-011        N 5        FMC-DEVENS

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**

CONTINUING HARASSMENT BY DENYING ACCESS TO COURT BY REFUSING TO SEND FILING FEE TO THE COURT AFTER THE MONEY WAS WITHDRAWN FROM MY ACCOUNT BY COURT ORDER

3-29-05

DATE        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED

APR - 8 2005

DATE        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 373314-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE        RECIPIENT'S SIGNATURE (STAFF MEMBER)

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #373314-F1**

This is in response to your Request for Administrative Remedy wherein you state you are being subjected to "continuing harassment by denying access to Court by refusing to send filing fee to the Court after the money was withdrawn from my account by Court Order."

An investigation of your request revealed the following: As previously explained to you, the Court made an error and did not credit your account $150.00 initially for Civil Action No. 05-40003. However, Financial Management contacted the Court and the money was credited towards your filing fee on February 8, 2005.

Based upon the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

David L. Winn, Warden

6-29-05
Date

# EXHIBIT 1L

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Phelps, Coy R__    __78872-011__    __I G__    __FMC Rochester__
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**  I am making a claim of false imprisonment, I am sentenced under 18 USCV243 and 18 USC V247, neither statute makes provision for me to be in Federal custody or in any Federal confinement, the B.O.P. does not have lawful custody of me

__5-30-02__                                          __Coy Phelps 78872-011__
          DATE                                                      SIGNATURE OF REQUESTER

**Part B- RESPONSE**

See Attached

__6-17-02__                                          __[signature]__
          DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                    CASE NUMBER: _____

                                                 CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                          _____
          DATE                                  RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                    Previously BP-DIR-9                    BP-229(13)
                                                                  APRIL 1982

## INSTITUTION ADMINISTRATIVE REMEDY
### PART B – RESPONSE

**Date Filed:    06-05-2002**                    **Remedy ID No. 269429-F1**

This is in response to your request for administrative remedy, receipted June 5, 2002, wherein you are claiming false imprisonment. You request administrative relief in the form of providing you with the Bureau of Prison authority to detain you in our custody.

A review of your Judgement and Commitment file revealed a certified copy of an "Order Remanding Defendant to Suitable Bureau of Prisons' Medical Facility for Reevaluation/Certifying of Release Conditions if Appropriate 18 U.S.C. §4243(F)", dated December 12, 2001.

Based upon this information your request for administrative remedy is denied based on your claim that you are falsely imprisoned.

If you are dissatisfied with this response, you may submit an appeal to the Regional Director, Mid-Atlantic Regional Office, 10010 Junction Drive, Annapolis Junction, Maryland 20701. Your appeal must be received in that office within 20 calendar days from the date of this response.

6. 17. 02
_____
Date

A.F. Beeler Warden
Federal Medical Center
Butner, North Carolina

# EXHIBIT 1M

**U.S. Department of Justice**

**Federal Bureau of Prisons**

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: PHELPS     COY     R          78872-011          16          FMC BUTNER
         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

NEITHER 18 USC 4243 OR 4247 ALLOWS OR AUTHORIZES ME TO BE IN FEDERAL
CUSTODY OR FEDERAL CONFINEMENT TO BE TREATED AS A CONVICTED AND SENTENCED
PRISONER. I AM A UNCONVICTED AND UNCHARGED CIVIL MENTAL PATIENT
(you have misquoted the statute)

6-26-02                                          Coy Phelps  78872-011
DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                          _____
DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                          CASE NUMBER: _____

---

**Part C—RECEIPT**

                                                          CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

USP LVN     DATE          Previously BP-DIR-10          SIGNATURE, RECIPIENT OF REGIONAL APPEAL          BP-230-13
                                                                                    APRIL 1982

# Regional Administrative Remedy Appeal
## Part B - Response

**Date Filed: July 1, 2002**          **Remedy No.:  269429-R1**

You appeal the Warden's response to your Request for Administrative
Remedy.  You state you are unlawfully detained at Federal Medical
Center (FMC), Butner, North Carolina.

A review of this issue reveals your conditional release was revoked
and you are committed to a suitable Bureau of Prisons facility for
Hospitalization and Treatment under 18 U.S.C. § 4243 (f).  You are
appropriately housed at FMC, Butner as a Medium security level
inmate with IN custody.  We find no reason to depart from the
decision made at the institutional level.

Your appeal of the Warden's response is denied.  If you are
dissatisfied with this response, you may appeal to the General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C.  20534.  Your appeal must be received in the
General Counsel's Office within 30 days from the date of this
response.

_____  JUL 2 4 2002 _____
Date

Harley G. Lappin
Regional Director
Mid-Atlantic Region

**EXHIBIT 1N**

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: _PMLB_____Ay___R_____   _7872-011_____   _16___   _FMC Betax_____
LAST NAME, FIRST, MIDDLE INITIAL               REG. NO.              UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**

I Am challenging Juresdiction and Authority of BOP Reguiring

18 USC 4243-4747        See applied

_7-28-02_____                                      _____
DATE                                                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                                          _____
DATE                                                   GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY                        CASE NUMBER: _2669429-A1_

**Part C—RECEIPT**

                                                       CASE NUMBER: _____

Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT      INSTITUTION

SUBJECT: _____

_____                                          _____
DATE                                                   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                Previously BP-DIR-11                          BP-231(13)
                                                                                                    APRIL 1982

**Administrative Remedy No. 269429-A1**
**Part B - Response**

You challenge the Bureau of Prisons (BOP) authority to confine you.

You were committed to the custody of the BOP as a civil commitment on March 6, 2002, pursuant to 18 U.S.C. § 4243. Your concerns about your confinement order should be submitted to the U.S. District Court for the Northern District of California. Your appeal is denied.

_September 27, 2002_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

EXHIBIT 1O

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 11 of 67

```
       FUNCTION: LST SCOPE: REG    EQ 78872-011   OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____       ____       ____       ____       ____       ____
TRACK:  DEPT: ____ _____ _____ _____ _____ _____
       PERSON: ___   ____       ____       ____       ____       ____
        TYPE: ___   ____       ____       ____       ____       ____
EVNT FACL: EQ ____    ____       ____       ____       ____       ____
RCV FACL.: EQ ____    ____       ____       ____       ____       ____
RCV UN/LC: EQ ____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____    ____       ____       ____       ____       ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____
```

G0002       MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 12 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | -------------------ABSTRACT----------------------- | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
|-----------|-------------|----------|----------|--------|-------------|
| 2687-F1 | 34BM/ | SEXUAL HARASSMENT BY STAFF | | | |
| | SPG | SPG | 08-28-1990 | CLD | 09-27-1990 |
| 2852-F1 | 25ZM/ | WANTS BODY DISPOSED OF PER RELIGIOUS BELIEFS | | | |
| | SPG | SPG | 08-28-1990 | CLD | 09-27-1990 |
| 4912-R1 | 26BM/ | | | | |
| | NCR | SPG | 10-15-1990 | REJ | 10-16-1990 |
| 4913-R1 | 33HM/ | | | | |
| | NCR | SPG | 10-15-1990 | REJ | 10-16-1990 |
| 4913-A1 | 33HM/ | | | | |
| | BOP | SPG | 10-29-1990 | REJ | 10-29-1990 |
| 4912-A1 | 26BM/ | | | | |
| | BOP | SPG | 10-29-1990 | REJ | 10-29-1990 |

G0002       MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 13 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ----------------ABSTRACT---------------------- | | |
|-----------|-------------|------------------|-------------|--------|------------|
|           | RCV-OFC     | RCV-FACL         | DATE-RCV    | STATUS | STATUS-DATE |
| 6601-F1   | 26HM/       | INM ALLEGES FALSE, MISLEADING RECORD ENTRIES. | | | |
|           | SPG         | SPG              | 11-21-1990  | CLD    | 12-03-1990 |
| 6602-F1   | 34CM/       | INAPPROPRIATE PUNISHMENT DUE TO RACE & RELIGION. | | | |
|           | SPG         | SPG              | 11-21-1990  | CLD    | 12-03-1990 |
| 6668-F1   | 26DM/       | INM WANTED MEDICATION DISCONTINUED. | | | |
|           | SPG         | SPG              | 11-26-1990  | CLD    | 12-07-1990 |
| 6601-R1   | 26HM/       | INM ALLEGES FALSE, MISLEADING RECORD ENTRIES. | | | |
|           | NCR         | SPG              | 12-17-1990  | REJ    | 12-19-1990 |
| 6602-R1   | 34CM/       | INAPPROPRIATE PUNISHMENT DUE TO RACE & RELIGION. | | | |
|           | NCR         | SPG              | 12-17-1990  | REJ    | 12-19-1990 |
| 6668-R1   | 26DM/       | INM WANTED MEDICATION DISCONTINUED. | | | |
|           | NCR         | SPG              | 12-17-1990  | REJ    | 12-19-1990 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 14 of 67

```
 REMEDY-ID       SUBJ1/SUBJ2   -------------------ABSTRACT-----------------------
                 RCV-OFC       RCV-FACL       DATE-RCV       STATUS      STATUS-DATE


 6601-R2         26HM/         INM ALLEGES FALSE, MISLEADING RECORD ENTRIES.
                 NCR           SPG            01-17-1991     CLD         01-23-1991

 6602-R2         34CM/         INAPPROPRIATE PUNISHMENT DUE TO RACE & RELIGION.
                 NCR           SPG            01-17-1991     CLD         02-07-1991

 6668-R2         26DM/         INM WANTED MEDICATION DISCONTINUED.
                 NCR           SPG            01-17-1991     REJ         01-17-1991

 9102-F1         16ZM/         INM ALLEGES DELAY IN INCOMING & OUTGOING MAIL.
                 SPG           SPG            01-22-1991     REJ         01-22-1991

 9104-F1         25ZM/         INM ALLEGES THAT STAFF REFUSE TO PROVIDE FORMS.
                 SPG           SPG            01-22-1991     REJ         01-22-1991

 9102-F2         16ZM/         INM ALLEGES DISCRIMINATION.
                 SPG           SPG            01-22-1991     CLD         02-15-1991

 G0002      MORE PAGES TO FOLLOW . . .
```

