UNITED STATES DISTRICT COURT  FILED
DISTRICT OF MASSACHUSETTS  CLERKS OFFICE

COY PHELPS                    Case: _____ 2005 DEC 20  P 12: 5: ___
          Petitioner

        -v-                             U.S. DISTRICT COURT
                              MOTION TO AMEND COMPLAINT
J.COLAUTTI, et.al.
          Respondent(s)

---------------------------------------------------------------

Comes now the Petitioner in this action pursuant to Rule 15 of
the Federal Rules of Civil Procedures and moves this court to
allow him to Amend the Complaint to correct the spelling of
defendant L. Alba to L.Abril and to add as parties H. Haas and
C. Quenno.

    The amended complaint contains allegations that are related
to Cause of Action #2 in the Complaint.

    Cause of action # 2 alleges a violation of his first
amendment right by making a false disciplinary charge in
retaliation for filing thee Complaint in court. The amendment
states that he was, in fact, punished in absence of all
jurisdiction and that he was punished by Nelson and Quenno after
he had obtained permission by another staff member to exercise
his first amendment right.

    The rules of the prison require that the petitioner be
interviewed, examined, and evaluated for competency before a
disciplinary charge could be made against him. Dr, H. Haas made
a false statement stating that he had made the examination when
no interview was made, no examination took place, and no
evaluation was made.

    A copy of the Amended Complaint is attached to this Motion.

DATE: 12 /18 /2005                        In Pro Se
                              COY PHELPS  78872-011
                              FMC DEVENS
                              P.O. BOX 879
                              AYER, MASSACHUSETTS
                                        01432

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS, | CASE №: _____ 05CV40003 |
| PETITIONER | |
| — v — | |
| J. COLAUTTI, J. NELSON, L. BONSIA, | FIRST AMENDED CIVIL |
| B. SMITH, S. DARRAH, S. ANTLEY, T.E. DOYLE, | RIGHTS COMPLAINT |
| J. DOMINGUES-MAYS, L. ABRIL, S. GACHEC, | JURY TRIAL DEMANDED |
| D. WINN, H. HAAS, C. QUENNO, OFFICER | |
| MARTINES, AND OTHER UNKNOWN MEMBERS | |
| OF THE FEDERAL BUREAU OF PRISONS AT FMC- | |
| DEVENS, MASSACHUSETTS | |
| RESPONDENTS | |

I

JURISDICTION AND AUTHORITY

THIS IS A CIVIL RIGHTS COMPLAINT BROUGHT UNDER BIVENS V SIX UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF NARCOTICS, 1971, 403 US 388, 29 LEd2d 619, 91 SCT 1999.

THIS COURT ALSO HAS JURISDICTION UNDER 5 USC 700-706, 5 USC 551(el. Seq) 28 USC 1331, 18 USC 1343, 28 USC 2201-2202, 42 USC 1988, 28 USC 1292(b)(3) AND RULE 65, FEDERAL RULES OF CIVIL PROCEDURES, 28 USC 1346 -2680, 42 USC 2000cc-d Seq,

SEE PENNHURST V HALDERMAN, 1984, 451 US 1 NOTE 17 (COURTS ARE VESTED WITH THE CONSTITUTIONAL DUTY TO VINDICATE THE SUPREME COURT DECISIONS)

## II

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

THE PETITIONER (PHELPS) EXHAUSTED HIS ADMINISTRATIVES EVEN THOUGH HE IS NOT REQUIRED TO DO SO BECAUSE HE IS A CIVIL COMMITMENT AND THE PRISON LITIGATION REFORM ACT (PLRA) DOES NOT APPLY TO CIVIL COMMITMENTS (KING V GREENBLATT, DMASS 1989, 53 FS2d 117 AT 138; PAGE V TORREY, 9C 2000, 201 F3d 1136 AT 1139-1140). IN ONE REMEDY PHELPS CHALLENGED THE CONSTITUTIONALITY OF ALL THE BOP RULES, REGULATIONS, AND POLICIES AS APPLIED TO HIM AND OTHER CIVIL COMMITMENTS (REMEDY #267518). SEE TYLER V CICCONE WDMO 1969, 299 FS 689 (RULES OF BOP DO NOT APPLY TO CIVIL COMMITMENTS), IN ANOTHER REMEDY (#281333) PHELPS CHALLENGED ALL THE ACTS, ACTIONS, INACTIONS, AND OMISSIONS OF ALL THE BOP MEMBERS INCLUDING THOSE ON CONTRACT WITH THE BOP (SEE JONES V US 1983, 483 US 354 AT 369 (CIVIL COMMITMENTS CANNOT BE TREATED AS CONVICTED PRISONERS) YOUNGBERG V ROMEO, 1982, 457 US 307 (SAME). IN ANOTHER REMEDY, PHELPS CHALLENGED THE CONSTITUTIONALITY OF BEING CONFINED IN A PENAL INSTITUTION (#       ) SEE BUZYNSKI V OLIVER, 1C 1976, 538 F2d 6 AT 8 (CIVIL COMMITMENTS CANNOT BE CRIMINALLY CONFINED)

## III

## PARTIES

### PETITIONER

THE PETITIONER IN THIS ACTION IS COY PHELPS 78872-011 AND HAS A MAILING ADDRESS OF: FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 879, AYER, MA 01432

### RESPONDENTS

ALL THE RESPONDENTS ARE SUED IN THEIR PERSONAL AND INDIVIDUAL CAPACITIES. RESPONDENTS J. COLAUTTI, J. NELSON, L. BENSON, B. SMITH, S. OXARAA, S. ANTLEY, T. E. DOYLE, J. DOMINGUEZ-MAYS, L. ABELL, S. GAGNON, D. WINN, H. HAAS, C. QUENNO, AND OFFICER MARTINES ARE ALL EMPLOYED BY THE BOP AND HAVE A SERVICE OF PROCESS ADDRESS OF: FMC-DEVENS, 42 PATTON ROAD, P.O. BOX 880, AYER, MASSACHUSETTS 01432

2

## IV

## STATEMENT OF THE ISSUES

THIS IS A CASE OF THE OUTRAGEOUS ABUSE AND MISTREATMENT OF A ELDERLY, PHYSICALLY HANDICAPPED UNCONVICTED CIVILLY COMMITTED MENTALLY ILL AND MENTALLY DISABLED PATIENT BY UNQUALIFIED, UNTRAINED, UNSKILLED, AND UNEXPERIENCED UNPROFESSIONAL EMPLOYEES, STAFF, MEMBERS OF THE FEDERAL BUREAU OF PRISONS WHO MALICIOUSLY AND DELIBERATELY VIOLATED THE RIGHTS OF THE PATIENT GUARANTEED BY THE U.S. CONSTITUTION, CLEARLY ESTABLISHED LAW, AND B.O.P REGULATIONS AND POLICIES WITH A CALLOUS AND DELIBERATE INDIFFERENCE TO THE PATIENTS RIGHTS AND WITH A RECKLESS DISREGARD FOR HIS RIGHTS OR FOR THE CONSEQUENCES OF THEIR ACTS, ACTIONS, INACTION, OR OMISSIONS WHICH CAUSED THE PATIENT IRREPARABLE PHYSICAL, MENTAL, EMOTIONAL, AND SPIRITUAL LOSS, HARM, INJURY, ANGUISH, PAIN, AND SUFFERING.

THE RESPONDENTS ACTED WANTONLY AND WITH EVIL INTENT AND MALICE IN A VINDICTIVE AND RETALIATORY MANNER AGAINST PHELPS BECAUSE PHELPS EXERCISED HIS FIRST AMENDMENT RIGHT TO SEEK REDRESS OF GRIEVANCES, TO COMMUNICATE FREELY, AND TO ASSOCIATE WITH OTHERS OUTSIDE THE PRISON VICARIOUSLY THROUGH THE U.S. MAIL.

THE RESPONDENTS VIOLATED PHELPS' 1st, 4th, 5th, 6th, 8th, AND 9th and 14th AMENDMENT RIGHTS AND U.S. SUPREME COURT LAW EXPRESSED IN Jones v US, 1983, 483 US 354 AT 369 (CIVIL COMMITMENTS CANNOT BE TREATED AS CONVICTED PRISONERS)

THE RESPONDENTS VIOLATED PHELPS' PROCEDURAL DUE PROCESS RIGHTS BY NOT FOLLOWING FEDERAL REGULATIONS EXPRESSED IN 28 CFR 500 et Seq. AND THE BUREAU OF PRISON POLICY STATEMENTS

3

## V

## STATEMENT OF FACTS

1. PHELPS IS A UNCONVICTED CIVILLY COMMITTED MENTALLY ILL AND MENTALLY DISABLED PATIENT, (HE IS NOT A CONVICTED PRISONER UNDER A SENTENCE OF PUNISHMENT) (PHELPS V US, 9C1992, 955 F2d 1258)

2. PHELPS IS INCARCERATED (NOT HOSPITALIZED) IN A PENAL INSTITUTION (NOT A HOSPITAL) WHICH WAS ESTABLISHED, UNDER PUBLIC LAW, TO BE A PRISON FOR THOSE ACCUSED OF CRIMES AND THOSE CONVICTED OF CRIMES (NOT FOR CIVIL COMMITTMENTS.) (18 USC 4042)

3. THE PRISON FACILITY IS UNDER THE AUTHORITY OF THE U.S. BUREAU OF PRISONS (BOP) AND IS MANAGED AND OPERATED AS A PENAL INSTITUTION UNDER RULES, REGULATION, AND POLICIES ESTABLISHED ONLY FOR PENAL AND CORRECTIONAL INSTITUTIONS AND ONLY FOR PRE-TRIAL DETAINEES AND CONVICTED PRISONERS (18 USC 4042) (NOT CIVIL COMMITMENTS.)

