```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
COY PHELPS,                        )
                                   )
            Plaintiff,             )
v.                                 )   Civil Action No. 05-40003-GAO
                                   )
DAVID WINN, et al.,                )
                                   )
            Defendants.            )
_____)
```

**OPPOSITION TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE**

Defendants in the above-captioned matter respectfully oppose Plaintiff's Motion to Take Judicial Notice. It is inappropriate for the Court to take judicial notice of the two statements presented by Plaintiff because the first is a misstatement of the law, and the second is factually untrue. Accordingly, Defendants request that the Court deny Plaintiff's motion.

"Judicial notice of fact is an evidentiary shortcut. It permits facts in a particular case to be established without proof by admissible evidence if they are 'not subject to reasonable dispute' by virtue of being 'either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" <u>Getty Petroleum Mktg., Inc. v. Capital Terminal Co.</u>, 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring) (citing Fed. R. Evid. 201(b)). Conversely, judicial notice of law is not presented to a jury as evidence but rather to the Court as law without plea or proof. <u>Id.</u>; <u>see also</u> <u>White v. Gittens</u>, 121 F.3d 803, 805 n.1

(1st Cir. 1997).

Plaintiff asks that the Court take judicial notice that "18 USC [sic] 4243 requires Phelps to be 'hospitalized' into [sic] a proper and adequate mental hospital . . . which has been approved, and certified, by the Secretary of the Department of Health and Human Services (18 USC [sic] 4247(i)) but no B.O.P. facility has such approval or certification."  This request appears to be one for judicial notice of law.  Plaintiff however misreads sections 4243 and 4247(i).

While § 4243 requires the Federal Bureau of Prisons ("BOP") to hospitalize Plaintiff in a "suitable facility" and § 4247(i) calls for the Attorney General to "consult" with the Secretary of the Department of Health and Human Services in the establishment of standards for facilities, the statutes do not require the BOP to seek approval and certification from Secretary of the Department of Health and Human Services that a facility is suitable.  See 18 U.S.C. §§ 4243, 4247(i).  Plaintiff clearly misreads these statutes and, accordingly, judicial notice of his statement would be improper.

Plaintiff also asks that the Court take judicial notice of the purported "fact" that the Joint Commission on Accreditation of Health Care Organizations ("JCAHCO") revoked the accreditation of the Federal Medical Center in Devens, Massachusetts ("FMC Devens") "due to the abuse and mistreatment of the mentally ill,

the negligent care of the physically ill, and due to the complaints of the general public on improper care and the falsification of records." This statement is wholly untrue. FMC Devens has been accredited by JCAHCO since February 26, 2000; and JCAHCO last renewed FMC Devens's accreditation as October 8, 2005, through October 8, 2008. See Declaration of Warden David Winn, ¶¶ 2-3, attached hereto as Exhibit 1. Contrary to Plaintiff's assertion, JCAHCO has never revoked the accreditation of FMC Devens. Id., at ¶ 4. Plaintiff's erroneous contention cannot meet the burden of Federal Rule of Evidence 201 in that it is a disputed fact and is clearly inaccurate.

Accordingly, for the above reasons articulated above, Plaintiff's motion should be dismissed.

                                           Respectfully submitted,

                                           MICHAEL J. SULLIVAN
                                           United States Attorney

                                 By:  /s/ Damian W. Wilmot
                                     DAMIAN W. WILMOT
                                     Assistant U.S. Attorney
                                     Moakley Federal Courthouse
                                     One Courthouse Way, Suite 9200
                                     Boston, MA  02210
Dated:   May 12, 2006           (617) 748-3100

CERTIFICATE OF SERVICE

    I certify that on May 12, 2006, I caused a copy of the foregoing Memorandum to be served on Petitioner by first class mail, postage pre-paid to Coy Phelps (78872-011), FMC-Devens, 42 Patton Road, P.O. Box 879, Ayer, MA 01432.

                                            /s/ Damian W. Wilmot
                                            DAMIAN W. WILMOT
                                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COY PHELPS,  )
    Plaintiff,  )
  )
  )
V.  )  Case No. 05-CV-40003
  )
DAVID WINN, ET. AL.,  )
    Defendants.  )
  )

## DECLARATION OF DAVID L. WINN, WARDEN

I, DAVID L. WINN, hereby make the following declaration under penalty of perjury:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons as the Warden at the Federal Medical Center (FMC), Devens, Massachusetts. I have been employed at this position since approximately December 1, 2000. Prior to that I was the Warden at the Federal Correctional Institution (FCI) Pekin, Illinois from May 1, 1999 through November 20, 2000. I have been employed with the Federal Bureau of Prisons since April, 1973. As the Warden at FMC Devens, I am responsible for the day-to-day operations and programs at FMC Devens. I supervise staff employed at FMC Devens, as well as inmates incarcerated at FMC Devens.

2. FMC Devens was initially awarded accreditation by the Joint Commission on Accreditation of Healthcare Organizations (JCAHO) on February 26, 2000, and was reaccredited on December 7, 2002. This accreditation was effective for three years for all services surveyed using appropriate standards from the Comprehensive Accreditation Manual for Behavioral Health Care and the Comprehensive Accreditation Manual for Ambulatory Health Care.

3. In October, 2005, FMC Devens underwent a full reaccreditation survey for Behavioral Health and Ambulatory Care, and an initial accreditation survey for Long Term Care. JCAHO granted FMC Devens an accreditation decision of "accredited" for all services surveyed under the Comprehensive Accreditation Manual for Behavioral Health Care, the Comprehensive Accreditation Manual for Long Term Care, and the Comprehensive Accreditation Manual for Ambulatory Health Care. This accreditation cycle is effective beginning October 8, 2005 and is valid for three years.

4.   JCAHO has not revoked FMC Devens' accreditation for any period of time.

I declare under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

Executed this 11 day of May, 2006.

_____
David L. Winn
Warden
Federal Medical Center
Devens, Massachusetts