UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
FOURTH DIVISION

```
COY PHELPS                )
        Petitioner        )  Case No:  4:05-CV-40003-GAO
                          )
      -v-                 )  MOTION TO SUBMIT NEW INFORMATION
                          )  ON THE ABOVE CASE
DAVID WINN, et. al.       )
        Respondent(s)     )
```

The above Petitioner ( Phelps ) request permission of the court to submit newly acquired information[1] which may affect the analysis of the above case.

## BACKGROUND

Phelps is a federal insanity acquittee who was found not guilty by reason of insanity, by a jury, in July of 1986.

18 USC §4243(c) require a hearing to take place, no later than forty days after the verdict, to determine if the insanity was temporary or if it continues to exist. If the insanity continues to exist, then under 18 USC 4243(e) the acquittee is placed into the custody of the U.S. Attorney General.

## PRESENTATION

Phelps had always believed that he had been lawfully placed into the custody of the U.S. Attorney General in a proper CIVIL commitment proceeding.

In the statements ( for this case ) he has informed the court that the starting point to analyze the claims and issues of the case is to answer the question " Did the U.S. Attorney General misinterpret and misapply the statute and incarcerate Phelps in federal prison?" However, in light of the newly obtained information, the true starting point precedes that question, and

---

1. Phelps has raised the claim of actual innocence and has demanded a release based upon that claim. He claimed that he was framed by agents of a private corporation who were working jointly with local, state, and federal law enforcement officers in a conspiracy to frame him. In 1992, his claims were confirmed but the federal government still would not release him because of his religion and politics. The private corporation was arrested, pled guilty in state superior court, and paid a money sanction. Phelps sued the private corporation and the agents. The information he received, alluded to in this case, derived from that lawsuit.

the first question to be asked is " Does the U.S. Attorney General have lawful custody of Phelps?" Phelps alleges that he does not, and never has had, because of a legal insufficiency and a procedural violation.

Phelps alleges that he was CRIMINALLY committed and not CIVILLY committed as required by the law. Phelps alleges that the hearing to determine his current mental status was unconstitutional, and improper, because the hearing was an extention of the criminal trial just as a convicted defendant has a sentencing hearing as an extention of his criminal trial. In a sentence hearing, the crime and the nature of the crime, can be used to affect the duration of the sentence. However, Phelps was acquitted so the crime and the nature of the crime could not, lawfully, be considered... but it was. The crime, and the nature of the crime, was presented to the court to establish the level of mental illness. That is plain error. In a CIVIL commitment hearing, the ONLY issue is the level of mental illness. Nothing else is relevant.

18 USC §4246 is instructive in this matter. When a sentenced prisoner, who is incarcerated, is deemed to be too mentally ill to be released to the community, the government may initiate a CIVIL COMMITMENT hearing ( which has a separate case docket number to distinguish it from the criminal case ) to keep the person in confinement. The crime, or the nature of the crime, cannot be used at the hearing because the prisoner has completed his term of punishment. The ONLY issue is the level of mental illness.

Phelps is similiarly positioned in that he cannot be punished because of the not guilty verdict and the sentenced prisoner cannot be punished because of the completion of the sentence. Hence, the requirement for a CIVIL hearing.... distinguished from the criminal case by having a separate civil docket number to signify the CIVIL nature of the action. The sentenced prisoner cannot have a hearing that is an extention of the criminal case.

The same reasoning applies to Phelps. Phelps was acquitted and that verdict necessitated the criminal case to be closed and a new civil case to be opened for a civil commitment proceeding.

This procedure was not followed. Phelps had a CRIMINAL hearing as an extention of the criminal case and not a separate CIVIL hearing as required by the terms of the federal mental health laws.

The attached docket sheets indicate that the case was terminated at the time of the verdict on July 31, 1986( first page-attachment.) Then, on 9/24/86 Judge Peckham signed the commitment order( page 2 of the attachment.) Note that the docket sheet is under the criminal case number. All of the commitment proceedings were extentions of the criminal case and were not true CIVIL proceedings.

Because of the impropriety of the proceedings, there is a legal insufficiency and a procedural violation which require a nullification of the commitment.

However, the legality of the commitment is not the issue in this case. The issue, in this action, is whether the U.S. Attorney General has lawful custody of Phelps through a proper CIVIL COMMITMENT PROCEEDING. If the statute require a CIVIL proceeding, then Phelps is not in lawful custody of the Attorney General because he did not have a CIVIL hearing.

Because of this legal insufficiency, the Attorney General never had lawful custody of Phelps; and because he never had lawful custody, he lacked jurisdiction and authority to do anything; and because he lacked jurisdiction, all the actions he took were unconstitutional and unlawful.

