UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COY PHELPS
    Petitioner

-v-

DAVID WINN, et. al.
    Respondents

Case No: 4-05-cv-40003-GAO

NOTICE

PLEASE TAKE NOTICE

THAT the above petitioner COY PHELPS has exhausted his administrative remedies in the above case even though he is not required to do so under the Prison Litigation Reform Act(PLRA). Phelps is a civil commitment and the PLRA does not apply to civil commitments ( King v Greenblatt, D Mass 1999, 53 FS2d 117 at 138.)

    Phelps challenged all of the Federal rules and regulations as well as all of the Federal Bureau of Prisons Policies as applied to him ( See attachments).

    Phelps also challenged all of the acts, actions, inactions, and omissions of all of the Federal Bureau of Prisons employees as applied to him( See attachments.)

DATE: 9-13-2006

                                     _____ In Pro Se
                                     COY PHELPS  78872-011
                                     FMC-DEVENS
                                     P.O. BOX  879
                                     AYER, MASSACHUSETTS
                                           01432

# Central Office Administrative Remedy Appeal

U.S. Department of Justice
Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **PHELPS, COY R**      78872-011      N-4      FMC-DEVENS
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Part A—REASON FOR APPEAL

I am appealing BP-10 # 410775
The Regional Office and The Warden Were Erroneous
See Attachments

6-24-2006                                             COY PHELPS  78872-011
DATE                                                  SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED
JUL - 5 2006
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                                            GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                      CASE NUMBER: 410775-A1

Part C—RECEIPT
                                                CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____           SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
DATE                                                                                APRIL 1982
USP LVN

# FOUNDATIONAL STATEMENT

1. I am a unconvicted, and uncharged, civilly committed mental patient.

2. The rules of the Federal Bureau of Prisons does not apply to Civil Commitments ( Tyler v Cinnone, WDMo 1969, 299 FSupp 684 )

3. Civil Commitments cannot be punished for any reason( Jones v US, 1983, 483 US 354; Youngberg v Romeo, 1982, 457 US 307; Foucha v Louisiana, 1994, 504 US 71; DeShaney v Winnebago. 1989, 489 US 189; Parnham v JR, 1979, 492 US 584 )

4. Civil Commitments cannot be treated as convicted prisoners are treated( Jones v US, 1983, 483 US 354 at 369;  Jones v Blanas, 9C2004, 393 F3d 918; US v Jain, 7C1999, 174 F3d 392; Foucha, Youngberg, DeShaney )

5. Civil Commitments have more rights than pre-trial detainees, and pre-trial detainees have more rights than convicted prisoners( Jones v Blanas, 9C2004, 393 F3d 918; King v Greenblatt, D Mass 1999, 53 FS2d 117 at 138; Campbell v McGruder, DCC1978, 580 F2d 521 at 527 n.9 )

6. Civil Commitments must be "hospitalized" in a mental hospital( US vSherman, NDIll 1989, 722 FSupp 504; 18 USC 4243(e))

7. The Federal government does not have a Civil hospital in which to confine Federal Civil Commitments( Foucha v Louisiana, 1994, 504 US 71; Mauriette v Ciccone, WDMo 1969, 305 FSupp 775; Williams v Richardson, 8C1978, 481 F2d 358 )

8. Civil Commitments cannot be confined in any jail, prison, penitentiary, or any other Penal or Correctional Institution( Foucha, Lynch v Baxley, MDAla 1974, 386 FSupp 378, affirmed 11C1976, 651 F2d 387 and 744 F2d 1452; Buzynski v Oliver, 1C1976, 538 F2d 6 at 8;  US v Jain, op. Cit.)

