UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS,<br>   Plaintiff,<br>v.<br><br>DAVID WINN, et al.<br>   Defendants. | Civil Action No. 05-40003-GAO<br>Civil Action No. 05-40042-GAO |
| COY PHELPS,<br>   Plaintiff,<br>v.<br><br>SARA RASMUSSEN, et al.<br>   Respondents. | Civil Action No. 06-40082-GAO |
| COY PHELPS,<br>   Plaintiff,<br>v.<br><br>DARREN BRACY, et al.<br>   Defendants. | Civil Action No. 06-40090-GAO |
| COY PHELPS,<br>   Petitioner,<br>v.<br><br>HOWARD HAAS, et al.<br>   Respondents. | Civil Action No. 05-40143-GAO<br>Civil Action No. 05-40163-GAO |

DEFENDANTS' MOTION TO CONSOLIDATE,
MOTION TO STAY DISCOVERY AND
<u>OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY</u>

Defendants/Respondents ("Defendants") in the above-captioned cases respectfully move to consolidate six of the nine pending cases filed by plaintiff/petitioner Coy Phelps ("Plaintiff") under the earliest civil action number, oppose plaintiff's request to proceed with discovery in various <u>Bivens</u> action, and move for a stay of discovery for the following reasons:

    1. Plaintiff has nine active cases in this district, all pending before the Honorable George A. O'Toole.[1] The cases are at various stages, including three for which service has not been effected on the United States[2], five in which the federal Defendants have filed motions to dismiss, and one in which the federal Defendants' time to respond to the Complaint has not yet elapsed. A chart identifying each case and its status is attached hereto as Exhibit A.

<u>Consolidation</u>

    2. Administrative consolidation would promote efficiency and appear to make sense because many of the cases touch on the same underlying allegation by the

---

[1] One additional case - <u>Phelps v. Gonzalez</u>, CV-05-40063-GAO - is closed as the Court entered judgment for the Defendants prior to any appearance by them. The Court of Appeals for the First Circuit subsequently affirmed the judgment on November 28, 2006.

[2] These cases are as follows: <u>Phelps v. Colautti</u>, CV-06-40011-GAO (<u>Bivens</u>); <u>Phelps v. Winn</u>, CV-06-40251-GAO (Habeas converted to <u>Bivens</u>); and <u>Phelps v. Channel</u>, CV-06-40282-GAO (Habeas). Because proper service has not been effectuated, the U.S. Attorney's Office has not entered a notice of appearance, nor in the case of the <u>Bivens</u> actions received the necessary approvals to represent the federal defendants in their individual capacity. Accordingly, these cases have not been included in the caption of this motion nor has this motion been filed in those cases. Any rights to defend these cases are expressly reserved.

petitioner/plaintiff - namely that he is an "unconvicted civil committee" who should not be held at a federal prison. Plaintiff has already raised this issue in various forms before courts in other jurisdictions - all of whom have decided the issue against him. See Phelps v. U.S. Bureau of Prisons, 62 F.3d 1020, 1023 (8th Cir. 1995); Phelps v. Ashcroft, 2003 WL 2387318 (E.D.N.C. 2003). While each action pending before this court turns on discrete incidents, the underlying complaint is the same.

    3.    Moreover, administrative consolidation makes sense as plaintiff has taken to filing identical but separate motions in various cases. For example, he filed identical motions in three separate Bivens actions (CV-05-4003, CV-06-40011, CV-06-40090) to allow him to proceed with discovery, including requests for admission, interrogatories and depositions. It makes little sense for the plaintiff[3], the defendants, or the Court to handle these motions separately.

    4.    Administrative consolidation would not preclude the Court from reaching a decision on the discrete claims raised in each case, but would simply streamline procedural issues.

Stay of Discovery

    5.    As mentioned above, Plaintiff has filed three separate motions to proceed with discovery in three of his Bivens cases (including one in which service has not been completed). The Defendants hereby oppose those motions in the above-captioned cases and respectfully request that the Court stay all discovery until a date certain after it has

---

[3] Indeed, Phelps himself moved to consolidate the Bivens actions docketed under CV-05-40003, CV-06-40011, CV-06-40090.

ruled on the Defendants' motions to dismiss.

