UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS<br>    Petitioner | Case No: 05-40003-GAO |
| -v- | MOTION FOR RECONSIDERATION |
| DAVID WINN, et. al.<br>    Respondents | (Date: 11/4/2007) |

Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedures, the above petitioner COY PHELPS ( Phelps ), appearing in pro se, moves this court to reconsider its judgment and order issued in the above case on September 27, 2007 dismissing necessary respondent parties and the claims and issues attached thereto.

Respondents Mike Bollinger, S. Thompson, J. Dold, and S. Harvey are supervisory employees who are directly responsible for the training, supervision, monitoring, and control of the conduct and behavior of thier subordinates who caused Phelps irreparable physical, mental, and emotional harm, injury, anguish, pain, and suffering. Because of their indifference and recklessness in allowing an established flagrant pattern of abuse and mistreatment of the mentally ill and the mentally disabled to exist.

Bollinger is the Captain of Corrections and is responsible for the conduct and behavior of correctional officers and all correctional officers employed at FMC-Devens are under the authority of Bollinger.

Dold, Thompson, and Harvey are medical department supervisors who are directly responsible for the direct training and supervision of all medical, psychiatric, and psychological professional and technical employees involved in the administrative activities and in the day to day care and treatment of inmates at FMC-Devens.

None of the above respondents have made, or established, any rule, regulation, policy, practice, or procedure regarding the care and treatment of federal civil commitments and allow federal civil commitments to be treated as convicted prisoners in violation of Supreme Court law held in Jones v US, 1983, 463 US 354 at 369; Youngberg v Romeo, 1982,

All of the above respondents knew of the abuse and mistreatment of the mentally ill and by their actions, inactions, and omissions, directly, indirectly, or tacitly condoned and approved the widespread abuse and mistreatment, and torture, of the mentally ill and the mentally disabled by correctional officers, psychiatrists, psychologists, mental health interns, and other employees at FMC-Devens.

Each of the above respondents personally knew of the abuse, mistreatment, and torture of Phelps and willfully turned a blind eye to the abuse, mistreatment, and torture and their conscious ignorance was the motivating force behind the misconduct and misbehavior of their subordinates.

Respondent Potolicchio assaulted Phelps and filed false disciplinary charges against Phelps. Potolicchio was retained as a respondent party. However, W. Blazon was dismissed as a respondent party, yet, Blazon was a joint participant in the assault and the filing of false charges and encouraged Potolicchio to assault Phelps. In addition, Blazon is a nurse who was directly responsible for the care and treatment of Phelps at the time of the incident and she knew of Phelps' physical disabilities and refused to intervene in the assault after it has began.

This incident is very similiar to the case of Davis v Rennie, 1C2001, 264 F3d 86 in which a mental health worker assaulted a mental patient under the observation of his caretaking nurse who did not say or do anything to intervene in the assault and was a joint participant in the assault. The court held both liable for damages and held the supervisors liable for their failure to properly and adequately train, supervise, monitor, and control their subordinates.

"But for" Blazon, Potolicchio would not have assaulted Phelps.

Respondent J. Sonnega also filed false and malicious disciplinary charges against Phelps which cause Phelps to be confined in disciplinary segregation to suffer mental deterioration. Sonnega is a Psychologist under the supervision of the psychiatric and psychological department supervisors. Sonnega is a professional but did not exercise professional judgment as required by Youngberg v Romeo, 1982, 457 US 307.

Sonnega then encouraged others to retaliate against Phelps and motivated them to harass Phelps when Phelps filed a complaint against him.

Sonnega placed Phelps on "call out "( A daily schedule for inmate activities.) to meet with him at a specific time. At the scheduled time, Phelps met with Sonnega and was told that Sonnega wanted Phelps to participate in a group discussion with other inmates. Phelps was also instructed, by Sonnega, that the participation was not required and if Phelps did not desire to participate, Phelps could sign a refusal form. Phelps signed the refusal form that was given to him by Sonnega.

Sonnega then filed disciplinary charges against Phelps for not meeting with him at the scheduled time and for refusing to participate in the group discussion. These false charges caused Phelps to suffer physical, mental, and emotional harm and injury.

Sonnega knew that Phelps is a civil commitment and that civil commitments cannot be punished for any reason and that disciplinary segregation for the unconvicted is unconstitutional ( Gomez v Fair, 1C1974, 738 F2d 517 at 525; Sires v Berman, 1C1987, 834 F2d 29; Romeo v Youngberg, 3C1981, 644 F2d 147at 157-158 affirmed in Youngberg v Romeo, 1982,457US307; Santana v Collazo, 1C1983, 714 F2d 1172 at 1180; Lynch v Baxley, 11C1989, 744 F2d 1452 at 1463; Jones v US, 1983, 463 US 354 at 369.)

Respondents J Davis and J Fletcher are employees of the BOP at FMC-Devens. J. Davis assaulted Phelps knowing that Phelps was a unconvicted and uncharged civilly committed mental patient. These two are mental health professionals who departed from the standards of their professions when they acted as correctional officers instead of mental health professionals. Their actions are similiar to the actions of employees in the case of Cameron v Tomes, DMass 1969, 783 FSupp 1511.)

In Cameron v Tomes, the staff were oppressive toward the mental patients and such oppressiveness was a violation of the patients rights.

## CERTIFICATE OF SERVICE

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC 1746, that I placed a copy of this action into separate correctly addressed envelopes, affixed with proper and adequate first-class U.S. Postage, and deposited the pre-paid envelopes into the prison mail-box, or gave the pre-paid envelopes to a prison official, on the date indicated below, to be delivered to the following:

1. JENIFER C. BOAL., AUSA., U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts   02210

2.

3.

4.

5.

6.

7.

8.

9.

DATE: 11/4/2007

_____ In Pro Se
COY PHELPS   78872-011
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS
                01432

HOUSTON v LACK, 1988, 487 US 266 ( papers deemed filed when deposited in a prison mail-box or given to a prison official.)
WILLIAMS v WADE,WD Wis 2005, 354 FS2d 894 ( Rule applies to Service of Process also.)