UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. No. 05-CV-40003-GAO |
| v. ) | |
| ) | |
| DAVID WINN, BRADLEY POTOLICCHIO, ) | |
| and HOWARD HAAS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants David Winn, Bradley Potolicchio, and Howard Haas, collectively the

"Defendants,"[1] through their undersigned counsel, herein respond to the Amended Complaint of

the plaintiff, Coy Phelps ("Plaintiff"), pro se, as follows:[2]

---

[1]    By Order dated 27, 2007, the Court dismissed several causes of action and defendants from Plaintiff's Amended Complaint. The only surviving defendants in this action are David Winn, Bradley Potolicchio, and Howard Haas. The only surviving claims are: (1) that when Plaintiff was transferred to the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), Defendant Winn would not allow him to keep his religious material, while others of different religious persuasion were allowed to keep their religious material; (2) that Defendant Potolicchio assaulted Plaintiff without reason and filed a false disciplinary report causing Plaintiff to be housed on disciplinary detention; and (3) that Defendant Haas did not exercise his independent professional judgement when he allowed Plaintiff to be placed in a locked room.

[2]    Because the majority of Plaintiff's Amended Complaint is not set forth in numbered paragraph form, and other portions of the Amended Complaint are numbered (but those numbers are recycled throughout the Amended Complaint), Defendants have added numbers (all beginning with C—) to the margins of the Amended Complaint (as set forth in Exhibit A to this Answer). Defendants refer to the numbered paragraphs of Exhibit A in their Answer to the Amended Complaint. Other than the numbers added to the margins, Exhibit A is a true and correct copy of Plaintiff's Amended Complaint.

C-001. Defendants admit that the Court has jurisdiction of this matter under 28 U.S.C. §1331.  The Defendants deny the remaining allegations asserted in this paragraph.

C-002. Defendants deny the allegations asserted in this paragraph.

C-003. Defendants admit that the Plaintiff is Coy Phelps Coy Phelps, #78872-011, whose mailing address is FMC Devens, P. O. Box 879, Ayer, Massachusetts,  01432.

C-004. Defendants do not have to answer because the allegations against all of the individuals named in Plaintiff's Amended Complaint, except for Defendants Winn, Potolicchio, and Haas, have been dismissed pursuant to the Court's Order, dated September 27, 2007. Defendants admit that Defendants Winn, Potolicchio, and Haas are being sued in their official capacities.  Defendants deny the remaining allegations asserted in this paragraph.

C-005. Defendants do not have to answer because the allegations against all of the individuals named in Plaintiff's Amended Complaint, except for Defendants Winn, Potolicchio, and Haas, have been dismissed pursuant to the Court's Order, dated September 27, 2007. Defendants admit that Defendants Winn, Potolicchio, and Haas are employed at FMC Devens.

C-006. Defendants do not have to answer because the allegations against all of the individuals named in Plaintiff's Amended Complaint, except for Defendants Winn, Potolicchio, and Haas, have been dismissed pursuant to the Court's Order, dated September 27, 2007. Defendants admit that Defendants Winn, Potolicchio, and Haas are employed at FMC Devens. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-007. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph

contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-008. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; (2) this paragraph contains a question to which no response is required; and (3) the U.S. Attorney is not a named defendant in this action.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-009. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-010. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; (2) this paragraph contains a question to which no response is required; and (3) the U.S. Attorney is not a named defendant in this action.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-011. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-012. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph

contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-013. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-014. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-015. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-016. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-017. Defendants do not have to answer because this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-018. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; (2) this paragraph contains a question to which no response is required; and (3) the U.S. Attorney is not a named defendant in this action.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-019. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-020. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-021. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-022. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-023. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-024. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-025. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-026. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-027. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-028. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-029. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-030. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-031. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-032. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-033. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph

contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-034. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-035. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-036. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-037. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-038. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-039. Defendants do not have to answer because this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-040. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-041. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-042. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-043. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-044. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-045. Defendants do not have to answer because this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-046. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-047. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-048. Defendants do not have to answer because this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-049. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-050. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-051. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-052. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-053. Defendants deny the allegations asserted in this paragraph.

C-054. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-055. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-056. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-057. Defendants deny the allegations asserted in this paragraph.

C-058. Defendants do not have to answer because this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the

Defendants deny the allegations asserted in this paragraph.

C-059. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-060. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-061. Defendants deny the allegations asserted in this paragraph.

C-062. Defendants admit that Plaintiff approached Defendant Potolicchio in Defendant's office, and Plaintiff handed Defendant Potolicchio an inmate request to staff. Defendants deny the remaining allegations asserted in this paragraph.

C-063. Defendants deny the allegations asserted in this paragraph.

C-064. Defendants admit that: (1) Plaintiff approached a cart that was in the hallway; (2) Defendant Potolicchio believed that Plaintiff removed something from the cart; and (3) Defendant Potolicchio inquired into what Plaintiff removed from the cart. Defendants deny the remaining allegations asserted in this paragraph.

C-065. Defendants admit that Defendant Potolicchio searched Plaintiff in order to determine whether and what Plaintiff had removed something from a cart in the hallway. Defendants deny the remaining allegations asserted in this paragraph.

C-066. Defendants deny the allegations asserted in this paragraph.

C-067. Defendants deny the allegations asserted in this paragraph.

C-068. Defendants deny the allegations asserted in this paragraph.

C-069. Defendants admit that Plaintiff was taken to disciplinary segregation.  Defendants deny the remaining allegations asserted in this paragraph.

C-070. Defendants deny the allegations asserted in this paragraph.

C-071. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-072. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-073. Defendants deny the allegations asserted in this paragraph.

C-074. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-075. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-076. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-077. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; (2) this paragraph contains

legal conclusions to which no response is required; and (3) this paragraph contains a question to which no response is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-078. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-079. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-080. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; (2) this paragraph contains a question to which no response is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-081. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-082. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-083. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-084. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants deny the allegations in this paragraph.

C-085. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants deny the allegations in this paragraph.

C-086. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-087. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-088. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-089. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-090. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-091. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-092. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-093. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph

contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations asserted in this paragraph.

C-094.  Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-095.  Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-96.   Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants deny the allegations asserted in this paragraph.

C-097.  Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-098.  Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-099. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-100. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-101. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-102. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-103. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-104. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph

contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-105. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-106. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-107. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-108. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-109. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007.  To the extent an answer is required, the Defendants admit that Plaintiff was previously found not guilty by reason of

insanity and currently is a civil committee. Defendants deny the remaining allegations asserted in this paragraph.

C-110. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-111. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-112. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-113. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-114. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-115. Defendants deny the allegations asserted in this paragraph.

C-116. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-117. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-118. Defendants do not have to answer because this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-119. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; (2) this paragraph contains legal conclusions to which no response is required; and (3) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-120. Defendants do not have to answer because this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations asserted in this paragraph.

C-121. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; (2) this paragraph contains legal conclusions to which no response is required; and (3) this paragraph contains a question to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-122. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-123. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and, therefore, deny the allegations asserted in this paragraph.

C-124. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-125. Defendants do not have to answer because the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-126. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-127. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph

contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-128. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-129. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-130. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-131. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-132. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-133. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-134. Defendants do not have to answer because: (1) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (2) this paragraph contains legal conclusions to which no response is required.  To the extent that an answer is required, Defendants deny the allegations asserted in this paragraph.

C-135. Defendants do not have to answer because: (1) this paragraph of the Amended Complaint consists of a prayer for relief to which no response is required; and (2) the allegations in this paragraph were dismissed pursuant to the Court's Order of September 27, 2007; and (3) this paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

C-136. Defendants do not have to answer because this paragraph of the Amended Complaint consists of a certification by Plaintiff to which no response is required.  To the extent an answer is required, the Defendants deny the allegations asserted in this paragraph.

The United States denies each and every allegation in Plaintiff's Amended Complaint not previously specifically admitted or otherwise qualified.

## DEFENSES

**FIRST:**     The Amended Complaint fails to state a claim upon which relief can be granted under the United States Constitution.

**SECOND**:    The Amended Complaint fails to state a claim upon which relief can be granted under the Civil Rights Act, 42 U.S.C. § 1983.

**THIRD:**    The Court lacks subject matter jurisdiction to entertain Plaintiff's Amended Complaint.

**FOURTH:**    Defendants plead the defense of qualified immunity.

**FIFTH:**    Defendants assert that Plaintiff's Amended Complaint must be dismissed because Plaintiff failed to properly, fully, and timely exhaust his administrative remedies.

**SIXTH:**    Defendants assert that Plaintiff's Amended Complaint must be dismissed because Defendants did not violate Plaintiff's civil or due process rights.  Further, Plaintiff lacks evidence to support his claim that Defendants violated his civil rights, due process rights, and/or rights under the Fifth Amendment and the Fourteenth Amendment to the United States Constitution.

**SEVENTH:**    To the extent Plaintiff seeks to recover punitive or exemplary damages against the Defendants (who are agents of the United States), the Defendants plead the defenses of sovereign immunity and lack of subject matter jurisdiction, under 28 U.S.C. § 2674.

**EIGHTH:**    To the extent Plaintiff seeks to recover attorney's fees and costs against the Defendants (who are agents of the United States), he is not entitled to such costs due to his <u>pro</u> <u>se</u> status.

24

WHEREFORE, the Defendants answer that Plaintiff should take nothing by his Amended Complaint and prays that judgment, together with interest, disbursements, costs, and any other just and appropriate relief, be rendered in favor of the Defendants.

Respectfully submitted,

MICHAEL J. SULLIVAN

United States Attorney

By:      /s/ Sonya A. Rao
         SONYA A. RAO
         Assistant U.S. Attorney
         John J. Moakley U.S. Courthouse
         1 Courthouse Way, Suite 9200
         Boston, MA 02210
DATE: December 3, 2007      (617) 748-3100

## CERTIFICATE OF SERVICE

I certify that, on December 3, 2007,  I caused a copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** to be served, via first class mail, postage pre-paid, on the following pro se Plaintiff:

Coy Phelps, #78872-011
FMC Devens
P. O. Box 879
Ayer, Massachusetts  01432

By:      /s/ Sonya A. Rao
         SONYA A. RAO
         Assistant U.S. Attorney
         John J. Moakley U.S. Courthouse
         1 Courthouse Way, Suite 9200
         Boston, MA 02210
         (617) 748-3100

25



# 05-40003

CASE NUMBER

FILED
IN CLERKS OFFICE

2003 -2 P 3:28

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

COY PHELPS

PETITIONER

-v-

# 05-40003

DAVID WINN, AND MIKE BOLLINGER, AND
JAMES DOLD, AND S. THOMPSON, AND
S. HARVEY, AND B. POTOLICCHIO, AND
J. DAVIS, AND J. FLETCHER, AND
W. BLAZON, AND H. HAAS, K. LEONARD, AND
J. SONNEGA, et. al

RESPONDENTS

FIRST AMENDED

PERSONAL INJURY AND A CIVIL RIGHTS

COMPLAINT

DATE: 1-30-2005

_Coy Phelps_                    IN PRO SE

COY PHELPS, 78872-011

FMC-DEVENS

P.O. BOX 879

AYER, MASSACHUSETTS

01432

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

COY PHELPS                              CASE NO: 05-40003-GAO

            PETITIONER

        -v-                                        A

                                        PERSONAL INJURY

DAVID WON, MIKE BOLLINGER,                    AND A

JAMES DODD, S. THOMPSON, S. HARVEY,      CIVIL RIGHTS

B. POTOLICCHIO, J. FLETCHER,              COMPLAINT

J. DAVIS, W. BLAZON, H. HAAS,            (A BIVENS ACTION)

K. LEONARD, J. SONNESA, Etal.

            RESPONDENT(S)

I

JURISDICTION AND AUTHORITY

C-001        THIS COURT HAS JURISDICTION TO REVIEW THIS COMPLAINT AND TO GRANT
RELIEF AND REMEDY UNDER BIVEN V. SIX UNKNOWN NAMED AGENTS OF THE
FEDERAL BUREAU OF NARCOTICS, 1971, 403 US 388, 29 LEd2d 619,
91 S, CT 1999, AND 5 USC 701-706 (JUDICIAL REVIEW OF AGENCY ACTIONS),
28 USC 1331 (FEDERAL QUESTION), 28 USC 1343 (CIVIL RIGHTS VINDICATION),
28 USC 1346 (FEDERAL TORTS), 28 USC 2201-2202 (DECLARATORY JUDGMENT),
28 USC 2674-2680 (US LIABILITY) 42 USC 233 (PUBLIC HEALTH SERVICE), AND
42 USC 1988 (COMMON LAW - ATTORNEY FEES), AND THE AMERICANS WITH
DISABILITIES ACT (42 USC 12101), RELIGIOUS FREEDOM ACT (42 USC 2000bb - 2000cc),
AND FREEDOM OF INFORMATION/PRIVACY ACT (5 USC 552a (g)(1))

1

II

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

C-002    THE PETITIONER (HEREAFTER PHELPS) HAS EXHAUSTED ADMINISTRATIVE REMEDIES

28:1333 (ALL ACTIONS ALSO, WRITS, AND OMBUDSMAN) 2675 (EXHAUSTED IN REMEDIES).

