UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS<br>    Petitioner<br><br>-v-<br><br>DAVID WINN, et. al.<br>    Respondents | Case No: 4:05-cv-40003-GAO<br><br>REPLY TO RESPONDENT'S ANSWER<br>MADE ON 12/03/2007 TO PETITIONER'S<br>AMENDED COMPLAINT<br><br>DATE; 12/11/2007 |

Petitioner originally filed a <u>Bivens</u> action on December 30, 2004 and amended the complaint on January 30, 2005. The respondents answered the complaint untimely on 12/03/2007. This is the reply to their answer.

<u>The Respondents have proferred eight defense( Answer, pages 23-24)</u>:

1. Failure to sate a claim for relief under the u.S. Constitution;
2. Failure to state a claim under 42 USC §1983;
3. Lack of Subject Matter Jurisdiction;
4. Qualified Immunity;
5. Failure to exhaust administrative remedies;
6. Absence of civil or due process violations( same as failure to state a claim)
7. Sovereign immunity and lack of subject mater jurisdiction under 28 USC §2674;
8. Plaintiff ineligible to receive attorney fees being pro se.

<u>The Respondents have admitted</u>:

1. The court has jurisdiction under 28 USC §1331 and <u>Bivens</u>: (Answer, page 2, paragraph 1)
2. COY PHELPS is the plaintiff in this case( Answer, page 2, paragraph 2)
3. Phelps is a federal civil commitment( Answer, pages 18-19, paragraph 109)
4. Who was found Not Guilty by Reason of Insanity(Answer, pages 18-19, paragraph 109)
5. And is confined in federal prison at FMC-Devens( Answer, page 2, paragraph 3)

1

6. And was punished in disciplinary segregation the same as convicted prisoners are punished ( Answer, page 12, paragraph 69)
7. And that Respondents Winn, Potolicchio, and Haas are( or were) employees of the Federal Bureau of Prisons who work( or had worked) at FMC-Devens( Answer, Page 2, paragraph 6)

The respondents have not made any other admissions nor have they presented any other defenses.

## RESPONDENT'S ERRORS AND INCONSISTENCIES

1. Respondent's state( Answer, page 2, paragraph 4) that they are being sued in thie official capacities. Phelps stated clearly in the complaint( Complaint, page 2, Paragraph C-0004) that the respondents were being sued in their INDIVIDUAL capacities.
2. Respondents claim that the action is a Federal Tort Claim in the United States is the Real Party in Interest and that the respondents claim sovereign immunity and claim a lack of subject matter jurisdiction under 28 USC §2674.( Answer, page 24, Seventh Defense),  However, the respondents have already admitted that this is a <u>Bivens</u> action taken under 28 USC §1331(Answer, Page 2, paragraph 00)
3. The respondents claim that they are being sued in their official capacities( answer, page 2, paragraph 4) and yet claim a qualified immunity defense( Answer, page 24, Defense Four) knowing that people sued in their official capacities cannot claim immunity (<u>Bruce</u> v <u>Berry</u>, 11C2007, 498 F3d 1232.)
4.  Respondents admit that this is a <u>Bivens</u> action in which only individuals can claim qualified immunity, and yet, they claim sovereign immunity as if the action is a Federal Tort Claim taken under 28 USC §1346-2680( Answer,  page 24, Seventh Defense.)

The respondents also refuse to answer claims and issues on the ground that the claim and issues are legal conclusions. The Petitioner objects to the respondents refuals to answer paragraphs 29-41, 45, 48, 51-54, 58, 77, 82, 83, 93, 104-108, 110-112, 114, 118-122, 124, 126, and 135.

2

The respondents also refuse to answer claims and issues on the ground that they are not required to answer in that the claims and issues were dismissed by court order issued on 9/27/2007. Petitioner objects to the refusal to answer paragraphs 4-16, 18, 29-38, 40-44, 46-47, 49-52, 54-56, 59-60, 74-114, 119, and 121-135.

The respondents also refuse to answer claim and issues on the ground that they do not have sufficient knowledge or information to make an answer. Petitioner objects to the refusals to answer paragraphs 6, 19-28, 43, 44, 46, 47, 49, 59, 60, 71, 72, 77-81, 87-92, 94, 95, 97-104, 114, 116-118, 122, and 123.

Respondents refuse to answer paragraphs on the ground that the paragraphs contain legal questions to which no answer is required. Petitioner objects to respondents refusal to answer paragraphs 7-18, 119, and 121.

