UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COY PHELPS, )<br><br>        Plaintiff, )<br><br>v. )<br><br>DAVID WINN et al., )<br><br>        Defendants. ) | Civ. No. 05-CV-40003-GAO |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
OR TO IMPOSE SANCTIONS**

The Defendants David Winn, Bradley Potolicchio, and Howard Haas, (collectively, the

"Defendants"), through their undersigned counsel, respectfully submit this Opposition to

Plaintiff's Motion to Compel Discovery or to Impose Sanctions ("Motion to Compel") filed by

Coy Phelps ("Plaintiff").  The Motion to Compel should be denied because the Defendants have

not violated their discovery obligations under the Federal Rules of Civil Procedure ("FRCP") or

the Local Rules ("LR").

**I.      BACKGROUND**

      **A.      Procedural History**

Plaintiff filed his Complaint with this Court on January 15, 2005.  Docket No. 1.  On July

14, 2005, Defendants filed a motion seeking to dismiss Plaintiff's Complaint.  Docket No. 15.

On September 27, 2007, the Court granted the Defendants' motion to dismiss with regard to all

claims except the Plaintiff's third, sixth, and sixteenth causes of action against the Defendants.

Docket No. 33.  On November  4, 2007, Plaintiff served Defendants with a document titled

"First Request for Discovery (hereinafter, "Request for Discovery ").  See Exh. A, Request for

Discovery.  The Defendants filed a motion to stay discovery on November 14, 2007.  Docket No.

42.  On November 20, 2007, this Court ordered that the parties would not conduct discovery

until the pleadings have been completed and the parties have conferred pursuant to FRCP 26(f).

See Docket No. 43.  On December 3, 2007, the Defendants filed their Answer to Plaintiff's

Amended Complaint.  Docket No. 44.  On June 23, 2008, Plaintiff filed this Motion to Compel.

Docket No. 47.

B.    **Factual Background**

The Plaintiff is confined at the Federal Medical Center ("FMC") in Devens,

Massachusetts ("FMC Devens").  On or about July 31, 1986, Plaintiff was found not guilty only

by reason of insanity in the United States District Court for the Northern District of California on

charges of possessing, manufacturing, and placing pipe bombs at five San Francisco locations, in

violation of 26 U.S.C. § 5861(d)(f), and 18 U.S.C. §844 (f)(i).  U.S.A. v. Phelps, No. 85-CR-

00899 (RFP) (N.D. Cal.).  Subsequently, on September 24, 1986, Plaintiff was civilly committed

pursuant to 18 U.S.C. § 4243.

Over the past ten years, Plaintiff has filed numerous lawsuits with this Court and other

courts in an attempt to litigate and re-litigate claims related to his dissatisfaction with his

detention at various FMCs.[1]  In conjunction with these numerous cases, Plaintiff has served

---

[1]See, e.g., Phelps v. United States Bureau of Prisons, 62 F.3d 1020 (8th Cir.
1995)(holding that a federal medical center is a "suitable facility" for Phelps within the meaning
of 18 U.S.C. § 4243 and 4247); Phelps v. United States, 831 F.2d 897 (9th Cir. 1987)(holding
that 18 U.S.C. § 4243 is not unconstitutionally vague and overbroad); Phelps v. Sabol, 2008 WL
824258 at *1 (D. Mass. March 27, 2008); Phelps v. Bracy, 2007 WL 2872458 at *2 (D. Mass.
Sept. 27, 2007); Phelps v. Winn, 2007 WL 2872465 at *2 (D. Mass. Sept. 27, 2007); Phelps v.
Haas, 2007 WL 2827416 at *1 (D. Mass. Sept. 26, 2007); Phelps v. Rasmussen, 2007 WL
2827452 at *1  (D. Mass. Sept. 26, 2007); Phelps v. Sabol, 2007 WL 2827460 at *1 (D. Mass.
Sept. 26, 2007); Phelps v. Channel, 2007 WL 2827465 at *2 (D. Mass. Sept. 26, 2007); Phelps v.

many staff members of FMC Devens, often repeatedly, with lengthy requests for production,

interrogatories, and requests for admissions.   Plaintiff argues in his Motion to Compel that the

Court should either compel discovery or impose sanctions on the Defendants because they have

"continuously refused to respond" to Plaintiff's requests for admissions and interrogatories.  To

date, however,  the Defendants have been served with only one discovery paper in relation to the

instant case, which prompted the Defendants' motion to stay discovery and this Court's Order of

November 20, 2007.