| REMEDY-ID | SUBJ1/SUBJ2 | | ABSTRACT | | |
|-----------|-------------|---------|----------|--------|-------------|
|           | RCV-OFC     | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 6668-R3   | 26DM/       |         | INM WANTED MEDICATION DISCONTINUED. | | |
|           | NCR         | SPG     | 01-28-1991 | CLD  | 02-08-1991  |
| 9104-F2   | 33HM/       |         | INM ALLEGES THAT STAFF REFUSES TO PROVIDE FORMS. | | |
|           | SPG         | SPG     | 01-28-1991 | CLD  | 02-15-1991  |
| 6602-A1   | 34CM/       |         | INAPPROPRIATE PUNISHMENT DUE TO RACE & RELIGION. | | |
|           | BOP         | SPG     | 02-25-1991 | REJ  | 02-25-1991  |
| 6668-A1   | 26DM/       |         | INM WANTED MEDICATION DISCONTINUED. | | |
|           | BOP         | SPG     | 02-25-1991 | VOD  | 02-25-1991  |
| 6601-A1   | 26HM/       |         | INM ALLEGES FALSE, MISLEADING RECORD ENTRIES. | | |
|           | BOP         | SPG     | 02-25-1991 | CLD  | 03-29-1991  |
| 6668-A2   | 26DM/       |         | INM WANTED MEDICATION DISCONTINUED. | | |
|           | BOP         | SPG     | 02-25-1991 | CLD  | 05-17-1991  |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 16 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT---------------------- | | |
|-----------|-------------|----------|----------|--------|-------------|
|           | RCV-OFC     | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 9102-R1   | 16ZM/       | INM ALLEGES DELAY IN INCOMING & OUTGOING MAIL. | | |
|           | NCR         | SPG      | 02-25-1991 | CLD  | 03-01-1991  |
| 9104-R1   | 33HM/       | INM ALLEGES THAT STAFF REFUSES TO PROVIDE FORMS. | | |
|           | NCR         | SPG      | 02-25-1991 | CLD  | 04-12-1991  |
| 6602-A2   | 34CM/       | INAPPROPRIATE PUNISHMENT DUE TO RACE & RELIGION. | | |
|           | BOP         | SPG      | 03-19-1991 | REJ  | 03-19-1991  |
| 11813-F1  | 25DM/       | INM QUESTIONS POLICY OF CONFISCATING PROPERTY | | |
|           | SPG         | SPG      | 03-26-1991 | CLD  | 04-24-1991  |
| 11815-F1  | 25CM/       | INM ALLEGES EXCESSIVE NOISE IS VIOLATION OF RELIGION | | |
|           | SPG         | SPG      | 03-26-1991 | CLD  | 04-24-1991  |
| 11816-F1  | 33AM/       | INM ALLEGES HE DOESN'T HAVE ACCESS TO LAW LIBRARY. | | |
|           | SPG         | SPG      | 03-26-1991 | CLD  | 05-10-1991  |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 17 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | --------------------ABSTRACT------------------------ | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
|---|---|---|---|---|---|
| 11941-F1 | 13AM/ | INM ALLEGES THAT HE HAS BEEN DENIED AN ANNUAL REVIEW | | | |
| | SPG | SPG | 03-29-1991 | CLD | 04-24-1991 |
| 11944-F1 | 31ZM/ | INM ALLEGES THAT HE IS SHOULD NOT BE IMPRISONED | | | |
| | SPG | SPG | 03-29-1991 | CLD | 04-24-1991 |
| 6602-A3 | 34CM/ | INAPPROPRIATE PUNISHMENT DUE TO RACE & RELIGION. | | | |
| | BOP | SPG | 04-08-1991 | REJ | 04-08-1991 |
| 9104-A1 | 33HM/ | INM ALLEGES THAT STAFF REFUSES TO PROVIDE FORMS. | | | |
| | BOP | SPG | 04-26-1991 | CLD | 07-12-1991 |
| 9102-A1 | 16ZM/ | INM ALLEGES DELAY IN INCOMING & OUTGOING MAIL. | | | |
| | BOP | SPG | 04-26-1991 | VOD | 04-26-1991 |
| 13376-F1 | 21AM/ | INM WISHES TO APPEAL UDC DECISION | | | |
| | SPG | SPG | 04-30-1991 | CLD | 05-17-1991 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 3-18   Filed 07/14/2006   Page 18 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | -------------------ABSTRACT---------------------- | | | |
|-----------|-------------|---------|---------|--------|-------------|
|           | RCV-OFC     | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 11944-R1  | 31ZM/       | INM ALLEGES THAT HE IS SHOULD NOT BE IMPRISONED | | | |
|           | NCR         | SPG      | 05-01-1991 | CLD    | 06-17-1991  |
| 11941-R1  | 13AM/       | INM ALLEGES THAT HE HAS BEEN DENIED AN ANNUAL REVIEW | | | |
|           | NCR         | SPG      | 05-01-1991 | CLD    | 05-29-1991  |
| 11815-R1  | 25CM/       | INM ALLEGES EXCESSIVE NOISE IS VIOLATION OF RELIGION | | | |
|           | NCR         | SPG      | 05-01-1991 | CLD    | 05-13-1991  |
| 11813-R1  | 25DM/       | INM QUESTIONS POLICY OF CONFISCATING PROPERTY | | | |
|           | NCR         | SPG      | 05-01-1991 | CLD    | 05-20-1991  |
| 13518-F1  | 21AM/       | INM ALLEGES UDC WAS IMPROPER AND WANTS TO APPEAL | | | |
|           | SPG         | SPG      | 05-02-1991 | CLD    | 05-17-1991  |
| 13524-F1  | 25GM/       | INM ALLEGES THAT HE WAS DENIED COPIES OF LEGAL INFO | | | |
|           | SPG         | SPG      | 05-02-1991 | CLG    | 05-21-1991  |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 19 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ----------------ABSTRACT---------------------- | | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| --- | --- | --- | --- | --- | --- |
| 11816-R1 | 33AM/ | INM ALLEGES HE DOESN'T HAVE ACCESS TO LAW LIBRARY. | | | |
| | NCR | SPG | 05-17-1991 | CLD | 06-07-1991 |
| 9102-A2 | 16ZM/ | INM ALLEGES DELAY IN INCOMING & OUTGOING MAIL. | | | |
| | BOP | SPG | 05-21-1991 | CLD | 06-12-1991 |
| 11815-A1 | 25CM/ | INM ALLEGES EXCESSIVE NOISE IS VIOLATION OF RELIGION | | | |
| | BOP | SPG | 05-28-1991 | CLD | 06-25-1991 |
| 11813-A1 | 25DM/ | INM QUESTIONS POLICY OF CONFISCATING PROPERTY | | | |
| | BOP | SPG | 05-28-1991 | CLD | 06-25-1991 |
| 14626-R1 | 13BM/ | CLASSIFICATION CONCERNS | | | |
| | NCR | SPG | 05-28-1991 | REJ | 05-30-1991 |
| 13524-R1 | 25GM/ | INM ALLEGES THAT HE WAS DENIED COPIES OF LEGAL INFO | | | |
| | NCR | SPG | 05-28-1991 | REJ | 05-30-1991 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 29 of 67

```
          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    06-29-2005
                           SANITIZED FORMAT                  09:28:23
REMEDY-ID    SUBJ1/SUBJ2  --------------------ABSTRACT----------------------
             RCV-OFC      RCV-FACL      DATE-RCV      STATUS    STATUS-DATE

13518-R1     21AM/        INM ALLEGES UDC WAS IMPROPER AND WANTS TO APPEAL
             NCR          SPG           05-28-1991    CLO       07-10-1991

13376-R1     21AM/        INM WISHES TO APPEAL UDC DECISION
             NCR          SPG           05-28-1991    CLD       07-08-1991

11816-A1     33AM/        INM ALLEGES HE DOESN'T HAVE ACCESS TO LAW LIBRARY.
             BOP          SPG           06-17-1991    CLD       09-16-1991

13524-R2     25GM/        INM ALLEGES THAT HE WAS DENIED COPIES OF LEGAL INFO
             NCR          SPG           06-21-1991    REJ       06-26-1991

14626-R2     13BM/        CLASSIFICATION CONCERNS
             NCR          SPG           06-21-1991    REJ       06-26-1991

16037-F1     25CM/        INM COMPLAINS ABOUT TEMPERATURE IN THE UNIT
             SPG          SPG           07-02-1991    CLD       08-01-1991

G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 21 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | --------------------ABSTRACT------------------------ | | |
|-----------|-------------|---------|---------|--------|-------------|
|           | RCV-OFC     | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 11944-A1  | 31ZM/       | INM ALLEGES THAT HE IS SHOULD NOT BE IMPRISONED | | |
|           | BOP         | SPG     | 07-09-1991 | CLD | 11-06-1991 |
| 11941-A1  | 13AM/       | INM ALLEGES THAT HE HAS BEEN DENIED AN ANNUAL REVIEW | | |
|           | BOP         | SPG     | 07-09-1991 | CLD | 11-06-1991 |
| 13518-A1  | 21AM/       | INM ALLEGES UDC WAS IMPROPER AND WANTS TO APPEAL | | |
|           | BOP         | SPG     | 07-23-1991 | CLD | 08-27-1991 |
| 17437-F1  | 16ZM/       | INM WISHES TO SEND MONEY FROM USMCFP | | |
|           | SPG         | SPG     | 08-05-1991 | VOD | 08-06-1991 |
| 17438-F1  | 34BM/       | INM ALLEGES THAT STAFF MEMBER HARASSED HIM | | |
|           | SPG         | SPG     | 08-05-1991 | VOD | 08-06-1991 |
| 17549-F1  | 34BM/       | INM ALLEGES THAT STAFF MEMBER HARASSED HIM | | |
|           | SPG         | SPG     | 08-08-1991 | CLD | 08-16-1991 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 22 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | --------------------ABSTRACT------------------------ | | | |
|-----------|-------------|---------|--------------------------|--------|-------------|
|           | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 17551-F1 | 15ZM/ | INM WISHES TO SEND MONEY FROM MCFP | | | |
|           | SPG | SPG | 08-08-1991 | CLD | 08-16-1991 |
| 16037-R1 | 34CM/ | INMAT COMPLAINING ABOUT DISCRIMINATION IN UNIT | | | |
|           | NCR | SPG | 08-09-1991 | CLD | 09-06-1991 |
| 17549-R1 | 34BM/ | INM ALLEGES THAT STAFF MEMBER HARASSED HIM | | | |
|           | NCR | SPG | 09-03-1991 | CLD | 10-09-1991 |
| 17551-R1 | 15ZM/ | INM WISHES TO SEND MONEY FROM MCFP | | | |
|           | NCR | SPG | 09-09-1991 | REJ | 09-10-1991 |
| 20004-F1 | 34ZM/ | | | | |
|           | RCH | RCH | 10-03-1991 | REJ | 10-03-1991 |
| 20005-F1 | 22ZM/ | | | | |
|           | RCH | RCH | 10-03-1991 | REJ | 10-03-1991 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 23 of 67

| REMEDY-ID | SUBJ1/SUBJ2 RCV-OFC | RCV-FACL | ABSTRACT DATE-RCV | STATUS | STATUS-DATE |
|-----------|---------------------|----------|-------------------|--------|-------------|
| 20006-F1 | 22ZM/ RCH | RCH | 10-03-1991 | REJ | 10-03-1991 |
| 16037-A1 | 34CM/ BOP | RCH | INMAT COMPLAINING ABOUT DISCRIMINATION IN UNIT 10-08-1991 | REJ | 10-08-1991 |
| 20594-F1 | 33HM/ RCH | RCH | COMPLAINT ABOUT BP-9 PROCEDURES 10-18-1991 | CLD | 10-18-1991 |
| 20769-F1 | 34ZM/ RCH | RCH | COMPLAINT AGAINST STAFF MEMBER 10-23-1991 | CLD | 10-23-1991 |
| 17549-A1 | 34BM/ BOP | RCH | INM ALLEGES THAT STAFF MEMBER HARASSED HIM 10-30-1991 | CLD | 11-22-1991 |
| 21169-F1 | 26BM/ RCH | RCH | COMPLAINT AGAINST DOCTOR 10-31-1991 | CLD | 10-31-1991 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 163-3    Filed 07/14/2005    Page 24 of 67