4. 18 USC 4243 REQUIRES PHELPS TO BE HOSPITALIZED IN A PSYCHIATRIC HOSPITAL. (SEE U.S. V SHERMAN, ND ILL 1999, 722 F SUPP 504 . ).

5. THE FEDERAL GOVERNMENT DOES NOT HAVE A CIVIL HOSPITAL IN WHICH TO CONFINE INSANITY ACQUITTEES UNDER 18 USC 4243 OR OTHER CIVIL COMMITMENTS UNDER 18 USC 4246 (FOUCHA V LOUISANA, 1994, 504 US 71 )

6. UNDER 18 USC 4247(j), THE U.S. ATTORNEY GENERAL CAN ONLY CONFINE PHELPS IN A PSYCHIATRIC, OR MENTAL, HOSPITAL OF A STATE (OR POLITICAL SUB-DIVISION), A LOCALITY, OR IN A PSYCHIATRIC HOSPITAL OPERATED BY A PRIVATE AGENCY.

7. THERE ARE NO PROVISIONS IN THE FEDERAL MENTAL HEALTH STATUTES (18 USC 4241-4247) THAT ALLOWS, OR AUTHORIZES, PHELPS TO BE CONFINED, OR HOSPITALIZED, IN A FEDERAL FACILITY OR FEDERAL INSTITUTION.

8. THE RULES, REGULATIONS, AND POLICIES OF THE U.S. BUREAU OF PRISONS DO NOT APPLY TO CIVIL COMMITMENTS (TYLER V CICCONE, WDMo 1969, 299 FSupp        ) AND

4

CIVIL COMMITMENTS CANNOT BE TREATED AS CONVICTED PRISONERS (JONES v US, 1983, 483 US 354 AT 369.) SINCE 1986, PHELPS HAS BEEN TREATED WORSE THAN CONVICTED PRISONERS BY THE STAFF, EMPLOYEES, AND MEMBERS OF THE U.S. BUREAU OF PRISONS.

9. THE U.S. BUREAU OF PRISONS DOES NOT HAVE LAWFUL CUSTODY OF PHELPS AND ALL OF THE U.S. BUREAU OF PRISONS EMPLOYEES, STAFF, MEMBERS, AND THOSE UNDER CONTRACT WITH THE BOP, HAVE, AT ALL TIMES, ACTED IN CLEAR ABSENCE OF ALL LAWFUL AUTHORITY AND JURISDICTION

10. IN 1986, PHELPS WAS COMMITTED TO THE CUSTODY OF THE U.S. ATTORNEY GENERAL UNDER 18 USC 4242 AND 18 USC 4243

11. UNDER 18 USC 4247(j) THE ATTORNEY GENERAL MUST PLACE PHELPS IN THE CUSTODY OF THE SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES IN THE IMPLEMENTATION OF THE FEDERAL MENTAL HEALTH LAWS.

12. THE U.S. ATTORNEY GENERAL ABUSED HIS DISCRETION, MISINTERPRETED AND MISCONSTRUED THE LAWS, AND THEN MISAPPLIED THE LAW TO PLACE PHELPS INTO THE CUSTODY OF THE DIRECTOR OF THE U.S. BUREAU OF PRISONS JUST AS IF PHELPS HAD BEEN FOUND GUILTY AND SENTENCED TO PRISON FOR A TERM OF PUNISHMENT TO SUFFER THE SAME CONDITIONS OF CONFINEMENT AS SENTENCED PRISONERS AND TO SUFFER THE SAME DISCIPLINES AND PUNISHMENTS UNDER RULES, REGULATIONS, AND POLICIES ESTABLISHED ONLY FOR CONVICTED PRISONERS IN PENAL AND CORRECTIONAL INSTITUTIONS.

13. THE DIRECTOR OF THE U.S. BUREAU OF PRISONS PLACED PHELPS IN THE CUSTODY OF THE VARIOUS WARDENS OF THE VARIOUS FEDERAL PENAL AND CORRECTIONAL INSTITUTIONS AND TRANSFERRED PHELPS FROM ONE TO ANOTHER ABOUT EVERY TWO YEARS SINCE 1986, IN RETALIATION OF PHELPS EXERCISING HIS CONSTITUTIONAL, STATUTORY, CIVIL, AND COMMON LAW RIGHTS.

14. THE BOP IS MANAGED AND OPERATED UNDER THE AUTHORITY OF 18 USC 4042 AND 18 USC 4081, AND TITLE 28, SECTIONS 500 et.Seq OF THE CODE OF FEDERAL REGULATIONS.

15. THE CODE OF FEDERAL REGULATIONS ARE INTERPRETATIONS OF FEDERAL STATUTES, AND THE COURT OWES DEFERENCE TO THE CODE OF FEDERAL REGULATIONS, BUT BOP POLICY STATEMENTS ARE ONLY INTERPRETATIONS OF THE CODE OF FEDERAL REGULATIONS AND THE SUPPLEMENTAL POLICY STATEMENTS (MADE BY VARIOUS WARDENS FOR THEIR OWN PARTICULAR PRISONS) ARE ONLY INTERPRETATIONS OF THE BOP POLICIES (IN OTHER WORDS, THE RULES OF EACH PRISON ARE ONLY THE INTERPRETATIONS OF INTERPRETATIONS OF INTERPRETATIONS OF FEDERAL STATUTES). THE COURTS OWE NO DEFERENCE TO BOP POLICY STATEMENTS NOR TO SUPPLEMENTAL POLICY STATEMENTS OR RULES (SEE FISTOE v THOMPSON, 10C1998, 144 F3d 627 at 630-631.) BECAUSE THEY ARE ONLY INTERPRETATIONS OF INTERPRETATIONS. THE COURT OWES DEFERENCE ONLY TO THE CODE OF FEDERAL REGULATIONS.

16. ALTHOUGH THERE ARE FEDERAL REGULATIONS, BOP POLICY STATEMENTS, AND SUPPLEMENTAL POLICY STATEMENTS ESTABLISHED FOR PRE-TRIAL DETAINEES AND CONVICTED PRISONERS, THERE ARE NO REGULATIONS, RULES, OR POLICY STATEMENTS MADE PERTAINING TO UNCONVICTED CIVILLY COMMITTED MENTAL PATIENTS AS PHELPS.

17. THE BOP EMPLOYEES VIOLATED THE CLEARLY ESTABLISHED LAW OF JONES v US, 1983, 483 US 354. (THAT LAW HAS EXISTED SINCE 1983.)

18. THE BOP EMPLOYEES VIOLATED THE CLEARLY ESTABLISHED LAW OF YOUNGBERG v ROMEO, 1982, 452 US 307 (STAFF MUST EXERCISE PROFESSIONAL JUDGMENT ACCORDING TO THE STANDARDS OF THE MENTAL HEALTH PROFESSION ON THE CARE AND TREATMENT OF THE MENTALLY ILL AND THE MENTALLY DISABLED.)(THAT LAW HAS EXISTED SINCE 1982)

## VI

## CAUSES OF ACTION

FIRST CAUSE OF ACTION:

OFFICER B. SMITH MADE A FALSE AND FRAUDULENT DISCIPLINARY REPORT

AGAINST PHELPS ON 10-20-05. OFFICER SMITH HAS REPEATEDLY OVERREACTED TO SITUATIONS BECAUSE OF HIS DIMINUTIVE SIZE (ABOUT 4'10" TALL) AND HIS NAPOLEON COMPLEX; WARDEN WINN HAS RECEIVED SEVERAL COMPLAINTS ABOUT SMITHS' ABUSIVE OVERREACTIONS BUT REFUSED TO TAKE ANY CORRECTIVE ACTION.

ON 10-20-05 SMITH CHARGED PHELPS WITH DISOBEYING A ORDER TO MOVE FROM A DOORWAY AND NOT BLOCK THE DOOR. PHELPS WAS NOT BLOCKING THE DOOR. HE WAS SITTING IN A CHAIR NEXT TO THE DOOR. PHELPS TOLD SMITH (WHO WAS STANDING ABOUT 30 FEET AWAY) THAT HE WAS NOT BLOCKING THE DOOR AND "ANYWAY — WHAT WOULD IT MATTER IF I WAS, THE DOOR IS LOCKED AND YOU TRIED FOR 15 MINUTES TO OPEN (UNLOCK) IT AND YOU COULDN'T." SMITH HAD OVER 60 INMATES JAMMED TOGETHER ORDERING EVERYONE AS IF HE WAS A SLAVEMASTER ON A SLAVE SHIP.