The starting question is " Did Phelps have a CIVIL Commitment hearing?" The next question is "Did the U.S. Attorney General have lawful custody of Phelps?" Then the next question is " Did the Attorney General misinterpret and misapply the federal mental health laws and inproperly incarcerated Phelps in federal prison to be treated as a convicted and sentenced prisoner under rules and regulations established for only convicted prisoner?"

DATE: 6/1/2006

                                      _[signature]_        In Pro Se
COY PHELPS   78872-011
FMC-DEVENS
P.O. BOX 879
AYER, MASSACHUSETTS
         01432

```
                                                    *** GRID LOS ***
                              CAL-!N(SAN FRANCISCO) 05/01/92
ACTIVE CRIMINAL DOCKETS                                        PAGE 1
                                                    CR-85-00899-01
CR-85-00899-01   US-V-PHELPS
                      as of 04/03/92 at 8:25 PM
```

Case Filed: 10/03/85

Judge: JUDGE PECKHAM               Prior Magistrate Number: 85-0776M-01

Defendant:

01   PHELPS, COY RAY

Dft ID: -16097

Defendant terminated: 07/31/86

Terminated counts:
ILLEGALLY MAKING A FIREARM,
26:5861(F) (1), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (2), ATTEMPT TO
DAMAGE INSTITUTION
RECEIVING FEDERAL FUNDS,
18:844(F) (3), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (4), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (5), ATTEMPT TO
DAMAGE PROPERTY USED IN
INTERSTATE COMMERCE,
18:844(I) (6), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (7), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (8), ATTEMPT TO
DAMAGE PROPERTY USED IN
INTERSTATE COMMERCE,
18:844(I) (9), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (10), ILLEGALLY
POSSESSING A FIREARM,
26:5861(D) (11), ILLEGALLY
MAKING A FIREARM,
26:5861(F) (12-13), ATTEMPT
TO DAMAGE PROPERTY USED IN
INTERSTATE COMMERCE,
18:844(I) (14)

Disposition
Jury verdict-not guilty
07/31/86 (Counts 1,2,3,4,5,
6,7,8,9,10,11,12-13,14)
(ONLY BY REASON OF
INSANITY). 07/31/86

Offense Level (disposition): NONE

GER119

```
ACTIVE CRIMINAL DOCKETS     CAL-IN(SAN FRANCISCO) 05/01/92        *** GRID K06 ***
CR-85-00899-01                                                       PAGE 15
                    US-V-PHELPS                      CR-85-00899-01
                                   PROCEEDINGS

                    18:4243(C)) (JUDGE PECKHAM) (Dkt'd 05/15/87).
             170    Stipulation Filed (STIPULATION AND WAIVER) (Dkt'd 05/15/87).

08/28/86     171    Filed Petition (TO AUTHORIZE LEGAL RESEARCH ASSISTANCE)
                      (Dkt'd 05/15/87).
             172    - DETAILING BILLING VOUCHER NO. 883826 (Dkt'd 05/15/87).

09/03/86     173    Filed CJA Form #20 copy #5 appointing SELBY, MANTON L as
                      attorney for defendant (JUDGE PECKHAM) (Dkt'd 05/15/87).
             174    Filed CJA Form #20 copy #5 appointing SELBY, MANTON L as
                      attorney for defendant (Dkt'd 05/15/87).

09/12/86     175    - LETTER FROM DEFT TO JUDGE PECKHAM (Dkt'd 05/15/87).

09/15/86     176    Filed CJA Form #21 copy #2 Authorization & Voucher for
                      Expert or Other Services (FRED ROSENTHAL) (JUDGE PECKHAM)
                      (Dkt'd 05/15/87).
             177    Filed CJA Form #21 copy #2 Authorization & Voucher for
                      Expert or Other Services (INSTITUTE OF FORENSIC SCIENCES)
                      (JUDGE PECKHAM) (Dkt'd 05/15/87).
             178    - GOVERNMENT'S MEMORANDUM IN SUPPORT OF 4243 COMMITMENT OF
                      DEFENDANT (Dkt'd 05/15/87).

09/17/86     179    Minute sheet filed (C/R ROBERTA ROGERS) (JUDGE PECKHAM)
                      (Dkt'd 05/15/87).

09/18/86     180    - LETTER FROM DR. D. STEIN TO JUDGE PECKHAM (Dkt'd
                      05/15/87).

09/22/86     181    - EX PARTE MOTION FOR ORDER TO RETURN SEIZED PROPERTY AND
                      FOR INJUCTIVE RELIEF WITH CASE CITATION (Dkt'd 05/15/87).

09/24/86     182    Order filed (COMMITMENT ORDER UNDER 18:U.S.C.4243(E))
                      (JUDGE PECKHAM) (Dkt'd 05/15/87).

10/02/86     183    - PETITION FOR WRIT OF HABEAS CORPUS RELEASE FROM CUSTODY
                      WITH CASE CITATIONS (Dkt'd 05/15/87).

10/22/86     184    Filed CJA Form #24 copy #3 Authorization & Voucher for
                      Payment of Transcript (C/R ROBERTA ROGERS) (JUDGE PECKHAM)
                      (Dkt'd 05/15/87).

10/27/86     185    Notice filed (NOTICE OF CHANGE OF ADDRESS AND TELEPHONE.)
                      (Dkt'd 05/15/87).
             186    - LETTER FROM DEFT TO CLERK RAY XAVIER (Dkt'd 05/15/87).

10/28/86     187    Filed CJA Form #20 copy #5 appointing SELBY, MANTON L as
                      attorney for defendant (Dkt'd 05/15/87).

07/31/86     154    Minute sheet filed (JUDGE PECKHAM) (Dkt'd 05/15/87).
                    Trial held-jury (Counts 1,2,3,4,5,6,7,8,9,10,11,12-13,14)
                      (JUDGE PECKHAM) (Dkt'd 05/15/87).
             155    - TRIAL TITLE SHEET (Dkt'd 05/15/87).
             156    Filed subpoena (s) returned executed (WANDA GRIGGS) (Dkt'd
                      05/15/87).
             157    Filed jury instructions (Dkt'd 05/15/87).
             158    - NOTES FROM THE JURY (Dkt'd 05/15/87).
             159    Jury verdict of not guilty (Counts 1,2,3,4,5,6,7,8,9,10,11,
                      12-13,14) (ONLY BY REASON OF INSANITY) (JUDGE PECKHAM)
                      (Dkt'd 05/15/87).

08/01/86     160    Order filed (JUDGMENT AND COMMITMENT ORDER ON NOT GUILTY BY
                      REASON OF INSANITY ENTERED 8/1/86.) (JUDGE PECKHAM) (Dkt'd
                      05/15/87).
```