9. The court in Williams v Richardson,(op.cit.) stated  we have continiously held that the Federal Medical Centers are penal institutions ( not hospitals ) and those confined therein suffer incarceration ( Not hospitalization )

10. 18 USC §4042 gives the Federal Bureau of Prisons jurisdiction and authority ONLY over Penal and Correctional institutions( not hosptials ) and ONLY over those accused of crimes and those convicted of crimes( not Civil Commitments )

11. Civil Commitments are "patients," not "prisoners."( Perkins v Hendricks, 1C2005, 340 F3d 582; Page v Torrey, 9C2005, 201 F3d 1136 at 1139-1140 )

12. The Federal Bureau of Prisons does not have lawful custody of any Civil Commitment committed under 18 USC §4243 or 18 USC §4246;

    (a) 18 SUC §4247(i) states that Federal Civil Commitments must be put in the custody of either a State ( or political sub-Division ), or a Locality, or a Private Agency

    (b) 18 USC §4247(i) requires the U.S. Attorney General to put Civil Commitments into the custody of the Secretary of the Department of Health and Human Services "in" the implementation of the federal mental health laws.
        (1) Civil Commitments cannot be placed into the custody of the Director of the U.S. Bureau of Prisons
        (2) BOP employees act in clear absence of all jurisdiction and authority. No matter what a BOP employee does( Beneficial or Detrimental ) it is unlawful.

13. 18 USC §4001(a) states that no citizen shall be detained, or imprisoned, except by a statute authorizing the detention or imprisonment.

    (a) There is no law authorizing Civil Commitments to be in FEDERAL confinement;
        (1) When a statute is silent on an issue, there is a corresponding lack of authority( Keene v US, 1991, 498 US 1102 )
        (2) Detention without statutory authority is unconstitutional ( McCann v Cunningham, DNH 2004, 315 FS2d 150 )
        (3) Wrongful Detention violates 4th Amendment( US v Romain,1C2005,393 F3d 63 )

14. For a facility to qualify a being a "hospital," it must be accreditated by the Joint Commission on Accreditations of Health Care Organizations(JCAHCO) Woe v Cuomo, SDNY 1983, 572 FSupp 1300 ) but accreditation by the JCAHCO is not proof that the facility meets constitutional standards( Gates v Cook, 5C2004, 376 F3d 323 )

    (a) The Federal Medical Center at Devens was accredited by the JCAHCO for a very brief period of time but the JCAHCO withdrew its accreditation because of the abuse and mistreatment of the mentally ill, the negligent and inappropriate medical care and treatment of inmates, the falsification of medical records, and becauseof complaints from the general public.

    (b) 18 USC §4247(i) requires the facility to be approved and certified by the Federal Director of the Department of Health and Human Services
        1. No B.O.P. facility has ever been approved or certified by the Secretary as being appropriate or suitable
        2. Incarcerating a Civil Commitment in a BOP facility is unconstitutional( Halderman v Pennhurst, 1982, 446 FSupp 1295 affirmed 612 F2d 131 and Pennhurst v Halderman, 451 US 1 )

PHELPS, Coy
Reg. No. 78872-011
Appeal No. 410775-R1
Page One

## Part B - Response

In your appeal, you allege staff at FMC Devens are indifferent to the needs of patients in the Mental Health units. You feel these units should be managed differently than those in the general population because they house patients, not inmates. You state you cannot be treated the same as a convicted prisoner and that Bureau rules do not apply to you.

Bureau of Prisons (BOP) rules and regulations applies to all persons committed to the care, custody and control (direct or constructive) of the BOP. Examples of the above include, but are not limited to, an inmate who is on pretrial status, or on writ, or on escorted trip or furlough, or who is escorted by U.S. Marshals or other federal law enforcement officials, or who is in a camp, contract facility, hospital or returned to BOP custody from a contract facility. As you are committed to, and housed at FMC Devens, you are subject to BOP rules and regulations, as well as, local institution practices and procedures. In your request for administrative remedy, you complained that a staff member left the light in your cell on all day. The Warden adequately addressed this issue and explained institution practices regarding cell lights an the times they are to remain on. If you feel your health is adversely affected by the lights, you must advise medical staff so that you can be evaluated. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: June 20, 2006