6. In addition, on December 15, 2006, the U.S. Attorney's Office received plaintiff's "Request for Admissions" containing 375 separate requests for each of three <u>Bivens</u> cases. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a matter is admitted unless, <u>inter</u> <u>alia</u>, within 30 days after service of the request, the party to whom the request is directed provides an answer.

5. It is inappropriate for the plaintiff to proceed with discovery at this point, where either service has not been effected, a motion to dismiss is pending, or the Defendants have not answered or otherwise responded to the Complaint. Indeed, no discovery should take place until after the Court has ruled on any pending motions to dismiss and thereafter issued scheduling orders in any case(s) not dismissed.

6. Moreover, because plaintiff raises allegations pursuant to <u>Bivens</u>, no discovery should take place until after the Court has had the opportunity to rule on qualified immunity defenses raised by the individual Defendants. In a <u>Bivens</u> action alleging constitutional violations by a federal employee, a plaintiff must overcome the doctrine of qualified immunity. Qualified immunity operates to shield a federal employee from suit unless plaintiff demonstrates that the employee violated clearly established rights of which a reasonable person would have known. *See* <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982). Because qualified immunity is an immunity from <u>suit</u>, a federal defendant's entitlement to immunity must be determined at the earliest possible stage of the litigation. *See* <u>Harlow</u>, 457 U.S. at 817; <u>Behrens v. Pelletier</u>, 516 U.S. 299, 308 (1996); <u>Velez-Diaz v. Vega-Irizarry</u>, 421 F.3d 71, 78 (1st Cir. 2005) (recognizing that

"the Supreme Court has held that qualified immunity 'is an *immunity from suit* rather than a mere defense to liability,'" quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

Wherefore, the Defendants respectfully request that (1) the Court grant the Defendants motion to administratively consolidate the cases; (2) deny plaintiff's Motion to Proceed on Discovery and grant the Defendants' motion to stay discovery; and (3) specifically order that the Defendants do not have to answer or otherwise respond to plaintiff's Request for Admissions until a time to do so is set by the Court

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/ Jennifer C. Boal
      JENNIFER C. BOAL
      Assistant U.S. Attorney
      John Joseph Moakley U. S. Courthouse
      One Courthouse Way, Suite 9200
      Boston, Massachusetts 02210

December 27, 2006      617-748-3100

### CERTIFICATE PURSUANT TO LR. 7.1(A)(2)

The Defendants take the position that, because LR. 7.1(A)(2) requires "counsel" to confer, the Rule is inapplicable where, as here, Plaintiff is proceeding pro se and is incarcerated. To the extent the Court considers the Rule applicable, the undersigned requests that it be waived here.

    /s/   Jennifer C. Boal
    Jennifer C. Boal

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served upon Plaintiff Coy Phelps (78872-011), FMC-Devens, 42 Patton Road, P.O. Box 879, Ayer, MA 01432. by first class, postage prepaid mail on this date.

December 27, 2006                       /s/ Jennifer C. Boal
                                                     Jennifer C. Boal

# PHELPS CASE CHART

| CAPTION | DOCKET NO. | TYPE OF CASE | STATUS |
|---|---|---|---|
| Phelps v. Channel, et al. | 06-40282-GAO | Habeas | Service Not Effected |
| Phelps v. Colautti, et al. | 06-40011-GAO | Bivens/Civil Rights | Service Not Effected |
| Phelps v. Rasmussen, et al. | 06-40082-GAO | Habeas | Motion to Dismiss Pending |
| Phelps v. Bracy, et al. | 06-40090-GAO | Bivens/Civil Rights | Defendants' Response Due 12/29/06 |
| Phelps v. Haas, et al. | 06-40143-GAO | Habeas | Motion to Dismiss Pending |
| Phelps v. Haas, et al. | 06-40163-GAO | Habeas | Motion to Dismiss Pending |
| Phelps v. Winn, et al. | 06-40251-GAO | Habeas Converted to Bivens | Service Not Effected - Interlocutory Appeal |
| Phelps v. Winn, et al. | 05-40003-GAO | Bivens/Civil Rights | Motion to Dismiss Pending |
| Phelps v. Winn | 05-40042-GAO | Habeas | Motion to Dismiss Pending |