III

## PARTIES

PETITIONER:

C-003    THE PETITIONER IN THIS ACTION IS COY PHELPS 78872-011 AND HAS

A MAILING ADDRESS OF FMC-DEVENS, 42 PATTEN ROAD, P.C. BOX 879

AYER, MASSACHUSETTS, 01432;

RESPONDENTS:

C-004    ALL OF THE RESPONDENTS ARE SUED IN THEIR PERSONAL AND INDIVIDUAL

CAPACITIES;

C-005    RESPONDENTS DAVID WINN, MIKE BELLINGER, JAMES DEW, S. HARVEY, K. LEONARD,

J. FLETCHER, B. PETRUCCHIO, J. DAVIS, W. BLAZIN, AND J. SCANNEN ARE EMPLOYED AT

THE U.S. BUREAU OF PRISONS AND WORK AT THE FEDERAL MEDICAL CENTER (FMC)

AT DEVENS, MASSACHUSETTS AND HAVE A BUSINESS MAILING ADDRESS OF 42

PATTEN ROAD, P.C. BOX 880, AYER, MASSACHUSETTS, 01432.

C-006    RESPONDENT S. THOMPSON IS EMPLOYED BY THE U.S. PUBLIC HEALTH SERVICE

AND ASSIGNED TO DUTY IN THE U.S. BUREAU OF PRISONS AND WORKS AT FMC—

DEVENS AND HAS A MAILING ADDRESS OF 42 PATTEN ROAD, P.C. BOX 880,

AYER, MASSACHUSETTS, 01432.

2

IV

STATEMENT OF THE ISSUES

C-007 1. IS PHELPS LAWFULLY UNDER THE JURISDICTION OF 18 USC 4243 ?

C-008 2. DID THE U.S. ATTORNEY GENERAL MISAPPLY THE FEDERAL MENTAL HEALTH LAWS ?

C-009 3. DOES THE U.S. BUREAU OF PRISONS HAVE LAWFUL CUSTODY OF PHELPS OR ANY OTHER INMATE COMMITTED UNDER 18 USC 4243 (INSANITY ACQUITTED) OR 18 USC 4246 (OTHER CIVIL COMMITMENTS) ?

C-010 4, DID THE U.S. ATTORNEY GENERAL VIOLATE SUBSECTION (i) OF 18 USC 4247 BY PLACING PHELPS IN FEDERAL CONFINEMENT INSTEAD OF STATE, LOCAL, OR PRIVATE CONFINEMENT ?

C-011 5. DID THE EMPLOYEES AND MEMBERS OF THE U.S. BUREAU OF PRISONS ACT IN CLEAR ABSENCE OF ALL LAWFUL JURISDICTION AND AUTHORITY ?

C-012 6, CAN A UNCONVICTED CIVIL MENTAL PATIENT (PHELPS) ~~LAWFULLY~~ SUFFER THE SAME ENVIRONMENT, ATMOSPHERE, CONDITIONS, DISCIPLINES, PUNISHMENTS, CARE, AND TREATMENT AS CONVICTED AND SENTENCED CRIMINAL PRISONERS WITHOUT VIOLATING FEDERAL LAW, THE U.S CONSTITUTION, AND U.S v JONES, 1983, 463 US 354 ?

C-013 7, ARE THE EMPLOYEES OF THE U.S. PUBLIC HEALTH SERVICE, OR THE EMPLOYEES OF THE U.S. BUREAU OF PRISONS RESPONSIBLE FOR THE DAY-TO-DAY DIRECT CARE AND TREATMENT OF CIVIL INMATES COMMITTED UNDER 18 USC 4243 OR 18 USC 4246 (SEE ALSO 18 USC 4042, 18 USC 4247(i), AND 28 CFR C.95-C.96) ?

C-014 8, HAVE THE RESPONDENTS COMPLIED WITH THE TERMS OF 18 USC 4243 AND 18 USC 4247(a) AND (i) ?

C-015 9, CAN U.S. BUREAU OF PRISON RULES AND REGULATIONS ESTABLISHED FOR CONVICTED PRISONERS BE LAWFULLY APPLIED TO UNCONVICTED CIVIL MENTAL PATIENTS ?

C-016 10, DID THE B.O.P. STAFF, EMPLOYEES, AND MEMBERS DEPRIVE, DENY, AND VIOLATE THE CONSTITUTIONAL, STATUTORY, CIVIL, AND COMMON LAW GUARANTEES, FREEDOMS, LIBERTIES, RIGHTS, PRIVILEGES, IMMUNITIES, PROTECTIONS, AND SAFEGUARDS OF PHELPS ?

C-017 11, HAVE THE BOP STAFF USED PROFESSIONAL JUDGMENT AS REQUIRED BY YOUNGBERG v ROMEO, 1982, USTOO SCT ?

3

C-018   **2.** DID PHELPS SUFFER IRREPARABLE PHYSICAL, MENTAL, EMOTIONAL, SPIRITUAL, AND LEGAL LOSS, HARM, INJURY, ANGUISH, PAIN, AND SUFFERING BECAUSE OF THE ACTS, ACTIONS, REACTIONS, AND OMISSIONS OF THE U.S. ATTORNEY GENERAL AND THE BOP STAFF AND EMPLOYEES?

## V

## BACKGROUND

C-019   DURING THE CULTURAL, SOCIAL, AND RACIAL UPHEAVEL AND REVOLUTION OF THE 1960'S, 1970'S, AND 1980'S, PHELPS WAS CONVERTED TO THE NAZI RELIGION AND INCORPORATED A CHURCH IN THE STATE OF CALIFORNIA AND BEGAN TEACHING THE TENETS AND BELIEFS OF HIS RELIGION AS PRESENTED IN THE SCRIPTURES OF THE CHRISTIAN HOLY BIBLE. HE PROSELYTIZED RACIAL PURITY AND RACIAL SEGREGATION AS WELL AS WHITE SUPREMACY AS THE FUNDAMENTAL COMMANDMENTS OF GOD. HE IDENTIFIED (AS DID JESUS) THE JEWS AS BEING DEVILS FROM HELL AND ALL NON-WHITES AS BEING THE RESULTS OF MIXBREEDING OF SATAN WITH THE MONKEY KINGDOM AND EVOLUTIONIZING BY GEOGRAPHIC ADAPTATION. HE RECEIVED HUNDREDS OF DEATH THREATS FROM JEWS AND OTHERS AND SUFFERED ASSAULTS AND PROPERTY LOSS, BECAUSE OF HIS SINCERELY HELD SHARED RELIGIOUS BELIEFS.

C-020   IN 1985 PHELPS WAS ARRESTED ON CHARGES OF BOMBING JEW SYNAGOGUES, THE HOMES OF JEW RABBIS, AND SCHOOLS THAT TAUGHT BLACK SUPREMACY.

C-021   PHELPS CLAIMED TO BE INNOCENT AND THAT HE WAS BEING FRAMED IN A INTERNATIONAL JEW CONSPIRACY. EVERYONE BELIEVED THIS TO BE A DELUSION THAT QUALIFIED PHELPS FOR A INSANITY PLEA.

C-022   IN JULY OF 1986 PHELPS WAS FOUND NOT GUILTY BY REASON OF INSANITY (NGRI)

AND WAS COMMITTED TO THE CUSTODY OF THE U.S. ATTORNEY GENERAL PURSUANT TO 18 USC 4243(e) WHO, IN TURN, PLACED PHELPS IN THE CUSTODY OF THE DIRECTOR OF THE U.S. BUREAU OF PRISONS WHO, IN TURN, DELEGATED HIS AUTHORITY TO VARIOUS WARDENS OF VARIOUS PRISONS IN THE FEDERAL SYSTEM.

C-023    PHELPS WAS UNSHAKEN IN HIS INTERNATIONAL CONSPIRACY CLAIM AND THIS "DELUSION" KEPT HIM INCARCERATED.

C-024    THEN, SEVEN YEARS AFTER HIS INCARCERATION BEGAN, THE DISTRICT ATTORNEY OF SAN FRANCISCO, CALIFORNIA RAIDED THE OFFICES OF A JEW ORGANIZATION (ANTI-DEFAMATION LEAGUE OF B'NAI B'RITH) AND SEIZED ALL RECORDS AND DOCUMENTS. IN THE SEIZED RECORDS WAS A DOSSIER ON PHELPS THAT SHOWED PHELPS WAS ACTUALLY INNOCENT OF THE CRIMES AND THAT HIS CLAIM OF BEING FRAMED IN A INTERNATIONAL CONSPIRACY WAS ACTUALLY TRUE AND WAS NEVER A DELUSION AT ALL.

C-025    THE DISTRICT ATTORNEY NOTIFIED THE DEPARTMENT OF JUSTICE (DOJ) AND THE U.S. BUREAU OF PRISONS OF THE DISCOVERED EVIDENCE.

C-026    NEITHER THE DOJ OR THE BOP MADE ANY EFFORT TO EFFECT THE RELEASE OF PHELPS BECAUSE THEY CONSIDERED THE RELIGIOUS TEACHINGS OF PHELPS TO BE POLITICALLY INCORRECT AND DANGEROUS.

C-027    PHELPS MADE REPEATED ATTEMPTS TO FIND RELIEF FROM THE COURTS, BUT EVERY TIME THE COURT WAS READY TO RULE ON THE ISSUE, THE BOP WOULD TRANSFER PHELPS TO ANOTHER JUDICIAL CIRCUIT AND THEN RUSH INTO COURT WITH A MOTION TO DISMISS ON THE GROUNDS OF MOOTNESS. AFTER THE THIRD TIME, THE 5ᵗʰ CIRCUIT SAID "WE NOTE THAT PHELPS HAS BEEN TRANSFERRED TWICE BEFORE TO MOOT THIS ISSUE. WE HOPE THIS IS NOT A PATTERN." (PHELPS V US FEDERAL GOVERNMENT, 8(1994, 15 F3d 735.) TIME HAS MADE NO CHANGE.

5

C-028   PHELPS HAS BEEN TRANSFERRED REPEATEDLY TO MOOT THE ISSUE OF FALSE IMPRISONMENT (REPLURE INDICIOUS) AND
THE 3rd CIRCUIT NOTED IT IN A PUBLISHED OPINION. IN ADDITION, A BOP PSYCHIATRIST (DR. SUSAN LOCK) AND A BOP
PSYCHOLOGIST (DR. MARK HAZELWOOD) REPORTED TO THE COURT THAT THEY HAVE SEEN (AND SCRUTINIZED) THE EVIDENCE THAT
PHELPS WAS ACTUALLY INNOCENT AND THAT HAVE BEEN MISLEADING THE COURTS THIS ONE AND INDICED SUCH (ALL REFERRED
TO 2007, PHELPS WAS TRANSFERRED TO FMC-DEVENS WHERE HE IS TODAY.

# FACTS

C-029   1.  PHELPS IS NOT UNDER THE JURISDICTION OF 18 USC 4243;

   (A)  THE STATUTE REQUIRES A CRIME — A VIOLATION OF A CRIMINAL LAW;

      (1)  THE GOVERNMENT HAS ALREADY ADMITTED (IN OPEN COURT) THAT PHELPS

         (A) DID NOT COMMIT A CRIME,

         (B) DID NOT VIOLATE ANY LAW,

         (C) DID NOT VIOLATE ANY KIND OF PROBATION OR RELEASE CONDITION,

         (D) DID NOT VIOLATE ANY KIND OF COURT ORDER,

         (E) DID NOT CONSPIRE WITH ANYONE TO COMMIT A CRIME,

         (F) DID NOT ASSOCIATE WITH ANYONE ENGAGED IN CRIMINAL ACTIVITY.

   (B)  THE GOVERNMENT KNOWS THAT PHELPS CANNOT LAWFULLY BE SUBJECTED TO 4243

   (C)  18 USC 4001(a) STATES THAT NO CITIZEN WILL BE DETAINED, OR IMPRISONED, UNLESS
      HE HAS VIOLATED A LAW,

      ( SINCE 4243 REQUIRES A CRIME AND PHELPS DID NOT COMMIT A CRIME, HE IS NOT
      UNDER THE JURISDICTION OF THE STATUTE AND THE PROVISIONS AND TERMS OF
      THE STATUTE DOES NOT APPLY TO HIM )

   (D)  THE STATUTE MAKES THE U.S. ATTORNEY GENERAL THE ONE RESPONSIBLE TO OVERSEE
      THE OPERATION OF THE PROVISIONS OF THE STATUTE;

6

C-030 **1.** THE FEDERAL GOVERNMENT DOES NOT HAVE A FEDERAL CIVIL HOSPITAL IN WHICH TO CONFINE FEDERAL INSANITY ACQUITTEES, AS THE STATUTE REQUIRES, BUT IT DESPERATELY NEEDS ONE (FOUCHA V LOUISIANA, 1964, 504 US 71, MACKLIN V CICCONE, WDMO 1969, 305 FSupp 775; JONES V HARRIS, SC1969, 339 F2d 555) SEE DAVIS V RAGEN, (CA607, 169 F2d 86 AT 96

    (A) THE COURTS HAVE CONTINUOUSLY HELD THAT THE FEDERAL MEDICAL CENTERS IN THE U.S. BUREAU OF PRISON SYSTEM ARE PRISONS, NOT HOSPITALS, AND THOSE CONFINED THEREIN SUFFER INCARCERATION, NOT HOSPITALIZATION (WILLIAMS V RICHARDSON, SC1973, 481 F2d 358, US V HINCKLEY, DDC 1981, 725 FSupp 616) REGARDLESS OF THE LABEL (VAN BIBBER V CICCONE, SC1971, 437 F2d 884) BECAUSE, REGARDLESS OF THE NAME (MEDICAL CENTER) IT OPERATES, FUNCTIONS, AND IS ADMINISTERED AS A PRISON BY BOP STAFF TRAINED IN PENOLOGY (RAWLES V US SC1969, 331 F2d 21) WHEN A FACILITY LOCKS PEOPLE IN CELLS, RESTRICT PRIVILEGES, DISCIPLINE AND PUNISH PEOPLE FOR INFRACTIONS OF RIGIDLY ENFORCED RULES, REQUIRES OBEDIENCE AND SUBMISSION TO AUTHORITY, AND CONDUCTS ACTIVITIES BEHIND WALLS OR HIGH SECURITY FENCES, THEN THE FACILITY IS A PRISON - NOT A HOSPITAL (COVINGTON V HARRIS, DCApp 1969, 419 F2d 617), IF THE FACILITY IS ADMINISTERED BY THE U.S. ATTORNEY GENERAL AND NOT THE SECRETARY OF THE DHHS, THEN IT IS A PRISON - NOT A HOSPITAL (FROST V CICCONE, WDMO 1970, 315 FSupp 859)

    (B) EVEN IF THE FEDERAL GOVERNMENT CONSTRUCTED A PHYSICAL BUILDING AND PUT A SIGN ON IT READING "CIVIL HOSPITAL," THE GOVERNMENT STILL COULD NOT CONFINE PHELPS IN IT, BECAUSE THERE ARE NO PROVISIONS IN THE LAWS THAT ALLOWS FOR FEDERAL CONFINEMENT.