Respondents have denied paragraphs 2, 53, 57, 61, 66-68, 70, 73, and 115 without explanation. Petitioner objects to the refusal to answer without explanation.

### EXHAUSTION OF ADMINISTRATIVE REMEDY DEFENSE

The respondents admit that Phelps is a unconvicted and uncharged federal civilly committed mental patient ( Answer, pages 18-19, Paragraph 109) who is incarcerated in federal prison (Answer, page 2, paragraph 3.)

Phelps stated in his complaint( Complaint, page 2 ) that he had exhausted his remedies and cited BOP file numbers as evidence.

HOwever, Phelps is not required to exhaust remedies for several reasons.

First, he is a civil commitments and the rules of the Federal Bureau of Prisons do not apply to civil commitments( Tyler v Ciccone, WDMO 1969, 299 FSupp 684.)

Secondly, the Code of Federal Regulations(28 CFR 542) does not mandate exhaustion of remedies. The regulation states that the purpose of the regulation is to ALLOW the inmate to exhaust remedies.

Thirdly, the Prison Litigation Reform Act( 42 USC §1997e) applies only to "prisoners" and Phelps is not a prisoner, thusly,

as a civil commitment he is not under the mandate of the PLRA (King v Greenblatt, DMass 2006, 53 FS2d 117 at 138 ) to exhaust administrative remedies.

The Prison Litigation Reform Act was first enacted in 1980 for State prisoners and was amended in 1994 to include federal prisoners.

Since Phelps is not a "prisoner," and not under the mandate of the PLRA, he falls under the pre-PLRA standard stated in Patsy v Board of Regents of Florida, 1982, 457 US 496 at 516 and Wilwording v Swenson, 1971, 404 US 249 at 251 which holds that administrative remedies need not be exhausted before bringing action into court.

Moreover, exhaustion is not required if it is futile( McCarthy v Madigan, 1992, 503 US 140) and there is no requirement to exhaust remedies on a claim of retaliation(Giano v Goord, 2C2001, 250 F3d 146 at 150 ) nor for a constitutional violation ( Lunsford v Jumad, 9C1998, 155 F3d 78 at 79 ) nor is exhaustion required when the remedy forms are unavailable ( Woodford v Ngo, 2006, 548 US ___, 165 LEd2d 368.)

Phelps has submitted evidence, in other cases before this court, that his administrative remedies are sabotaged to deliberately deprive him access to the courts. In cases the correctional counselor refuses to give Phelps the forms for Phelps to complete, therefore, the remedies are not available under Woodford and are, therefore, excused.

However, as stated previously, Phelps has exhausted his administrative remedies and has cited the file numbers as evidence.

### FAILURE TO STATE A CLAIM UNDER THE CONSTITUTION

Phelps alleged in his complaint that the respondents conspired, in a meeting of the minds, to deprive him of his constitutional right to be free of restraint without legal justification and the exercies of professional judgment according to the standards of the medical, psychiatric, and psychological profession.

4

The respondents admit that Phelps is a unconvicted and uncharged federal civilly committed mental patient ( Answer, pages 18-19, paragraph 109) and, under 18 USC §4243, was committed for medical, psychiatric, or psychological care and treatment. That means, even correctional officers must follow the standards of the mental health profession, not the standards of the corrections profession or the standards of the Federal Bureau of Prisons.

The standard for civil commitments is "professional judgment" (Youngberg v Romeo, 1982, 457 US 307 ) and professional jusgment that is modified to accommodate the administration is a departure from acceptable professional judgment( Youngberg at 323)

The respondents have admitted that Phelps was punished by being confined in disciplinary segregation in accordance with Bureau of Prisons regulations. The Supreme Court, in Jones v US, 1983, 463 US 354 at 369 held that insanity acquittees cannot be treated as convicted prisoners. Punishment, in any guise or form, has no place inany program in any mental health facility( Pearson v Fair, 1C1991, 935 F2d 401 at 419.)

The constitution requires the government to provide a mental patient in an environment where professional judgment can be exercised (Cameron v Tomes, DMass1969, 783 FSupp 1511 at1525) and when correctional officers interfere with the therapeutic goals of a mental patient, the court has a duty to intervene to ensure that professional jusgment can be exercised( Cameron at 1526.)

The government has no interest in punishing the mentally ill and ccannot assent punishment as a legitimate goal of confinement (Santana v Collazo, 1C 1983, 714 F2d 1172  at 1180.)