Specifically, on November 4, 2007, Defendants received  Plaintiff's Request for

Discovery, which included forty-one (41) requests that appeared to include both interrogatories

and requests for production.  See Exh. A, Request for Discovery.  The Request for Discovery did

not indicate which of its forty-one (41) discovery requests constituted interrogatories, or which

constituted requests for production.  Id.  The undersigned counsel for the Defendants is not

aware of being served with any other discovery requests in relation to this case.

## II.    DISCUSSION

On November 4, 2007, when Plaintiff served Defendants with his Request for Discovery,

the Defendants had not yet filed their Answer to Plaintiff's Complaint, and no FRCP 16

conference (which would have triggered FRCP 26's meet and confer requirement) had been set.[2]

See Exh. A, Request for Discovery.  As a result, Plaintiff's attempts to initiate discovery

---

Ashcroft, 2003 WL 23857318 at *1 (E.D.N.C. July 2, 2003).

[2]Notably, Plaintiff's Request for Discovery may violate both LR 26.1(c) and FRCP 33(a)(1), which state that a party may serve on any other party no more than twenty-five (25) written interrogatories.  Fed.R.Civ.P. 33(a)(1).  See, e.g., Armstrong v. Snyder, 103 F.R.D. 96, 103 (E.D. Wis. 1984) (denying plaintiff's motion to compel for blatant noncompliance with local rules limiting the number of written interrogatories which may be served on a party).

proceedings were premature, and Defendants had no obligation to respond to Plaintiff's Request

for Discovery.  See Wada v. U.S. Secret Service, 525 F.Supp.2d 1, 10-11 (D.D.C. Nov. 13,

2007); Arias v. Dyncorp, 517 F. Supp.2d 221, 230 (D.D.C. May 21, 2007);  Al Odah v. U.S., 329

F.Supp.2d 106, 108-09 (D.D.C. Aug. 13, 2004); Simmons v. Justice, 87 F.Supp.2d 524, 534-35

(W.D.N.C. Feb. 25, 2000).

To the extent that Plaintiff's Motion to Compel makes reference to any discovery papers

other than the Plaintiff's Request for Discovery, the undersigned counsel for the Defendants has

never been served with any of those discovery requests.  FRCP 5 states that if a party is

represented by an attorney, all discovery documents (e.g., interrogatories, requests for

production, requests for admissions, etc.) must be served on the party's attorney.  Fed.R.Civ.P.

5(a)(1)(C), (b)(1).  See also Fed.R.Civ.P. 33(a)(1);Fed.R.Civ.P 34(a); Fed.R.Civ.P. 35(a)(1).

Accordingly, to the extent that Plaintiff's Motion to Compel is based on Defendants' failure to

respond to any such request, the Court should deny Plaintiff's Motion to Compel.

Furthermore, this Court has neither set an initial scheduling conference nor entered a

scheduling order, which, as previously stated, would have triggered an FRCP 26(f) meet and

confer requirement.[3]  Therefore, the Defendants are not in violation of any discovery obligations.

See FRCP 16 and LR 16.1.  Accordingly, the Court should deny Plaintiff's Motion to Compel.

## III.    CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court deny

---

[3]FRCP 26(a)(1)(B)(iv) and FRCP 26(f)(1) indicate that the Defendants may not be required to meet with Plaintiff at all.  However, even if Defendants were so required, that obligation has not yet been triggered.  See FRCP 16 and LR 16.1.