```
 DEVBS                                                                    06-29-2005
 PAGE 014          *                SANITIZED FORMAT            *         15:28:23
   REMEDY-ID     SUBJ1/SUBJ2    -------------------ABSTRACT----------------------
                 RCV-OFC        RCV-FACL      DATE-RCV      STATUS      STATUS-DATE


 21565-F1        21AM/          CLOSE THE CASE AND DISMISS THE UDC
                 RCH            RCH           11-12-1991      CLD         11-12-1991

 21741-F1        28ZM/          WANTS FMC STAFF TO RECEIVE MORE TRAINING
                 RCH            RCH           11-15-1991      CLD         11-15-1991

 20769-R1        34ZM/          COMPLAINT AGAINST STAFF MEMBER
                 NCR            RCH           11-19-1991      CLD         12-12-1991

 20594-R1        33HM/          COMPLAINT ABOUT BP-9 PROCEDURES
                 NCR            RCH           11-19-1991      CLD         12-06-1991

 21169-R1        26BM/          COMPLAINT AGAINST DOCTOR
                 NCR            RCH           11-21-1991      CLD         11-27-1991

 22356-F1        26BM/
                 RCH            RCH           12-03-1991      REJ         12-03-1991


 G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 25 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | -------------------ABSTRACT----------------------- | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 21741-R1 | 28ZM/ | WANTS FMC STAFF TO RECEIVE MORE TRAINING | | | |
| | NCR | RCH | 12-04-1991 | CLD | 12-18-1991 |
| 21565-R1 | 21AM/ | CLOSE THE CASE AND DISMISS THE UDC | | | |
| | NCR | RCH | 12-04-1991 | CLD | 12-18-1991 |
| 21169-A1 | 26BM/ | COMPLAINT AGAINST HOUSING ASSIGNMENT/REQ SING. CELL | | | |
| | BOP | RCH | 12-20-1991 | CLD | 01-24-1992 |
| 20594-A1 | 33HM/ | COMPLAINT ABOUT BP-9 PROCEDURES | | | |
| | BOP | RCH | 12-20-1991 | CLD | 01-24-1992 |
| 23175-F1 | 34ZM/ | | | | |
| | RCH | RCH | 12-24-1991 | REJ | 12-24-1991 |
| 23176-F1 | 34ZM/ | | | | |
| | RCH | RCH | 12-24-1991 | REJ | 12-24-1991 |

G0002        MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 26 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT------------------------ | | | |
|-----------|-------------|------------|----------|--------|-------------|
|           | RCV-OFC     | RCV-FACL   | DATE-RCV | STATUS | STATUS-DATE |
| 20769-A1  | 34ZM/       | COMPLAINT AGAINST STAFF MEMBER | | | |
|           | BOP         | RCH        | 01-02-1992 | CLD  | 02-28-1992  |
| 23526-F1  | 26AS/       | COMPLAINT AGAINST MEDICAL TREATMENT BY STAFF | | | |
|           | RCH         | RCH        | 01-06-1992 | CLD  | 01-06-1992  |
| 23527-F1  | 34BS/       | COMPLAINT AGAINST MEDICAL STAFF | | | |
|           | RCH         | RCH        | 01-06-1992 | CLD  | 01-06-1992  |
| 21741-A1  | 28ZM/       | WANTS FMC STAFF TO RECEIVE MORE TRAINING | | | |
|           | BOP         | RCH        | 01-07-1992 | CLD  | 02-19-1992  |
| 21565-A1  | 21AM/       | CLOSE THE CASE AND DISMISS THE UDC | | | |
|           | BOP         | RCH        | 01-07-1992 | CLD  | 02-19-1992  |
| 23526-R1  | 26AS/       | COMPLAINT AGAINST MEDICAL TREATMENT BY STAFF | | | |
|           | NCR         | RCH        | 01-22-1992 | CLD  | 02-25-1992  |

G0002      MORE PAGES TO FOLLOW . . .

```
DEVBS          ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL          29-2005
PAGE 017           *           SANITIZED FORMAT           *        15:28:23
REMEDY-ID    SUBJ1/SUBJ2  --------------------ABSTRACT-----------------------
             RCV-OFC      RCV-FACL     DATE-RCV       STATUS    STATUS-DATE


24211-F1     13DM/        WANTS TO BE TAKEN OFF OF CIM STATUS
             RCH          RCH          01-22-1992     CLO       01-22-1992

24414-F1     16ZM/        MAIL COMPLAINT
             RCH          RCH          01-27-1992     CLD       01-27-1992

23527-R1     34BS/        COMPLAINT AGAINST MEDICAL STAFF
             NCR          RCH          01-30-1992     CLD       02-06-1992

24211-R1     13DM/        WANTS TO BE TAKEN OFF OF CIM STATUS
             NCR          RCH          02-18-1992     CLO       03-03-1992

23527-A1     34BS/        COMPLAINT AGAINST MEDICAL STAFF
             BOP          RCH          02-19-1992     CLD       03-19-1992

24414-R1     16ZM/        MAIL COMPLAINT
             NCR          RCH          02-21-1992     CLD       03-03-1992


G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 28 of 67

```
 REMEDY-ID      SUBJ1/SUBJ2  -------------------ABSTRACT----------------------
                RCV-OFC      RCV-FACL    DATE-RCV       STATUS    STATUS-DATE


25870-F1        23CM/34BM    WANTS CONFISCATED PROPERTY RETURNED/COMPL. OF STAFF
                   RCH          RCH       02-27-1992        CLD     02-27-1992

23526-A1        26AS/        COMPLAINT AGAINST MEDICAL TREATMENT BY STAFF
                   BOP          RCH       03-18-1992        CLD     05-01-1992

25870-R1        23CM/34BM    WANTS CONFISCATED PROPERTY RETURNED/COMPL. OF STAFF
                   NCR          RCH       03-20-1992        CLD     04-03-1992

24211-A1        13DM/        WANTS TO BE TAKEN OFF OF CIM STATUS
                   BOP          RCH       03-23-1992        CLG     04-24-1992