COUNSELOR BONNIA WALKED UP AND STOOD IN FRONT OF THE DOOR TO EXIT THE LOBBY AREA OF P-BUILDING. BONNIA WAS IN FRONT OF THE DOOR AND PHELPS WAS AT THE HINGE SIDE OF THE DOOR. BONNIA TALKED TO ANOTHER INMATE THAT WAS ON THE OTHER SIDE OF PHELPS (PHELPS WAS SEATED BETWEEN THEM AND THEY WERE BOTH STANDING). BONNIA LEFT THROUGH THE ADJACENT DOOR BECAUSE THAT DOOR COULD NOT BE UNLOCKED BY SMITH — BUT SMITH UNLOCKED THE OTHER DOOR. BONNIA SAW CLEARLY THAT PHELPS WAS NOT BLOCKING THE DOOR.

SMITH ALSO CHARGED PHELPS WITH INSOLENCE SIMPLY BECAUSE HE WAS EMBARRASSED BY HIS OWN INCOMPETENCE OF NOT BEING ABLE TO UNLOCK A DOOR, AND WHEN PHELPS REMINDED HIM OF IT, SMITH FELT DISGRACED AND CONSTRUED PHELPS' REMARKS AS BEING INSOLENT. HIS PYGMY SIZE CAUSED HIM TO HAVE A "CHIP ON HIS SHOULDER" AND HE RETALIATED AGAINST PHELPS BECAUSE OF HIS INFERIORITY COMPLEX AND NOT TO WHAT PHELPS ACTUALLY SAID. SMITH CHARGED PHELPS WITH "YELLING IN A LOUD TONE." THE DISTANCE BETWEEN THEM WAS ABOUT 30 FEET,

SMITH BEGAN TO YELL IN EXTREME ANGER AND WAS OUT OF CONTROL SO PHELPS SAID "OK OFFICER — WHATEVER YOU SAY, ALRIGHT — DON'T GET SO UPSET. IT'S NO BIG DEAL. EVERYTHING'S ALRIGHT." SMITH LEFT AND RETREATED TO THE OFFICE.

LATER, SMITH AND ANOTHER OFFICER, CAME TO UNIT N-5 (WHERE PHELPS WAS HOUSED) AND HANDCUFFED PHELPS BEHIND HIS BACK AND TOOK PHELPS TO UNIT N-1 (DISCIPLINARY SEGREGATION). THEY NEVER TOLD PHELPS WHY HE WAS BEING LOCKED UP EVEN THOUGH PHELPS ASK SEVERAL TIMES. SMITH WAS PHYSICALLY ABUSIVE, ENROUTE TO N-1, BY SHOVING PHELPS HAND BETWEEN PHELPS SHOULDER BLADES THAT CAUSE PHELPS PAIN. WHEN PHELPS COMPLAINED, SMITH BECAME MORE ABUSIVE.

INSIDE OF N-1 SMITH BECAME SO VERBALLY ABUSIVE (AND PHYSICALLY ABUSIVE IN THE SAME PREVIOUS MANNER) THAT THE N-1 RECEIVING OFFICER ORDERED SMITH TO LEAVE THE AREA. SMITH LEFT MUMBLING AND GRUMBLING TO HIMSELF.

PHELPS HAD TOLD SMITH, AND THE N-1 OFFICER, THAT HE WAS A CIVIL COMMITMENT AND THAT THEY HAD NO JURISDICTION OR AUTHORITY TO DO WHAT THEY WERE DOING. SMITH WAS CURSING BUT THE OTHER OFFICER WAS ACTING PROFESSIONALLY. SMITH WAS TOO OUT OF CONTROL SO THE N-1 OFFICER ORDERED HIM TO LEAVE.

WHEN PHELPS ASK THE N-1 OFFICER WHY HE WAS BEING "LOCKED UP" THE OFFICER SAID HE DID NOT KNOW BUT LIEUTENANT T.E. DOYLE HAD ORDERED IT (WITHOUT MAKING ANY INVESTIGATION). PHELPS SAID "AH-H-H. NOW I UNDERSTAND."

PREVIOUSLY, PHELPS HAD WRITTEN A COMPLAINT TO T.E. DOYLE COMPLAINING THAT HIS OFFICERS WERE ABUSING AND MISTREATING INMATES WHO ARE MENTALLY ILL OR MENTALLY DISABLED. DOYLE NEVER RESPONDED TO THE COMPLAINT (BUT HE IS REQUIRED TO DO SO UNDER BOP RULES) BUT ANOTHER OFFICER TOLD PHELPS " DOYLE IS PISSED OFF. HE SAID HE IS GOING TO GET YOU FOR MAKING A COMPLAINT ABOUT ONE OF HIS OFFICERS. HE DON'T LIKE INMATES TO MAKE COMPLAINTS."

DOYLE HAD PHELPS LOCKED UP TO GET EVEN" WITH PHELPS (IN RETALIATION). BECAUSE PHELPS HAD COMPLAINED ABOUT THE ABUSE AND MISTREATMENT OF MENTALLY ILL AND MENTALLY DISABLED INMATES.

WHEN SMITH (AND ANOTHER OFFICER) WAS ESCORTING PHELPS TO N-1, THEY PASSED BONNIA. SMITH SAID "THANKS FOR YOUR HELP IN GETTING THIS GUY." BONNIA REPLIED "NO PROBLEM." DOYLE, SMITH, AND BONNIA WAS ACTING IN A CONSPIRACY, TO DO PHELPS HARM AND TO VIOLATE THE RIGHTS OF PHELPS.

PHELPS KEPT ASKING STAFF MEMBERS WHY HE WAS LOCKED UP BUT NOONE WOULD TELL HIM.
SLIPS OF CARBONLESS PAPER WERE SLIPPED INTO HIS ROOM (WHILE HE SLEPT) BUT WHOEVER
WROTE ON THE ORIGINAL DID NOT PRESS HARD ENOUGH BECAUSE NOTHING WAS READABLE.

CODE OF FEDERAL REGULATIONS REQUIRE THE CHARGES BE GIVEN TO INMATES (IN WRITING)
AND THE INVESTIGATING OFFICER MUST READ (ALOUD) THE CHARGES TO PHELPS, AND TO
HEAR PHELPS' VERSION OF THE INCIDENT. THERE WAS NO INVESTIGATION AND NO
INVESTIGATING OFFICER. NOONE INTERVIEWED PHELPS BEFORE BEING LOCKED UP.

PHELPS IS A COMMITTED MENTAL PATIENT. THE CODE OF FEDERAL REGULATIONS STATE THAT
WHEN THE INMATE IS SUSPECTED OF BEING MENTALLY ILL, HE MUST BE EXAMINED BY A
PSYCHIATRIST, FIRST, BEFORE BEING LOCKED UP TO DETERMINE IF HE IS COMPETENT OR IF
THE LOCK UP WOULD BE COUNTER THERAPEUTIC. NO EVALUATION WAS MADE. DR HAAS
(PHELPS PSYCHIATRIST) CAME TO THE DOOR OF PHELPS CELL IN N-1, THE NEXT DAY,
AND SAID "WHAT ARE YOU DOING HERE? I DIDN'T KNOW YOU WERE HERE." PHELPS TOLD
HIM HE DID NOT KNOW - NOONE WOULD TELL HIM.

A FEW DAYS LATER PHELPS WAS TAKEN TO A UDC (UNIT DICIPLINARY COMMITTEE)
HEARING BEFORE NELSON AND COLAUTTI.

CODE OF FEDERAL REGULATIONS REQUIRE THE UDC TO MIRANDIZE PHELPS, TO NOTIFY PHELPS
OF THE CHARGES AND THE NATURE OF THE CHARGES, AND TO ALLOW PHELPS TO PRESENT
WITNESSES AND DOCUMENTARY EVIDENCE. NONE OF THESE WERE DONE.

PHELPS SAT DOWN AND SAID "FIRST, YOU HAVE NO JURISDICTION. IM A CIVIL
COMMITMENT AND YOU CANT TREAT ME LIKE A PRISONER AND YOUR BOP RULES DONT
APPLY TO ME. SECONDLY, I WANT WITNESSES, FOR MY DEFENSE." COLAUTTI ASK "WHO?"
PHELPS SAID "COUNSELOR BONNIA AND A INMATE." COLAUTTI SAID "YOU CANT HAVE
THEM." "WHY NOT?" PHELPS ASK. "BONNIA HAS THE DAY OFF." PHELPS STOOD UP
AND SAID "POSTPONE THIS HEARING UNTIL I GET MY WITNESSES," AND HE LEFT TO
RETURN TO HIS CELL.