## CERTIFICATE OF SERVICE

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC 1746, that I placed a copy of this action into separate correctly addressed envelopes, affixed with proper and adequate first-class U.S. Postage, and deposited the pre-paid envelopes into the prison mail-box, or gave the pre-paid envelopes to a prison official, on the date indicated below, to be delivered to the following:

1. Damian W. Wilmot, AUSA, U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts.  02210

2.

3.

4.

5.

6.

7.

8.

9.

DATE: 6 / 1 /2006                          _____ In Pro Se
                                           COY PHELPS   78872-011
                                           FMC-DEVENS
                                           P.O. BOX  879
                                           AYER, MASSACHUSETTS
                                                         01432

HOUSTON v LACK, 1988, 487 US 266 ( papers deemed filed when deposited in a prison mail-box or given to a prison official.)
WILLIAMS v WADE, WD Wis 2005, 354 FS2d 894 ( Rule applies to Service of Process also.)

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
                    FOURTH DIVISION
                                )
COY PHELPS                      ( Case No: 4:05-CV-40003-GAO
         Petitioner             )
                                (
      -v-                       )
                                (  NOTICE OF RELATED CASES
DAVID WINN, wt.al.              )
         Respondent(s)          (
                                )
```

PLEASE TAKE NOTICE
that the above case may be related to the cases of:

    Phelps v Rasmussen,et.al.  4:-06-CV-40082-GAO
    Phelps v Colautti,et.al    4:06-CV-40011-GAO
    Phelps v Bracy, et.al.     4:06-CV-40090-GAO
    Phelps v ~~Gonzales~~ WINN, et.al.  4:05-CV-40042-GAO

DATE:  6/1/2006

                    _____ In Pro Se
                    COY PHELPS  78872-011
                    FMC-DEVENS
                    P. O. BOX 879
                    AYER, MASSACHUSETTS
                              01432

## CERTIFICATE OF SERVICE

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC 1746, that I placed a copy of this action into separate correctly addressed envelopes, affixed with proper and adequate first-class U.S. Postage, and deposited the pre-paid envelopes into the prison mail-box, or gave the pre-paid envelopes to a prison official, on the date indicated below, to be delivered to the following:

1. Damian W. Wilmot, AUSA, U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts.  02210

2.

3.

4.

5.

6.

7.

8.

9.

DATE: 6 / 1 /2006

_____ In Pro Se
COY PHELPS  78872-011
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS
                01432

HOUSTON v LACK, 1988, 487 US 266 ( papers deemed filed when deposited in a prison mail-box or given to a prison official.)
WILLIAMS v WADE, WD Wis 2005, 354 FS2d 894 ( Rule applies to Service of Process also.)