D. SCOTT DODRILL
Regional Director

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: PHELPS, COY R.  |  78872-011  |  N-5  |  FMC-DEVENS
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**  I am appealing the BP-8 decision of Counselor Bonnia in which he said that Complaints against staff abuse must be directed to Mr. Brown, S.I.A.  I complained that Officer Carr was indifferent to my medical status and condition by turning on the lights to my cell and leaving them on all day without any legal justification.  When my doctor turned off the lights, he ordered the doctor to leave them on and told us " I'm in charge here. Doctors do what I say, I don't do what the doctors' say." (No other officer leaves lights on
    Ever since I had eye surgery, all lights causes me pain and suffering.  I told Carr that and he sid he dind't care.  Three other staff members turned off my lights and Carr immediately turned them back on ordering the staff members to leave all the lights in all the cells on.
    28 CFR 542.10 clearly states " The purpose of the Administrative Remedy Program is to allow the inmate to seek formal review of an issue relating TO ANY ASPECT OF HIS/HER CONFINEMENT.  Officer Carr maliciously and sadistically inflicted unnecessary and unreasonable torture upon me that cause me severe pain and suffering for which I had to seek medical attention.  Officer Carr is guilty of deliberate abuse and mistreatment of the mentally ill and mentally disabled.
    I asked only that the lights in the room be left off unless the inmates desire to leave them on.  Staff members are quite capable of turning the lights on as the need arise and then turn them off when the need is no longer there. ( Carr never looks into the room durin his shift)
    I would have attached my statement I made for the BP-8 to this remedy, bu Counsel Bonnia does not return attached statements to the BP-8's
4-06-2006                                                        COY PHELPS 78872-011
                                                                 SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
APR 1 0 2006
ASSOCIATE WARDEN'S OFFICE

_____ DATE                              _____ WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 410715-F1

                                                    CASE NUMBER: _____
**Part C- RECEIPT**
Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION
SUBJECT: _____

_____ DATE                              _____ RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 19

Administrative Remedy No. 410775-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you contend staff are mistreating and abusing you. Specifically, you contend you are committed to the Bureau as a patient not a prisoner serving a sentence. As such, you expound on your beliefs regarding how each category of inmates should be managed. You request the lights in your assigned cell to remain off, unless you request them to be turned on.

Our review of this matter reveals both the Warden and the Regional Director comprehensively addressed your concerns. You are lawfully committed to the care and custody of the Bureau of Prisons, and are therefore subject to the rules, practices, and procedures as are all other inmates. We therefore concur with previous responses, finding no reason to reverse the decision, or a need to expound on the matter any further.

Accordingly, your appeal is denied.

September 7, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice                                  Regional Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __PHELPS_____COY____R_____  __78872-011__  __N-4__  __FMC-DEVENS__
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.      UNIT      INSTITUTION

Part A—REASON FOR APPEAL  I am appealing BP9 # 410775( See attached )   Officer Carr does not know the difference between a "patient" and a " prisoner." He does not know the difference between "civil" and "criminal" nor does he know the difference between a "commitment" and a "sentence." Obviously, the warden does not know either. A UNCONVICTED CIVILLY COMMITTED MENTAL PATIENT CANNOT BE TREATED AS A CONVICTED PRISONER WHO HAS NO MENTAL ILLNESS.
   The mental health unit N-1( segregation) cannot be operated as the unit(K unit) is operated for sentenced prisoners but officer Carr seens to think that they are the same. The units are dissimiliar in that N-1 has " patients" and K unit has " prisoners." Carr, and other officers and staff are abusing and mistreating mental patients in N-1 unit, and.. they are completely indifferent to the suffering they inflict or to the rights of the patients.
   In addition, he thinks he has authority over doctors.  I am committed( under the law) for MEDICAL, PSYCHIATRIC, OR PSYCHOLOGICAL care and treatment.  " Prisoners" are in prison for punishment( deterrence and retribution.)  For "prisoners," the correctional staff has authority over the medical staff but for "patients," the medical staff has authority over the correctional staff.  I was abused and mistreated because of Carr and I suffered pain because of him and he said that he didn't care.  The Supreme Court has stated in several cases that I cannot be treated as a convicted prisoner and that the rules of the Federal Bureau of Prisons do not apply to civil commitments.