        (1) FIRST, CONGRESS MUST MODIFY THE STATUTE TO INCLUDE FEDERAL CONFINEMENT, THEN IT MUST CONSTRUCT A PHYSICAL CIVIL HOSPITAL, AND THEN STAFF IT WITH NON-BUREAU OF PRISON EMPLOYEES - TO MEET THE REQUIREMENTS OF 18 USC 4243, 4247, AND SUPREME COURT LAW

C-031  2. THE U.S. ATTORNEY GENERAL ABUSED HIS DISCRETION, MADE CLEARLY ERRONEOUS INTERPRETATIONS AND CONCLUSIONS OF LAW AND FACT, AND MISAPPLIED THE FEDERAL MENTAL HEALTH LAWS:

(A) UNDER SUBSECTION (E) OF 18 USC 4243, THE ATTORNEY GENERAL HAS ONLY 3 OPTIONS:

(1) RELEASE THE INSANITY ACQUITTEE TO THE COMMUNITY UNCONDITIONALLY

(2) CAUSE AN APPROPRIATE STATE OFFICIAL TO ASSUME RESPONSIBILITY OF THE ACQUITTEE

(A) UNDER 18 USC 4247(i) THE ATTORNEY GENERAL MAY PETITION A STATE COURT FOR A STATE CIVIL COMMITMENT INTO A STATE MENTAL HOSPITAL PURSUANT TO STATE LAWS

(3) CONFINE ("HOSPITALIZE") THE INSANITY ACQUITTEE TO A "SUITABLE" FACILITY DEPENDING UPON THE INDIVIDUAL CHARACTER OF THE PERSON AND THE NATURE OF THE CRIME (18 USC 4247(c))

(B) IF THE ATTORNEY GENERAL CHOOSES TO "HOSPITALIZE" THE ACQUITTEE, HE MUST —

(1) PUT PIRCUS IN THE CUSTODY OF THE SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS)

(A) IT IS THE SECRETARY WHO IMPLEMENTS THE PROVISIONS OF THE FEDERAL MENTAL HEALTH LAWS (18 USC 4247(i)(D))

(B) THE ATTORNEY GENERAL MISAPPLIED THE LAW AND PUT PIRCUS IN THE CUSTODY OF THE DIRECTOR OF THE U.S. BUREAU OF PRISONS AS IF PIRCUS WAS A CONVICTED PRISONER WHO HAD BEEN FOUND GUILTY AND SENTENCED TO A TERM OF PUNISHMENT

(2) HE MUST MAKE SURE THE FACILITY HAS BEEN APPROVED AND CERTIFIED BY THE SECRETARY OF THE DHHS AS BEING A HOSPITAL;

(A) THE SECRETARY HAS NEVER APPROVED ANY B.O.P. FACILITY, WHY? BECAUSE IT WOULD BE UNLAWFUL, ALL THE B.O.P. FACILITIES ARE CONSTRUCTED UNDER PUBLIC LAW AS PRISONS AND ARE ACCREDITED AS PRISONS   THEY CANT BE BOTH HOSPITALS AND PRISONS AND OPERATE ONLY AS A PRISON.

8

(5) HE MUST MAKE SURE THE FACILITY HAS A REHABILITATION PROGRAM THAT MEETS

THE STANDARDS OF 18 USC 4247(a) AND WHICH HAS BEEN APPROVED BY THE

SECRETARY OF THE DHHS (18 USC 4247(i)(c))

    (A) NONE OF THE BOP FACILITIES MEET THE REHABILITATION STANDARDS, AND

    NO REHABILITATION PROGRAM HAS EVER BEEN APPROVED BY THE

    SECRETARY OF THE DHHS

(C) IF THE STATE COURT WILL NOT COMMIT THE ACQUITTEE TO A STATE MENTAL HOSPITAL

PURSUANT TO STATE LAWS, THEN THE ATTORNEY GENERAL HAS ONLY 3 OTHER OPTIONS

IF HE STILL CHOOSES TO "HOSPITALIZE" THE ACQUITTEE. HE CAN —

    (1) ENTER INTO A CONTRACT WITH A STATE (OR POLITICAL SUB-DIVISION)

        (A) NOTE THAT THE ATTORNEY GENERAL CAN STILL HOSPITALIZE PHELPS

        IN A STATE MENTAL HOSPITAL BY CONTRACT - BUT NOW HE IS PAYING

        THE BILLS

    (2) ENTER INTO A CONTRACT WITH A LOCALITY, OR

    (3) ENTER INTO A CONTRACT WITH A PRIVATE AGENCY

      (18 USC 4247(i)(3))  THESE ARE HIS ONLY OPTIONS

C-032  THERE ARE NO OPTIONS — NO PROVISION - FOR FEDERAL CONFINEMENT


C-033  ♣ THE U.S. BUREAU OF PRISONS DOES NOT HAVE LAWFUL CUSTODY OF PHELPS;

    (A) THERE ARE NO PROVISIONS IN 18 USC 4243 OR 18 USC 4247 FOR FEDERAL

    CONFINEMENT

    (B) THE U.S. ATTORNEY GENERAL IS REQUIRED TO PUT PHELPS IN THE CUSTODY OF THE

    SECRETARY OF THE DHHS - NOT THE U.S. BUREAU OF PRISONS

    (C) UNDER 18 USC 4042 (AND 28 CFR 0.95 - 0.96) THE B.O.P. ONLY HAS AUTHORITY

    OVER PENAL AND CORRECTIONAL INSTITUTIONS (NOT HOSPITALS)

        (1) 18 USC 4243 REQUIRES PHELPS TO BE "HOSPITALIZED"

(o) 18 USC 4042 (AND 28 CFR 0.95-0.96) GIVES THE BUREAU OF PRISONS AUTHORITY ONLY OVER THOSE CHARGED WITH CRIMES AND THOSE CONVICTED OF CRIMES (NOT CIVIL COMMITMENTS / INSANITY ACQUITTEES);

    (1) THERE ARE NO PROVISIONS IN THE FEDERAL MENTAL HEALTH LAWS THAT ALLOWS, OR AUTHORIZES, FEDERAL CONFINEMENT FOR INSANITY ACQUITTEES;

        (A) NO FEDERAL AGENCY CAN ENACT A RULE OR REGULATION GIVING ITSELF THAT AUTHORITY;

        (B) EVEN CONGRESS CANNOT MAKE A FEDERAL REGULATION WITHOUT A STATUTE AUTHORIZING THAT REGULATION; ✱

        (C) THE BUREAU OF PRISONS HAS SEVERAL RULES AND REGULATIONS ESTABLISHED WITHOUT STATUTORY AUTHORITY;

            (i) SOME CURRENT RULES AND REGULATIONS WERE ESTABLISHED ON STATUTORY AUTHORITY WHICH HAS BEEN REPEALED OR ABROGATED;

        (D) 28 CFR 551.101(a)(1) AND BUREAU OF PRISON POLICY 7331.04 ALLOWING A CIVIL COMMITMENT / INSANITY ACQUITTEE TO BE TREATED AS A CONVICTED AND SENTENCED PRISONER VIOLATES THE SCHEME AND INTENT OF 18 USC 4243 AND 4246 AND VIOLATES U.S. v JONES, 1983, 463 US 354 at 369 (INSANITY ACQUITTEES CANNOT BE TREATED AS CONVICTED PRISONERS) SEE U.S. v SAHL 7(1999), 174 F3d 872 (PRINCIPLES OF CRIMINAL SENTENCING DO NOT APPLY TO INSANITY ACQUITTEES)

---

✱ EVEN THE COURTS CANNOT ACT WITHOUT STATUTORY AUTHORITY (US v SOTELO, 7(1616, 94 F3d 1037 AT 1040)

10

C-034  5. ALL OF THE STAFF, EMPLOYEES, PERSONNEL, AND MEMBERS (FULL TIME, PART TIME, CONSULTS, VOLUNTEERS, AND CONTRACTED WORKERS) OF THE U.S. BUREAU OF PRISONS ARE IN CLEAR ABSENCE OF ALL LAWFUL JURISDICTION AND AUTHORITY IN THE CUSTODY, CONFINEMENT, CARE, AND TREATMENT OF (AND PROVIDING SERVICES FOR) INSANITY ACQUITEES AND OTHER CIVIL COMMITTMENTS (18 USC 4243 AND 18 USC 4246)

  (A) THERE ARE NO PROVISIONS IN THE FEDERAL MENTAL HEALTH LAWS ALLOWING, OR AUTHORIZING, FEDERAL CONFINEMENT:

    (i) WHEN A STATUTE IS SILENT ON AN ISSUE, OR HAS NO PROVISION, THERE IS A CORRESPONDING LACK OF AUTHORITY ( KEENE V US, 1993, 508 US 200, BFP V RESOLUTIONS, 1994, 511 US 531)

      (A) SINCE 18 USC 4243 AND 18 USC 4247 DOES NOT AUTHORIZE THE B.O.P TO HAVE CUSTODY OF PHELPS, THE EMPLOYEES OF THE BOP HAVE NO LAWFUL AUTHORITY OVER PHELPS. THEY CANNOT DO ANYTHING TO PHELPS OR FOR PHELPS WITHOUT VIOLATING HIS RIGHTS

  (B) THE BOP MEMBERS KNOW (AND UNDERSTAND) THE LEGAL DIFFERENCE BETWEEN A CIVIL COMMITMENT AND A CRIMINAL SENTENCE, AND THE LEGAL DIFFERENCE BETWEEN A UNCONVICTED CIVIL PATIENT AND A CONVICTED CRIMINAL PRISONER BUT REFUSE TO TREAT THEM DIFFERENTLY

    (i) THE BOP TREATS A UNCONVICTED CIVIL PATIENT AS A CONVICTED AND SENTENCED PRISONER BY RULES AND REGULATIONS, BUT IN CUSTOM AND PRACTICE, THE UNCONVICTED CIVIL MENTAL PATIENT IS TREATED FAR WORSE THAN SENTENCED PRISONERS AND WITH GREATER DISPARITY AND INTOLERANCE.