A mental patient has a constitutional right to be free of restraint and restraint without professional judgment is unconstitutional (Youngberg at 320) and a mental patient need not sustain physical injury to prevail on a claim of unreasonable restraint( Davis v Rennie, 1C20051, 264 F3d 86 at 111.)

Phelps alleged in his complaint that Potolicchio used excessive force and filed a false, and malicious, disciplinary report to cause Phelps to be confined in disciplinary segregation as a convicted and sentenced prisoner would be confined.

5

A claim of excessive force is a cognizable claim of a constitutional violation (Laskey v Legates, DDel 2007, 474 FS2d 635 at 638) anf filing a false disciplinary report is a constitutional violation (Nicholson v Carroll, DDel 2005, 390 FS2d 429; Milhouse v Carlson, 3C1981, 652 F2d 371 at 374; Surprenent v Rivas, 1C2005, 424 F3d 5.)

### NO DUE PROCESS VIOLATION DEFENSE

The respondents violated Phelps' substantive due process rights when they filed false disciplinary charges against him. Freedom from custody, detention, imprisonment, and other forms of physical restraint is at the heart of liberty that due process protects (Foucha v Louisiana, 1994, 504 US 71 at 80; US v Salerno, 1989, 481 US 739 at 755; Zadvydas v Davis, 2001, 533 US 678.)

The respondents not only violated Phelps' substantative due process rights but also his procedural dues process rights. Even if Phelps were a convicted prisoner, the BOP employees did not follow the procedures stated in Section 541( 28 CFR) of the Code of Federal Regulations nor did they follow the BOP Policy Statement 5270 .05 regarding the discipline of convicted prisoenrs.

### QUALIFIED IMMUNITY DEFENSE

The respondents have admitted that this action is a Bivens action brought under 28 USC §1331( Answer, page 2. paragraph 1.)

The coults have held that there is no immunity when an official does an affirmative act, or participates in another's act, or omits to perform acts which officials are legally required to perform and thereby caused a deprivation of an individual's constitutional right (Johnson v Duffy, 9C1978, 568 F2d 740 at 743) and officials can be liable for damages when they violated clearly established rights even in a novel situation( Savard v Rhode Island, 1C2003, 338 F3d 23.)

In Harlow v Fitzgerald, 1982, 457 US 800 the Supreme COurt held that an official is liable when their conduct violates clearly established rights that a reasonable person would be expected to know.

6

## FAILURE TO STAE A CLAIM UNDER 42 USC §1983

The respondents have alleged that Phelps has failed to state a claim under the civil rights act of 42 USC §1983.

Phelps did not file a §1983 action since he is not in state custody and since the respondents have not acted under color of State law.

Moreover, the respondents have admitted that Phelps filed a <u>Bivens</u> action under 28 USC §1331, and now, they are inconsistent in holding that he has not filed a cognizable claim under ¶1983.

Since Phelps is in federal confinement, the respondents acting under color of state law is a legal and factual impossibility.

## LACK OF SUBJECT MATTER JURISDICTION ( Third Defense, Page 24, Answer )

Phelps has made a claim that the respondents have violated his rights secured by the U.S. Constitution and the laws of the United States( 28 USC §1343.) Code of Federal Regulations( 28 CFR 500 et seq ) pertain to the Federal Bureau of Prisons and the prisoners confined therein. The Code of Federal Regulations are laws of the United States (<u>Howard</u> v <u>City</u> of <u>Burlinggame,</u> 9C1991, 937 F2d 1376) and have the force of law ( <u>Wright</u> v <u>Roenoke,</u> 1987, 479 US 415 at 431.)

Bureau of Prisons Policy Statement 3420.09 is a policy statement addressing , specifically, the conduct and responsibilities of Federal Bureau of Prisons employees and explains just what correctional officers can, and cannot, do in regard to the care and treatment of prisoners. Prohibited acts are subject to disciplinary sanctions which include termination of employment. Discrimination, retaliation, harassment, filing false disciplinary charges, making false reports, excessive force, are just a few of the listed prohibited acts.

In this case, the respondents violated the Code of Federal Regulations and Bureau of Prisons Policy Statement 3420.09 and the court has subject matter jurisdiction.

The action of employees of an agency can be reviewed by the courts to determine if the employees exceeded their authority or violated clearly established law( Leedman v Kyle, 1958, 358 US 184 at 190-191) and an agency is liable for the misconduct of its employees. (Gaubert v US, 5C1989, 885 F2d 1284 affirmed 449 US 315.) An agency must follow its own regulations (Doe v Tenet, 9C2003, 329 F3d 1135) and an agency cannot take action inconsistent with its own regulations (US v Lee, 8C2001, 274 F3d 485.)