Plaintiff's Motion to Compel.

Respectfully submitted,
UNITED STATES OF AMERICA,

By its attorneys,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Sonya A. Rao
       SONYA A. RAO
       Assistant U.S. Attorney
       John Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
DATE: July 8, 2008                         (617) 748-3100

## CERTIFICATE PURSUANT TO LR. 7.1(A)(2)

The Defendant takes the position that, because LR. 7.1(A)(2) requires "counsel" to confer, the Rule is inapplicable where, as here, Plaintiff is proceeding pro se. To the extent the Court considers the Rule applicable, the undersigned requests that it be waived here.

                    /s/ Sonya A. Rao
                    SONYA A. RAO
                    Assistant U. S. Attorney
                    1 Courthouse Way, Suite 9200
                    Boston, MA 02210
Date: July 8, 2008                         (617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 8, 2008, and paper copies will be sent to those indicated as non registered participants on July 9, 2008.

                    /s/ Sonya A. Rao
                    SONYA A. RAO
                    Assistant U. S. Attorney
                    1 Courthouse Way, Suite 9200
                    Boston, MA 02210
                    (617) 748-3100

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
                              (
COY PHELPS                    )      Case No:  05-40003-GAO
        Petitioner            (
                              )
        -v-                   (      FIRST REQUEST FOR DISCOVERY
                              )
DAVID WINN, et.al.            (
        Respondents           )
                              ( TO: Sonya A. Rao,      AUSA
```

Pursuant to Rule 26 of the Federal Rules of Civil Procedures, the above petitioner COY PHELPS( Phelps ), appearing in pro se, request that you provide the following information:

1. Copies of the personnel files/records of the named defendant parties in this action ( 136 F3d 1055; 116 FRD 494; 122 FRD 143.)

2. The names and home addresses of the named defendant parties in this action( 362 FS2d 316; 75 FRD 465 )

3. The social security numbers of the named defendant parties in this action( 496 F3d 449.)

4. The names and current addresses of former employees of the Federal Bureau of Prisons ( including those under contract ) who have worked at FMC-Devens( 117 FRD 440.)

5. The employment history of the name defendant parties in this action( 483 F2d 300.)

6. The name and current address of the Labor Relations Organization Labor Union) for the employees who work at FMC-Devens;and

7. The Labor Union records of the named defendant parties in this action( 556 FSupp 316; 90 FRD 583.)

8. Copies of any grievance, or complaint, made against any named defendant party in this action;

9. The official history of the named defendant parties in this action( 541 FSupp 1090.)

10. Personal bank records of the named defendant parties in this action (76 FRD 136; 166 FRD 33.)

11. Insurance company records of the named defendants in this action( 131 FRD 560.)

12. Copies or work schedules and assignments of the named defendants in this action from 2004 to the current date(60 FRD 205.)

13. Copies of mental health evaluation, and efficiency reports, made on the named defendants in this action( 116 FRD 481, 136 F3d 1055.)

14. Copies of any surveys, studies, or investigations made about FMC-Devens and the operation of FMC-Devens( 22 FRServ2d 324.)

15. Copies of any investigation made by any public official on the operation of FMC-Devens and the care and treatment of the inmates confined therein;

16. Copies of the results of any building inspection or investigation regarding safety, security, fire hazards, and structural integrity at FMC-Devens;

17. Copies of the results of any investigation by any accreditation organization.

18. The names, and current addresses, of former employees whose employment with the Federal Bureau of Prisons ( 1987-2007) has been involuntarily terminated.

19. Copies of FOIA exempt records on the named official defendants in this action( 58 FRD 97.)

20. The names, and current addresses, of public officials who have been escorted at FMC-Devens as a tour or observation;

21. The names, and current address, of any print or broadcast news media person who has inquired about the operation of FMC-Devens or the care and treatment of inmates confined therein.