24414-A1        16ZM/        MAIL COMPLAINT
                   BOP          RCH       03-23-1992        CLD     04-24-1992

25870-A1        23CM/34BM    WANTS CONFISCATED PROPERTY RETURNED/COMPL. OF STAFF
                   BOP          RCH       04-21-1992        CLD     06-01-1992

G0002           MORE PAGES TO FOLLOW . . .
```

```
REMEDY-ID    SUBJ1/SUBJ2   -------------------ABSTRACT------------------------
             RCV-OFC       RCV-FACL      DATE-RCV      STATUS    STATUS-DATE

30736-F1     33ZM/         WANTS TO BE RELEASED IMMEDIATELY.
             RCH           RCH           06-08-1992      CLO       06-08-1992

30737-F1     34CM/         COMPLAINT AGAINST STAFF MEMBERS
             RCH           RCH           06-08-1992      CLD       06-08-1992

30736-R1     33ZM/         WANTS TO BE RELEASED IMMEDIATELY.
             NCR           RCH           07-08-1992      CLD       07-30-1992

32223-F1     25DM/25FM     WANTS HIS COIN MONEY RETURNED
             RCH           RCH           07-10-1992      CLD       07-10-1992

32225-F1     28ZM/34CM     COMPLAINT AGAINST STAFF MEMBER
             RCH           RCH           07-10-1992      CLD       07-10-1992

30737-R1     34CM/         COMPLAINT AGAINST STAFF MEMBERS
             NCR           RCH           07-16-1992      CLD       07-21-1992

G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO Document 16-3 Filed 07/14/2005 Page 30 of 67

```
DEVBS                         *          SANITIZED FORMAT              *      16:28:04
PAGE 020
REMEDY-ID     SUBJ1/SUBJ2    --------------------ABSTRACT----------------------
              RCV-OFC      RCV-FACL      DATE-RCV      STATUS     STATUS-DATE
```

| REMEDY-ID | SUBJ1/SUBJ2 | ABSTRACT | | STATUS | STATUS-DATE |
|-----------|-------------|----------|--|--------|-------------|
| | RCV-OFC | RCV-FACL | DATE-RCV | | |
| 32938-F1 | 28ZM/ | COMPLAINT HE WAS GIVEN DRUG TESTING | | | |
| | RCH | RCH | 07-27-1992 | CLD | 07-27-1992 |
| 32939-F1 | 23ZM/ | COMPLAINT OF USE OF RESTRAINTS ON MED TRIP | | | |
| | RCH | RCH | 07-27-1992 | CLD | 07-27-1992 |
| 32223-R1 | 25DM/25FM | WANTS HIS COIN MONEY RETURNED | | | |
| | NCR | RCH | 08-03-1992 | CLD | 08-18-1992 |
| 32225-R1 | 28ZM/34CM | COMPLAINT AGAINST STAFF MEMBER | | | |
| | NCR | RCH | 08-03-1992 | CLD | 08-06-1992 |
| 30736-A1 | 33ZM/ | WANTS TO BE RELEASED IMMEDIATELY. | | | |
| | BOP | RCH | 08-10-1992 | CLD | 09-18-1992 |
| 30737-A1 | 34CM/ | COMPLAINT AGAINST STAFF MEMBERS | | | |
| | BOP | RCH | 08-11-1992 | CLD | 09-18-1992 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 31 of 67

```
REMEDY-ID    SUBJ1/SUBJ2   -------------------ABSTRACT-----------------------
             RCV-OFC      RCV-FACL      DATE-RCV        STATUS      STATUS-DATE

32939-R1     23ZM/        COMPLAINT OF USE OF RESTRAINTS ON MED TRIP
             NCR          RCH           08-13-1992      CLD         08-28-1992

32938-R1     28ZM/        COMPLAINT HE WAS GIVEN DRUG TESTING
             NCR          RCH           08-18-1992      CLD         08-27-1992

32225-A1     28ZM/34CM    COMPLAINT AGAINST STAFF MEMBER
             BOP          RCH           08-20-1992      CLD         10-06-1992

34435-F1     25FM/        WANTS CHANGE IN POLICY TOWARDS INMATE MONEY
             RCH          RCH           08-27-1992      CLD         08-27-1992

32223-A1     25DM/25FM    WANTS HIS COIN MONEY RETURNED
             BOP          RCH           08-31-1992      CLD         10-14-1992

34890-F1     13ZM/34CM
             RCH          RCH           09-08-1992      REJ         09-08-1992

G0002       MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 32 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | --------------------ABSTRACT----------------------- | | | |
|-----------|-------------|---------|----------|--------|-------------|
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 34891-F1 | 15BM/34BM | | | | |
| | RCH | RCH | 09-08-1992 | REJ | 09-08-1992 |
| 32938-A1 | 28ZM/ | COMPLAINT HE WAS GIVEN DRUG TESTING | | | |
| | BOP | RCH | 09-10-1992 | CLD | 10-22-1992 |
| 34435-R1 | 25FM/ | WANTS CHANGE IN POLICY TOWARDS INMATE MONEY | | | |
| | NCR | RCH | 09-11-1992 | CLD | 10-02-1992 |
| 35159-F1 | 15BM/34BM | COMPLAINT OF TREE TRIMMING/COMPLAINT AGAINST STAFF | | | |
| | RCH | RCH | 09-14-1992 | CLD | 09-14-1992 |
| 35514-F1 | 13ZM/34CM | COMPLAINT AGAINST TOWN HALL/COMPLAINT AGAINST STAFF | | | |
| | RCH | RCH | 09-21-1992 | CLD | 09-21-1992 |
| 32939-A1 | 23ZM/ | COMPLAINT OF USE OF RESTRAINTS ON MED TRIP | | | |
| | BOP | RCH | 09-29-1992 | CLD | 11-24-1992 |

G0002     MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 33 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | | | | |
|---|---|---|---|---|---|
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| | | | ABSTRACT | | |
| 35159-R1 | 15BM/34BM | COMPLAINT OF TREE TRIMMING/COMPLAINT AGAINST STAFF | | | |
| | NCR | RCH | 10-01-1992 | CLO | 10-14-1992 |
| 35514-R1 | 13ZM/34CM | COMPLAINT AGAINST TOWN HALL/COMPLAINT AGAINST STAFF | | | |
| | NCR | RCH | 10-08-1992 | CLD | 10-15-1992 |
| 34435-A1 | 25FM/ | WANTS CHANGE IN POLICY TOWARDS INMATE MONEY | | | |
| | BOP | RCH | 10-16-1992 | CLG | 12-28-1992 |
| 36943-F1 | 25DM/ | TERMINATE OFFICER | | | |
| | RCH | RCH | 10-20-1992 | CLD | 10-20-1992 |
| 35514-A1 | 13ZM/34CM | COMPLAINT AGAINST TOWN HALL/COMPLAINT AGAINST STAFF | | | |
| | BOP | RCH | 10-27-1992 | CLD | 12-11-1992 |
| 35159-A1 | 15BM/34BM | COMPLAINT OF TREE TRIMMING/COMPLAINT AGAINST STAFF | | | |
| | BOP | RCH | 10-27-1992 | CLD | 12-29-1992 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40008-GAO   Document 16-3   Filed 07/14/2005   Page 34 of 67

```
REMEDY-ID       SUBJ1/SUBJ2   --------------------ABSTRACT------------------------
                RCV-OFC       RCV-FACL     DATE-RCV       STATUS     STATUS-DATE


36943-R1        25DM/         STAFF CONCERNS -- REQUESTS TERMINATION OF OFFICER
                NCR           RCH          11-09-1992     CLD        11-24-1992

38521-F1        25ZM/         COMPLAINT OF PASS SYSTEM
                RCH           RCH          11-20-1992     CLD        11-20-1992

38522-F1        26BM/34AM     MEDICAL INDIFFERENCE/MALPRACTICE/STAFF COMPLAINT
                RCH           RCH          11-20-1992     CLD        11-20-1992

36943-A1        25DM/         STAFF CONCERNS -- REQUESTS TERMINATION OF OFFICER
                BOP           RCH          12-07-1992     CLD        02-02-1993

38521-A1        25ZM/         COMPLAINT OF PASS SYSTEM
                BOP           SPG          12-11-1992     REJ        12-11-1992

38522-R1        26BM/34AM     MEDICAL INDIFFERENCE/MALPRACTICE/STAFF COMPLAINT
                NCR           SPG          12-31-1992     CLD        01-25-1993
```

G0002        MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 35 of 67

ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL
SANITIZED FORMAT

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT---------------------- | | |
|-----------|-------------|-------------------------------------------------|--------|-------------|
|           | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 38521-R1 | 25ZM/ | COMPLAINT OF PASS SYSTEM | | | |
|          | NCR | SPG | 01-08-1993 | CLD | 02-03-1993 |
| 41524-F1 | 28ZM/ | VARIOUS MENTAL HEALTH TREATMENT COMPLAINTS | | | |
|          | SPG | SPG | 01-22-1993 | CLD | 02-03-1993 |
| 41524-R1 | 28ZM/ | VARIOUS MENTAL HEALTH TREATMENT COMPLAINTS | | | |
|          | NCR | SPG | 02-12-1993 | CLD | 03-05-1993 |
| 38522-A1 | 26BM/34AM | MEDICAL INDIFFERENCE/MALPRACTICE/STAFF COMPLAINT | | | |
|          | BOP | SPG | 02-18-1993 | CLD | 02-18-1993 |
| 41524-A1 | 28ZM/ | VARIOUS MENTAL HEALTH TREATMENT COMPLAINTS | | | |
|          | BOP | SPG | 03-22-1993 | CLD | 05-18-1993 |
| 38521-A2 | 25ZM/ | COMPLAINT OF PASS SYSTEM | | | |
|          | BOP | SPG | 03-29-1993 | REJ | 03-29-1993 |

G0002     MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 15-3   Filed 07/14/2005   Page 36 of 67