THAT NIGHT, SOMEONE SLIPPED ANOTHER UNREADABLE CARBONLESS PAPER UNDER HIS DOOR.
FIVE DAYS LATER PHELPS WAS RELEASED AND HE THOUGHT THAT WAS THE END OF
IT. HE THOUGHT THAT THEY HAD CONTACTED BONNIA, AND THE INMATE, AND HAD

LEARNED THE TRUTH — THAT THE DISCIPLINARY REPORT WAS A FRAUD. BUT — NOT SO. A WEEK LATER PHELPS WENT SHOPPING AT THE INMATES COMMISSARY TO PURCHASE ITEMS, AND THE COMMISSARY OFFICER REFUSED TO SELL PHELPS ANYTHING BECAUSE PHELPS WAS ON "COMMISSARY RESTRICTION." "WHY?" PHELPS ASKED. "I DON'T KNOW" HE SAID "IT (THE COMPUTER) SAYS YOUR ON RESTRICTION," "FOR HOW LONG" PHELPS ASK. "I DON'T KNOW. IT JUST SAYS YOUR ON RESTRICTION."

PHELPS WROTE CIALOTTI AND NELSON REQUESTING AN EXPLANATION BUT THEY REFUSED TO RESPOND. PHELPS WROTE "I HAVE BEEN DENIED ALL DUE PROCESS, YOU LOCK ME UP AND WON'T TELL ME WHY, THEN YOU PUNISH ME AND WON'T TELL ME WHY OR FOR HOW LONG."

CODE OF FEDERAL REGULATIONS STATE THAT PHELPS CAN APPEAL A UDC DECISION TO THE WARDEN. IT DESIGNATES THE WARDEN AS THE APPELLATE OFFICER, THE CODE DOES NOT STATE HOW THE WARDEN IS TO RECEIVE THE APPEAL. NORMALLY, INMATES CAN TALK TO THE WARDEN (WINN) PERSONALLY DURING THE NOON MEAL OR THEY CAN COMMUNICATE WITH THE WARDEN BY DROPPING THE COMMUNICATION IN THE LEGAL MAIL BOX DESIGNATED FOR INMATE USE, OR — COMMUNICATIONS CAN BE SENT THROUGH OFFICIAL CHANNELS (FROM STAFF TO STAFF TO WARDEN WINN).

PHELPS WROTE THREE APPEALS. HE DROPPED TWO IN THE LEGAL MAIL BOX AND ONE HE SLID UNDER THE DOOR TO COUNSELOR BONNIAS OFFICE (AS INSTRUCTED BY BONNIA). ONE APPEAL WAS A PERSON HAND WRITTEN NOTE (WRITTEN WHILE IN N-1. THE OTHER TWO WERE ON BLUE BP9 FORMS AS REQUIRED BY RULES. THE RULES REQUIRE WARDEN WINN TO RESPOND TO THE APPEAL WITHIN 20 DAYS, HE REFUSED TO RESPOND ALTOGETHER.

THE REGULATIONS (28 CFR 500 et Seq) STATES THAT THE WARDEN SHALL DESIGNATE A STAFF MEMBER TO INVESTIGATE THE APPEAL. HE DID NOT. HE MALICIOUSLY DESTROYED THE APPEAL OR INDIFFERENTLY IGNORED IT. NOONE CONTACTED PHELPS.

PHELPS WAS SEIZED UNREASONABLY IN VIOLATION OF THE 4th AMENDMENT IN A CONSPIRACY BECAUSE HE EXERCISED HIS FIRST AMENDMENT RIGHT TO PROTEST ABUSE, HE DID NOT HAVE A FAIR OR IMPARTIAL HEARING IN VIOLATION OF THE 6th AMENDMENT

AND HE WAS DENIED ALL HIS DUE PROCESS RIGHTS IN VIOLATION OF THE 5th AMENDMENT. HE WAS DENIED ALL HIS PROCEDURAL RIGHTS UNDER THE CODE OF FEDERAL REGULATIONS (28 CFR 500 et seq). MOREOVER, THEY VIOLATED CLEARLY ESTABLISHED LAW OF JONES V US (OP. CIT.)

THE CHARGES WERE AN EXAGGERATION BY SMITH. THE PUNISHMENT IS UNLAWFUL AND EXAGGERATED. THE RESTRICTION DENIES PHELPS ACCESS TO THE COURTS. HE CANNOT PURCHASE WRITING PENS OR PENCILS, ENVELOPES, OR WRITING PAPER AND THE WARDEN REFUSES TO PROVIDE SUCH TO INMATES EVEN THOUGH HE IS REQUIRED TO DO SO UNDER BOP POLICY 5265.11. HE CANNOT PURCHASE PHOTOCOPY MACHINE CARDS TO MAKE PHOTOCOPY OF LEGAL DOCUMENTS AS OTHER INMATES ARE ALLOWED TO DO. THIS IS A DENIAL OF EQUAL PROTECTION UNDER THE 14th AMENDMENT (MADE APPLICABLE THROUGH THE 5th AMENDMENT FOR FEDERAL INMATES)

THEY WERE CALLOUSLY INDIFFERENT TO THE RIGHTS OF PHELPS AND ACTED WITH RECKLESS DISREGARD FOR HIS RIGHTS OR FOR THE CONSEQUENCES OF THEIR ACTIONS. THEY KNEW, OR SHOULD HAVE KNOWN, THEY WERE VIOLATING CLEARLY ESTABLISHED LAW BY TREATING PHELPS AS A CONVICTED PRISONER AND PUNISHING HIM BY BOP RULES. THEY ACTED MALICIOUSLY. BECAUSE OF THEIR ACTIONS PHELPS HAD TO SEEK MEDICAL ATTENTION.

## CAUSE OF ACTION #2

ON SEPTEMBER 6, 2005 PHELPS RECEIVED HIS PC WORLD MAGAZINE SUBSCRIPTION. ON THE MAGAZINE WAS A CARD READING "RENEW YOUR SUBSCRIPTION NOW AND WE WILL SEND A ONE YEAR SUBSCRIPTION TO A FRIEND FREE."

ON OCTOBER 15, 2005 PHELPS FILLED OUT THE INFORMATION ON THE CARD AND TOOK IT TO COUNSELOR BONNIA FOR APPROVAL. I FILLED OUT A BP119.045 FORM AND BONNIA SIGNED IT AS THE "APPROVING OFFICIAL" AND TOOK THE FORM, THE CARD, AND A STAMPED ADDRESSED ENVELOPE TO THE BUSINESS OFFICE FOR APPROVAL AND PROCESSING. THE FINANCIAL MANAGEMENT OFFICER APPROVED THE ACTION AND SIGNED THE FORM AS ANOTHER APPROVING OFFICIAL.

BETWEEN 10-15-2005 AND 10-23-2005 A CHECK WAS MADE TO BE SENT TO P.C. WORLD MAGAZINE.

J. DOMINGUES-MAYS INTERCEPTED THE CHECK, AND CARD, AND REFUSED TO ALLOW IT TO BE PROCESSED (EVEN AFTER TWO STAFF OFFICIALS HAD APPROVED IT). DOMINGUES-MAYS HELD THE CHECK, AND CARD, FOR A MONTH.

THEN SHE MADE A FALSE REPORT CHARGING PHELPS WITH MISUSE OF THE MAIL AND GIVING SOMETHING OF VALUE TO ANOTHER INMATE. SHE SAID SHE WAS NOT AWARE OF THE ACTION UNTIL 11-17-2005, THAT IS A LIE. THE CODE OF FEDERAL REGULATIONS STATE THAT A INCIDENT REPORT, CHARGING A INMATE WITH A VIOLATION, MUST BE GIVEN TO THE INMATE WITHIN 24 HOURS OF THE INCIDENT OR WITHIN 24 HOURS OF WHEN STAFF BECOMES AWARE OF THE VIOLATION. SHE PERJURED HERSELF IN ATTEMPT TO MAKE SOMETHING LEGAL THAT WAS NOT LEGAL. SHE SAID SHE BECAME AWARE OF IT A 2145 hrs (9:45pm) ON 11-17-2005 BUT PHELPS WAS NOT SERVED WITH THE CHARGE UNTIL 11-19-2005 AT 2:45 PM BY S. DARRAH. (THE DEADLINE WAS 2145 HOURS 11-18-05).

PHELPS WAS CALLED TO THE LIEUTENANTS OFFICE. PHELPS TOLD DARRAH THAT HE HAD NO LAW JURISDICTION OR AUTHORITY AND TOLD HIM WHY. "THE COURT NEVER TOLD ME (PERSONALLY) ANYTHING" HE SAID MOCKINGLY, "YOU'RE A LIEUTENANT" PHELPS SAID "YOU'RE SUPPOSED TO KNOW THE LAW AND WHAT THE SUPREME COURT HAS SAID ABOUT PRISONS AND PRISONERS." HE WAS INDIFFERENT.