__5-13-2006__                                          __Coy Phelps__
    DATE                                              SIGNATURE OF REQUESTER

Part B—RESPONSE



_____                               _____
        DATE                                               REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                              CASE NUMBER: __410775-R1__

Part C—RECEIPT
                                                        CASE NUMBER: _____

Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

                                                                    BP-230(13)

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY # 410775-F1**

This is in response to your Request for Administrative Remedy in which you allege that staff were indifferent to your medical status and condition by turning on the lights to your cell. Specifically, you allege that an officer assigned to your housing "maliciously and sadistically inflicted unnecessary and unreasonable torture upon (you) that caused (you) severe pain and suffering for which you had to seek medical attention". You request that the lights in your cell be turned off, during daytime hours.

An investigation of your complaint revealed that staff, particularly the officer in question, are acting within the scope of their employment in turning on the lights in your cell. Upon an inmates admission to the Special Housing Unit or Mental Health Unit, each inmate is provided with an informational bulletin. This bulletin specifically states that the cell lights will remain on during the hours of 7:30 am to 9:00 pm, Monday through Friday. On weekends and holidays, the lights will remain on from 10:00 am to 9:00 pm. This is to include the cell main lights.

Staff that are requiring the cell lights to be turned on are following procedure directed by institution policy. You do not have the right to request that the lights be turned off. If you feel that you have a medical condition which warrants the lights being turned off, you must contact medical staff and request documentation indicating such a condition.

Based on the above findings, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____          5/9/6
David L. Winn, Warden                    Date

DEV 1330.13D
August 27, 2003
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC/IDC ACTIONS. INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Coy Phelps          REG. NO.: 78872-011   UNIT: N-5

DATE BP-9 REQUESTED: 3-29-06

DATE BP-9 ISSUED: 4-5-06

DATE BP-9 RETURNED: 4-6-06

INMATE'S COMPLAINT:
ABUSE AND MISTREATMENT TO THE MENTALLY ILL AND MENTALLY DISABLED INDIFFERENCE TO MEDICAL NEEDS   See Attachment

RELIEF REQUESTED:
No Lights on in rooms unless Desired by inmate except as needed and no longer than as needed.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: If your complaint is in any Bureau staff, your complaint should be directed and forwarded to Mr. Brown, SIA. Not through the Administrative remedy procedure. Your claim should be denied for the above purpose.

CORRECTIONAL COUNSELOR: [signature] Burnett        DATE 3/31/06

UNIT MANAGER'S COMMENTS/ASSISTANCE: The lighting in your room is needed by staff to conduct Safety & Security checks as well as counts. Lighting is not used in a manner to provide discomfort.

[signature] 4/4/06

# COMPLAINT STATUS
## AGAINST OFFICER CARR N-1
### ABUSE AND MISTREATMENT OF THE MENTALLY ILL/DISABILITY INDIFFERENCE TO MEDICAL STATUS/CONDITION

1. I am a unconvicted civilly committed mental patient committed for treatment under the authority of a Doctor. (by statute)

2. I have had eye surgery and ever since then any light causes me severe pain and suffering. I never want the lights on — except when needed.

3. Officer Carr requires the lights in all the inmate rooms to be on all day. No other staff member makes such a demand.

4. Carr refuses to turn off the lights even knowing I suffer pain.

5. Three times on 3-23-06 supervisory staff turned off the lights and Carr turned them back on within minutes (he was following each officer).

6. Dr Haas (my treating Doctor) turned off the lights.

7. Carr turned them back on immediately, and yelled "I'm in charge here. Doctors don't tell me what to do, I tell Doctors what to do." Then he told Haas to mind his own business — that he was in charge.

8. Carr never turned off the lights even before he went home. The evening officer turned off the lights after dinner ( )

9. There is no reasonable, rational, or legal justification for having the lights on in my room. Certainly — any staff member is quite capable of turning on the lights themselves when they need to look into the room or to communicate with the inmate.

10. Keeping the lights on agitates the mental and is counter-therapeutic.

11. The Supreme Court has stated in 5 cases that a mental patient must have control of his own lights.

12. Carr is indifferent to my pain and suffering and his abuse amounts to torture. Yesterday, I had to get medical attention because of the pain he caused.

Coy Phelps
Coy Phelps 78872-011
Unit N-1  Room 105