      (A) EACH TIME A GROUP OF PEOPLE VISITS THE FACILITIES TO INVESTIGATE COMPLAINTS AND CONDITIONS, THE MENTAL HEALTH UNITS AND PATIENTS ARE AVOIDED

        (i) ON OCCASIONS WHEN A MENTAL PATIENT DOES COMPLAIN, HE IS PUNISHED FOR COMPLAINING ( CORRECTIVE THERAPY)

C-035  6. The courts admit to a distinction between civil commitments and criminal sentences, and between unconvicted and convicted and between a unconvicted civil patient and a convicted criminal prisoner:

    (A) _Page v Torrey_, 9th Cir., AZ, F3d 1136 at 1140 (Previous punishment purpose does not apply to civil commitments) _King v Greenblatt_, D Mass 1999, 53 FSupp 2d 117 at 135 (same)

    (B) _Graves v Koehler_, NDC 1933, 6th Cir, FSupp 1136 (No court has ever held that a civil commitment is the same as a criminal sentence or that hospitalization was the same as incarceration) _Albright v Clark_, 7th Cir., 975 F2d 343 (same)

    (C) _Seil v Hyland_, D CT 1976, 411 FSupp 765 (The basis for incarceration is to punish the guilty — the basis for a civil commitment is to treat the ill)

    (D) _US v Jain_, 7th 1999, 174 F3d 892 (The principles of criminal sentencing does not apply to insanity acquittees)

    (E) _US v Jones_, 1983, 463 US 354 (insanity acquittees cannot be treated as convicted prisoners)

    (F) _Jennings v Nes Medical Health_, S Dak 1952, 136 FSupp 546 (criminal confinement is not the same as a civil commitment) _Warren v Harvey_, D Conn 1979, 472 FSupp 1061 (same)

    (G) _Schnee v Martin_, 1986, 467 US 253 (confirming the military use that a civil commitment is impermissible) _Durflen v Tucker_, 1966, 86 4 US 479 (same); _French v Butterworth_, Mass 1977, 428 FSupp 1351 (same); _Kynett v Baxley_, Mont 1983, 336 FSupp 373 aff'd 651 F2d 337, 744 F2d 1453 (same); _Cameron v Tomes_, D Mass 1992, 783 FSupp 1511 (same); _Davis v Balson_, D Ohio 1978, 461 FSupp 842, _Personnel v Friedenthal_, 1954, 451 US 1 (same) yet the courts (in this case) have treated Phelps equal to, or worse than, convicted prisoners under a sentence of criminal punishment:

    (A) The court sent Phelps to prison instead of sending him to a hospital as required by law

    (B) The court put Phelps on criminal probation conditions instead of psychiatric conditions

    (C) The court had Phelps supervised by a criminal probation officer who was unqualified by training or knowledge, skill or experience in mental health

    (D) had Phelps arrested on a bench warrant simply because she disagreed with the reaction of Phelps

(E) 18 USC 3603(8)(A) is unconstitutional because it conflicts with the federal mental health laws (see _US v Metropolis_, C178, 851 F2d 549) and it conflicts with the science and intent of the mental health laws (see _US v Abrahams_, C1155, 761 F2d 857)

C-036   7.  18 USC 4051 and 18 USC 4247(e) requires "individualized" care and treatment according to the character of the individual. The BOP has a policy of treating new mental patients alike. (In 20 years of incarceration Plaintiff has never had "individualized" care and treatment. 42 USC 10541 is the mental patients bill of rights

See _Nelson v Heyne_, 7CA1974, 491 F2d 352 (individualized treatment required) _Stirling v DOC Commissioners_, 2C1987, 818 F2d 1170 (SMDC), _Cantor v Wilson_, 1982, 546 F Supp 174 (certain aversion therapy prohibited), _Scott v Plante_, 3C1985, 132 F Supp 572 (must be individualized in the least punitive and least restrictive setting) The BOP is the opposite - put mental patients in the most restrictive setting - automatically. See also _Wyatt v Aderholt_, 5C1974 503 F2d 1305, _Wyatt v Stickney_, MDALA 1972, 344 FSupp 373, 344 FSupp 387, 344 FSupp 1341, _US v Follette_, , 49F F2d 352; _Youngberg v Romeo_ at 357 n 25 (different patients have different liberty interests and require different levels of treatment) See _Rennie v Klein_, C1978 462 FSupp 1131, 476 FSupp 1269, 653 F2d 836; _Tribby v Cameron_, 1978, 366 U S 84 (labeling something a "treatment" does not ipso facto make it a treatment and not a punishment) "Correctional therapy" for the mentally ill in the BOP, is the same as Disciplinary Segregation without due process. See _Landman v Royster_, 1871, 333 FSupp 621, 354 FSupp 1292, 354 FSupp 1302; _Knecht v Gillman_ 8CA US 1973, 427 US 215 (treatment cannot be harm or corporal)

C-037   8.  The BOP employees violate the "All-Limits" principles of 18 USC 4243(f). The BOP must make "all" reasonable efforts to cause the state to assume responsibility. The BOP makes one attempt per year. When "the patient is no longer mentally ill, the director must immediately notify the courts. The BOP waits until the Annual Report is due

C-038  9.  Even though the industry acquittee has been given absolution for his crimes, the BCP always (no matter how many years pass) use the crime to keep a person incarcerated, that violates double jeopardy, res judicata, and collateral estoppel. It creates the realistic prospect the person will never be released (Lublin v. Novak; 61 F.33, 236 Pl.1.506) see Burnham v. Ingalls,  1968, 415 F.2d 617 [cannot serve a crime where the crime must be put aside when determining a release] Howard v. Ingalls, 1968, 406 F2.549 [the greater the distance in time between the crime and the adjudication, the less the crime can be used] Gloninger v. Domhnall, F.   , 234 Sect 111, 413 F2d 503 [, 422 US 563 [25 years continuance] when time passes is introduced, the crime is at issue even though the government and this person did not commit a crime.

C-039  10  The Doctors do not use the "current state" approach to making a diagnosis (see US v. Koesler, 461.994, 25 F2d 414) but rely entirely upon "the record" (diagnosis made by previous doctors in years past)

> (A) When Petrus applied at FMC-Devens, he was diagnosed based his presumed schizophrenia, the merely rubber stamped the diagnosis of the 1985 trial doctors from the record. That is plain error because the trial doctors made a diagnosis of Petrus' conduct of being portrayed in a international Tom conspiracy, but in 1972 that claim was found to be true -so the trial doctors diagnosis was erroneous yet BCP doctors merely rubber stamp that diagnosis without making any independent evaluation without the record

C-040  11.  The BCP staff flagrantly violate their own rules that harms mental patients, see Petition of State Powell, 1955, 484 NE 163 [employees must follow agency rules] McCann v. US, 1371, 358 NE 745 (department bound by rules of agency) Greason v. US,  371, 413 US2d 333, 355 F2d 1284

C-041  Policy statement 6000 et seq. Determines the care and treatment of mental patients and 18 CFR 541 determines discipline of convicted prisoners. The BOP presumes civil patients as convicted prisoners are punished without any regard to their mental status (See Limandin v Popere, 1974, 333 F Supp 621, 354 F Supp 1012, 354 F Supp 1301 (Rules must be those of a medical hospital not a prison) Nyer v Cigare, WDNC 1969, 294 F Supp 659 (same))

C-042  The employees of the BOP violate the rules governing federal employees conduct and responsibilities (BOP Policy 3 061.03 and 3120.6)

C-043  (A) For example the employees must display name identification tags on their clothing and must reveal their names to inmates upon request.

(1) Employees do not wear name plates. But when they do, they cover it so inmates cannot see the name

(a) Employees either refuse to disclose their names or only their first name (not actual or anything else) like just a surname. Complain to the court about officer "Smith" when there are 6 "Smiths" and wont even reveal if first name or initial.)

C-044  (B) Employees are prohibited from abusing or disrespecting inmates (including the mentally ill) but employees disregard the federal employees conduct rules.

(1) Employees abuse the mentally ill frequently because the mentally ill never complain. They are so ill they dont know their rights are being violated or they think they must have done something to deserve the abuse but dont know why. Employees take advantage of this condition to vent their own frustrations which if inmates do complain, the complaint is viewed as a product of the mental illness rather than a legitimate complaint.

There is no procedure for the mentally ill as required by 42 USC 10841.  42 USC 10843

C-045  (a) The employees do not exercise professional judgment (Shaw v Stock house, 1970, 426 F2d 1355; (Comisier v Reiner, 1991, 457 US 307))

15

C-046   THE BOP STAFF ARE NOT TRAINED IN THE CARE AND TREATMENT OF THE MENTALLY ILL. THEY ARE TRAINED ONLY IN PENOLOGY AND ANY MENTAL HEALTH SKILLS OR CONCERN, ARE PREVAILED UPON BY THE B.O.P. OFFICER, DOCTORS, NURSES, NEVER INTERACT WITH MENTAL PATIENTS EXCEPT AT A FIXED SCHEDULED APPOINTMENT. THE STAFF LOCK THEMSELVES IN THE OFFICE, PLAY CARDS, BATTLE TV ON THE INTERNET, PLAY VIDEO GAMES, SOCIALIZE, ETC. BUT NEVER TALK TO INMATES - NEVER INTERACT WITH INMATES - IT IS A BOP POLICY.

C-047   - THEY SEIZE PROPERTY OF INMATES WITHOUT CAUSE & RECEIPT (IN VIOLATION OF RULES)
        - THEY MAKE UP THEIR OWN RULES ON A WHIM OR ON THEIR CURRENT MOOD
        - THEY VIEW MENTAL PATIENTS AS SUB-SPECIES AND COMMUNICATE THAT ATTITUDE
        - THEY MAKE FALSE REPORTS AND ACCUSATIONS AGAINST INMATES
        - THEY INTIMIDATE, COERCE, AND THREATEN MENTAL PATIENTS
        - THEY RETALIATE AGAINST MENTAL PATIENTS WITH VINDICTIVENESS (AT THE APPROVAL OF SUPERVISORY STAFF)
        - THEY EXERT ABSOLUTE CONTROL AND DEMAND INSTANT OBEDIENCE AND SUBMISSION OF ALL MENTAL PATIENTS. NO PATIENT CAN EXPRESS INDIVIDUALISM OR AUTHORITY.
        - THERE ARE NO DIVERSIONAL ACTIVITIES FOR MENTAL PATIENTS - NO CLASS, NO RECREATION - EXERCISE IS 1 HOUR PER WEEK - IF THE THERAPIST IS AVAILABLE. THERE ARE 3 TELEVISIONS BLASTING ON 3 DIFFERENT CHANNELS (BUT RULES REQUIRE T.V.'S NOT TO HAVE SPEAKERS TO INSURE PEACE AND QUIET)(PEACE AND QUIET IS THE REALITY)
        - BEHAVIOR CONTROL IS LEFT TO THE INMATES TO ESTABLISH A PECKING ORDER
        - INMATES ARE WAREHOUSED - NO PSYCHIATRIC THERAPY

C-048   - NO MATTER WHAT MENTAL STATUS (OR THE CRIME) OF INMATES NOT SENT TO PRISON FOR MENTAL REASONS - THEY GO DIRECTLY TO OPEN POPULATION. BUT FOR INMATES WHO WEAR THE MENTAL LABEL, THEY GO TO MAXIMUM SECURITY REGARDLESS OF THE TYPE OF CRIME AND REGARDLESS OF THE ACTUAL MENTAL STATUS (THIS VIOLATES THE LEAST RESTRICTIVE SETTING POLICIES (_____ AT 347) _____, _____, _____ 315, 154 F.Sup. 275)

C-049

- Inmates are not provided with proper hygiene supplies or adequate bedding

- Rules require "quiet time" but staff wake rooms

- Count time is mandatory in prisons but not in mental hospitals. The BOP requires only one stand up count — the FMC officers require 3 per day.

- Only flashlights are supposed to be used at night for counts (rule) but officers and nurses turn on the room lights of inmates rooms to awaken the inmate to make them move his body. This is counter therapeutic to patients but is required at "prisons" (also - officers leave the lights on - switch on corridor or room)

- Mealtime patients must eat their meals within 20 minutes (including the time it takes to go to the dining room, wait in line to get the food, and turn in the tray to the wash room.

- Property purchased at another institution is not allowed at present if it is not sold at present. Property is destroyed without compensation or due process.

- The mail of civil patients are treated as the mail for sentenced prisoners are treated

    (i) mail from the courts are not considered legal mail and is read by staff

- Rules for mental patients are arbitrary;

    (i) no staples allowed — nylon room sound mail with elastenics stapled

    (ii) staff stamp mail (to inmates) with staples

- Inmates cannot touch cleaning supplies — but are required to clean their rooms

- Writing pencils (pens) cannot sharpen button — but one button to clean toilet

- No confidentiality in communication to staff or others

    (i) unit officers read incoming and outgoing mail and memos contrary to BOP rules

- Civil patients cannot make phone calls during day hours

17

C-050  12. SUPERVISORY STAFF AT FMC-DEVENS FAIL TO PREPARE AND ADEQUATELY TRAIN AND TO SUPERVISE SUBORDINATES. THERE IS NO ROUTINE TRAINING OF MENTAL HEALTH STAFF IN THE DAY-TO-DAY CARE AND TREATMENT OF MENTAL PATIENTS. THUSLY MENTAL PATIENTS ARE EITHER IGNORED WITH INDIFFERENCE OR ABUSED AND MISTREATED

C-051    SUPERVISORS ARE LIABLE FOR THE DEPRIVATION AND VIOLATION OF RIGHTS CAUSED BY THEIR SUBORDINATES. SEE McCLELLAND v. FACTEAU, 10(1979, 610 F2d 693 AT 696', YOUNKER v. RENE THUNDERBIRD, 9(1994, 123 F2d 6 75 AT 680-681; WAGGER v. BENNETT, 5C(1980, 621 F2d 675 AT 679'; BOARD OF COUNTY COMMISSIONER v. BROWN, (1997, 520 US 547 AT 404-411', CITY OF CANTON v. HARRIS, 1989, 489 US 378 AT 388; MATEYKO v. FELIX, 9C(1991, 915 F2d 744 )

C-052    MENTAL HEALTH STAFF MUST HAVE EXTRA TRAINING AND CLOSE SUPERVISION (MORGAN v DC,   1988, 603 F Supp 254, AFF 824 F2d 1049 ). A WARDEN HAS A DUTY TO ENSURE THAT THE STAFF IS PROPERLY TRAINED (JOHNSON v LOCKHART, 8C(1991, 763 F2d 500, 941 F2d 705 )

C-053    PHELPS HAS SUFFERED INJURY BECAUSE OF THE FAILURE TO TRAIN AND SUPERVISE STAFF

C-054  13. THE EMPLOYEES AT FMC-DEVENS (AND AT ALL BOP PRISONS) ARE ACTING IN CLEAR ABSENCE OF ALL JURISDICTION AND AUTHORITY IN THE CUSTODY, CONFINEMENT, CARE, AND TREATMENT OF PHELPS

           (A) 18 USC 4006(b) STATES NO CITIZEN WILL BE DETAINED OR IMPRISONED WITHOUT STATUTORY AUTHORITY.