Officers are responsible for keeping themselves alert to developing judicial changes in the care and treatment of inmates and the operation of penal institutions( Lock v Jenkins, 7C1981, 641 F2d 488 at 499.)

The respondents admit that they knew that Phelps is a civilly committed insanity acquittee and that the Supreme court has held that insnaity acquittees cannot be treated as convicted prisoners are treated( Jones v US, 1983, 463 US 354 at 369) and must be given more considerate treatment than convicted prisoners( Youngberg v Romeo, 1982, 457 US307 at 320 and n.27; Santana v Collazo, 1C1983, 714 F2d 1172 at 1174.( the government cannot punish the mentally ill) Scott v Plante, 3C 1981 , 641 F2d 117 at n.11; Jones El v Burge, WDWis 2001, 164 FS2d 1096 at 1117 ; Lynch v Baxley, 11C1989, 744 F2d 1452 at 1463.)

The respondents know, and admit( Answer,page 18-19 paragraph 109) that Phelps is an unconvicted and uncharged civilly committed insanity acquittee( Answer, page 18-19 paragraph 109 ) and that clearly established law of the U.S. Supreme Court in Jones v US, 1983, 463 US 454 at 369 prohibits the punishment of insanity acquittees. See also Jones v Blanas, 9C2004, 393 F3d 918; Lyons v Powell, 1C1988, 838 F2d 28; Santana v Collazo, 1C1983, 714 F2d 1172; Pierson v Fair, 1C1991, 935 F2d 401 at 407; Cortes-Quinores v Jiminez-Nettleship, 1C1988, 842 F2d 556; Morales-Feliciano v Romero-Barcelo, DPR1979, 497 FSupp 14 at 37-40.)

### SOVEREIGN IMMUNITY / LACK OF SUBJECT MATTER JURISDICTION UNDER 28 USC §2674 DEFENSE( Page    Seventh Defense )

This defense is no defense at all because Phelps has filed a <u>Bivens</u> action and not an action under the Federal Tort Claims Act and §2674 is applicable only to the FTCA.

### ATTORNEYS FEES AND COSTS DEFENSE

Although fees and costs cannot be levied against a pro se petitioner( <u>Moser v Bret Hart Union High,</u> EDCal 2005, 366 FS2d 944) and litigants are normally under the American rule ( <u>Reis Robotics v Concept Ins,</u> NDIll 2005. 462 FS2d 112) in which all parties bears their own fees and costs, a pro se litigant can recover attorney fees in compensatory damages for the time, effort, and costs in the preparation of the case.

Because Phelps has been unable to locate an attorney, and because the court will not appoint an attorney to represent him
Phelps will challenge the decisions of not allowing pro se plaintiffs attorney fees under 42 USC §1988. Phelps has been diligent in attempting to locate an pro bono attorney, or legal organization, or legal clinic, or an attorney with a reasonable fee but has been unable to locate anyone who will accept his case. Only approximately one percent of people replied to his( over 500) letters and those attorneys who did respond, wanted 50 - 100 thousand dollars as a <u>retainer.</u>

Phelps alleges that he has a 5th, 6th, and 7th amendment right to receive attorney fees under such circumstances.

### PROCEDURAL MATTERS

The Respondents have not made any arguments to support their denials, refusals to ansers, or admissions and have not submitted an affidavit, or certification, to support such denials, refusal, or admissions.

9

## FURTHER ARGUMENTS

The respondents have not denied the claim that Phelps has made in the complaint ( pages          paragraphs :        ) that the Federal Bureau of Prisons has never had lawful custody of him and that the employees of the Federal Bureau of Prisons have always acted in clear absence of all lawful jurisdiction and authority;  And that under 18 USC §4001(a) there is no Act of Congress that allows Phelps to be confined in any federal facility;  And that 18 USC §4042 restricts and limits the Federal Bureau of Prisons to Penal and Correctional institutions( not hospitals) and to pre-trial detainees and convicted prisoners( not civil commitments);   And that under 18 USC §4247(i)(A) and (B) there are no provisions for federal confinement and under §4247(i)(C) and (D) it is the Secretary of the Department of Health and Human Services who must implement the provisions of the federal mental health laws(and not the Director of the Federal Bureau of Prisons) and that the Secretary must pre-approve and certify a facility as suitable under §4247(a);  And that the Secretary is not implementing the mental health laws but, rather, Phelps is under the oppressive authority of the Federal Bureau of Prisons and the Secretary has never approved, or certified, a Federal Bureau of Prisons facility as a suitable facility.