22. The names, and current address, of all former employees at FMC_Devens who have resigned from employment or who have requested a transfer to other institutions or agencies.

23. Copies of any internal investigation file, record, report, note, or memorands of the named defendants in this action( 124 FRD 654; 395 FSupp 975; 118 FRD 625; 27 FRServ2d 819.)

24. Copy of the Internal Affairs Investigation Manual

25. Copy of the Correctional Officers training manual.

26. Copy of training manuals given to medical personnel by the Bureau of Prisons;

27. Copy of criminal records of the named defendants in this actioaction.

28. Copy of any medical record of the named defendants in this action regarding the treatment, or investigation of, substance abuse;

29. Copy of any statute, or federal regulation, that authorizes the confinement of the petitioner in any federal facility;

30. Copy of any Federal Bureau of Prisons rule, regulation, or policy statement pertaining to the care and treatment of unconvicted, and uncharged, civilly committed mental patients.

31. Names, and current addresses, of any witness the defendants intend to use in the proceedings of this action together with a summary of their intended testimony;

32. The names, and current addresses, of any person consulted about the petitioner or any claims and issues of this action.

33. Copy of any interview note, memoranda, or record made about the petitioner in this action together with the substance of any conversation, impression, o pinion, or advice ( 599 F2d ±224; 578 F2d 953; 152 FRD 460; 132 FRD 67; 130 FRD 560; 68 FRD 397.)

34. Copies of any depositions made by any person in regard to the petitioner in this action or the claims and issues made.( 18 FRServ2d 1519.)

35. Copy of any statemnet made by any witness in this action;

36. Identity, and current address, of any expert consulted in regard to the Petitioner or the claims and issues made in this action;

37. Name, and current address, of any person who has any information regarding the claims and issues made in this action.

38. Copy of any surveillance or observation report, note, memoranda, record, or files made on the petitioner at FMC-Devens;

39. Copies of complaints made by inmates at FMC-Devens regarding any physical, mental, or emotional abuse, mistreatment, or torture by any employee at FMC-Devens

40. Copies of complaints made by employees at FMC-Devens against other employees at FMC-Devens;

41. Copy of any other evidence, finding, conclusion, summary, report, recommendation, memoranda, note, or file which would benefit the petitioner in this action( 99 FRD 531.)

An agency must keep accurate records ( Fender v DOJ-BOP, 1988, 846 F2d 500) and the government is bound by the same rules as others in providing discovery F2d 500) and the petitioner need not show a need to obtain information through discovery( Lakalt v McClarty, 1987, 809 F2d 885) and hardship, or good faith efforts, made by the defendants is no defense( Hern v Rhey, 1975, 68 FRD 574; McLeod v Quncies, 1990, 894 F2d 1482.)

DATE: 11-4-07                                                                In Pro Se
                                    COY PHELPS   78872-011
                                    FMC-DEVENS
                                    P.O. BOX  879
                                    AYER, MAssachusetts
                                                      01432

## CERTIFICATE OF SERVICE

I, COY PHELPS, certify under penalty of perjury, pursuant to 28 USC 1746, that I placed a copy of this action into separate correctly addressed envelopes, affixed with proper and adequate first-class U.S. Postage, and deposited the pre-paid envelopes into the prison mail-box, or gave the pre-paid envelopes to a prison official, on the date indicated below, to be delivered to the following:

1. JENIFER C. BOAL, AUSA., U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, Massachusetts    02210

2.

3.

4.

5.

6.

7.

8.

9.

DATE: 11 / 4 /2007

_(signature)_                                    In Pro Se
COY PHELPS   78872-011
FMC-DEVENS
P.O. BOX   879
AYER, MASSACHUSETTS
                    01432

HOUSTON v LACK, 1988, 487 US 266 ( papers deemed filed when deposited in a prison mail-box or given to a prison official.)
WILLIAMS v WADE, WD Wis 2005, 354 FS2d 894 ( Rule applies to Service of Process also.)