```
 REMEDY-ID     SUBJ1/SUBJ2   -------------------ABSTRACT----------------------
               RCV-OFC      RCV-FACL     DATE-RCV        STATUS      STATUS-DATE


46675-F1       13HM/        COMPLAINS OF MOVING TO 2ND FLOOR
               SPG          SPG          04-28-1993      REJ         04-30-1993

48183-F1       34AM/        COMPLAINS OF UNPROFESSIONAL CONDUCT BY OFFICER
               SPG          SPG          06-01-1993      CLD         06-14-1993

49076-F1       14ZM/        COMPLAINS OF TV OFFENDING RELIGIOUS BELIEFS
               SPG          SPG          06-17-1993      CLG         06-29-1993

49079-F1       33ZM/        COMPLAINS OF ADMINSTRATIVE REMEDY PROCEDURE
               SPG          SPG          06-17-1993      CLD         07-02-1993

49080-F1       26BM/        COMPLAIN OF DOCTORS CARE
               SPG          SPG          06-17-1993      REJ         06-18-1993

48183-R1       34AM/        COMPLAINS OF UNPROFESSIONAL CONDUCT BY OFFICER
               NCR          SPG          06-21-1993      CLD         06-29-1993

G0002          MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 37 of 67

```
 REMEDY-ID    SUBJ1/SUBJ2  -------------------ABSTRACT----------------------
              RCV-OFC    RCV-FACL     DATE-RCV      STATUS     STATUS-DATE

49404-F1     33HM/       COMPLAINS OF BP-9 REJECTION
              SPG         SPG       06-24-1993      REJ        06-25-1993

49079-R1     33ZM/       COMPLAINS OF ADMINSTRATIVE REMEDY PROCEDURE
              NCR         SPG       07-09-1993      CLD        07-26-1993

49076-R1     14ZM/       COMPLAINS OF TV OFFENDING RELIGIOUS BELIEFS
              NCR         SPG       07-12-1993      CLD        08-06-1993

50425-F1     16BM/       MAIL BEING INTERFERRED WITH, CHK NOT DEPOSITED, ETC.
              SPG         SPG       07-15-1993      CLD        07-23-1993

50465-F1     25DM/34ZM   OFFICER THREW ITEM OF PERS PROP AWAY IN RETALIATION
              SPG         SPG       07-15-1993      REJ        07-16-1993

50524-F1     33HM/       COMPLAINS OF REJECTION OF BP-9
              SPG         SPG       07-15-1993      REJ        07-19-1993

G0002     MORE PAGES TO FOLLOW . . .
```

| REMEDY-ID | SUBJ1/SUBJ2 | -------------------ABSTRACT------------------------ | | |
|-----------|-------------|--------|--------|--------|
|           | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 50466-F1 | 34BM/ | OFFICER IS HARASSING HIM | | |
|          | SPG | SPG | 07-16-1993 | CLD | 08-02-1993 |
| 48183-A1 | 34AM/ | COMPLAINS OF UNPROFESSIONAL CONDUCT BY OFFICER | | |
|          | BOP | SPG | 07-28-1993 | CLD | 08-27-1993 |
| 49079-A1 | 33ZM/ | COMPLAINS OF ADMINSTRATIVE REMEDY PROCEDURE | | |
|          | BOP | SPG | 08-10-1993 | CLD | 08-10-1993 |
| 50425-R1 | 16BM/ | MAIL BEING INTERFERRED WITH, CHK NOT DEPOSITED, ETC. | | |
|          | NCR | SPG | 08-17-1993 | CLD | 09-14-1993 |
| 50466-R1 | 34BM/ | OFFICER IS HARASSING HIM | | |
|          | NCR | SPG | 08-18-1993 | CLD | 08-25-1993 |
| 49076-A1 | 14ZM/ | COMPLAINS OF TV OFFENDING RELIGIOUS BELIEFS | | |
|          | BOP | SPG | 08-24-1993 | CLD | 09-23-1993 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 39 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | | | | |
|-----------|-------------|----------|----------|--------|-------------|
|           | RCV-OFC     | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 52860-F1  | 34AM/       | COMPLAINS OF INAPPROPRIATE CONDUCT BY OFFICER | | | |
|           | SPG         | SPG      | 08-31-1993 | CLD  | 09-23-1993  |
| 52861-F1  | 34AM/       | COMPLAINS OF INAPPROPRIATE CONDUCT BY STAFF | | | |
|           | SPG         | SPG      | 09-01-1993 | REJ  | 09-01-1993  |
| 52861-F2  | 34AM/       | COMPLAINS OF INAPPROPRIATE CONDUCT BY STAFF | | | |
|           | SPG         | SPG      | 09-07-1993 | CLD  | 09-21-1993  |
| 50425-A1  | 16BM/       | MAIL BEING INTERFERRED WITH, CHK NOT DEPOSITED, ETC. | | | |
|           | BOP         | SPG      | 09-24-1993 | CLD  | 10-08-1993  |
| 52861-R1  | 34AM/       | COMPLAINS OF INAPPROPRIATE CONDUCT BY STAFF | | | |
|           | NCR         | SPG      | 09-28-1993 | CLD  | 10-20-1993  |
| 52860-R1  | 34AM/       | COMPLAINS OF INAPPROPRIATE CONDUCT BY OFFICER | | | |
|           | NCR         | SPG      | 09-28-1993 | CLO  | 10-05-1993  |

G0002        MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 168   Filed 07/18/2005   Page 40 of 67

```
DEVBS                            *  ADMINISTRATIVE REMEDY GENERAL RETRIEVAL  *        06-29-2005
PAGE 030                         *            SANITIZED FORMAT               *        16:28:04
REMEDY-ID    SUBJ1/SUBJ2   --------------------ABSTRACT------------------------
             RCV-OFC       RCV-FACL      DATE-RCV        STATUS       STATUS-DATE

52860-A1     34AM/         COMPLAINS OF INAPPROPRIATE CONDUCT BY OFFICER
             BOP           SPG           10-19-1993      CLD          11-15-1993

55826-R1     20DM/         DHO APPEALS
             NCR           SPG           10-28-1993      REJ          10-28-1993

52861-A1     34AM/         COMPLAINS OF INAPPROPRIATE CONDUCT BY STAFF
             BOP           SPG           11-08-1993      CLD          12-03-1993

56726-R1     20DM/         DHO APPEAL
             NCR           SPG           11-15-1993      REJ          11-15-1993

58463-F1     22CM/         COMPLAINS OF OFFICERS PLAYING TV TOO LOUD IN SEG
             SPG           SPG           12-21-1993      CLD          01-05-1994

58510-F1     22CM/         ALLEGES INDIFFERENCE OF OFFICER ABOUT SEG CONDITIONS
             SPG           SPG           12-21-1993      CLD          01-05-1994

G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 41 of 67

```
REMEDY-ID      SUBJ1/SUBJ2   -------------------ABSTRACT----------------------
               RCV-OFC       RCV-FACL      DATE-RCV       STATUS    STATUS-DATE


56726-R2       20DM/         DHO APPEAL (10/20/93 -- 203)
               NCR            SPG          12-29-1993     CLD       01-25-1994

58768-R1       20DM/         DHO APPEAL (10/20/93 --224 )
               NCR            SPG          12-29-1993     REJ       12-29-1993

59413-F1       17AM/         COMPLAINS OF OFFICER NOT ALLOWING PHONE CALLS
               SPG            SPG          01-11-1994     CLD       01-21-1994

59422-R1       34AM/         STAFF HARASSMENT COMPLAINT
               NCR            SPG          01-11-1994     REJ       01-11-1994

58510-R1       22CM/         ALLEGES INDIFFERENCE OF OFFICER ABOUT SEG CONDITIONS
               NCR            SPG          01-20-1994     CLD       02-07-1994

58463-R1       22CM/         COMPLAINS OF OFFICERS PLAYING TV TOO LOUD IN SEG
               NCR            SPG          01-20-1994     CLD       02-03-1994

G0002      MORE PAGES TO FOLLOW . . .
```

```
  REMEDY-ID      SUBJ1/SUBJ2   --------------------ABSTRACT-----------------------
                 RCV-OFC       RCV-FACL      DATE-RCV      STATUS     STATUS-DATE


  59413-R1       17AM/         COMPLAINS OF OFFICER NOT ALLOWING PHONE CALLS
                 NCR           SPG           01-28-1994    CLD        02-15-1994

  58768-R2       20DM/         DHO APPEAL (10/20/93 --224 )
                 NCR           SPG           01-28-1994    CLD        02-10-1994

  60551-F1       34ZM/         ALLEGES OFFICER NOT GIVING HIM FOOD TRAYS
                 SPG           SPG           01-31-1994    CLD        02-14-1994

  61291-F1       33EM/         ALLEGES LEGAL PHONE CALL MONITORED AND CUT OFF
                 SPG           SPG           02-14-1994    CLD        02-25-1994

  61411-F1       34BM/         ALLEGES HARRASSED BY OFFICERS
                 SPG           SPG           02-15-1994    CLO        02-28-1994