PHELPS TOLD HIM THAT HE HAD PERMISSION TO DO WHAT HE ATTEMPTED TO DO. DARRAH MOCKINGLY SAID "NOT my permission."

DARRAH CHARGED PHELPS WITH TWO VIOLATIONS OF RULES (STATED ABOVE) AND SAID HE WOULD SEND IT TO THE UDC.

"THIS IS NOTHING BUT HARASSMENT" PHELPS SAID "I DIDN'T VIOLATE ANY RULES AND I HAD PERMISSION. THESE RULES ARE TOO OVERBROAD. THEY ALLOW STAFF TO ABUSE THEM."

"THEY WANT YOU CHARGED" HE SAID. "I WON'T INTERVENE."

(ACCORDING TO THE CODE OF FEDERAL REGULATIONS, DARRAH HAD THE AUTHORITY TO DISMISS THE CHARGES AND TO EXPUNGE THE RECORD. HE MALICIOUSLY CHOSE NOT TO.)

According to the Code of Federal Regulations the U.D.C must convene within 3 days of the incident (excluding the day of the incident, weekends, and holidays) It is far beyond October 15, 2005. Even if the time started a J. Dominques Mays stated (Thursday 11-17-05 745pm) the deadline to convene the UDC would be Tuesday 11-22-05 at 945 pm (Friday, Monday, and Tuesday). The deadline to convene a UDC is long past.

The charges were incidents of a long history of abuse, mistreatment, and harassment of Phelps (a elderly physically and mentally disabled unconvicted civilly committed patient — not a young, healthy, convicted prisoner.)

Because of the physical, mental, and emotional stress and harassment, Phelps collapsed and medical staff was called to treat him (he is being treated for heart disease, blood clots, 2 strokes, blood pressure, and other old age maladies — he is 72 years old)

J Dominques-Mays violated Phelps' 1st Amendment right to practice his religion to do good to others.

Dominques-Mays is a anti-white racist who was motivated with malice and evil intent to make false charges against Phelps in retaliation of Phelps religious beliefs, political views, and philosophical ideologies.

Dominques-Mays violated 18 USC 1001 by making a false record and Darrah conspired with Dominques-Mays to harass Phelps and to do him injury. (See Cause of Action # 7, Page 21 for supplemental information)

## CAUSE OF ACTION #3

Winn, Gagnon, and the unknown mail room employees violated the 1st, 5th, and 9th Amendment rights by destroying mail sent by Phelps and sent to him and by obstructing the mail process.

28 CFR 540.70 - 540.72 governs incoming publications and 28 CFR governs other mail proceedings.

ON FEBRUARY 18, 2005 WARDEN WINN REJECTED A NEWSLETTER PUBLICATION FROM THE MINUTE MEN OF MONTANA TITLED "TAKING AIM."

WARDEN WINN REJECTED THE PUBLICATION BECAUSE IT WAS ON A LIST MAINTAINED BY THE MAIL ROOM THAT REJECTS ALL PUBLICATIONS FROM ANY PRO ARYAN GROUP OR ORGANIZATION BUT ACCEPTING ALL OTHER PUBLICATIONS THAT ARE ANTI ARYAN.

WINN SAID THE PUBLICATION WAS REJECTED ON THE CONTENT OF THE PUBLICATION EXPRESSING RELIGIOUS AND POLITICAL VIEWS THAT WERE "ANTI - GOVERNMENT" AND EXPRESSED OPINIONS THAT "STATES SHOULD BE SOVEREIGN RATHER THAN BE CONTROLLED AND OPPRESSED BY A FEDERALIST GOVERNMENT."

NONE OF THE WRITINGS, OPINIONS, ARTICLES, OR ADVERTISINGS WERE UNLAWFUL.

WINN HAS MADE IT A POLICY THAT NO LITERATURE FROM ANY RIGHT WING ARYAN ORGANIZATION WILL ENTER THE INSTITUTION REGARDLESS OF THE CONTENT; AND HE HAS INSTRUCTED THE STAFF TO DESTROY ALL PRO-WHITE LITERATURE THAT IS DISCOVERED REGARDLESS OF THE CONTENT.

PHELPS IS A NAZI, AND A MEMBER OF THE NAZI RELIGION, AND A MEMBER OF THE ARYAN CHURCH OF GOD. OFFICERS SEIZED SOME OF HIS BIBLE LESSONS AND DESTROYED THEM MERELY BECAUSE THEY POINTED TO SCRIPTURE IN THE HOLY BIBLE THAT "EQUALITY" IS OF THE DEVIL AND SPECIFICITY IS OF GOD. THEY WERE DESTROYED WITHOUT ANY DUE PROCESS BECAUSE OF THE ANTI WHITE POLICIES OF WINN AND GAGNON (MAIL ROOM SUPERVISOR).

THE SEIZURES AND DESTRUCTIONS ARE EXAGGERATED RESPONSES TO LAWFUL AND PEACEFUL LITERATURE AND ARE OVER REACTIONS TO THE WRITTEN TEXT.

TO SEIZE PHELPS RELIGIOUS LITERATURE DENIES HIM HIS RELIGIOUS RIGHTS TO PRACTICE HIS RELIGION TO "STUDY TO SHOW THYSELF APPROVED OF GOD" (2 TIMOTHY 2:15). THIS MEANS TO STUDY, NOT ONLY THE BIBLE, BUT LITERATURE OF THE WORLD TO EXPAND THE MIND WITH TRUTH SO THAT ONE WILL BE BETTER ABLE TO MAKE WISE CHOICES.

WINN HAS THE UNFOUNDED FEAR THAT ANYTHING PRO WHITE WILL OFFEND NON WHITES TO THE POINT OF RIOTING. HE WILL NOT ALLOW ANY WHITE SYMBOL

TO BE DISPLAYED ANY WHERE BUT WILL ALLOW ANTI WHITE SYMBOLS TO APPEAR ANY WHERE. WINN CELEBRATES BLACK HISTORY MONTH, RAMADAM, THE BIRTHDATES OF ANTI WHITE RACISTS BUT WILL NOT ALLOW ANY PRO WHITE MEETINGS OR LITERATURE. HE HAS BEEN AFRAID OF NON-WHITES FOR SO LONG THAT NOW HE IS ANTI WHITE.

THIS ANTI WHITE ATTITUDE PERMEATES THE INSTITUTION AND OTHER STAFF MEMBERS FOLLOW HIS LEAD OF FEAR. JUST RECENTLY A FEMALE WHITE OFFICER WITNESSED A NEGRO BERATING A WHITE INMATE USING HEATED RACIAL REMARKS AGAINST THE WHITE. PHELPS ASK HER, IN PRIVATE, WHY SHE DIDN'T LOCK UP THE VIOLENT NEGRO. "NOT ME" SHE SAID "HE'S ALREADY COMPLAINED THAT I'M ANTI BLACK AND WAS DISCRIMINATING AGAINST HIM BECAUSE I TOLD HIM TO STAND UP FOR COUNT (AS IS REQUIRED) AND THE WARDEN HAS MADE IT CLEAR THAT OFFICERS WHO GET DISCRIMINATION COMPLAINTS FROM NON WHITES ARE IN TROUBLE," SO- OUT OF FEAR, THE STAFF TURNS A BLIND EYE TO THE VIOLATIONS OF NEGROS - WHO ALWAYS PLAY THE RACE CARD.

THE CHAPEL CONTAINS NUMEROUS ANTI WHITE LITERATURE. THE INMATE LEISURE LIBRARY HAS VIDEO TAPES EXTOLLING THE VIRTUE OF KILLING WHITE PEOPLE. THE LIBRARY CONTAINS MANY MANY CD "RAP" MUSIC ADVOCATING THE RAPE OF WHITE WOMEN, THE MURDER OF POLICE OFFICERS, THE DESTRUCTION OF THE GOVERNMENT, THE MUTILATION AND MURDER OF WHITE PEOPLE AND THE DESTRUCTION OF CHRISTIANITY BUT NOT ONE ARYAN SONG, NOT ONE PRO ARYAN BOOK, NO PRO ARYAN LITERATURE AT ALL.

THERE ARE NO TEXT BOOKS TO INCREASE KNOWLEDGE. NO PSYCHOLOGY, NO PHILOSOPHY, NO HUMANITIES, NO SOCIOLOGY, NO POLITICAL SCIENCE, NO CRIMINAL JUSTICE, AND NO COMPUTER BOOKS (IN A COMPUTERIZED WORLD) YET THESE BOOKS ARE REQUIRED READING FOR PHELPS UNDER 18 USC 4247(a). WARDEN WINN IS IN VIOLATION OF THAT LAW AND THE REHABILITATION LAWS BY NOT ALLOWING PHELPS TO STUDY BOOKS ABOUT THE REAL WORLD. PHELPS REQUESTED A C++ COMPUTER BOOK TO LEARN PROGRAMMING BUT THE REQUEST WAS DENIED. INMATES DO NOT HAVE ACCESS TO ANY COMPUTERS SO ANY FEAR OF SABOTAGE IS UNFOUNDED. THERE ARE MANY COMPUTER EXPERTS AMONG INMATES BUT NO INCIDENTS OF SABOTAGE.