## VII

C-055                         CAUSES OF ACTION

### FIRST CAUSE OF ACTION

           DAVID WINN IS SUED FOR ESTABLISHING RULES CONTRARY TO BOP RULES, FOR NOT MAKING RULES SPECIFIC TO CIVIL MENTAL PATIENTS, FOR CONDONING THE OFFICIALLY CONDONED ACTIVITIES OF SUBORDINATES

AND FOR FAILING TO PROPERLY AND ADEQUATELY TRAIN AND SUPERVISE HIS

SUBORDINATES, THAT CAUSED PHELPS IRREPARABLE INJURY

C-056    SECOND CAUSE OF ACTION:

MIKE BULLINGER, JAMES DODD, S. THOMPSON, AND S. HARVEY ARE SUED FOR

FAILING TO PROPERLY AND ADEQUATELY TRAIN AND SUPERVISE THEIR SUBORDINATES

IN THE CARE AND TREATMENT OF THE MENTALLY ILL, THE LEARNING OF BOP

RULES, AND THE RIGHTS OF INMATES. THEY HAVE FAILED TO PROPERLY AND

ADEQUATELY TRAIN THEIR SUBORDINATES IN DISTINGUISHING THE DIFFERENCE IN

CIVIL COMMITMENTS (CIVIL PATIENTS) AND CONVICTED PRISONERS AND HAVE

FAILED TO PROTECT THE RIGHTS OF CIVIL PATIENTS, AND FOR ALLOWING

SUBORDINATES TO TREAT CIVIL PATIENTS AS CRIMINAL PRISONERS

C-057    THIRD CAUSE OF ACTION:

WHEN PHELPS ARRIVED AT FMC-DEVENS, HE WAS INTERVIEWED BY SEVERAL

BOP EMPLOYEES AND WAS EVALUATED BY RESPONDENT H. HAAS WHO ACTED

IN CLEAR ABSENCE OF ALL JURISDICTION TO CONFINE PHELPS (AUTOMATICALLY)

IN MAXIMUM SECURITY IN VIOLATION OF THE 4th AMENDMENT (UNREASONABLE SEIZURE)

AND 8th AMENDMENT (CRUEL AND UNUSUAL PUNISHMENTS + MADE APPLICABLE THROUGH THE

5th AMENDMENT BECAUSE PHELPS IS A CIVIL PATIENT) AND THE 9th AMENDMENT

(COMMON LAW) AS WELL AS VIOLATING THE AMERICAN WITH DISABILITIES ACT, AND

BOP RULES, 18 USC 4081.

C-058    HAAS DEPARTED FROM THE STANDARDS OF HIS PROFESSION AND DID NOT

EXERCISE PROFESSIONAL JUDGMENT BY NOT MAKING A INDEPENDENT EVALUATION

AND DIAGNOSIS BUT MERELY RUBBER STAMPED THE OPINION OF PROVIDED

EXAMINERS WITH A TOTAL INDIFFERENCE AND DISREGARD AS TO THE ACCURACY OF THE RECORD. HAAS HAS TAKEN A OATH TO UPHOLD AND DEFEND THE U.S. CONSTITUTION AND THE LAWS OF THE UNITED STATES SO HE KNOWS THE LAW, AND UNDERSTAND THE LAWS, BUT STILL ACTED CONTRARY TO THE LAWS. PHELPS WAS LUCID, RATIONAL, COMPLIANT, AND FRIENDLY YET WAS TAKEN TO MAXIMUM SECURITY AND PLACED IN A LOCKED ROOM AT THE ORDERS OF HAAS. HAAS VIOLATED 28 CFR 541. et Seq., BCP POLICY 6000 et Seq, BCP POLICY 3664.03 et Seq, YOUNGBERG V. ROMEO, 1982, 457 US 307  AND DESHANEY V. WINNEBAGO, 1989, 489 US 189     AND ROCHIN V CALIFORNIA, 1952, 342 US 165

---

C-059   FOURTH CAUSE OF ACTION:

RESPONDENT S. FLETCHER VIOLATED BCP RULE 3664.63 AND DEVIATED FROM THE STANDARDS OF HIS PROFESSION (UNKNOWN TYPE OF DOCTOR) AND DID NOT EXERCISE PROFESSIONAL JUDGMENT BY PERFORMING THE DUTIES RELEGATED TO A CORRECTIONAL OFFICER (ACTING LIKE A COP) WHEN HE THREATENED TO PUT PHELPS IN DISCIPLINARY SEGREGATION FOR MERELY DISAGREEING WITH HIM, "I KNOW MORE ABOUT BCP RULES THAN YOU," HE SAID, "WANNA BET?" PHELPS SAID, THEN FLETCHER THREATENED TO PUT PHELPS "IN THE HOLE (N-1)" FOR DISAGREEING WITH HIM. PHELPS HAD NOT VIOLATED ANY RULES NOR WAS HE DISORDERLY OR DISRUPTIVE. IT UPSET PHELPS VERY MUCH TO REALIZE THAT EVEN THE DOCTORS DISREGARD THE RULES OF CONDUCT AND CARELESSLY VIOLATE OTHER RULES AND THE RIGHTS OF THE MENTALLY ILL BY ACTING ARBITRARILY, CAPRICIOUSLY, AND VINDICTIVELY.

20

C-060 FIFTH CAUSE OF ACTION:

RESPONDENT J. DAVIS ACTED IN CLEAR ABSENCE OF ALL JURISDICTION WHEN HE VIOLATED B.O.P. RULE 5270.07 3604.C3 BY SCREAMING AND YELLING AT PHELPS IN A THREATENING, HOSTILE, AND MENACING MANNER JUST AFTER PHELPS HAD COMPLETED A CONVERSATION WITH DR. RIGGS (WHO WAS STILL PRESENT AS A WITNESS). DAVIS IS A MALE NURSE AND KNOWS THAT HIS ACTIONS ARE A DEPARTURE FROM THE STANDARDS OF HIS PROFESSION BUT HE ACTED ANYWAY TO CAUSE PHELPS TO FEAR FOR HIS SAFETY (BEING 71 YEARS OLD). PHELPS IS A HEART ATTACK RISK PATIENT AS WELL AS HAVING 2 STROKES (BECAUSE TWO OFFICERS HANDCUFFED HIS ARMS BEHIND HIS BACK AND BEAT HIM WITH FISTS, FEET, METAL FLASHLIGHTS BECAUSE THE AREA OUTSIDE HIS ROOM WAS "UNTIDY.")

C-061 SIXTH CAUSE OF ACTION:

RESPONDENT B. POTELICCHIO ACTED IN ABSENCE OF ALL JURISDICTION AND VIOLATED FEDERAL REGULATION 28 CFR 541. et Seq., B.O.P. POLICY 5270.07 3604.C3, 18 USC 1621 AND OTHER FEDERAL LAWS WHEN HE (WITH COMPLETE INDIFFERENCE TO THE STATUS OR CONDITION OF PHELPS) ASSAULTED PHELPS, MADE FALSE CHARGES AGAINST PHELPS, MADE A FRAUDULENT WRITTEN INCIDENT REPORT ON PHELPS THAT CAUSED PHELPS TO BE PLACED IN DISCIPLINARY DETENTION FOR A WEEK. POTELICCHIO ALSO VIOLATED PHELPS RIGHTS UNDER THE 4th, 5th, 8th AND 9th AMENDMENTS TO THE U.S. CONSTITUTION.

C-062 ON 11-23-04 AT APPROXIMATELY 10:30 PM PHELPS WENT TO THE OFFICERS STATION ON UNIT N-3 TO GIVE POTELICCHIO A CONFIDENTIAL MEMO ADDRESSED TO COUNSELOR K. LEONARD INFORMING LEONARD THAT THE STAFF ON N-3 WERE IN VIOLATION

... OF FEDERAL LAWS AND BOP RULES IN THE CARE AND TREATMENT OF THE DISABLED
MENTALLY ILL. PETELICCHIC OPENED THE MEMO (IN VIOLATION OF BOP RULES) AND
READ THE MEMO (VIOLATING ANOTHER RULE) AND QUESTIONED PHELPS AS TO THE
CONTENT OF THE MEMO (VIOLATING THE 1st AMENDMENT AND ANOTHER B.O.P RULE)
PETELICCHIC BECAME HOSTILE AND ANGRY AND SCREAMED FOR PHELPS TO GET
OUT OF THE OFFICE, AND PHELPS COMPLIED.

**C-063**

... WHEN PHELPS WAS OUTSIDE OF THE THRESHOLD OF THE DOOR, HE TURNED AND SAID
"YOU'RE NOT WEARING A NAME TAG (A VIOLATION OF BOP RULES) WHAT IS YOUR NAME
OFFICER?" "DON'T WORRY ABOUT MY NAME" HE SCREAMED AS HE STOOD AND APPROACHED
PHELPS MENACINGLY (PETELICCHIC IS ABOUT 6'4" TALL AND WEIGHS OVER 250 POUNDS AND
IS 40 YEARS YOUNGER THAN PHELPS) PHELPS ASK "ARE YOU REFUSING TO GIVE ME
YOUR NAME? THAT'S AGAINST BOP RULES." HE SCREAMED, "GET - AWAY - FROM - MY -
OFFICE". PHELPS COMPLIED AND WALKED ABOUT LOOKING AT THE PICTURES ON THE
WALLS, THE CLOCK IN THE OFFICE, ETC. (PHELPS WAS WAITING FOR THE INMATE
TELEPHONE TO MAKE A CALL TO CALIFORNIA)

**C-064**    PHELPS APPROACHED A CLEANING CART THAT HAD AUTHORIZED SUPPLIES ON IT
FOR INMATES TO CLEAN THEIR ROOMS. IT WAS PARKED IN THE HALLWAY OUT OF THE
OFFICE. SUDDENLY PETELICCHIC LEAPED FROM HIS CHAIR AND STARTED SCREAMING
FOR PHELPS TO GET INSIDE THE OFFICE, PHELPS WALKED IN. "WHAT DID YOU TAKE
OFF THAT CART AND PUT IN YOUR POCKET?" HE SCREAMED FURIOUSLY OUT OF CONTROL.
"I DIDN'T PUT ANYTHING IN MY FUCKIN POCKET" PHELPS SAID. PETELICCHIC SEARCHED
PHELPS AND FOUND NOTHING.

**C-065**    "GET AGAINST THE DOOR." HE YELLED, THEN QUICKLY CHANGED HIS MIND AND TOOK Phelps
IN THE HALLWAY. "GET AGAINST THAT WALL" HE SCREAMED, THEN QUICKLY changed his
MIND AGAIN AND YELLED FOR PHELPS TO GO TO THE OTHERSIDE OF THE HALLWAY

* NOT ONLY DOES STAFF NOT WEAR NAME TAGS, NO OFFICES HAS THE NAME OF THE STAFF ON IT. TO FIND
A OFFICE IS JUST A GUESSING GAME. BOP RULES STATE ALL OFFICES WILL BE IDENTIFIABLE.

7.2

to lean against the wall with his hands above his head and his feet apart. *

C-066    Phelps complied with the order but Potolicchio was not satisfied with the distance between Phelps' feet and yelled to move the feet further apart. "I can't" Phelps said, "Feets as far as I can go. I have a spinal injury." Potolicchio became more out of control and screamed for Phelps to move his feet apart and simultaneously kicking the right leg of Phelps, knocking his leg about 6 inches further apart. Phelps immediately felt severe pain in his back, spine, and legs and cried out in pain. Potolicchio was completely indifferent and yelled "I told you to get those feet apart."

C-067    Then the right arm of Phelps fell from the wall to his side. "Get that arm up" Potolicchio screamed. "I can't do this for long" Phelps said, "I have medical problems. I've had a heart attack and if I keep my hands above my head, I'll pass out. I've had 2 strikes and I can't hold my right arm up this long." Potolicchio was callously indifferent and took the right arm of Phelps and slammed it against the wall yelling "Get - that - arm - on - the - wall."

C-068    He went back to the office and told Nurse W. Burton "I'm going to lock him up. I don't like him." He made two phone calls and returned. "Why did you cuss me?" he yelled, "What are you talking about?" Phelps ask. "You just cussed me" he yelled, "I heard you." "You were not even there" Phelps said "How could I cuss you if you're not home." Potolicchio stammered "Yeh - well ---- yeh - well ----- yeh-well."

C-069    Phelps right arm fell again, but at the same time other officers arrived to escort Phelps to disciplinary detention.

* Phelps was not searched while against the wall. The action was just a spiteful punishment.

13

C-070    Petulicchio then took the memos Phelps had written to Counselor Leonard and spitefully destroyed them. He went to Phelps' room and took Phelps' property and destroyed the property spitefully and vindictively.

C-071    The next day, a teller shoved a pink sheet of paper under the door without saying what is was or what was written on it and Phelps could not read it because his eye glasses were spoiled (as it turned out it was a copy of the incident report, the BOP rules require the report to be given to the inmate within 24 hours and if the inmate can't read it, it must be read to them. It was not. Phelps argues that if he is given a document he can't read and it is not read to him, it is the same as not getting the document at all and is a denial of due process and violates BOP rules.)

C-072    A week later Phelps had a disciplinary hearing (3 days over the time limit to hold a hearing) and the hearing officer dismissed the charges as being patently false. "When I first read this report," the hearing officer said, "I could easily see something was wrong with it. It didn't make sense."