The court held in US v Charters, 4C1987, 829 F2d 479 at that before the court can make any determination as to the facts of the case, it must first determine if the Federal Bureau of Prisons has lawful custody of the inmate.  If the Federal Bureau of Prisons does not have lawful custody, then everything that has happen to the inmate is unlawful and the Federal Bureau of Prisons is liable for any harm or injury suffered. If the Federal Bureau of Prisons does have lawful custody, then, and only then, can the court proceed to the facts of the case.

In this case, Phelps is asking the court for a bifurcated proceedings in which, first, the court must determine if the Federal Bureau of Prison has ever had lawful custody of Phelps under the above arguments.  If not, then rule in favor of Phelps in a judgment as a matter of law or a judgment on the pleadings. If the court rules otherwise, the Phelps proceeds to trial on the factual issues.

10

In dismissing some of the parties to the action, the court did not dismiss the above argument regarding the unlawful incarceration of Phelps and his prolonged unlawful detention.

After this case was submitted to the court, two cases were decided in the District Court of Massachusetts which are pertinent to this case and are instructive.

In the case of US v Limone, DMass 2007, 497 FS2d 143, the court awarded a damage judgment of one million dollars per year of unlawful imprisonment. ( The court also held that this amount was the minimum amount that should be awarded in such cases.)

Limone claimed that he was framed into prison based upon false evidence and false testimony of a person who was acting for the government. Phelps ahs made the same claim.

Limone claimed that the government knew that he was innocent and withheld that information from the courts. Phelps made the same claim.

Limone claimed that the government eventually admitted that he was innocent but still refused to release him from imprisonment. Phelps has made the same claim.

Limone filed many petitions in court to seek justice and all of his petitions were rejected over the years. So too has the petitions of Phelps been rejected. Limone was a member of organized crime and the government considered him too dangerous to be released. Phelps has politically incorrect religious beliefs that the government consideres to be dangerous.

Eventually, after 40 years of false imprisonment, Judge Nancy Gertner awarded damages to Limone for the outrageous conduct of the government and Limone won his Federal Tort Claim. Phelps is still "incarcerated" in federal prison.

In the case of US v Ecker, DMass2007, 489 FS2d 130, the court ordered the U.S. Attorney General to transfer custody of Ecker to the State by October 31, 2007 because there was no provision in 18 USC §4247(i) that allowed Ecker to be in a federal facility.

Phelps has made the same argument in this court.

Phelps alleged in his complaint that the U.S. Attorney General misapplied the law and caused Phelps to suffer "incarceration" in federal prison and not "hospitalization" in a mental hospital as the law requires.

Phelps alleged that before a facility can be "suitable" under 18 USC §4247(a) it must first be lawful under 18 USC §4247(i) and that no Federal Bureau of Prisons facility is a lawful facility.

The Ecker court addressed the plain language of §4247(i) and found the same as Phelps has alleged. There are no provisions in §4247(i) that authorizes the Attorney General to confine a civil commitment in any federal facility.

As added proof that the Federal Bureau of Prisons does not have lawful custody of Phelps, there are no Code of Federal Regulations or Bureau of Prisons Policy Statements( rules or regulations) that pertain to the care and treatment of federal civil commitments( Complaint, page      item      .)

Phelps has suffered the same ( and worse) disciplines, punishments, and conditions of confinement as convicted and sentenced prisoners at the hands of Federal Bureau of Prisons employees who knew that he is a unconvicted and uncharged civilly committed mental patient.

The respondents have admitted that they are required to provide "individualized" care and treatment to convicted prisoners and, under 18 USC §4247(a) civil commitments are also mandated to have individualized care and treatment. However, there is no individualized care and treatment at Devens prison. In an administrative remedy response that Phelps received on the issue, the administration responded "we treat all inmates the same and offer the same treatment to all inmates."

Phelps requires a single room because of his religious beliefs and because those beliefs causes confrontation with others that Phelps does not provoke. It took over two years, and several confinements in disciplinary segregation, before Phelps was given a single room status and then unit officers arbitrarily disregarded the single room order from SIS, SIA, Associate Warden Schult, and Dr. Howard Haas and Dr. Taylor and assigned Phelps to double occupancy rooms which resulted in confrontations and assaults upon him.