  60551-R1       34ZM/         ALLEGES OFFICER NOT GIVING HIM FOOD TRAYS
                 NCR           BUT           02-24-1994    CLD        03-11-1994

  G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 43 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | -----------------ABSTRACT----------------------- | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
|-----------|-------------|----------|----------|--------|-------------|
| 58463-A1 | 22CM/ | COMPLAINS OF OFFICERS PLAYING TV TOO LOUD IN SEG | | | |
| | BOP | BUT | 02-28-1994 | CLD | 03-11-1994 |
| 58768-A1 | 20DM/ | DHO APPEAL (10/20/93 --224 ) | | | |
| | BOP | BUT | 02-28-1994 | CLD | 03-18-1994 |
| 58510-A1 | 22CM/ | ALLEGES INDIFFERENCE OF OFFICER ABOUT SEG CONDITIONS | | | |
| | BOP | BUT | 03-04-1994 | CLD | 03-14-1994 |
| 56726-A1 | 20DM/ | DHO APPEAL (10/20/93 -- 203) | | | |
| | BOP | BUT | 03-08-1994 | REJ | 03-08-1994 |
| 61291-R1 | 33EM/ | ALLEGES LEGAL PHONE CALL MONITORED AND CUT OFF | | | |
| | NCR | BUT | 03-14-1994 | CLD | 03-22-1994 |
| 61411-R1 | 34BM/ | ALLEGES HARRASSED BY OFFICERS | | | |
| | NCR | BUT | 03-21-1994 | CLD | 03-28-1994 |

G0002      MORE PAGES TO FOLLOW . . .

*ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *
SANITIZED FORMAT

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 44 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT------------------------ | | |
|-----------|-------------|------------|------------|------------|
|           | RCV-OFC     | RCV-FACL   | DATE-RCV   | STATUS     | STATUS-DATE |
| 63716-F1  | 25GM/<br>BUT | PHOTOCOPY REQUEST – COST<br>BUT | 03-28-1994 | CLD | 03-28-1994 |
| 60551-A1  | 34ZM/<br>BOP | ALLEGES OFFICER NOT GIVING HIM FOOD TRAYS<br>BUT | 04-07-1994 | CLD | 04-11-1994 |
| 63716-R1  | 25GM/<br>MXR | PHOTOCOPY REQUEST – COST<br>BUT | 04-18-1994 | CLD | 05-16-1994 |
| 56726-A2  | 20DM/<br>BOP | DHO APPEAL (10/20/93 -- 203)<br>BUT | 04-18-1994 | REJ | 04-18-1994 |
| 61411-A1  | 34BM/<br>BOP | ALLEGES HARRASSED BY OFFICERS<br>BUT | 04-18-1994 | CLD | 04-19-1994 |
| 59413-A1  | 17AM/<br>BOP | COMPLAINS OF OFFICER NOT ALLOWING PHONE CALLS<br>BUT | 04-19-1994 | CLD | 04-29-1994 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40063-GAO Document 18-3 Filed 07/14/2005 Page 45 of 67

| REMEDY-ID | SUBJ1/SUBJ2 / RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
|-----------|----------------------|----------|----------|--------|-------------|
| 61291-A1 | 33EM/ BOP | ALLEGES LEGAL PHONE CALL MONITORED AND CUT OFF BUT 05-13-1994 | | CLD | 06-08-1994 |
| 63716-A1 | 25GM/ BOP | PHOTOCOPY REQUEST - COST BUT 06-06-1994 | | CLD | 06-29-1994 |
| 70230-F1 | 34AM/ BUT | UNPROFESSIONAL, INAPPROPRIATE CONDUCT BY STAFF BUT 07-19-1994 | | CLD | 07-19-1994 |
| 70230-R1 | 34AM/ MXR | UNPROFESSIONAL, INAPPROPRIATE CONDUCT BY STAFF BUT 08-08-1994 | | CLD | 08-30-1994 |
| 70230-A1 | 34AM/ BOP | UNPROFESSIONAL, INAPPROPRIATE CONDUCT BY STAFF BUT 09-09-1994 | | CLD | 09-23-1994 |
| 73824-F1 | 28AM/ BUT | PSYCHOTROPIC MEDICATIONS BUT 09-22-1994 | | CLD | 09-22-1994 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO    Document 16-3    Filed 07/14/2005    Page 46 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT------------------------ | | | |
|-----------|-------------|-----------|----------|--------|-------------|
|           | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 73824-R1 | 28AM/ | PSYCHOTROPIC MEDICATIONS | | | |
|          | MXR | BUT | 10-17-1994 | CLD | 11-16-1994 |
| 76231-F1 | 28AM/ | PSYCHOTROPIC MEDICATIONS | | | |
|          | BUT | BUT | 11-04-1994 | CLD | 11-04-1994 |
| 76782-F1 | 10ZM/ | TRANSFER - RELOCATION | | | |
|          | BUT | BUT | 11-16-1994 | CLD | 11-16-1994 |
| 73824-A1 | 28AM/ | PSYCHOTROPIC MEDICATIONS-FORCED | | | |
|          | BOP | BUT | 11-28-1994 | CLD | 12-28-1994 |
| 76231-R1 | 28AM/ | PSYCHOTROPIC MEDICATIONS | | | |
|          | MXR | BUT | 12-02-1994 | CLD | 12-29-1994 |
| 76782-R1 | 10ZM/ | TRANSFER - RELOCATION | | | |
|          | MXR | BUT | 12-05-1994 | CLD | 01-04-1995 |

G0002      MORE PAGES TO FOLLOW . . .

Case 4:05-cv-40003-GAO   Document 16-3   Filed 07/14/2005   Page 47 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT------------------------ | | |
|-----------|-------------|-------------|----------|-------------|
|           | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |

| 76231-A1 | 28AM/ | PSYCHOTROPIC MEDICATIONS | | | |
|           | BOP | BUT | 01-10-1995 | CLD | 02-06-1995 |

| 76782-A1 | 10ZM/ | TRANSFER - RELOCATION | | | |
|           | BOP | BUT | 01-17-1995 | CLD | 01-23-1995 |

| 82862-F1 | 13AM/ | DOES NOT WISH TO ATTEND TEAM MEETINGS | | | |
|           | BUT | BUT | 03-10-1995 | CLD | 03-29-1995 |

| 82862-R1 | 13AM/ | DOES NOT WISH TO ATTEND TEAM MEETINGS | | | |
|           | MXR | BUT | 04-05-1995 | CLD | 05-04-1995 |

| 86301-F1 | 26ZM/ | OTHER MEDICAL MATTERS-NO URINE TESTING/ON MEDICATION | | | |
|           | BUT | BUT | 05-11-1995 | CLD | 06-01-1995 |

| 82862-A1 | 13AM/ | DOES NOT WISH TO ATTEND TEAM MEETINGS | | | |
|           | BOP | BUT | 05-17-1995 | CLD | 06-14-1995 |

G0002      MORE PAGES TO FOLLOW . . .

```
  DEVBS        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      06-29-2005
PAGE 038      Case 4:05-cv-40003-GAO  SANITIZED FORMAT  Filed 07/14/2005   Page 48 of 67 :04
 REMEDY-ID     SUBJ1/SUBJ2   ------------------ABSTRACT-----------------------
               RCV-OFC       RCV-FACL      DATE-RCV      STATUS      STATUS-DATE
```

```
87214-F1      28ZM/        OTHER MENTAL HEALTH MATTERS - RELEASE
              BUT          BUT          05-25-1995      CLD        06-23-1995

86301-R1      26ZM/        OTHER MEDICAL MATTERS-NO URINE TESTING/ON MEDICATION
              MXR          BUT          06-12-1995      CLD        07-11-1995

87214-R1      15BM/        RELIGIOUS BELIEFS
              MXR          BUT          06-21-1995      CLD        07-18-1995

86301-A1      26ZM/        OTHER MEDICAL MATTERS-NO URINE TESTING/ON MEDICATION
              BOP          BUT          07-21-1995      CLD        08-21-1995

87214-A1      15BM/        RELIGIOUS BELIEFS
              BOP          BUT          07-31-1995      CLD        08-03-1995

152529-F1     34ZM/        OTHER COMPLAINT AGNST STAFF-ANTI-WHITE RACISM
              BUT          BUT          02-13-1998      CLD        03-02-1998

G0002         MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 58   Filed 07/14/2005   Page 49 of 67

```
 REMEDY-ID      SUBJ1/SUBJ2    --------------------ABSTRACT------------------------
                RCV-OFC     RCV-FACL      DATE-RCV        STATUS       STATUS-DATE

264019-F1      34CM/       CLAIMS DISC. DUE TO DOORS LOCKED DURING COUNT
               BUH           BUH        04-01-2002         CLD        04-16-2002

264019-R1      34CM/       CLAIMS DISC. DUE TO DOORS LOCKED DURING COUNT
               MXR           BUH        04-25-2002         CLD        05-01-2002

267518-F1      15ZM/       CHALLENGING URINALYSIS PROGRAM STATMENT
               BUH           BUH        05-10-2002         CLD        05-21-2002

269429-F1      32ZM/       FEELS HE SHOULD NOT BE IN FEDERAL CONFINEMENT
               BUH           BUH        06-05-2002         CLD        06-19-2002

267518-A1      15ZM/       CHALLENGING URINALYSIS PROGRAM STATMENT
               BOP           BUH        06-10-2002         REJ        06-10-2002

269429-R1      32ZM/       FEELS HE SHOULD NOT BE IN FEDERAL CONFINEMENT
               MXR           BUH        07-01-2002         CLD        07-24-2002