## CAUSE OF ACTION #4

PHELPS IS RECLUSIVE. HE IS 72 YEARS OLD AND HAS NOTHING IN COMMON WITH YOUNGER INMATES. MANY INMATES HAVE THE COMMUNICATION SKILLS OF A ROCK. THOSE THAT DO TALK, SOMEWHAT INTELLIGENTLY, TALK OF MUNDANE TOPICS (WEATHER, TV PROGRAMS, GOSSIP, AND ABOUT THEIR CRIMINAL ACHIEVEMENTS). PHELPS HAS NOTHING IN COMMON WITH OTHERS. CONSEQUENTLY HE STAYS TO HIMSELF.

DR. HAAS (HIS PSYCHIATRIST) ASK ABOUT THE HERMITAGE. PHELPS EXPLAINED THAT HE DID NOT COMMIT A CRIME AND THAT HE HAS NOTHING IN COMMON WITH CRIMINALS. PHELPS WAS VERY OUTGOING (ON THE OUTSIDE) SO, IN RESPONSE TO DR. HAAS CONCERNS, HE SUBMITTED APPLICATIONS TO 13 PEN PAL ORGANIZATIONS IN SEPTEMBER OF 2005. HE SUBMITTED BP FORMS 119.045 FOR APPROVAL AND TO WITHDRAW FUNDS FROM HIS ACCOUNT TO PAY THE SUBSCRIPTION FEES. THE MONEY WAS SENT IN SEPARATE ENVELOPES.

IN OCTOBER, PHELPS RECEIVED LETTERS FROM THE PEN PAL CLUBS THAT THEY HAD RECEIVED A CHECK BUT NO APPLICATION.

PHELPS ASK SOMEONE ON THE OUTSIDE TO CALL THE POSTAL SERVICE TO CHECK ON THE WHEREABOUTS OF THE CERTIFIED MAIL APPLICATIONS. THE POSTAL SERVICE HAD NO RECORD OR "PAPER TRAIL."

PHELPS SENT A COMPLAINT TO THE MAIL ROOM AND THE MAIL ROOM RETURNED HIS UNMAILED CERTIFIED LETTERS WITH A WARNING NOTE ATTACHED THAT IT WAS A MISUSE OF MAIL TO SEND THIRD PARTY COMMUNICATIONS" AND THE MAIL ROOM REFUSED TO MAIL THE APPLICATIONS TO THE PEN PAL CLUBS.

OTHER INMATES SUBSCRIBE TO PEN PAL CLUBS FREELY - WITHOUT RESTRICTION - AND - TO THE SAME PEN PAL CLUBS THAT PHELPS CONTACTED.

THIS NOT ONLY VIOLATES HIS RELIGIOUS RIGHTS, BUT HIS SPEECH AND PUBLISHING RIGHTS AS WELL AS HIS RIGHT TO ASSOCIATE VICARIOUSLY (1st AMENDMENT VIOLATION).

GAGNON APPROVED THE REJECTION AND HAS REFUSED TO MAIL THE APPLICATIONS.

THE WARDEN (WINN) REFUSED TO RESPOND TO THE COMPLAINT (BUT IS REQUIRED TO DO SO UNDER THE CODE OF FEDERAL REGULATIONS.)

PHELPS HAS ASK FOR THE IDENTITY OF THE SPECIFIC OFFICER THAT REJECTED THE MAIL BUT GAGNON HAS REFUSED TO DISCLOSE THE INFORMATION. PHELPS HAS FILED A FOIA REQUEST, BUT THERE IS NO RESPONSE.

ON DECEMBER 15 2004 PHELPS QUESTIONED GAGNON ABOUT ANOTHER CERTIFIED LETTER THAT WAS UNANSWERED. GAGNON CALLED THE MAIL ROOM AND THEY HAD NO RECORD OF A CERTIFIED LETTER MAILED BY PHELPS. ABOUT 10 DAYS LATER, PHELPS RECEIVED THE "GREEN CARD" SHOWING THE MAIL HAD BEEN DELIVERED, HOWEVER, THIS SHOWS THE MAIL ROOM DOES NOT KEEP ACCURATE RECORDS, RULES REQUIRE ALL INCOMING AND OUTGOING CERTIFIED MAIL TO BE "LOGGED IN."

1.   IN DECEMBER OF 2004 THE MAIL ROOM REFUSED TO MAIL LETTERS TO PHELPS SISTER IN LAW BECAUSE THE ENVELOPES CONTAINED LEGAL PAPERS AND NOT PERSONAL WRITINGS.

2.   ON 12-10-2004 THE MAIL ROOM REFUSED TO MAIL A SUBSCRIPTION TO A MAGAZINE (PC WORLD) AND PHELPS HAD TO PAY FOR ANOTHER SUBSCRIPTION IN JANUARY BECAUSE THE MAIL ROOM DESTROYED THE FIRST.

3.   ON 1-14-05 THE MAIL ROOM REFUSED TO SEND A ORDER FOR RELIGIOUS BOOKS TO THE BAKER BOOK INC.

4.   ON 1-25-05 THE MAIL ROOM REFUSED TO SEND A LETTER TO THE U.S. DISTRICT COURT AT BOSTON (THE COURT EVENTUALLY SENT A COURT ORDER)

5.   ON 2-07-05 THE MAIL ROOM REFUSED TO SEND LEGAL PAPERS TO THE SAN FRANCISCO COUNTY SHERIFFS DEPARTMENT

6.   ON 2-12-05 THE MAIL ROOM MALICIOUSLY DELAYED LETTER TO THE U.S. DISTRICT COURT IN SAN FRANCISCO.

7.   ON 2-23-05 THE MAIL ROOM REFUSED TO SEND DOCUMENTS TO US DISTRICT COURT IN BOSTON.

8.   ON 3-14-05 THE COURT IN SAN FRANCISCO NOTIFIED PHELPS IT HAD NOT RECEIVED DOCUMENTS SO PHELPS HAD TO PHOTOCOPY MORE AND SEND THEM.

9.   ON 3-28-05 PHELPS SENT A LETTER TO THE FREE PRESS NEWSPAPER IN WASHINGTON DC, A FOLLOW UP PHONE CALL REVEALED THEY NEVER RECEIVED IT.

10. ON 4-6-05 THE MAIL ROOM REFUSED TO MAIL LEGAL PAPERS TO PHELPS' SISTER IN LAW

11. ON 4-11-05 ATTORNEY FOR CASE IN SACRAMENTO WROTE SAYING HE DID NOT RECEIVE A COPY OF LEGAL PAPERS THAT PHELPS MAILED PREVIOUSLY

12. ON 4-15-05 PHELPS MAILED A LETTER TO THE BOP OFFICE IN WASHINGTON COMPLAINING ABOUT THE ABUSE OF MENTALLY ILL. FOLLOW UP LETTER REVEALED IT WAS NOT RECEIVED.

13. ON 4-20-05 MOTIONS TO COURT WERE RETURNED AS "UNAUTHORIZED."

14. ON 5-9-05 THE MAIL ROOM REFUSED TO SEND LETTER TO BOSTON COURT BECAUSE IT HAD NO ZIP CODE.

15. ON 5-28-05 ATTORNEY GOLDSTEIN IN SAN FRANCISCO SAID HE DID NOT RECEIVE DOCUMENTS.

16. ON 6-15-05 (SAME)

17. ON 8-15-05 PHELPS SENT 12 LETTERS TO INTERNET SERVICE PROVIDERS TO SET UP A WEB SITE TO ASK ATTORNEYS FOR HELP. FOLLOW UP PHONE CALLS SHOWED THE LETTERS WERE NOT SENT. (PHELPS IS A CIVIL COMMITMENT AND HAS A RIGHT TO HAVE A WEB SITE). PHELPS SENT THE LETTERS BY CERTIFIED MAIL ON 7-15-05 AND THEY ALL WERE RETURNED MARKED "UNDELIVERABLE."

18. ON 7-24-05 ASSISTANT U.S. ATTORNEY SAID SHE DID NOT RECEIVE PAPERS SENT EARLIER

19. ON 8-01-05 ATTORNEY GOLDSTEIN SAID HE DID NOT GET DOCUMENTS

20. ON 8-22-05 MAIL ROOM REFUSED TO MAIL LETTER TO "GREATER RESISTANCE" NEWS LETTER REQUESTING SUBSCRIPTION.

21. ON 9-26-05 PEN PAL APPLICATION TO AUSTRALIA DESTROYED BUT MONEY SENT

22. ON 10-9-05 MAIL TO OTHER PEN PAL CLUBS NOT SENT

23. ON 10-15-05 REFUSED TO SEND PC WORLD MAGAZINE SUBSCRIPTION RENEWAL

24. ON 10-24-05 PRIVATE INVESTIGATOR SAID HE DID NOT RECEIVE LETTER.

25. ON 10-31-05 COURT IN SAN FRANCISCO SAID THEY DID NOT GET NOTICE OF APPEAL (SENT ANOTHER ONE)

26. ON 11-14-05 FREE WORLD NETWORK SAID THEY DID NOT RECEIVE SUBSCRIPTION

THE ABOVE LIST IS NOT EXHAUSTIVE BUT SHOWS A LONG HISTORY OF RETALIATORY HARRASSMENT OF PHELPS.