C-073    Petulicchio lied in the report, he filed a false report, and he caused Phelps to suffer irreparable injury and suffering.

C-074    SEVENTH CAUSE OF ACTION.

Respondent W. Blazen acted in conspiracy with Petulicchio to make false charges. She encouraged him and advised him. She acted in concert and jointly participated in the violation of the rights of Phelps. BOP rules and federal regulations require employees to intervene when officers are violating the rights of inmates and to immediately report the

OFFENDING OFFICER TO SUPERVISORS. SHE DID NOT INTERFERE AND DID NOT REPORT THE ABUSE, ASSAULT, OR VIOLATIONS. SHE FAILED TO EXERCISE PROFESSIONAL JUDGEMENT.

C-075    SHE IS THE NURSE FOR THE UNIT AND IS FAMILIAR WITH THE MEDICAL STATUS AND CONDITION OF PHELPS, BUT STILL DID NOT STOP POTOLICCHIO. SHE KNOWS THAT PHELPS IS A CIVIL PATIENT AND KNOWS THAT MENTAL PATIENTS HAVE RIGHTS EXCEEDING THE RIGHTS OF PRISONERS, AND OTHERS, YET SHE DID NOTHING TO STOP THE ASSAULT AND ABUSE. SHE AND POTOLICCHIO VIOLATED 18 USC 241-242 (CIVIL RIGHTS) 18 USC 1621 et Sq (PERJURY) AND OTHER FEDERAL LAWS.

C-076    BLAZEN AND POTOLICCHIO HAD BEEN PLAYING CARD GAMES FOR ABOUT 2 HOURS PRIOR TO THE INCIDENT. THEY NOT ONLY APPEARED TO BECOME INCREASINGLY "FRIENDLY" BUT ALSO BECAME HOSTILE WHEN PHELPS INTERRUPTED THEIR GAMES TO HAND HIM THE MEMO. PHELPS TOLD THE DISCIPLINARY OFFICER, "YOU KNOW WHAT THIS IS ALL ABOUT? POTOLICCHIO JUST WANTED TO IMPRESS A FEMALE WITH HIS MANHOOD AND POWER, THAT'S WHAT THIS IS ALL ABOUT — TRYING TO IMPRESS A FEMALE, BUT ALL HE SUCCEEDED IN DOING WAS TO PROVE HE HAS A CHILDISH INFANTILE MIND WITH THE INABILITY TO MAKE CORRECT DECISIONS AND UNABLE TO CONTROL HIS EMOTIONS. THE HEARING OFFICERS AGREED AND DISMISSED THE CHARGES SAYING "STAY OUT OF TROUBLE."

C-077    EIGHTH CAUSE OF ACTION.

UNDER THE "INDIVIDUALIZED TREATMENT" OF 18 USC 4081, AND THE "NATURE OF THE CHARACTER" OF 18 USC 4247(G), AND UNDER THE PROVISIONS OF THE AMERICAN'S WITH DISABILITIES ACT, AND UNDER THE MENTALLY ILL BILL OF RIGHTS (42 USC 10841) PHELPS MADE A REQUEST FOR A SINGLE ROOM, IN OPEN

25

population in the least restrictive settle not only because of his age (71) and medical infirmaties, restriction, and limitations (stroke, heart attack risk, arthritis, and others) but also for safety and security that prevents hostile confrontations with others who do not share the same religious beliefs and finds his beliefs offensive and unacceptable to such a degree that they become combative. Phelps does not proselytize his religion nor does he request converts, however other inmates know his ideologies. How?

C-078    At his previous prison, inmates would discover cases of Phelps published in the law books and then photocopy several copies of the case and then distribute the photocopies to other inmates with the sole intent and scheme to cause Phelps to suffer in some way. The copies were also given to selected staff members, mostly Phelps suffered harrassments, ostracism, and snide remarks and idle threats or veiled threats. But he also suffered in other ways, Black inmates would falsely report that Phelps called them a "nigger" or something derogatory just to get Phelps put in the hole or moved to another unit.

C-079    At his previous prison, an inmate distributed copies of cases to other Black inmates and staff. He was immediately transferred to another prison for endangering the life of another inmate and for interfering with the therapy and treatment program of others.

C-080    Five days after Phelps arrived at FMC-Devens he passed a group of Black inmates, one Black inmate remarked to the others "there's that racist M---- F--" (indicating Phelps) Phelps had never seen them before and he ignored the remarks, how did they know?

C-081   PHELPS WENT TO THE DINING ROOM AND IN THE DINING ROOM WAS THIS SAME BLACK INMATE THAT HAD BEEN TRANSFERRED FROM BUTNER. THEY ALL LIVED IN THE MENTAL HEALTH UNITS.

C-082   COUNSELOR LEONARD REFUSED TO ASSIGN PHELPS TO A SINGLE ROOM NOTWITHSTANDING THE FACTS OF ELIGIBILITY. ACCORDING TO BOP RULES IT IS THE COUNSELOR WHO ASSIGNS ROOMS AND HE DOES THAT ARBITRARILY WITHOUT SCREENING OR EVALUATING INMATES FOR COMPATIBILITY OR INDIVIDUAL NEEDS. WHATEVER BED IS VACANT IS WHERE THE INMATE GOES. HE VIOLATES THE TERMS OF 18 USC 4081 (INDIVIDUALIZED TREATMENT) AND 18 USC 4247(e) (ACCORDING TO THE CHARACTER OF THE INMATE) SEE THE ALSO VIOLATES DESHANEY V WINNEBAGO, 1989, 489 US 189.

C-083   BUT TO KEEP PHELPS LOCKED IN MAXIMUM SECURITY OR IN A SEMI LOCKED UNIT VIOLATES THE LEAST RESTRICTIVE SETTING REQUIREMENTS OF THE SUPREME COURT. (REMEMBERING THAT PHELPS IS A CIVIL PATIENT AND NOT A CRIMINAL PRISONER, SO THE COURTS MUST EXAMINE PATIENTS RIGHTS - NOT PRISONERS RIGHTS. SEE ROMEO V YOUNGBERG, 1981, 644 F2d ___ (COURTS CANNOT USE CASE LAW DECISIONS FOR CONVICTED PRISONERS TO BE APPLIED TO CIVIL COMMITMENTS) AFFIRMED IN YOUNGBERG V ROMEO, 1982, 457 US SCT.

C-084   NINTH CAUSE OF ACTION.

PHELPS IS DENIED HIS 1ST AMENDMENT RIGHT TO PETITION THE COURTS (DENIAL OF ACCESS TO THE COURTS).

C-085   TAKEN LITERALLY, PHELPS IS NOT DENIED "ACCESS TO THE COURTS." HE IS DENIED MEANINGFUL ACCESS TO THE COURTS.

C-086   THE RULES (ESTABLISHED BY WARDEN WINN) PROHIBITS PHELPS FROM LEAVING UNIT N-3 EXCEPT TO GO TO THE DINING ROOM FOR MEALS. HE CANNOT GO

TO THE LAW LIBRARY TO CONDUCT LEGAL RESEARCH IN ORDER TO PREPARE DOCUMENTS FOR THE COURTS AND INTERESTED PARTIES, PHELPS SENT A MEMO TO THE LAW LIBRARY REQUESTING LEGAL RESEARCH ASSISTANCE, BUT THERE WAS NO RESPONSE, HE SENT A MEMO TO COUNSELOR LEONARD AND UNIT MANAGER DEWITT REQUESTING PERMISSION TO GO TO THE LAW LIBRARY BUT NEITHER RESPONDED. THEY WERE INDIFFERENT TO THE REQUESTS

C-087    PHELPS GAVE PAPERS TO ANOTHER INMATE (WHO LIVED IN A OPEN UNIT) TO PHOTOCOPY AT THE LAW LIBRARY. THE MACHINES WOULD NOT PHOTOCOPY THE BLUE INK AND THE COMMISSARY SELLS ONLY PENS WITH BLUE INK.

C-088    PHELPS ASK THE UNIT OFFICER TO USE THE UNIT TYPEWRITER (WHICH EACH UNIT IS REQUIRED TO HAVE) AND WAS INFORMED THAT THE UNITS DO NOT HAVE TYPEWRITERS FOR INMATE USE.

C-089    PHELPS ASK A FRIEND TO GET SOME FORMS FROM THE LIBRARY (WHICH THE LIBRARY IS REQUIRED TO HAVE) AND SOME ADDRESSES OF COURTS (ETC) AND WAS TOLD THAT THE LIBRARY DID NOT PROVIDE SUCH DOCUMENTS AND PHELPS WAS INFORMED THAT HE COULD NOT GET HELP FROM OTHER INMATES EVEN THOUGH THE STAFF WILL NOT ASSIST HIM AND WILL NOT ALLOW HIM TO GO ANYWHERE TO ASSIST HIMSELF. AS AN ADDENDUM TO THIS COMPLAINT,

C-090    PHELPS REQUESTED SOMEONE TO COPY THIS PETITION, BUT THE REQUEST WAS DENIED UNTIL A GLANCE AT THE PETITION REVEALED IT WAS A LAWSUIT AGAINST BOP EMPLOYEES. IT WAS AGREED THAT PHELPS WOULD PAY FOR THE PHOTOCOPYING. EXTRA COPIES WERE MADE AND GIVEN TO THE FACILITY ATTORNEY, SOME RESPONDENTS, AND OTHERS EVEN BEFORE THE COMPLAINT WAS SENT TO THE COURT (BY COUNSELOR LEONARD).

C-091    WHEN PHELPS ARRIVED AT FMC DEVENS HE REQUESTED PERMISSION TO GO TO THE LAW LIBRARY. HIS DOCTOR (HAAS) APPROVED THE REQUEST. AFTER SOME DELAY OF NOT BEING ALLOWED TO GO, PHELPS ENQUIRED ABOUT A REASON AND DR HAAS INFORMED PHELPS THAT THE UNIT TEAM MEMBERS WAS PUNISHING HIM FOR THE INCIDENT REPORT HE RECEIVED AND WHICH THE DISCIPLINARY COMMITTEE DISMISSED AS BEING A FRAUDULENT

REPORT.

C-092    THE TEAM MEMBERS DID NOT GIVE PHELPS ANY DUE PROCESS BEFORE IMPOSING THE PUNISHMENT OF DENYING HIM ACCESS TO THE LAW LIBRARY. ONE OF THE TEAM MEMBERS WAS CASE MANAGER DAY AND PHELPS HAD ALREADY INFORMED HER THAT THE DISCIPLINARY COMMITTEE HAD DISMISSED THE COMPLAINT AGAINST HIM. HE ASK HER TO EXPUNGE THE INCIDENT REPORT FROM HIS RECORD (WHICH SHE IS AUTHORIZED TO DO) BUT SHE SAID ' THATS NOT MY BUSINESS - THATS THEIR BUSINESS. SHE (AND THE OTHER TEAM MEMBERS) DECIDED TO RETALIATE AGAINST PHELPS FOR PREVAILING ON THE INCIDENT REPORT AND TO PUNISH HIM FOR PREVAILING BY DENYING HIM ACCESS TO THE LAW LIBRARY.

C-093    THIS PUNISHMENT WITHOUT ANY DUE PROCESS ALSO VIOLATES DOUBLE JEOPARDY AND IS RETALIATORY VINDICTIVE PUNISHMENT.


C-094    10TH CAUSE OF ACTION; RESTRICTION TO COURT ACCESS:

    RULES OF THE BOP REQUIRE ASSISTANCE (INMATES TO GAIN ACCESS TO THE COURTS; PHELPS REQUESTED THAT $150.⁰⁰ BE WITHDRAWN FROM HIS ACCOUNT AND TO HAVE A CHECK MADE PAYABLE TO THE COURT AS A FILING FEE FOR THIS ACTION. THIS IS A ROUTINE MATTER AND BOP POLICIES PROVIDE THE PROCEDURES. THE MONEY IN QUESTION BELONGS TO PHELPS. PHELPS IS NOT INCOMPETENT AND MANAGES HIS OWN FUNDS. BOP POLICY STATES THAT INMATES MAY WITHDRAW FUNDS AT ANY TIME AND CAN SEND MONEY TO ANYONE NOT IN VIOLATION OF RULES. THE BOP ONLY HOLDS THE MONEY - LIKE A BANK.

C-095    "SCOTT ' ( BUSINESS OFFICE SUPERVISOR) REFUSED THE REQUEST SAYING THAT SHE HAD SET UP HER OWN NEW PROCEDURES WHEREBY THE INSTITUTION MUST NOW WAIT FOR THE COURT TO REVIEW ANY ACTION (TO DETERMINE ITS MERIT) AND THEN WAIT FOR THE COURT TO ISSUE AN ORDER TO WITHDRAW THE MONEY.

C-096    THIS IS JUST A SHAM TO CREATE OBSTACLES AND BARRIERS FOR INMATES TO

overruling to gain access to the courts. Counselor Luciano informed Phelps that Warden Winn conducted the procedure *after* it was implemented. This procedure is designed solely to harass inmates and serves no legitimate function. It merely creates obstacles to accessing the court.

C-097  11th Cause of Action:

On 1-28-2005 Jeffery Schulder collected a group of inmates that were on "call-out" (which is a list of inmates and their scheduled activities). Phelps' name was on the list. Prior to that, a nurse had notified Phelps that he was on "call-out" but because he was on unit N-3 (a semi-locked unit) that Dr. Schulder, P.M. (whatever P.M. is) would come to that unit and escort the inmates to a group therapy room (inmates on N-3 that are escorted on call-outs, they cannot leave the unit unescorted except to go to meals).