For the mentally ill, restraint is unconstitutional except to the extent that professional judgment deems it necessary (Cameron, at 1520 citing Shaw by Shaw v Stackhouse, 3C1990, 920 F2d 1135 at 1142 quoting Youngberg v Romeo, 1982, 457 US at 324.)

InRobbins v Burdke,DNM1990, 739 F2d 1479 at 1486 the court said:

> The mentally ill are vulnerable to abuse and neglect because mentally ill people have difficulty in recognizing that they have rights and will not readily identify even the most egregious abuse or violation of those rights; And even if cognizant of those rights, they have difficulty in assessing whether their rights have been violated; And they have difficulty in realizing that they have a source of relief and remedy that they can pursue.
> After the lapse of several days, the effects of medication, and the mental illness, may cause confusion and problems with memory making it difficult to explain to anyone what has happen that caused the violation of their rights.

This statement is illustrative of the condition at FMC-Devens in which the correctional staff take full advantage at the full approval of Warden Winn. The abuses of the mentally ill is systemic and not isolated incidents.

Phelps alleged, in his complaint, that he was physically assaulted by correctional officer Bradley Potolicchio and nurse Wendy Blazon watched without intervening.

The constitutional right to be free from assault and attacks is well established and the right to protection fall within the scope of liberty interest( Romeo v Youngberg,3C1980, 644 F2d 147 at 162 affirmed Youngbery v Romeo, 1982, 457 US 307.)

Even prison officials have a constitutional duty to protect inmate from abuse and mistreatment( Hoptowit v Ray, 9C1982, 682 F2d 1237 at 1250; Ramos v Lamm, 10C1980, 639 F2d 559 at 572 )and the unconvicted mentally ill have far more rights that pre-trial detainees and convicted prisoners (Jones v Blanas, 9C2004, 393 F3d 918.)

There are no mental health professionals supervising inmates

at FMC-Devens. No mental health professional is on the housing units to observe the mentally ill and to supervise the mental patients. Only a single correctional officer ( with no knowledge, training, skills, or experience in mental health) is on duty in each of the housing units and the officer spend the majority of the time watching television, playing with his computer, or chatting to other officers on the telephone.

Warden Winn has not promulgated any rule or regulation in the care and treatment of unconvicted and uncharged civilly committed mental patients and has allowed the officers to treat the mental patients the same as, or worse than, convicted and sentenced prisoners in violation of clearly established law enunciated in Jones v US, 1983, 463 US 354 at 369 ( Insanity acquittees cannot be treated as convicted prisoners.)

At each incident of abuse and mistreatment of mental patients, Warden Winn has approved the abuse or has turned a blind eye to the abuse and mistreatment.

Phelps was agsigned to be under the care and treatment of Dr. Howard Haas but Haas is merely a rubber stamp of Warden Winn and rubber stamps whatever the administration wishes without exercising his own professional judgment according to the standards of the mental health profession and such is a constitutional violation (Thomas S by Brooks v Morrow, WDNC 1984, 601 FSupp 1055 at 1060; Youngberg v Romeo at 323.)

For the reasons stated above, the case should proceed to trial
DATE: 12/11/2007

_____ In Pro Se
COY PHELPS   78872-011

### CERTIFICATION

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC §1746, that I am the petitioner in this action and that all the statements in this action were made by me and that all of the statements are true and correct according to my best knowledge and belief.
DATE: 12/11/2007

_____ In Pro Se
COY PHELPS   78872-011
FMC-DEVENS
P.O. BOX 879
AYER, MASSACHUSETTS   01432

14

## CERTIFICATE OF SERVICE

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC 1746, that I placed a copy of this action into separate correctly addressed envelopes, affixed with proper and adequate first-class U.S. Postage, and deposited the pre-paid envelopes into the prison mail-box, or gave the pre-paid envelopes to a prison official, on the date indicated below, to be delivered to the following:

1. SONYA A. RAO, AUSA, U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts, 02210

2.

3.

4.

5.

6.

7.

8.

9.

DATE: 12/11/2007

_____ In Pro Se
COY PHELPS   78872-011
FMC-DEVENS
P.O. BOX  879
AYER, MASSACHUSETTS
            01432

---

HOUSTON v LACK, 1988, 487 US 266 ( papers deemed filed when deposited in a prison mail-box or given to a prison official.)
WILLIAMS v WADE, WD Wis 2005, 354 FS2d 894 ( Rule applies to Service of Process also.)

15