G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40003-GAO   Document 163-3   Filed 07/14/2005   Page 50 of 67

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT------------------- | | |
|-----------|-------------|-------------|--------|-------------|
|           | RCV-OFC     | RCV-FACL    | DATE-RCV | STATUS | STATUS-DATE |
| 267518-R1 | 15ZM/       | CHALLENGING URINALYSIS PROGRAM STATMENT | | |
|           | MXR         | BUH         | 07-12-2002 | CLD | 08-07-2002 |
| 269429-A1 | 32ZM/       | FEELS HE SHOULD NOT BE IN FEDERAL CONFINEMENT | | |
|           | BOP         | BUH         | 08-06-2002 | CLD | 09-27-2002 |
| 267518-A2 | 15ZM/       | CHALLENGING URINALYSIS PROGRAM STATMENT | | |
|           | BOP         | BUH         | 09-04-2002 | CLD | 10-25-2002 |
| 279269-F1 | 13HM/       | WANTS ROOMMATE OF SAME RACE AND ADEQUATE SCREENING | | |
|           | BUH         | BUH         | 10-01-2002 | CLD | 11-08-2002 |
| 281333-F1 | 33ZM/       | I/M STATES POLICY/PROCEDURES DO NOT APPLY TO HIM | | |
|           | BUH         | BUH         | 10-21-2002 | CLD | 11-22-2002 |
| 279269-R1 | 13HM/       | WANTS ROOMMATE OF SAME RACE AND ADEQUATE SCREENING | | |
|           | MXR         | BUH         | 11-22-2002 | CLD | 12-11-2002 |

G0002       MORE PAGES TO FOLLOW . . .

| REMEDY-ID | SUBJ1/SUBJ2 | -------------------ABSTRACT---------------------- | | | |
|-----------|-------------|------------|----------|--------|-------------|
|           | RCV-OFC     | RCV-FACL   | DATE-RCV | STATUS | STATUS-DATE |
| 281333-R1 | 33ZM/<br>MXR | I/M STATES POLICY/PROCEDURES DO NOT APPLY TO HIM<br>BUH     12-17-2002     CLD     01-08-2003 | | | |
| 288116-F1 | 26ZM/<br>BUH | IMPROPER/INADEQUATE TREATMENT TEAM PROCEDURES<br>BUH     01-15-2003     CLD     02-06-2003 | | | |
| 281333-A1 | 33ZM/<br>BOP | I/M STATES POLICY/PROCEDURES DO NOT APPLY TO HIM<br>BUH     01-22-2003     REJ     01-22-2003 | | | |
| 279269-A1 | 13HM/<br>BOP | WANTS ROOMMATE OF SAME RACE AND ADEQUATE SCREENING<br>BUH     01-23-2003     REJ     01-23-2003 | | | |
| 288116-A1 | 26ZM/<br>BOP | IMPROPER/INADEQUATE TREATMENT TEAM PROCEDURES<br>BUH     03-31-2003     REJ     03-31-2003 | | | |
| 288116-R1 | 26ZM/<br>MXR | IMPROPER/INADEQUATE TREATMENT TEAM PROCEDURES<br>BUH     04-28-2003     CLD     05-14-2003 | | | |

G0002      MORE PAGES TO FOLLOW . . .

| REMEDY-ID | SUBJ1/SUBJ2 | --------------------ABSTRACT---------------------- | | | |
|-----------|-------------|----------|----------|--------|-------------|
|           | RCV-OFC     | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 298364-F1 | 34CM/ | | DISCRIMINATION IN ROOM ASSIGNMENTS | | |
|           | BUH   | BUH | 05-07-2003 | CLD | 05-30-2003 |
| 298364-R1 | 34CM/ | | DISCRIMINATION IN ROOM ASSIGNMENTS | | |
|           | MXR   | BUH | 06-13-2003 | CLD | 07-02-2003 |
| 288116-A2 | 26ZM/ | | IMPROPER/INADEQUATE TREATMENT TEAM PROCEDURES | | |
|           | BOP   | BUH | 07-18-2003 | CLO | 08-20-2003 |
| 298364-A1 | 34CM/ | | DISCRIMINATION IN ROOM ASSIGNMENTS | | |
|           | BOP   | BUH | 07-24-2003 | REJ | 07-24-2003 |
| 298364-A2 | 34CM/ | | DISCRIMINATION IN ROOM ASSIGNMENTS | | |
|           | BOP   | BUH | 08-19-2003 | CLD | 10-07-2003 |
| 366680-F1 | 21AM/ | APPEAL UDC DECISION | | | |
|           | DEV   | DEV | 02-09-2005 | CLD | 03-24-2005 |