<u>CAUSE OF ACTION #5</u>

CODE OF FEDERAL REGULATIONS REQUIRES A 3 TIER ADMINISTRATIVE REMEDY PROCESS IN WHICH A BP9 IS SUBMITTED TO THE WARDEN, A BP10 APPEAL IS SENT TO THE REGIONAL DIRECTOR, AND A BP11 APPEAL IS SENT TO THE CENTRAL OFFICE IN WASHINGTON, DC.

WARDEN WINN HAS ADDED TO THESE REQUIREMENTS "STUMBLING STONES" OR OBSTACLES TO OVERCOME TO INITIATE THE PROCESS. HE REQUIRES A WRITTEN REQUEST FOR A "BP 8" WHICH IS A WRITTEN REQUEST FOR A BP9 FORM.

THE CFR's REQUIRE A BP9 TO BE FILED WITHIN 20 DAYS OF THE INCIDENT OR THE INMATE FORFEITS HIS RIGHT TO CHALLENGE ANY ADMINISTRATIVE ACTION.

WRITTEN REQUESTS ARE RARELY ANSWERED AND THE WARDEN REFUSES TO ANSWER ALL REQUESTS (COP-OUTS).

PHELPS HAS WRITTEN COP OUTS TO THE WARDEN, ASSOCIATE WARDEN SCHULT, CAPTAIN BOLLINGER, LT. DOYLE, MAIL ROOM SUPERVISOR CAGNON, BUSINESS OFFICE SUPERVISOR, MEDICAL RECORDS, COMMISSARY SUPERVISOR, LAUNDRY SUPERVISOR, EDUCATION SUPERVISOR, CHAPLAIN, THE CASE MANAGER, AND TO THE MEDICAL CLINICS, AND TO DR. HAAS (COUNSELOR BONNIA INSTRUCTED INMATES TO SLIDE ANY PAPERWORK UNDER HIS DOOR WHEN HE IS NOT THERE).

DR. HAAS RESPONDED TO ONLY ONE COP OUT AND IT WAS INAPPROPRIATE, PHELPS ASK HIM A QUESTION AND HE RESPONDED "NOTED." NOONE ELSE HAS RESPONDED TO ANY COP-OUT.

COUNSELOR BONNIA RARELY RESPONDS TO BP 8's, AND WHEN HE DOES, IT IS AFTER THE EXPIRATION OF THE 20 DAY TIME LIMIT. FOR EXAMPLE: THE RULES REQUIRE ONE FORM FOR EACH ISSUE. IF A INCIDENT HAS MULTIPLE ISSUES, A DIFFERENT FORM MUST BE USED FOR EACH ISSUE.

ON 8-18-2005 PHELPS SUBMITTED 8 BP 8's TO BONNIA BECAUSE THE INCIDENT HAD 8 ISSUES. HE RESPONDED TO ONE AND REFUSED TO RESPOND TO THE OTHERS BECAUSE IT WAS TOO MUCH PAPERWORK.

ON 11-11-2005 PHELPS SUBMITTED A BP8 REQUESTING THAT A MEMO BE SENT TO ALL STAFF MEMBERS TO TIMELY, AND APPROPRIATELY, RESPOND TO ALL INMATE REQUESTS. COULATTI DESTROYED THE BP8.

THESE REFUSALS VIOLATE THE 1st AMENDMENT AND DUE PROCESS

<u>CAUSE OF ACTION #6</u>

PHELPS IS A UNCONVICTED CIVILLY COMMITTED MENTAL PATIENT OF WHOM THE BOP DOES NOT HAVE LAWFUL CUSTODY OR JURISDICTION.

PHELPS IS A MEMBER OF THE NAZI RELIGION WHO FOLLOWS THE TEACHINGS OF THE CHRISTIAN HOLY BIBLE WHICH COMMANDS THE BELIEVERS TO BE "WHITE SUPREMACISTS."

BECAUSE OF HIS SINCERELY HELD RELIGIOUS HE HAS SUFFERED A 20 YEAR HISTORY OF ABUSE AND MISTREATMENT BY STAFF OF THE BOP WHO ARE INTOLERANT OF SUCH RELIGIOUS BELIEFS. HE HAS SUFFERED MANY FORMS OF RETALIATION INCLUDING THE FILING OF FALSE AND MALICIOUS DISCIPLINARY CHARGES.

S. ANTLEY FILED A FALSE REPORT ON 11-24-04 OF INSOLENCE, IT WAS LATER DISMISSED AS PATENTLY FALSE BUT ONLY AFTER PHELPS WAS IN THE HOLE FOR A WEEK

L. ABRIL MADE A FALSE REPORT OF INSOLENCE WHICH WAS LATER DISMISSED AS FALSE BUT ONLY AFTER PHELPS WAS IN THE HOLE FOR A WEEK

ON 1-28-05 A FALSE REPORT MADE BY SONDEGA

ON 1-17-05 ANTLEY CONFISCATED ITEMS THAT WERE PURCHASED IN THE COMMISSARY AND NEVER RETURNED THEM NOR WAS PHELPS COMPENSATED FOR THE ITEMS

ON 8-10-05 PHELPS WAS PUT IN THE HOLE ON THE CHARGE OF "FIGHTING" AND HE WAS NOT IN A FIGHT. AFTER SEVERAL DAYS HE WAS RELEASED

THREE OTHER CHARGES WERE MADE AGAINST PHELPS WHICH WERE DISMISSED AS BEING FALSE, BUT ONLY AFTER HE WAS IN DISCIPLINARY SEGREGATION (FOIA HAS BEEN FILED)

IN EACH OF THESE INCIDENTS NO/DUE APPROPRIATE PROCESS WAS GIVEN. THE ACTIONS OF THE STAFF WERE ARBITRARY AND CAPRICIOUS AND WERE DELIBERATELY MALICIOUS BECAUSE THEY WILL NOT ALLOW PHELPS TO HAVE HIS OWN RELIGIOUS BELIEFS, WHICH THEY BELIEVE ARE POLITICALLY INCORRECT.

THE ACTIONS ARE COUNTER THERAPEUTIC AND ANTI-REHABILITATIVE, AND CAUSED PHELPS TO MENTALLY DETERIORATE AND TO DECOMPENSATE. THE ACTIONS CAUSED HIS UNWARRANTED STRESS THAT EXACERBATED HIS PHYSICAL INFIRMITIES AND DISABILITIES.

THE STAFF ACTED WITH EVIL INTENT WITHOUT ANY REGARD FOR THE RIGHTS OF PHELPS OR FOR THE CONSEQUENCES OF THEIR UNPROFESSIONAL JUDGMENTS; THEY DID NOT APPLY THE LEAST RESTRICTIVE MEASURES

CAUSE OF ACTION #3 (SEE CAUSE OF ACTION #2, PAGE 11 FOR RELATED INCIDENT)

ON 12-9-05, J. NELSON AND G. QUENNO HELD A UNIT DISCIPLINARY COMMITTEE (UDC) HEARING ON THE SAME INCIDENT REPORT AS CAUSE OF ACTION #2. PHELPS CHALLENGED THE JURISDICTION AND AUTHORITY OF THE UDC BUT THEY WERE INDIFFERENT AND DID NOT INVESTIGATE OR ASSESS ITS JURISDICTION. THEY REFUSED TO ALLOW PHELPS TO PUT FORWARD A LACK OF JURISDICTION DEFENSE. (THEY DID NOT RECORD THE COMMENTS AS REQUIRED)

PHELPS TOLD THEM HE WAS A CIVIL COMMITMENT AND THAT THE RULES OF THE BOP DID NOT APPLY TO HIM AND THAT THEY COULD NOT PUNISH HIM AS A CONVICTED PRISONER. THEY WERE COMPLETELY INDIFFERENT AND ANNOYED THAT I RAISED THE ISSUE. (THEY DID NOT RECORD THE COMMENTS ON FORM BP-288(52) AS REQUIRED)

PHELPS RAISED THE STATUTE OF LIMITATION DEFENSE AND INFORMED THEM THAT THEIR ACTION WAS UNTIMELY. 28 CFR 541.15, THE UDC MUST CONVENE WITHIN 3 DAYS OF THE INCIDENT (OCTOBER 13, 2005). IT CONVENED OVER TWO MONTHS LATE. IF THERE IS A DELAY, THE UDC MUST INFORM THE INMATE IN WRITING THE REASONS FOR THE DELAY. NICOLE INFORMED PHELPS VERBALLY, OR WRITTEN, THAT THERE WOULD BE A DELAY. THE UDC STATED THAT WARDEN WINN AUTHORIZED THE DELAY WITHOUT NOTIFYING PHELPS AND THE UDC ATTEMPTED TO GET PHELPS TO SIGN A NOTIFICATION BY EX POST FACTO MEANS. PHELPS REFUSED TO SIGN.