C-098   Dr. Schulder told the inmates "you are scheduled for group therapy with me or another area. You don't have to go if you don't want to. You have the right to refuse. If you refuse I will ask you to sign a refusal form (BP-358(4c)) and if you sign, you will not be put on call-out again. I won't bother you about it."

C-099   Phelps informed Schulder he was refusing and requested the form to sign. Schulder said Phelps must go to group therapy and sign the form there and he must stay in group therapy the full hour before  ... the form. Phelps said "Let me get this straight. I can refuse treatment but you are requiring me to receive the treatment before I can refuse it." – "The very same treatment I have a right to refuse?" He replied "yes."

C-100   Phelps refused to go saying that was the most illogical thing he had (heard) since his wife went to the store and spent 500 dollars on coupons to save money (40 days ...). Since Schulder said nobody was required to go, Phelps returned to his room.

80

C-101    Two hours later Schulize brought the refusal form to Phelps for Phelps to sign. Phelps signed the form. Schulize said "Because you refused to go on call out and because you refused group therapy, I'm writing a disciplinary incident report on you." Phelps said "Let me get this straight - you're going to punish me for not doing what I am not required to do?" "Yes he said. 'You can't do that' Phelps said, "I have a right to refuse - you gave me that right." "Well, you have the right to break the law too but you must face the consequences" he said. Phelps said 'That's as illogical as your other remarks - people have a right to do a crime, that's why we have prisons." "Well, anyway" he said "I'm writing a incident report on you."

C-102    Phelps went to his counselor to get a administrative remedy form, that counselor refused. Phelps went to the unit manager and the warden to explain the situation and they refused to listen to any accounts. "If you were on call out and you didn't go - you get punished" "That's not only illogical Phelps said 'but it's downright capricious."

C-103    Phelps was so distressed that he could not eat his meal (he had to set them off the inmate dining room) and he was so upset he had to seek medical attention from the nurse on the unit (Phelps has had 2 strokes and a heart attack - he is 71 years old) (under stress and excitement causes him medical problems)

C-104    12th CAUSE OF ACTION:

Phelps does not come under the jurisdiction of 18 USC 4248 (insanity statute). The statute requires a crime. The government has admitted that Phelps did not commit a crime. In 1992 the government discovered evidence that showed the actual innocence of Phelps and that he was not mentally ill (under the law) but still would not release him because of his shared religious beliefs that the government found offensive (not unlawful - just offensive)

C-105   13th CAUSE OF ACTION

THE U.S. ATTORNEY GENERAL ABUSED HIS DISCRETION MADE CLEARLY ERRONEOUS INTERPRETATIONS AND CONCLUSIONS OF LAW AND FACT, AND MISAPPLIED THE FEDERAL MENTAL HEALTH LAWS. THE LAW REQUIRES PINEUD TO BE HOSPITALIZED, THE FEDERAL GOVERNMENT DOES NOT HAVE A CIVIL HOSPITAL IN WHICH TO CONFINE INSANITY ACQUITTEES (FEDORIN V LECOMME, 1994, 504 US 71, WILLIAMS V RICHARDSON '8C 1978, 481 F2d 358, DAVIS V RUFFING, 1C 2001, 264 F3d 86) US V HERNANDEZ, 122 FX p 504

C-106   THERE ARE NO PROVISIONS IN THE FEDERAL MENTAL HEALTH LAWS THAT ALLOWS, OR AUTHORIZES FEDERAL HOSPITALIZATION OR CONFINEMENT. THE ATTORNEY GENERAL HAS ONLY 4 OPTIONS AND ALL THOSE OPTIONS DO NOT INCLUDE ANYTHING FEDERAL (18 USC 4247(i))

C-107   THE U.S. ATTORNEY GENERAL MISAPPLIES THE LAW AND PUT PINEUD IN FEDERAL CUSTODY.

C-108   14th CAUSE OF ACTION:

THE U.S. BUREAU OF PRISONS DOES NOT HAVE LAWFUL CUSTODY OF PINEUD AND CONSEQUENTLY, THE EMPLOYERS OF THE B.O.P. DO NOT HAVE LAWFUL JURISDICTION OR AUTHORITY OVER PINEUD AND CANNOT TREAT PINEUD AS A CONVICTED PRISONER (US V JONES, 1983, 463 US 369,) BECAUSE HE IS A UNCONVICTED CIVIL MENTAL PATIENT (NOT A CONVICTED PRISONER) AND MUST BE TREATED BY RULES OF A MENTAL HOSPITAL—NOT BY THE RULES OF A PRISON (TYLER V CICCONE, WDMO 566, 299 F.Supp 684, GADDEN V JONES, DUMO 1992, 183 F.Supp 1511

C-109   THE RESPONDENTS REFUSE TO ACKNOWLEDGE THAT PINEUD IS A UNCONVICTED CIVIL MENTAL PATIENT (AND NOT A CONVICTED SENTENCED PRISONER) AND TREATS HIM WORSE THAN SENTENCED PRISONERS UNDER RULES ESTABLISHED FOR ONLY CONVICTED PRISONERS

C-110   THE GUIDELINES FOR THE TREATMENT OF THE MENTALLY ILL IS PRESCRIBED IN 42 USC 10841 AND FOY V GREENBLATT, 1983, 190 CAL RPTR 84, 141 CAL 1. SEE MCCARTAN V DORCHESTER COUNSELING CENTER, DMASS 1991, 770 F.Supp 43 AFF 9C, F2d 487

C-111   PINEUD HAS THE RIGHT TO REFUSE ANY TREATMENT (ANDERSON V COUNGHTON, 1981, 483 US 635, WALTERS V WESTERN, 1990, 864 F2d 695, SHREWD V BUCKET, 1953, 344 F2d 1201, CANTERBURY V SPENCE, 15, 464 F2d 172 JACKSON V US, 1983, 452 A2d 354, WHITE V NAPOLEON, 1990, 897 F2d 103; BEE V GREENMAN, 657 F2d ___ 1017

32

C-112  15TH CAUSE OF ACTIONS

THE U.S. BUREAU OF PRISONS, AND ITS REPRESENTATIVES, HAVE VIOLATED THE TERMS OF THE AMERICANS WITH DISABILITIES ACT (42 USC 12101), THE GERIATRIC ELDER CARE ACT, AND THE BILL OF RIGHT FOR THE MENTALLY ILL (42 USC 10841).

C-113  THEY HAVE TREATED THE MENTALLY ILL WORSE THAN SENTENCED PRISONERS. THEY DO NOT PROVIDE INDIVIDUALIZED CARE OR TREATMENT PARTICULARIZED TO THE TYPE OF DISABILITY AND THE CHARACTER OF THE DISABLED PERSON. THEY DO NOT PROVIDE AN INDEPENDENT ADVOCATE FOR CIVIL PATIENTS. THE ACCOMMODATIONS ARE FOR CONVICTED AND SENTENCED PRISONERS NOT FOR THE MENTALLY DISTURBED. STAFF IS UNQUALIFIED IN THE CARE OF THE ELDERLY AND THE MENTALLY DISTURBED PATIENT; AND DO NOT USE PROFESSIONAL JUDGMENT;

C-114  PHELPS HAS BEEN ABUSED, MISTREATED, ASSAULTED, THREATENED, TORTURED, AND TERRORIZED BY U.S. BUREAU OF PRISON EMPLOYEES IN HIS 20 YEARS OF INCARCERATION. OFFICERS OF THE BOP HAVE BEATEN HIM WHILE HE WAS RESTRAINED, CARRIED HIM TO A CELL AND SPRAYED HIM WITH FIRE HOSES AND CHEMICAL FIRE EXTINGUISHERS; HANDCUFFED HIM TO A FENCE AT NIGHT IN RAINSTORMS, SNOWSTORMS, AND SUMMER HEAT, DEPRIVED HIM OF FOOD, CLOTHING, SHELTER, AND MEDICAL CARE, USED MEDICATION ON HIM FOR REASONS OTHER THAN MEDICAL, CONFINED TO ISOLATION, SEGREGATION, AND QUARANTINE WITHOUT ANY LEGITIMATE REASONS AND WITHOUT ANY DUE PROCESS, HANGED ON DOORS AND FENCES BY HANDCUFFS OR WRISTS OVER THE HEAD WITH FEET OFF THE FLOOR, STRAPPED TO BED IN 5 POINT RESTRAINTS FOR 5 DAYS. BECAUSE OF BEING 10 MINUTES LATE FOR AN APPOINTMENT AND THEN BURNED WITH LIT CIGARETTES AND HOT COFFEE WHILE IN RESTRAINTS, AND MANY OTHER OUTRAGEOUS ACTS OF TORTURE WHICH WAS NOT CHALLENGED -BUT ADMITTED TO. ONE JEW DOCTOR READ PHELPS RECORD AND TRIED TO MURDER PHELPS BY DIAGNOSING PHELPS AS A DIABETIC AND CLAIMING IT WAS HIS DUTY TO SHUT PHELPS LIFE WITH INSULIN (THE U.S. MARSHALS COLLECTED PHELPS TO TAKE HIM TO COURT ON A WRIT JUST 15 MINUTES BEFORE THE SCHEDULED INJECTION) ALL THIS ABUSE IS DOCUMENTED - AND MORE! YET, IN ALL THIS 20 YEARS PHELPS HAS BEEN COMPLIANT. ALL HIS SUFFERING WAS IN RETRIBUTION FOR SEEKING MONEY FOR FILING COMPLAINTS OF THE ABUSE IN COURTS.

C-115 14th CAUSE OF ACTION

When Phelps entered the institution, he had no personal property because the B.O.P. would not allow his property to be transferred with him even though he was transferred on a private jet aircraft and there was ample room for the property.

C-116    About a month later the property arrived from his previous prison at Butner, North Carolina. Several items were not allowed simply because they were not sold to inmates at Devens (but was sold to inmates at Butner). The warden's policy is "If we don't sell it here - you can't have it."

C-117    Phelps had in his possession Bible Lessons which the officers would not allow Phelps to have because of its religious content. All the literature was religious and were lessons on the scriptures of the Christian Holy Bible, as it relates to society, governments, people, culture, and world events.

C-118    Nothing in the literature advocated the disruption or operation of the institution. The rejection violated Phelps' 1st, 5th, and 9th (common law) rights as well as his rights under 42 USC 2000bb - 2000bb-4 (Religious Freedom Restoration Act) because his religion teaches he must study to show himself approved of God (2 Timothy 2:15, 1 Thessalonians 4:11). See Bryant v Gomez, 46 F3d 948; Hernandez v Commissioner, 1989, 490 US 680, Bhem v National, (474 US US 576), the government also violated the religious rights secured by federal law regarding institutions (42 USC 2000cc)

C-119    And a institution, or facility, impose conditions and restrictions upon a person of which it does not have lawful custody? Can prison rules be applied to unconvicted civil mental patients which interfere with the prisons religious beliefs?

C-120    The prison allows the anti-white teachings of Islam, Moorish Science Temple, Black Hebrew Israelites, Rastafarianism, etc. But will not allow teachings of white racial purity (See Ashcraft v Wright, 96 F1187, 927 F2d 634 at 638 - Application racial policy is unconstitutional as it is subjectively administered)

34

C-121  17ᵗʰ CAUSE OF ACTION:

Does a unconvicted civil mental patient have a greater right or priority then convicted and sentenced prisoners.

C-122  Pretrials have no priority at all in the B.O.P. system, federal laws requiring him to be treated as a convicted prisoner (28 CFR 551.101(a)(2) and B.O.P. policy 7331.04) Pretrials with no room/cell, and property can be separated at any time under any circumstances, for no reason or for any reason at all (and his lawyer)

C-123  His phone calls are monitored and recorded, all his movement are monitored by video surveillance cameras, his personal and legal mail is opened, inspected, read, photocopied, and interfered with - without Due Process.

C-124  Mail for unconvicted inmates cannot be treated in the same manner as mail for convicted prisoners nor can the unconvicted be subjected to the same requirements (Jones v. Witten___, Nos. 00-1171, 323 F.Supp 43, 330 F.Supp 707, ___ F.Supp 60, 456 F.Supp 748) The unconvicted civil mental patient has the right to send and receive mail as any free world citizen (Tyler v. ___, while 1965, 245 F.Supp 184 at note 3) and about and open the mail of a unconvicted civil mental patient (Guajardo v. Estelle, 1978, 580 F.2d 748) The security reason or a civil commitment cannot be accepted or enforced on ___ the (___) ___ (his ___ his likelihood might) ___ ___ ___ reason a policy for the same due to (___, inmates v. Owens, 561 F.2d 189, ___ v. Monroe, ___ ___ ___, inmates v. Pickens, 55 ___, 353 F.Supp 1005, hale v. ___, ___ 1977, 349 F.2d 353 and 405 F.Supp 137, Brown v. ___, ___ 1977, 467 F.Supp 116, inmates v. Lamm, 465 F.Supp ___, 520 F.Supp 1051, 531 F.Supp 130, 713 F2d 546)

C-125  18ᵗʰ CAUSE OF ACTION.