G0002      MORE PAGES TO FOLLOW . . .

```
   DEVBS              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *       06-29-2005
PAGE 043 OF 043 *                    SANITIZED FORMAT              *       16:28:04
  REMEDY-ID      SUBJ1/SUBJ2    ------------------ABSTRACT-----------------------
                   RCV-OFC     RCV-FACL      DATE-RCV      STATUS      STATUS-DATE
```

```
372782-F1        16DM/       MAIL ISSUES
                   DEV          DEV       04-08-2005        CLD       04-22-2005

373314-F1        25FM/       FAILURE TO SEND COURT ORDERED $ FROM ACCT
                   DEV          DEV       04-08-2005        CLD       06-29-2005

372762-F1        16ZM/       MAIL INTERFERENCE - NOTIFY COURT
                   DEV          DEV       04-12-2005        REJ       04-12-2005

366680-R1        21AM/       APPEALS 02-03-05 UDC HEARING, CODE 306
                   NER          DEV       04-13-2005        CLD       05-12-2005

366680-A1        21AM/       APPEALS 02-03-05 UDC HEARING, CODE 306
                   BOP          DEV       06-01-2005        ACC       06-07-2005
```

```
                   251 REMEDY SUBMISSION(S) SELECTED
   G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT 2

Westlaw.

79 Fed.Appx. 606, 2003 WL 22462704 (4th Cir.(N.C.))

**(Cite as: 79 Fed.Appx. 606, 2003 WL 22462704 (4th Cir.(N.C.)))**

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.
Coy Ray **PHELPS**, Plaintiff-Appellant,
v.
John ASHCROFT; Kathleen Hawk-Sawyer,
Defendants-Appellees.
**No. 03-7087.**

Submitted Oct. 23, 2003.
Decided Oct. 31, 2003.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-03-461-5-H).

Coy Ray **Phelps**, Appellant Pro Se.

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

**\*\*1 Coy Phelps** appeals the district court's orders dismissing his complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

*Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as frivolous. *See* 28 U.S.C. § 1915A(b)( *1* ) (2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See* **Phelps** *v. Ashcroft,* No. CA-03-461-5-H (E.D.N.C. July 7, 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

79 Fed.Appx. 606, 2003 WL 22462704 (4th Cir.(N.C.))

**Briefs and Other Related Documents (Back to top)**

• 03-7087 (Docket)

(Jul. 18, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 3**

Westlaw.

Not Reported in F.Supp.2d

Page 1

2002 WL 32395568 (E.D.N.C.)

**(Cite as: 2002 WL 32395568 (E.D.N.C.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. North Carolina.
**Coy PHELPS, Petitioner,**
v.
Art BEELER, Respondent.
**No. 5:02-HC-598-BO.**

Sept. 4, 2002.
**Coy R. Phelps,** 78872-011, Butner, NC, pro se.

*ORDER*

BOYLE, Chief J.

*1 Petitioner is housed at the Federal Medical Center at Butner, North Carolina. He has filed this habeas petition pursuant to 28 U.S .C. § 2241. The matter is before the undersigned on initial review. A case is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Petitioner claims that due process should allow for involuntarily committed inmates to commit suicide and administrative procedures should be put in place to facilitate such requests. Petitioner has no such constitutional right and the case is without arguable basis in law or fact. ACCORDINGLY, this matter IS DISMISSED as FRIVOLOUS. SO ORDERED, this *30TH* day of August 2002.

2002 WL 32395568 (E.D.N.C.)

**Motions, Pleadings and Filings (Back to top)**

• 5:02HC00598 (Docket)

(Aug. 22, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 4**

Westlaw.

51 Fed.Appx. 481                                                                                      Page 1

51 Fed.Appx. 481, 2002 WL 31720621 (4th Cir.(N.C.))

**(Cite as: 51 Fed.Appx. 481, 2002 WL 31720621 (4th Cir.(N.C.)))**

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.
**Coy Ray PHELPS**, Petitioner-Appellant,
v.
Art BEELER, Respondent-Appellee.
**No. 02-7586.**

Submitted Nov. 21, 2002.
Decided Dec. 4, 2002.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CA-02-598- 5-BO).

**Coy Ray Phelps,** Appellant Pro Se.

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

**\*\*1 Coy Ray Phelps** appeals the district court's order denying relief on his 28 U.S.C. § 2241 (2000) petition. We have reviewed the record and the district court's opinion and find no reversible error.

Accordingly, we affirm on the reasoning of the district court. *See* **Phelps** *v. Beeler,* No. CA-02-598-5-BO (E.D.N.C. filed Sept. 4, 2002 & entered Sept. 5, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

51 Fed.Appx. 481, 2002 WL 31720621 (4th Cir.(N.C.))

**Briefs and Other Related Documents (Back to top)**

• 02-7586 (Docket)

(Oct. 24, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 5**

Westlaw.

Not Reported in F.Supp.2d

2003 WL 23857318 (E.D.N.C.)

(Cite as: 2003 WL 23857318 (E.D.N.C.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. North Carolina.
**Coy PHELPS, Plaintiff,**
v.
John ASHCROFT and Kathleen Hawk-Sawyer,
Defendants.
**No. 5:03-CT-461-H.**

July 2, 2003.
Coy R. **Phelps,** Butner, NC, Plaintiff Pro Se.

*ORDER*

HOWARD, J.

*1 Plaintiff, an inmate at the Federal Medical Center in Butner, North Carolina (FMC-Butner), filed this as a *Bivens* [FN1] action alleging a violation of his constitutional rights. This matter is before the court for a frivolity review pursuant to 28 U.S.C. § 1915A. A claim having no arguable basis in law or in fact may be dismissed as frivolous. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

> FN1. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

This is one of a number of cases filed by Petitioner against the same Defendants challenging the constitutionality of his confinement. In the current complaint, Plaintiff claims that the statues under which he is committed, 18 U.S.C. § 4243 and 18

U.S.C. § 4247, only allow for state confinement, not federal confinement. He therefore claims that his custody under authority of the Bureau of Prisons violates the Fourth, Fifth, Eighth, and Ninth Amendments of the Constitution.

Although couched in different language, Plaintiff's complaint, challenging the constitutionality of his confinement, is the same as that presented and disposed of in previous cases, including *Phelps v. Beeler,* 5:02-CT-501-H, which was affirmed by the Fourth Circuit Court of Appeals in an unpublished opinion, 51 Fed.Appx. 474, 2002 WL 31720227(4th Cir.), and his petition for a writ of certiorari was subsequently denied by the United States Supreme Court in 123 S.Ct. 1709(2003). Because the substance of Plaintiff's claim, the constitutionality of his confinement, was previously addressed, and because his construction of the aforementioned statutes is misplaced, this action is hereby DISMISSED as frivolous.

SO ORDERED.

2003 WL 23857318 (E.D.N.C.)

**Motions, Pleadings and Filings (Back to top)**

• 5:03CT00461 (Docket)
(Jun. 13, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 6**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

COY PHELPS,                              :
            Plaintiff,            :
                              :

   v.                                    : Civil Action No. 05-40003
                              :

DAVID WINN, ET. AL.,                     :
            Defendants.          :

---

### DECLARATION OF PAUL HARVEY, MD

I, Paul Harvey, MD,  hereby declare and state as follows:

1.    I am assigned as the Chief of Mental Health in the Federal Bureau of Prisons at the Federal Medical Center (FMC) Devens, Massachusetts, and have held this position at all times relevant to this complaint.

2.    I am an employee of the Commissioned Corps of United States Public Health Service.  I have been assigned as a Medical Officer and Chief of Mental Health in Federal Bureau of Prisons' institutions since approximately October 11, 1999.  I have been assigned to FMC Devens since September 5, 2004.  See attached Orders.

3.    On or about April 13, 2005, I was served with a copy of the complaint and summons by a Deputy Sheriff of Middlesex County in Massachusetts.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this _24th_ day of June, 2005.

                                        Paul Harvey, MD
                                        Chief of Mental Health
                                        Federal Bureau of Prisons
                                        Federal Medical Center
                                        Devens, Massachusetts

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
5600 FISHERS LANE, ROCKVILLE, MD., 20857

PERSONNEL ORDER NUMBER 4177.020                              06-25-04
TRANSFER                          EFF: 09-05-04    NOA: 7215

HARVEY, PAUL T.                   PHS#: 66917
FEDERAL CORRECTIONAL INST.        SSAN: 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
PO BOX 9999              HLTH SVC U
MILAN       MI 48160

PERM GRADE: O-4   SURGEON
TEMP GRADE: O-5 (COMMANDER) SENIOR SURGEON
CATEGORY: MEDICAL                      CORPS: RESERVE ACTIVE

OFFICE OF OPERATIONS & MANAGEMENT, DETAILED TO BPMP, PRISON HEALTH
SERVICES REG 5, HOSPITAL, FEDERAL CORRECTIONAL INSTITUTION, MILAN, MI
DATE ASSIGNED NEW ORGANIZATION: 09-05-04
REPORT TO NEW DUTY STATION NOT LATER THAN 0900 HOURS ON 09-07-04
NEW ORGANIZATION:
OFFICE OF OPERATIONS & MANAGEMENT, PRISON HEALTH SERV, DETAILED TO BPMP,
PHS REGION 1, FEDERAL MEDICAL CENTER (DEVENS), AYER, MA
NEW ADMINISTRATIVE CODE: RC36A105
NEW STATION:
        FEDERAL MEDICAL CENTER           MS: HLTH SVC U
        P.O. BOX 880, AYER, MA 01432
GEOGRAPHIC CODE: 250060017
BDN: 01CC067  TITLE: CHIEF, DEPARTMENT

OLD CAN(PAY): 41990395

CAN(PAY): 41990563      ACCT PT(PAY): 30      D/A#: 92583
CAN(TVL): 41990563      ACCT PT(TVL): 30

JOINT FEDERAL TRAVEL REGULATIONS; TRAVEL DIRECTED AS NECESSARY
TRAVEL/RELOCATION INFORMATION AT: HTTP://DCP.PSC.GOV/TRAVEL/TRAVEL1.ASP
PERMANENT CHANGE OF STATION
PRIVATELY OWNED CONVEYANCE IS AUTHORIZED
DISLOCATION ALLOWANCE AUTHORIZED

DETAILED UNDER PROVISIONS OF SEC. 214(A) OF THE PHS ACT.
FOR MEDICAL CARE ACCESS PLEASE CALL (800) 368-2777

OFFICIAL    _Denise S. Canton_        BY DIRECTION OF THE SURGEON GENERAL


DIRECTOR
  OFFICE OF COMMISSIONED CORPS OPERATIONS

**EXHIBIT 7**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

|                          |   |                             |
|--------------------------|---|-----------------------------|
| COY PHELPS,              | : |                             |
|             Plaintiff,   | : |                             |
|                          | : |                             |
|   v.                     | : | Civil Action No. 05-40003   |
|                          | : |                             |
| DAVID WINN, ET. AL.,     | : |                             |
|             Defendants.  | : |                             |

---

### DECLARATION OF SALLY THOMPSON, MD

I, Sally Thompson, hereby declare and state as follows:

1.  I am assigned as the Chief of Psychiatry in the Federal Bureau of Prisons at the Federal Medical Center (FMC) Devens, Massachusetts, and have held this position since on or about November 15, 2004.

2.  I am an employee of the Commissioned Corps of United States Public Health Service. I have been assigned as a Psychiatrist in Federal Bureau of Prisons' institutions since approximately October 1, 1998. See attached Orders.

3.  On or about March 31, 2005, I was served with a copy of the complaint and summons by a Deputy Sheriff of Middlesex County in Massachusetts.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this 24th day of June, 2005.

Sally Thompson, MD
Chief of Psychiatry
Federal Bureau of Prisons
Federal Medical Center
Devens, Massachusetts

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
5600 FISHERS LANE, ROCKVILLE, MD., 20857

```
PERSONNEL ORDER NUMBER 8257.003                                09-14-98
TRANSFER                               EFF: 10-01-98    NOA: 7211
   ***AMENDMENT***


THOMPSON, SALLY W.                     PHS#: 52640
PHS ALASKA NATIVE MED CTR              SSAN: 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
4315 DIPLOMACY DR
ANCHORAGE      AK 99508


PERM GRADE: O-5  SENIOR SURGEON
TEMP GRADE: O-6 (CAPTAIN) MEDICAL DIRECTOR
CATEGORY: MEDICAL                 CORPS: RESERVE ACTIVE


IHS, ALASKA NATIVE HEALTH AREA OFFICE, IPA PROVIDER GRP
DATE ASSIGNED NEW ORGANIZATION: 10-01-98
REPORT TO NEW DUTY STATION NOT LATER THAN 0900 HOURS ON 10-02-98
NEW ORGANIZATION:
HRSA, BPHC, OFC OF THE DIR, MDCL PRGMS,
DETAILED TO BPMP, PRISON SERVICES, BUREAU OF PRISONS, WASH, D.C.
NEW ADMINISTRATIVE CODE: HBC1-E4F2
NEW STATION:
        FED MED CTR/HLTH SVCS UNIT
        PO BOX 880, AYER, MA 01432
GEOGRAPHIC CODE: 250060017
BDN: 01HB065  TITLE: CLINICAL SPECIALTY CONSULTANT


OLD CAN(PAY): 8J596186


CAN(PAY): 93910563      ACCT PT(PAY): 30      D/A#: 92583
CAN(TVL): 93910563      ACCT PT(TVL): 30


JOINT FEDERAL TRAVEL REGULATIONS
TRAVEL DIRECTED IS NECESSARY
PERMANENT CHANGE OF STATION
DISLOCATION ALLOWANCE AUTHORIZED
AUTHORIZED SHIPMENT OF PRIVATELY OWNED AUTOMOBILE
AUTHORIZED 25 LBS. ACCOMPANIED EXCESS BAGGAGE PER PERSON
AUTHORIZED 1000 LBS. AIR FREIGHT


DETAILED UNDER PROVISIONS OF SEC. 214(A) OF THE PHS ACT.
NOA EFFECTIVE DATE AND ALL RELATED DATES ON PO 8253.011 DATED 09-10-98
ARE AMENDED AS ABOVE.



        OFFICIAL      Richard M. Taffet      BY DIRECTION OF THE SURGEON GENERAL

ACTING DIRECTOR
    DIVISION OF COMMISSIONED PERSONNEL
```