PHELPS INFORMED THE UDC THAT WHAT HE DID WAS NOT UNLAWFUL AND THAT HE HAD OBTAINED PERMISSION FROM L. BONNIR TO DO WHAT HE DID AND BONNIR AFFIXED HIS SIGNATURE TO FORM 119.045 AS "AUTHORIZING OFFICIAL." THEY WERE ANGRILY INDIFFERENT AND HAD ALREADY DECIDED (WITH THE APPROVAL OF WINN) TO PUNISH PHELPS REGARDLESS OF HIS DEFENSES.

DR. HARS MADE A FALSE SWORN AFFIDAVIT THAT HE HAD EXAMINED PHELPS BEFORE PHELPS WAS ~~ISSUED~~ INCIDENT REPORT TO DETERMINE COMPETENCY AS REQUIRED BY THE FEDERAL REGULATIONS AND BCP POLICY STATEMENT 5270. THERE WAS NO INTERVIEW, NO EXAMINATION, NO EVALUATION - NOTHING.

PHELPS WAS PUNISHED BY DENYING HIM TELEPHONE AND COMMISSARY ACCESS FOR 120 DAYS. THE PUNISHMENT, AND INCIDENT REPORT IS RETALIATORY VINDICTIVE HARASSMENT BECAUSE PHELPS FILED A COMPLAINT IN COURT. (THE UDC CONVENED TWO WEEKS AFTER PHELPS FILED A COMPLAINT IN COURT. COALUTTI READ THE COMPLAINT, SHOWED IT TO WINN, AND OTHERS, AND THEY CONSPIRED TO PUNISH PHELPS ANYWAY EVEN THOUGH THEY KNEW HE WAS A UNCONVICTED CIVILLY COMMITTED MENTALLY ILL AND MENTALLY DISABLED PATIENT VULNERABLE TO ABUSE AND MISTREATMENT BY STAFF. THEY HAVE ESCAPED DISCIPLINE AND CORRECTION FOR PREVIOUS ACTS OF ABUSE, SO THEY THINK THEY ARE INVULNERABLE AND UNTOUCHABLE. EVEN IF PHELPS COULD LAWFULLY BE PUNISHED, THE PUNISHMENT IS DISPROPORTIONATE TO THE OFFENSE AND IS AN EXAGGERATED RESPONSE TO AN OVERBROAD RULE. TO PUNISH A PERSON FOR EXERCISING HIS 1ST AMENDMENT RIGHT TO GIVE A FREE CHRISTMAS GIFT TO ANOTHER IS UNCONSCIONABLE.

## CAUSE OF ACTION # 8

ONCE A WEEK THERE IS A HOUSING UNIT INSPECTION. ROTATION IS DEPENDENT UPON HIGH SCORES. HIGH SCORES ARE RELEASED FROM UNITS FIRST TO GO TO MEALS, RECREATION, COMMISSARY, ETC. THOSE LAST MAY NOT GET WHAT THEY WANT.

THE SCORES ARE DETERMINED ARBITRARILY BY A STAFF MEMBER WHO DOES NOT EXPLAIN HOW HE SCORES. HE DOES NOT POST ANY DISCREPANCIES OR VIOLATIONS SO THAT INMATES CAN KNOW WHY THEY ARE SCORED AS THEY ARE.

IF ONE INMATE IS IRRESPONSIBLE IN KEEPING HIS ROOM CLEAN OR ORDERLY, THE ENTIRE UNIT IS PUNISHED FOR THAT SINGLE INMATE.

THIS WEEK, THE ENTIRE UNIT LOST VISITING PRIVILEGES BECAUSE OF ONE INMATE WHO DID NOT MAKE HIS BED. THERE IS NO DUE PROCESS PROTECTIONS. ABSOLUTELY NONE.

5. MARTINEZ REPEATEDLY TAUNTED AND HARASSED PHELPS BY DEPRIVING PHELPS OF SLEEP AND REST AND ENGAGED IN CONDUCT THAT WAS COUNTER THERAPEUTIC, DESTRUCTIVE TO REHABILITATION, AND IN VIOLATION OF BOP RULES THAT CAUSED PHELPS TO DETERIORATE.

## PRAYER

PHELPS PRAYS FOR RELIEF AND REMEDY AND TO

1. DECLARE THAT THE BOP RULES, REGULATIONS, AND POLICES CANNOT CONSTITUTIONALLY BE APPLIED TO FEDERAL CIVIL COMMITMENTS

2. DECLARE THAT THE BOP EMPLOYEES, STAFF, AND MEMBERS ARE ACTING IN CLEAR ABSENCE OF ALL LAWFUL JURISDICTION AND AUTHORITY IN THE CARE AND TREATMENT OF PHELPS

3. DECLARE THAT THE DEFENDANTS ACTED MALICIOUSLY, VINDICTIVELY, AND WITH EVIL INTENT TO CAUSE PHELPS HARM, INJURY, ANGUISH, PAIN, AND SUFFERING

4. DECLARE THAT THE DEFENDANTS ACTED OUTRAGEOUSLY AND WITH A RECKLESS DISREGARD FOR THE RIGHTS OF PHELPS OR FOR THE CONSEQUENCES OF THEIR ACTS, ACTIONS, INACTION, AND OMISSIONS

5. DECLARE THAT THE CONDITIONS OF CONFINEMENT ARE COUNTER THERAPEUTIC AND COUNTER-REHABILITATIVE TO MENTALLY ILL CIVIL COMMITMENTS

6. DECLARE THAT THE DEFENDANTS ACTED UNPROFESSIONALLY AND INDIFFERENTLY

7. DECLARE THAT THE FEDERAL MEDICAL CENTER IS A PRISON, NOT A HOSPITAL, AND THAT PHELPS IS REQUIRED TO BE HOSPITALIZED BUT HE IS UNCONSTITUTIONALLY INCARCERATED AND IS UNCONSTITUTIONALLY BEING TREATED AS A CONVICTED PRISONER

8. DECLARE THAT PHELPS SUFFERED IRREPARABLE INJURY AND THE DEFENDANTS ARE LIABLE FOR THE INJURY

9. AWARD PHELPS $10,000,000.00 (TAX FREE) IN COMPENSATORY DAMAGES AND $30,000,000.00 (TAX FREE) IN PUNITIVE DAMAGES AND FEES AND COSTS AND ANY OTHER RELIEF AND REMEDY THE COURT DEEMS FAIR, JUST, APPROPRIATE, AND EQUITABLE

10. ISSUE AN INJUNCTION PROHIBITING BOP MEMBERS FROM CONFINING AND TREATING THE UNCONVICTED CIVILLY COMMITTED MENTALLY ILL AND MENTALLY DISTURBED.

21

1ST DAY OF DECEMBER 2005

RESPECTFULLY SUBMITTED ON THIS 30TH DAY OF NOVEMBER 2005

Coy Phelps     IN PRO SE

COY PHELPS 78872-011

FMC- DEVENS

P.O. BOX 879

AYER, MASSACHUSETTS

01432

## CERTIFICATION

I COY PHELPS CERTIFY UNDER PENALTY OF PERJURY PURSUANT TO 28 US$ 1746, THAT

I AM THE PARTY MAKING THE STATEMENTS HEREIN AND THAT ALL THE STATEMENTS ARE

TRUE AND CORRECT ACCORDING TO MY BEST KNOWLEDGE AND BELIEF.

DATE: 11-30-05

12/18/05

Coy Phelps     IN PRO SE

COY PHELPS 78872-011

FMC DEVENS

P.O. BOX 879

AYER, MASSACHUSETTS

01432

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

COY PHELPS

          PETITIONER

     -V-

J. COLAUTTI, et. al.

         RESPONDENTS

CASE: _____

NOTICE OF LAWSUIT

PLEASE TAKE NOTICE

THAT ON, OR AS SOON AS POSSIBLE AFTER, THE DATE BELOW, YOU WILL BE SUED IN THE ABOVE COURT IN THE ABOVE CASE BY THE ABOVE PETITIONER

DATE: 11-30-05

Coy Phelps    IN PRO SE
COY PHELPS 78872-011
FMC-DEVENS
P.O. BOX 879
AYER MA 01432

CERTIFICATE OF SERVICE

I Coy Phelps certify under penalty of perjury pursuant to 28 USC 1746, that I placed copies of this action into separate envelopes and sent the envelopes to the Middlesex County Sheriffs Office, Civil Division, 97 Central Street, P.O. Box 7135, Lowell, MA 01852, together with sufficient service of process fees to be served on each defendant party.

DATE

Coy Phelps    IN Pro So
Coy Phelps 78872-011
FMC Devens
P.O. Box 879
Ayer, MA  01432