Pretrial was transferred from Batavia N.Y. to Fort-Devens in violation of (Rule 2) Federal Rules of Appellate Procedure. Pretrial filed a Form Request with the David Winn (SOA552 and 5 USC 552b.) but Respondent Winn refused the request refusing to Respond.

## Summary and Conclusion

C-126  1. First the court must determine its own jurisdiction (_Steel Co. v. Citizens_, 1998, 523 US 83 at 94). A

defendant that alleges violations of laws and the constitution finds the court jurisdiction (_Bell v. Hood_,

1946, 327 US 678. _Givens v. Zuckerman named agents of the Federal Bureau of Narcotics_, 1971, 403 US 388;

_Alexander v. Commission_, Oct 1987, 825 Fld 499 at 501 (court has inherent powers to act in the

interest of justice); if the court has jurisdiction, it must

C-127  2. Determine if 18 USC 4243 can be applied to Phelps and that requires a statutory analysis.

words of a statute must be given their plain meaning (_Chan, Western v. US_, 1817 2410 4779 at 483), and to

look to the intent of congress (_Blecheity v. Chaney_, 1973, 50761 14 at 104). The statute requires a

criminal act before it can be applied (_Williams v. United_, 11 (1984), 754 Fld 1483). If Phelps did not

commit a crime (has the government met their burden) then the law is inapplicable and the

matter ends because whatever happen thereafter is unlawful. If Phelps is unlawful under the

jurisdiction of 18 USC 4243, then the court must

C-128  3. Determine if the U.S. Attorney General misapplied the law. Courts can reverse decisions when

there is a misapplication of law or a preponderance of the wrong legal standards (_Richard v. Thornton_

_v. Beckett_, 10 1981, 641 Fld 1086 at 1093). If the attorney general misapplied the law, the court can

end the inquiry because everything after that is unlawful. If he did not, the court must

C-129  4. Determine if the U.S. Bureau of Prisons has lawful custody of Phelps. A person cannot

be incarcerated absent a conviction (_Speck v. Medina_ 1971, 443 US 151 at 144; 18 USC 4001(a))

and when the BOP is notified that a person may be falsely imprisoned, the BOP has a duty to

investigate the validity of the incarceration (_Marthing v. City of US_, 4 (1986), 14 Fld 1373 at 1511)

when the BOP was notified in 1991 that Phelps did not commit the crimes, it did nothing. If the

BOP has lawful custody of Phelps, the court must

C-130  5. Determine if the BOP employees have lawful jurisdiction and authority enact. A statute

36

cannot grant jurisdiction where the constitution forbids it ( GILSON - REPUBLIC OFFICIALS, DCC 1982, USL FLE 1011 AT 1024 ). If the employees have no legal authority to act, then whatever they do is unlawful. If the employees have jurisdiction, the court must

C-131   6. Determine if the employees have properly applied the laws, and BOP rules. Rules must be based on statutory authority ( DAVIDSON v DO, DC 1939, 50A A2d 161 ) and courts should not hesitate to strike down BCP rules that are unconstitutional ( SMITH v SIMPSON,    1972, 344 FSupp 668 ) If rules require employee conduct, and employees violate that rule, there is no shield from liability ( CONSIDER v US, 1991, ___ US ___, 113 LEELL 335 ). If a rule is in conflict with a law it is unconstitutional ( US v PECKARD, 10 LCIR, 238 F3d 1266 at 1237 ) 28 CFR 551.101 is in conflict with 18 USC 4043 and US v JONES, 1953, 463 US 354. If the rules are proper –

C-132   7. The court must determine if the actions of the employees are lawful. The employees must be qualified and must act professionally ( YOUNGBERG v ROMEO, 1982, 457 US 307 ). The employees know that they cannot treat prisons as a condemned prisoner ( LOCK v JENKINS, DC 1981, 641 FLs 488 ) and must treat him better ( HAMILTON v LOVE,   , 328 FSupp 1182 ) and must make professional judgments ( SANTANA v COLLAZO, IC 1986, 793 F2d 41 ), If the employees have not acted properly or lawfully, this court must

C-133   8. Determine the level of injury inflicted on photos, and

C-134   9. The amount of damages to award for violating photos 1st, 4th, 5th, 8th, 9th Amendment rights under the US constitution and for violating the provisions of 13 USC 241-242, 18 USC 4043 and 4247, 18 USC 4001(a), 42 USC 10341, 42 USC 200bb – 200bb1, 42 USC 12101, 5 USC 552-552a, other federal laws, federal regulations, Bureau of Prison rules and policies, Code of Ethics and Employees conduct, common law, and Supreme Court Laws, and for causing irreparable physical, mental, emotional, and spiritual loss, harm, injury, illness, distress, pain, and suffering.

C-135

## IX

## PRAYER AND RELIEF

PHELPS PRAYS THAT THIS COURT RECOGNIZES THAT PHELPS IS A UNCONVICTED CIVIL MENTAL PATIENT (NOT A CONVICTED CRIMINAL PRISONER) AND THAT THE COURT USES THE STANDARDS OF "PATIENTS RIGHTS" AND NOT PRISONERS RIGHTS AS EXAMPLED IN US V JONES, 1981, 516 A2d 183, 411 A2d 624, 451 A2d 364, 463 US 354, YOUNGBERG V ROMEO, 1982, 457 US 307, PARHAM V JR, 1979, 442 US 584, FOUCHA V LOUISIANA, 1992, 504 US 71, DONALDSON V O'CONNOR, ___, 451 US 91, MENTAL V PATIENT HOSPITAL, 1974, 407 US 245, HUMPHREY V CADY, 1972, 405 US 504, ADDIE V KLEIN, 1979, 458 US 119, O'CONNOR V DONALDSON, 1987, 422 US 563, DESHANEY V GWINNEBAGO, 1989, 479 US 189, CHESHIRE HOSP V NRC, [C1972, 689 F2d 1132, US TRUST V NJ, 1977 431 US 1, BATTLE V ANDERSON, OKAHL 1974, 376 F.Supp 402, 457 F.Supp 719, 447 F2d 516, 564 F2d 388, 594 F2d 786, 614 F2d 251, SOCIETY V LIGUME, 737 F2d 1239, DOE V COUNTY, USNY, 727 F2d 42 AND OTHER CASES INVOLVING NON-PRISONER CIVIL PATIENTS;

PHELPS PRAYS THAT THIS COURT FOLLOWS THE ADMONISHMENTS OF THE COURT IN ROMEO V
                                                 ALBERT F2d 53
YOUNGBERG, 1982, 644 F2d 147 AFF 457 US 307 THAT IT CANNOT TAKE CASE LAW DECISIONS FOR CONVICTED PRISONERS AND APPLY THESE DECISIONS TO CIVIL COMMITMENTS;

PHELPS PRAYS THAT THIS COURT USES THE TOTALITY OF CIRCUMSTANCES STANDARD IN ASSESSING THE CONDITIONS OF CONFINEMENT

PHELPS PRAYS THE COURT USES THE INFAMOUS SCRUTINY STANDARD IN INTERPRETING PHELPS CASE THE ABSOLUTE STANDARD

PHELPS PRAYS FOR RELIEF AND REMEDY

PHELPS PRAYS FOR DECLARATORY JUDGMENT AND REQUEST THE COURT TO DECLARE;

1, PHELPS DOES NOT FALL UNDER THE JURISDICTION OF 18 USC 4248 IF HE IS ACTUALLY INNOCENT AND DID NOT COMMIT A CRIME BECAUSE THE STATUTE REQUIRES A CRIME TO HAVE BEEN COMMITTED;

2. The federal government does not have a civil hospital in which to confine mental insanity acquittees and 18 USC 4243 requires "hospitalization";

3. There are no provisions in the federal mental health laws that allows, or authorizes, federal confinement of insanity acquittees or other federal civil commitments;

4. The U.S. Attorney General abused his discretion, made clearly erroneous interpretations and conclusions of law and fact, and then misapplied the provisions of 18 USC 4243 and 18 USC 4247;

5. Neither the courts nor the U.S. Attorney General have lawful jurisdiction or authority to commit insanity acquittees to the custody, and confinement, of the U.S. Bureau of Prisons;

6. The U.S. Bureau of Prisons does not have lawful custody, jurisdiction, or authority over persons or anyone committed under 18 USC 4243 or 18 USC 4246;

7. Employees and members of the U.S. Bureau of Prisons (regular or under contract) do not have lawful custody, jurisdiction, or authority over persons or anyone subject to 18 USC 4243 or 18 USC 4246; they acted in absence of any lawful jurisdiction;

8. Employees and members of the U.S. Bureau of Prisons are not legally qualified to care for, or treat persons or anyone subject to 18 USC 4243 or 18 USC 4246;

9. There is a legal and constitutional difference between unconvicted civil mental patients and convicted criminally sentenced prisoners and unconvicted civil patients cannot be treated as convicted or sentenced prisoners;

10. Unconvicted civil patients have more rights and privileges than pretrial detainees or convicted prisoners;

11. Unconvicted civil mental patients have, at least, the same, or greater, rights of a person or house confinement;

12. Unconvicted civil mental patients cannot be subjected to the rules and regulations of a jail or prison and must have their own special particularized set of rules and regulations designed to promote healing, recovery and rehabilitation;

39

13. THE SUPERVISORY STAFF OF THE U.S. BUREAU OF PRISONS FAILED TO PROPERLY AND ADEQUATELY TRAIN AND SUPERVISE SUBORDINATE B.O.P. MEMBERS IN THE CARE, TREATMENT, AND PROVIDING SERVICES FOR DISCHARGED CIVIL MENTAL PATIENTS

14. THOSE COMMITTED UNDER 18 USC 4243 OR 18 USC 4246 MUST BE TREATED AS PATIENTS - NOT PRISONERS; AND HAVE A ADVISORY +SEE 42 USC 10300

15. PHELPS SUFFERED UNLAWFUL AND UNCONSTITUTIONAL ABUSE AND MISTREATMENT BY U.S. BUREAU OF PRISON EMPLOYEES AND MEMBERS;

16. PHELPS HAS BEEN UNLAWFULLY AND UNCONSTITUTIONALLY INCARCERATED AND IMPRISONED IN THE U.S. BUREAU OF PRISONS

17. PHELPS HAS SUFFERED A DEPRIVATION, DENIAL, AND VIOLATION OF HIS CONSTITUTIONAL, STATUTORY, CIVIL, AND COMMON LAW GUARANTEES, FREEDOMS, LIBERTIES, RIGHTS, PRIVILEGES, IMMUNITIES, PROTECTIONS, AND SAFEGUARDS

18. THE RESPONDENTS KNEW THE CONSTITUTION AND LAWS, AND UNDERSTOOD THE CONSTITUTION AND THE LAWS, BUT STILL KNOWINGLY, INTENTIONALLY, AND WILLINGLY ACTED CONTRARY TO THE CONSTITUTION AND THE LAWS; AND ACTED WITHOUT PROFESSIONAL JUDGMENT;

19. THE RESPONDENTS CAUSED PHELPS IRREPARABLE PHYSICAL, MENTAL, EMOTIONAL, AND SPIRITUAL LOSS, HARM, INJURY, ANGUISH, DISTRESS, PAIN, AND SUFFERING;

20. PHELPS HAS SUFFERED A MISCARRIAGE OF JUSTICE AND A MANIFEST INJUSTICE AND BOTH ARE COMPENSABLE UNDER THE CONSTITUTION AND THE LAWS.

21. PHELPS IS A PATIENT - NOT A PRISONER AND LAWS AND RULES FOR PRISONERS DO NOT APPLY TO HIM.

PHELPS PRAYS FOR PUNITIVE DAMAGES IN THE AMOUNT OF TWO MILLION (2,000,000) TAX FREE DOLLARS FROM EACH RESPONDENT,

PHELPS PRAYS FOR ATTORNEY FEES AND COST;

PHELPS PRAYS FOR INJUNCTIVE RELIEF ENJOINING THE B.O.P. FROM CONFINING ANY PERSON SUBJECT TO THE PROVISIONS OF 18 USC 4243 OR 18 USC 4246;

PHELPS PRAYS FOR ANY OTHER RELIEF AND REMEDY THE COURT DEEMS FAIR, JUST, PROPER, LAWFUL AND EQUITABLE TO PREVENT INJUSTICE, TO PREVENT A MISCARRIAGE OF JUSTICE AND TO MEET THE ENDS OF JUSTICE

40

RESPECTFULLY SUBMITTED ON THIS 30th DAY OF JANUARY, 2005

Coy Phelps                                    IN PRO SE

COY PHELPS  78872-011
FMC - DEVENS
42 PATTON ROAD
P.O. BOX 879
AYER, MA  01432

C-136

## CERTIFICATION

I, COY PHELPS, CERTIFY UNDER PENALTY OF PERJURY, PURSUANT TO 28 USC 1746, THAT
I AM THE PETITIONER IN THIS ACTION AND THAT ALL THE STATEMENTS MADE HEREIN
WERE MADE BY ME, AND THAT ALL THE STATEMENTS ARE TRUE AND CORRECT
ACCORDING TO MY BEST KNOWLEDGE AND BELIEF
DATE: 1-30-2005

Coy Phelps                                    IN PRO SE

COY PHELPS  78872-011
FMC- DEVENS
42 PATTON ROAD
P.O. BOX 879
AYER, MASSACHUSETTS
01432

## CERTIFICATE OF SERVICE

SEE THE SERVICE INFORMATION ON THE REVERSE SIDE OF THE SUMMONS

Coy Phelps

41